**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| MtGox Co., Ltd. (aka MtGox KK), | ) | Case No. 14-_____ (___) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 1504, 1515, 1517 AND 1520 RECOGNIZING**
**FOREIGN REPRESENTATIVE AND FOREIGN MAIN PROCEEDING**

Upon the Verified Petition for Recognition and Chapter 15 Relief (the "Petition")[1] seeking: (i) recognition of the Petitioner as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code of the above-captioned debtor ("Debtor" or "MtGox"); and (ii) recognition of the Debtor's civil rehabilitation proceeding under Japanese law currently pending before the Tokyo District Court, Twentieth Civil Division (the "Japan Proceeding"), as a foreign main proceeding pursuant to sections 1515 and 1517 of Title 11 of the United States Code (the "Bankruptcy Code"); and upon the hearing on the Petition and this Court's review and

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Petition.

770358-v1\DALDMS

EXHIBIT A

consideration of the Petition, the Gamlen Declaration, and the Karpeles Declaration, and the Memorandum of Law;

**IT IS HEREBY FOUND AND DETERMINED THAT**:[2]

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.    The consideration of the Petition and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C.    Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D.    Good, sufficient, appropriate and timely notice of the filing of the Petition and the hearing on the Petition has been given by the Petitioner, pursuant to Bankruptcy Rules 1011(b) and 2002(q) to: (i) the Debtor; (ii) Mr. Nobuaki Kobayashi, as supervisor and examiner of MtGox; (iii) all parties to litigation pending in the United States in which the Debtor is a party as of the time of the filing that the Petitioner is seeking to enjoin pursuant to section 1519 of the Bankruptcy Code; (iv) the Office of the United States Trustee, Northern District of Texas; and (v) such other parties as the Court may direct (collectively, the "Notice Parties").

E.    No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F.    This Chapter 15 case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

G.    The Petitioner is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the "foreign representative" of the Debtor as such term is defined in section 101(24) of the

---

[2] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules"). To the extent any of the findings of fact herein constitute findings of fact, they are adopted here as such. To the extent any of the conclusions of law herein constitute finding of fact, they are adopted as such.

Bankruptcy Code, and the Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

H. The Japan Proceeding is pending in Japan, where the Debtor's "center of main interests," as referred to in section 1517(b)(1) of Bankruptcy Code, is located and, accordingly, the Japan Proceeding is a "foreign main proceeding" pursuant to 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I. The Petitioner is the duly appointed representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

J. The Petitioner is entitled to all the relief provided pursuant to sections 1520 and 1521(a)(4) and (5) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code and to protect the assets of the Debtor and the interest of Debtor's creditors.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1. The Petition is granted.

2. The Japan Proceeding is recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all of the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

3. All persons and entities (other than the Petitioner and its expressly authorized representatives and agents) are hereby enjoined from each of the following: (i) executing against the Debtor's assets located in the US.; (ii) taking or continuing any act to obtain possession of, or exercise control over, the Petitioner in connection with its representation of the Debtor, or any of

the Debtor's property in the U.S. (the "Property"); (iii) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Petitioner in connection with its representation of the Debtor, the Debtor, or any of the Property; (iv) transferring, relinquishing or disposing of any Property of the Debtor to any person or entity other than the Petitioner and its expressly authorized representatives and agents; (v) commencing or continuing any proceedings, including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative or regulatory action, appeal proceeding or process whatsoever, against the Petitioner in connection with its representation of the Debtor, the Debtor, or any of the Property; (vi) seeking discovery of any nature against the Petitioner in connection with its representation of the Debtor, or against the Debtor; and (vii) managing, exercising control over, or possessing the Property except as expressly authorized by the Petitioner.

4. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

5. No action taken by the Petitioner, the Debtor, or each of their successors, agents, representatives, advisers or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Japan Proceeding, this Order, or this Chapter 15 case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the immunity afforded such person under sections 306 and 1510 of the Bankruptcy Code.

| | |
|---|---|
| Dated:  March 9, 2014<br>Dallas, Texas | Respectfully submitted,<br><br>**BAKER & McKENZIE LLP**<br><br>By:  /s/ *David W. Parham*<br>David W. Parham<br>State Bar No. 15459500<br>John E. Mitchell<br>State Bar No. 24056313<br>2300 Trammell Crow Center<br>2001 Ross Avenue<br>Dallas, Texas 75201<br>Telephone: (214) 978-3000<br>Facsimile: (214) 978-3099<br>Email:  david.parham@bakermckenzie.com<br>Email:  john.mitchell@bakermckenzie.com<br><br>- and -<br><br>Erin E. Broderick *(pro hac vice pending)*<br>Illinois Bar No. 6295974<br>300 East Randolph Drive, Suite 5000<br>Chicago, Illinois 60602<br>Telephone: (312) 861-8000<br>Facsimile: (312) 861-2899<br>Email:  erin.broderick@bakermckenzie.com<br><br>*Attorneys for the Petitioner Robert Marie Mark Karpeles, Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK* |