David W. Parham
State Bar No. 15459500
John E. Mitchell
State Bar No. 00797095
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: david.parham@bakermckenzie.com
Email: john.mitchell@bakermckenzie.com

- and -

Erin E. Broderick *(pro hac vice pending)*
Illinois Bar No. 6295974
300 East Randolph Drive, Suite 5000
Chicago, Illinois 60602
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
Email: erin.broderick@bakermckenzie.com

*Attorneys for the Petitioner Robert Marie Mark Karpeles,*
*Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 15 |
| | ) | |
| MtGox Co., Ltd. (aka "MtGox KK") | ) | Case No. 14-31229-15 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | **Hearing Date: Emergency Hearing Requested for March 10, 2014** |
| | ) | |

**EMERGENCY APPLICATION FOR AN ORDER GRANTING**
**PROVISIONAL RELIEF PURSUANT TO SECTIONS 105(a) AND 1519**
**OF THE BANKRUPTCY CODE, SCHEDULING RECOGNITION**
**HEARING, AND SPECIFYING FORM AND MANNER OF NOTICE**

Robert Marie Mark Karpeles ("Karpeles"), in his capacity as the foreign representative

(the "Petitioner") of MtGox Co., Ltd., aka MtGox KK (the "Debtor" or "MtGox"), a debtor in a

civil rehabilitation proceeding under Japanese law (the "Japan Proceeding"), currently pending

before the Twentieth Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"),

respectfully requests that this Court, pursuant to 11 U.S.C. §§ 105(a) and 1519, grant certain provisional, injunctive relief, schedule a hearing (the "Recognition Hearing") in support of an order (the "Recognition Order") on the relief sought in the Verified Petition for Recognition and Chapter 15 Relief; and approve the form and manner of notice to be provided to interested parties, as set forth in the order attached hereto as **Exhibit A.**

## PRELIMINARY STATEMENT

1.      The Petitioner has commenced this Chapter 15 case for the purpose of obtaining relief that will aid in the reorganization of the Debtor in the Japan Proceeding. Specifically, the Petitioner seeks recognition to protect and administer property of the Debtor located within the US and to stay certain actions pending in the US against the Debtor that threaten to jeopardize the Debtor's reorganization efforts abroad, as more fully set forth in the Memorandum of Law in Support of Petition for Recognition and Application for Provisional Relief, Scheduling Hearing, and Approving Form and Manner of Notice (the "Memorandum of Law") and the Declaration of Tod L. Gamlen (the "Gamlen Declaration").

2.      In support of this application, Petitioner refers the Court to the statements contained in (i) the Memorandum of Law, (ii) the Gamlen Declaration, and (iii) the Declaration of Robert Marie Mark Karpeles (the "Karpeles Declaration"), which were filed contemporaneously herewith and are incorporated herein by reference.  In further support of the relief requested herein, Petitioner respectfully represents as follows:

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

## BACKGROUND

### *MtGox's Business*

5. MtGox is a Japanese corporation located in Tokyo, Japan. Until on or around February 25, 2014, it operated an online bitcoin exchange through the website mtgox.com. MtGox has operated this exchange since the summer of 2011. There were times during this period that MtGox was reported to be the largest online bitcoin exchange in the world, but that is no longer the case.

6. Bitcoin is a form of digital currency that was first conceived of in 2008 by a person or group going by the name of Satoshi Nakamoto. The first actual bitcoin was created, or "mined" in 2009. There are several ways in which a person can obtain bitcoin, including the following:

o Bitcoins are "created" through a computer software algorithm which, at any point in time, resides on thousands of computers on the Internet. Persons who accept to certify bitcoin transactions over the bitcoin peer-to-peer network are remunerated by the issuance of a fixed number of bitcoins which evolves over time. The certification is done by the solving of an "algorithm" with the use of ever-more powerful computers. These persons are called "miners" and the process of obtaining bitcoin in this fashion is called "mining."

o A person can also obtain bitcoins that have already been mined by buying them from another. These transactions can consist of "one-to-one" transactions between a buyer and seller. In addition, a person can buy or sell bitcoin through an online exchange, such as the exchange operated by MtGox on the mtgox.com website. In these exchange transactions, the buyer and seller create accounts at the exchange and then fund the account with currency funds, bitcoin or both. The user can then enter a buy or sell order online and the website will match the buy or sell order with one or more sell or buy orders. The buyer receives an increase in bitcoin in his/her account and the seller receives an increase in currency in his/her account. The bitcoin exchange receives a fee or commission for the transaction.

o A person can also obtain and use bitcoin through commercial or merchant transactions; that is, a person can use bitcoin in certain circumstances to pay for goods and services.

7. Users store bitcoins in a digital "wallet" using either the software provided as part of the bitcoin software or a wallet provided by various providers. MtGox provides a wallet feature. A wallet can be materialized on a piece of paper and bitcoins need not be stored on a computer.

8. The MtGox exchange allowed persons with MtGox accounts to buy and sell bitcoin among themselves. In this regard, a person was to first open an account at MtGox and was assigned an account number. Once a user wanted to start buying or selling bitcoin on the mtgox website, he or she would need to "fund" the account with currency, bitcoin, or both. In addition, the account holder would be subject to "anti-money laundering" ("AML") procedures. Once the account was "funded," the account holder would have a "currency balance" in the account, corresponding to the amount of currency he or she had a right to withdraw; and, a "bitcoin balance" in the account, corresponding to the amount of bitcoin he or she had a right to withdraw.

## *MtGox's Capital Structure*

9. MtGox has approximately ¥6.5 billion ($63.9 million) in liabilities and approximately ¥3.84 billion ($37.7 million) of assets at present. MtGox has no secured debt. Approximately 12% of the equity in MtGox is held by the developer of the initial MtGox software, Jed MacCaleb, with the remaining equity held by Tibanne Co., Ltd., aka Tibanne KK, a Japanese corporation located in Japan.

## *Business Challenges*

10. The mtgox.com website has been subject to numerous attempts by persons to breach its security, create denial of service ("DOS") situations, or to otherwise "hack" the

system, and this has been the case since MtGox started operating the website in July 2011. In certain circumstances such attempts have led to the company shutting down the site for periods at a time.

11. On February 7, 2014, all bitcoin withdrawals were halted by MtGox due to the theft or disappearance of hundreds of thousands of bitcoins owned by MtGox customers as well as MtGox itself. The cause of the theft or disappearance is the subject of intensive investigation by me and others -- as of the present time I believe it was caused or related to a defect or "bug" in the bitcoin software algorithm, which was exploited by one or more persons who had "hacked" the bitcoin network. On February 24, 2014, MtGox suspended all trading after internal investigations discovered a loss of 744,408 bitcoins presumably from this method of theft. These events caused among others MtGox to become insolvent and to file the Japan Proceeding.

### *MtGox's Japan Proceeding and Corporate Reorganization under the JCRA*

12. In order to protect the MtGox business as a going concern and retain its value while MtGox investigates the theft of the bitcoins under its control and addresses security defects in the bitcoin exchange, MtGox filed a petition (the "Japan Petition") for the commencement of the Japan Proceeding in the Tokyo Court pursuant to Article 17(1) of the JCRA on February 28, 2014, reporting that the company had lost almost 750,000 of its customers' bitcoins, and around 100,000 of its own bitcoins, totaling around 7% of all bitcoins in the world, and worth around $473 million near the time of the filing. The Japan Petition is attached as Exhibit A to the Karpeles Declaration  The Japan Proceeding is a civil rehabilitation. The purpose of a civil rehabilitation proceeding is to formulate a rehabilitation plan as consented to by a requisite number of creditors and confirmed by the court, to appropriately coordinate the relationships of rights between creditors and the debtor, with the aim of ensuring rehabilitation of the debtor's

business or economic life. In addition to the petition for commencement, MtGox also filed applications for a temporary restraining order and for a comprehensive prohibition order which were issued by the Tokyo Court on February 28, 2014. At the same time, the Tokyo Court issued orders for the appointment of a supervisor and examiner (collectively, the "Tokyo Court Orders"). The Tokyo Court Orders are attached to the Karpeles Declaration as Exhibits B, C, D, and E respectively.

13. The Tokyo Court appointed Mr. Nobuaki Kobayashi, a Japanese attorney, as MtGox's supervisor and examiner. Under the Tokyo Court Orders, the Debtor cannot execute any agreement with any third party without the consent of the supervisor and examiner. The Debtor however remains free to initiate or pursue any legal proceeding provided that the costs of these proceedings be approved by the supervisor and examiner. On March 10, 2014, Mr. Kobayashi, pursuant to the powers conferred upon him by the Tokyo Court Orders, issued a consent allowing the Debtor to hire Baker & McKenzie to file this Chapter 15 case as counsel of Debtor, allowing the payment of Baker & McKenzie's fees and further acknowledging that this consent was granted at the condition that MtGox's sole Director and Chief Executive Officer, Mr. Karpeles, file this Chapter 15 case as the foreign representative of MtGox. A true and correct copy of the application for consent and the consent issued by Mr. Kobayashi is attached to the Karpeles Declaration, together with an English translation, as Exhibit F.

14. Under the current status of the Japan Proceeding, the supervisor/examiner does not have the powers to manage the assets of the Debtor. As a consequence, the current management of MtGox remains in place and is allowed to continue to operate its businesses as a debtor-in-possession. This is permitted under the JCRA and MtGox has submitted the evidence legally required for the relief to be granted upon formal commencement.

15.     The schedule for the Japan Proceeding will be determined by the Tokyo Court's commencement order, and counsel has agreed to inform this Court of that schedule promptly after it is set.

16.     On the date hereof, Petitioner filed a Chapter 15 petition pursuant to sections 1504 and 1515 of the Bankruptcy Code commencing this Chapter 15 case in aid of the Japan Proceeding, seeking recognition of the Japan Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and seeking other necessary relief in aid of the Japan Proceeding.

17.     The Debtor respectfully seeks entry of an order (the "Recognition Order") recognizing me as MtGox's "foreign representative," as defined in 11 U.S.C. § 101(24), and recognizing the Japan Proceeding as a foreign main proceeding as defined in 11 U.S.C. §§ 1517(a) and (b)(1).  The Debtors also seeks, on an emergency basis, certain provisional relief pending recognition in order to, as set forth in the Declaration of Tod L. Gamlen ("Gamlen Declaration"), to preserve MtGox's assets and to allow MtGox a necessary breathing period for it to focus on its restructuring efforts without the distraction that would result if certain litigation currently pending in the United States were allowed to proceed.

18.     When the Tokyo Court issues its final order approving MtGox's reorganization plan, the Debtor will seek this Court's assistance in enforcing such final order.

19.     Under the auspices of the Tokyo Court and with the ancillary assistance of this Court, the ultimate goal of the Japan Proceeding is to permit MtGox the breathing room necessary to address technical defects in its processing software, investigate the theft of bitcoins through its exchange, and confirm a rehabilitation plan.

**RELIEF REQUESTED**

20.     By this Application, Petitioner respectfully seeks entry of an order, substantially in the form attached hereto as **Exhibit A:** (i) applying section 362 of the Bankruptcy Code to this Chapter 15 case on a provisional basis pursuant to section 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code until such time as an order disposing of the Petition is entered, solely with respect to the two known actions pending against the Debtor in the US (the "US Litigation Matters");; (ii) scheduling the Recognition Hearing for a date to be determined; (iii) approving the form of notice of the Recognition Hearing (the "Notice") that is attached hereto as **Exhibit B**; and (iv) approving the manner and service of Notice described herein.

21.     Petitioner proposes to serve the Notice together with any Order Granting Provisional Relief, via e-mail, facsimile, and/or express mail, upon: (i) the Debtor; (ii) Mr. Nobuaki Kobayashi, as supervisor and examiner of MtGox; (iii) all parties to the United States Litigation Matters; (iv) the Office of the United States Trustee, Northern District of Texas; and (v) such other parties as the Court may direct (collectively, the "Notice Parties").

**BASIS FOR RELIEF**

22.     As set forth in the Memorandum of Law, provisional, injunctive relief under section 1519 of the Bankruptcy Code is available where the foreign representative can satisfy the standard for injunctive relief. As described more fully therein, Petitioner is likely to succeed in showing entitlement to recognition of the Japan Proceeding. All statutory elements for recognition of the Japan Proceeding under section 1517 of the Bankruptcy Code are satisfied as a matter of law, and this Chapter 15 case was duly and properly commenced by filing the Verified Petition accompanied by all fees, documents, and information required by the Bankruptcy Code and the Bankruptcy Rules. Upon recognition of the Japan Proceeding as a foreign main proceeding, the automatic stay provided by section 362 of the Bankruptcy Code will immediately

apply with respect to all property of the Debtor that is within the territorial jurisdiction of the United States. 11 U.S.C. § 1520(a)(1). The Petitioner respectfully submits that the relief sought herein is urgently needed for the orderly and equitable administration of the Debtor's restructuring. Absent such relief, the Debtor and its creditors will be immediately and irreparably harmed.

23.    Petitioner respectfully submits that the proposed form and manner of Notice complies with Bankruptcy Rules 1011(b), 2002(m), 2002(q), and 9007.

24.    Based on the foregoing, and for the reasons cited in the Memorandum of Law, the Gamlen Declaration, and the Karpeles Declaration, the Petitioner respectfully request that the Court grant the relief requested.

## NOTICE

25.    Notice of this Application has been provided to: (i) the Office of the United States Trustee for the Northern District of Texas, Dallas Division; and (ii) counsel to the United States Litigation Matters, via email, fax, and via telephone calls notifying each of the request for emergency setting.

## NO PRIOR  REQUEST

26.    No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, Petitioner respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief sought herein and (ii) granting Petitioner such other and further relief as the Court deems just and proper.

Dated:   March 9, 2014
        Dallas, Texas

Respectfully submitted,

**BAKER & McKENZIE LLP**

By:    <u>/s/ *David W. Parham*</u>
        David W. Parham
        State Bar No. 15459500
        John Mitchell
        State Bar No. 24056313
        2300 Trammell Crow Center
        2001 Ross Avenue
        Dallas, Texas 75201
        Telephone: (214) 978-3000
        Facsimile: (214) 978-3099
        Email:  david.parham@bakermckenzie.com
        Email:  john.mitchell@bakermckenzie.com

        - and -

        Erin E. Broderick *(pro hac vice pending)*
        Illinois Bar No. 6295974
        300 East Randolph Drive, Suite 5000
        Chicago, Illinois 60602
        Telephone: (312) 861-8000
        Facsimile: (312) 861-2899
        Email:  erin.broderick@bakermckenzie.com

        *Attorneys for the Petitioner Robert Marie*
        *Mark Karpeles, Foreign Representative of*
        *MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| MtGox Co., Ltd. (a/k/a MtGox KK) | ) Case No. 14-31229-15 |
| | ) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |

**ORDER GRANTING APPLICATION FOR
PROVISIONAL RELIEF, SCHEDULING RECOGNITION
HEARING, AND SPECIFYING FORM AND MANNER OF NOTICE**

Upon the Application for an Order Granting Provisional Relief, Scheduling Recognition

Hearing, and Specifying Form and Manner of Notice (the "Application")[1] seeking certain

provisional relief pursuant to sections 105(a) and 1519 of the Bankruptcy Code (the "Bankruptcy

Code"); and upon the hearing on the Application and this Court's review and consideration of

the Application, the Gamlen Declaration, the Karpeles Declaration, and the Memorandum of

---

[1]    Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Application.

EXHIBIT A

Law in Support of Petition for Recognition and the Application for Provisional Relief, Scheduling Recognition Hearing, and Approving Form and Manner of Notice;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.      The consideration of the Application and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C.      Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D.      The Petitioner has demonstrated a substantial likelihood of success on the merits that (i) the Debtor is subject to a pending "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (ii) the Petitioner is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, and (iii) all statutory elements for recognition of the Japan Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code.

E.      The commencement or continuation of any action or proceeding with respect to the Debtor and its assets within the territorial jurisdiction of the United States should be enjoined to permit the orderly administration and restructuring of the Debtor's estate in the Japan Proceeding and the relief requested either (i) will not cause undue hardship to any party in interest or (ii) any hardship to a party in interest is outweighed by the benefits of the relief requested.

---

[2]      The findings and conclusions set forth herein and in the record of the hearing on the Application constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules"). To the extent any of the findings of fact herein constitute findings of fact, they are adopted here as such. To the extent any of the conclusions of law herein constitute finding of fact, they are adopted as such.

F.      Unless this Order issues, it has been clearly shown that the Debtor will suffer immediate and irreparable injury, loss or damage for which there is no adequate remedy at law. Further, unless this Order issues, the assets of Debtor located in the United States could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts have a material risk of resulting in Debtor's suffering immediate and irreparable injury, loss, or damage by, among other things, (i) interfering with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, (ii) interfering with the Debtor's efforts to administer its estate and restructure its operations pursuant to the Japan Proceeding, and (iii) undermining the Petitioner's efforts to achieve an equitable result for the benefit of all of the Debtor's creditors and interest holders.

G.      The interests of the public will be served by entry of this Order.

H.      The Petitioner and the Debtor are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

I.      The form and manner of the proposed Notice to be provided to known affected creditors is appropriate and satisfies the requirements of Bankruptcy Rules 1011(b), 2002(q), and 9007.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1.      Pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 362 of the Bankruptcy Code is applicable to the US Litigation Matters until further order of this Court or dismissal or closure of this Chapter 15 proceeding.

2.      The Recognition Hearing shall be held on _____.

3.      The form of notice of the Recognition Hearing attached to the Application as Exhibit B (the "Notice") is hereby approved.

4.      Petitioner shall serve copies of the Notice and this Order by e-mail and/or express mail, within three business days upon the entry of this Order upon the Notice Parties.

5.      If any party files a notice of appearance in this case, Petitioner shall serve the Notice and the Order upon such party within two business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

6.      Service pursuant to this Order shall be good and sufficient service and adequate notice of the Recognition Hearing.

7.      Responses or objections, if any, to the Petition must be made in writing describing the basis therefore and shall be filed with this Court and served upon Baker & McKenzie LLP, 2300 Trammell Crow Center, 2001 Ross Avenue, Dallas, Texas 75201 (Attention: David W. Parham and John Mitchell) and Baker & McKenzie LLP, 300 East Randolph Drive, Suite 5000, Chicago, Illinois 60602 (Attention: Erin E. Broderick), United States counsel to the Petitioner, so as to be received on or before 4:00 p.m. (Central Time) seven days prior to the Recognition Hearing.

# # # END OF ORDER # # #

Prepared and submitted by:

**BAKER & McKENZIE LLP**

/s/ *David W. Parham*
David W. Parham
State Bar No. 15459500
John Mitchell
State Bar No. 24056313
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: david.parham@bakermckenzie.com
Email: john.mitchell@bakermckenzie.com

- and -

Erin E. Broderick *(pro hac vice pending)*
Illinois Bar No. 6295974
300 East Randolph Drive, Suite 5000
Chicago, Illinois 60602
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
Email: erin.broderick@bakermckenzie.com

*Attorneys for the Petitioner Robert Marie Mark Karpeles,*
*Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

David W. Parham
State Bar No. 15459500
John E. Mitchell
State Bar No. 00797095
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: david.parham@bakermckenzie.com
Email: john.mitchell@bakermckenzie.com

- and -

Erin E. Broderick *(pro hac vice pending)*
Illinois Bar No. 6295974
300 East Randolph Drive, Suite 5000
Chicago, Illinois 60602
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
Email: erin.broderick@bakermckenzie.com

*Attorneys for the Petitioner Robert Marie Mark Karpeles,*
*Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| MtGox Co., Ltd. | ) Case No. 14-31229-15 |
| | ) |
| Debtor in a Foreign Proceeding. | ) **(Hearing Set for March ____, 2014 at __)** |
| | ) |

**NOTICE OF FILING AND HEARING ON PETITION UNDER
CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE AND
ISSUANCE OF PROVISIONAL RELIEF**

**PLEASE TAKE NOTICE** that on March 9, 2014, Robert Marie Mark Karpeles ("Karpeles"), in his capacity as the foreign representative (the "Petitioner") of MtGox Co., Ltd. a/d/a MtGox KK (the "Debtor" or "MtGox"), a debtor in a civil rehabilitation proceeding under Japanese law (the "Japan Proceeding"), currently pending before the Twentieth Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), filed a Petition for Recognition and

770359-v1\DALDMS

EXHIBIT B

Chapter 15 Relief (the "Petition") with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"). The Chapter 15 Case (the "Case") is currently pending under Case No. 14- XXXXXX-15.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has scheduled a hearing with respect to whether to grant recognition to the Petitioner as the foreign representative and to the reorganization proceeding as a foreign main proceeding, both under Chapter 15 of the Bankruptcy Code, for __:____ __.m. on _____ before the Honorable _____, United States Bankruptcy Judge, Northern District of Texas, 110 Commerce Street, Courtroom ___, 14th Floor, Dallas, Texas 75242 (the "Recognition Hearing").

PLEASE TAKE FURTHER NOTICE that on March 10, 2014, the Bankruptcy Court issued a provisional order, a copy of which is attached hereto, staying the commencement or continuation of two pending lawsuits in the United States: *CoinLab, Inc. v. Mt. Gox KK and Tibanne KK*, No. 2:13-cv-0077 (W.D. Wash.) (the "CoinLab Action") and *Gregory Greene v. MtGox Inc., Mt. Gox KK, Tibanne KK and Mark Karpeles*, No. 1:14-cv-01437 (N.D. Ill. February 27, 2014) (the "Class Action" and with the CoinLab Action, the "US Litigation Matters"), until further order of the Bankruptcy Court. Upon recognition of the proceeding as a foreign main proceeding, the provisional stay will be replaced by a statutory stay pursuant to sections 105, 362 and 1520 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that any party-in-interest wishing to submit a response or objection to the Petition must do so in accordance with the Bankruptcy Code, the Bankruptcy Rules and the local rules of this Court, and that such response or objection must be in writing and set forth the basis therefore with specificity and the nature and extent of the respondent's interests in the Debtor's estate, such response or objection must be filed with the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Room 1254, Dallas, Texas 75242 and served upon Baker & McKenzie LLP, 2300 Trammell Crow Center, 2001 Ross Avenue, Dallas, Texas 75201 (Attention: David W. Parham and John Mitchell) and Baker & McKenzie LLP, 300 East Randolph Drive, Suite 5000, Chicago, Illinois 60602 (Attention: Erin E. Broderick), United States counsel to the Petitioner, so as to be received on or before 4:00 p.m. (Central Time) seven days prior to the Recognition Hearing.

PLEASE TAKE FURTHER NOTICE that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

PLEASE TAKE FURTHER NOTICE that copies of the Recognition Petition and accompanying papers are available to parties-in-interest on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at http://www.deb.uscourts.gov (a PACER login and password are required to retrieve a document), or upon written request to the Petitioner's United States counsel at the contact information in the below signature block.

770359-v1\DALDMS                                        2

Dated:  March 9, 2014
        Dallas, Texas

Respectfully submitted,

**BAKER & McKENZIE LLP**

By:  /s/ *David W. Parham*
     David W. Parham
     State Bar No. 15459500
     John E. Mitchell
     State Bar No. 24056313
     2300 Trammell Crow Center
     2001 Ross Avenue
     Dallas, Texas 75201
     Telephone: (214) 978-3000
     Facsimile: (214) 978-3099
     Email: david.parham@bakermckenzie.com
     Email: john.mitchell@bakermckenzie.com

     - and -

     Erin E. Broderick *(pro hac vice pending)*
     Illinois Bar No. 6295974
     300 East Randolph Drive, Suite 5000
     Chicago, Illinois 60602
     Telephone: (312) 861-8000
     Facsimile: (312) 861-2899
     Email: erin.broderick@bakermckenzie.com

     *Attorneys for the Petitioner Robert Marie*
     *Mark Karpeles, Foreign Representative of*
     *MtGox Co., Ltd., a/k/a MtGox KK*

770359-v1\DALDMS                    3