Steven L. Woodrow (admitted *pro hac vice*)
Edelson PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4878
Facsimile: (303) 446-9111
Email: swoodrow@edelson.com

Jay Edelson (admitted *pro hac vice*)
Alicia Hwang (admitted *pro hac vice*)
Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
Email:  jedelson@edelson.com
Email: ahwang@edelson.com

Scott B. Kitei (admitted *pro hac vice*)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-8000
skitei@honigman.com

Robin E. Phelan, TBN 15903000
Stephen Manz, TBN 24070211
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:  214.651.5000
Facsimile:  214.651.5940
Email: robin.phelan@haynesboone.com
Email: stephen.manz@haynesboone.com

Counsel for Gregory Greene and Joseph Lack

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| MtGox Co., Ltd. (a/k/a MtGox KK) | § | Case No. 14-31229-sgj-15 |
| | § | |
| Debtor in a Foreign Proceeding | § | |
| | § | |

## CREDITORS GREGORY GREENE AND JOSEPH LACK'S MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING DEPOSITION TESTIMONY IN THE UNITED STATES FROM THE FOREIGN REPRESENTATIVE

**TABLE OF CONTENTS**

**I.  INTRODUCTION** ........................................................................................................1

**II.  JURISDICTION AND VENUE**...............................................................................4

**III.  BACKGROUND**.........................................................................................................**4**

**IV.  RELIEF REQUESTED** ..............................................................................................7

**VI.  NOTICE** ......................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

Am. Int'l Tel., Inc. v. Mony Travel Servs., Inc., 203 F.R.D. 153, 155 (S.D.N.Y. 2001) ............ 11

Dubai Islamic Bank v. Citibank, No. 99 Civ.1930, 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002) ..................................................................................................................................... 11

In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) .................................... 8

In re Ecam Publ'ns, Inc., 131 B.R. 556 (Bankr. S.D.N.Y. 1991) ................................................. 8

In re Handy & Harman Ref. Grp., Inc., 295 B.R. 179, 183 (Bankr. D. Conn. 2003) ................... 12

In re Lehman Bros., Inc., 2008 WL 5423214, at *3 (Bankr. S.D.N.Y. Nov. 26, 2008) ................ 8

Silva Run Worldwide Ltd. v. Gaming Lottery Corp., 96 CIV. 3231 (RPP), 2003 WL 23009989 (S.D.N.Y. Dec. 23, 2003)........................................................................................................ 10

United States v. $160,066.98 from Bank of Am., 202 F.R.D. 624, 628-29 (S.D. Cal. 2001) ...... 10

Willis v. Mullins, CV F 04 6542 AWI LJO, 2006 WL 894922 (E.D. Cal. Apr. 4, 2006)............ 10

**Statutes**

28 U.S.C. § 1334 ............................................................................................................................ 4

28 U.S.C. § 1410 ............................................................................................................................ 4

**Other Authorities**

Martin Davies, *Bypassing the Hague Evidence Convention: Private International Law Implications of the Use of Video and Audio Conferencing Technology in Transnational Litigation*, 55 Am. J. Comp. L. 205, 216 (2007) .................................................................... 12

**Rules**

Bankruptcy Rule 2004 ........................................................................................................... 4, 7, 8

Bankruptcy Rule 7030 ........................................................................................................... 4, 13

Local Rule 2004-1........................................................................................................................ 4

**Treatises**

9 Collier on Bankruptcy ¶ 2004.02[1], at 2004-6 (16th rev. ed. 2004) ....................................... 8

Creditors Gregory Greene and Joseph Lack (collectively, "Movants"), by their attorneys, Edelson P.C., Honigman Miller Schwartz and Cohn LLP, and Haynes and Boone LLP, pursuant to Rules 2004 and 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), file this Motion (the "Motion") seeking the entry of an order compelling Robert Marie Mark Karpeles (the "Foreign Representative" of MtGox Co., Ltd. (a/k/a MtGox KK) (the "Debtor")) to submit to an examination, through deposition testimony in the United States. In support of this Motion, Movants respectfully state as follows:

## I.  INTRODUCTION

1.      This Chapter 15 proceeding involves the catastrophic collapse of the Debtor —at one time the largest Bitcoin exchange in the world. Allowing members to buy, sell, convert, and keep their bitcoins and Fiat Currency, from 2010 right up until its shutdown in February 2014, the Debtor thrived as a major player in the rapidly developing world of crypto-currency: facilitating hundreds of thousands (if not millions) of user transactions and—per its own representations—securely maintaining hundreds of thousands of bitcoins and tens of millions of dollars (and other currencies) on behalf of its exchange members.

2.      Unfortunately for those exchange members, however, the Debtor apparently did just the opposite: losing or misappropriating more than 850,000 bitcoins and millions of dollars, rubles, korunas, billions of yen, and massive sums of other currency belonging to its users. Indeed, according to reports about its bankruptcy filing in Japan, by the end of February 2014 the once dominant exchange had only 2,000 bitcoins remaining—the rest having disappeared under circumstances that remain a mystery for all but a handful of the Debtor's insiders.

3.      This Motion concerns the ability of this Court to adequately protect creditors amid

what has emerged as an alarming lack of transparency.   On March 10, 2014 this Court granted

the Foreign Representative's *Application for an Order Granting Provisional Relief Pursuant to*

*Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing, and*

*Specifying Form and Manner of Notice* (the "<u>TRO Application</u>") [Docket No. 4], staying all

proceedings pending at that time against the Debtor.[1]   This relief was premised solely on the

*Declaration of Robert Marie Mark Karpeles* (the "<u>Karpeles Declaration</u>") [Docket No. 3]

submitted by the Foreign Representative, who is also the Debtor's CEO (as well as the CEO of

the Debtor's parent company, Tibanne KK) and the designer of the exchange's back-end

programming.

4.      Since that time, the parties who are busily evaluating whether to contest

recognition have repeatedly requested the opportunity to depose the Foreign Representative, as

he alone has the requisite knowledge regarding the Debtor's assets in the United States, of

critical facts leading up to the initiation of the Japan Proceeding, and of events that have

transpired since the bankruptcy was announced—including the "discovery" of over 200,000

unreported bitcoins several days before seeking emergency relief from this Court. Following

significant back and forth—including multiple requests for the deposition of the Foreign

Representative that went unanswered by the Debtor's attorneys and an offer by the plaintiffs in

the Class Action Litigation to pay for the Foreign Representative's travel to the United States—

---

[1]      The matters stayed as to the Debtor consist of a commercial lawsuit filed on May 2, 2013 in the United
States District Court for the Western District of Washington against the Debtor and Tibanne KK by Coinlab, Inc.
(Case No. 2:13-cv-0077) as well as the Class Action Litigation (as defined below), both of which were filed prior to
the initiation of the Japan Proceeding.  The Court also denied the Debtor's request to stay such proceedings as
against non-debtor defendants.

the Foreign Representative is only willing to be deposed, if at all, in Taipei, Taiwan on April 17,

2014, with a video link for persons who choose not to make the trip.

5.      As explained below, whereas under a different fact pattern the location and

identity of the Foreign Representative to be deposed may be less material, given the centrality of

the Foreign Representative's involvement in the management of the exchange and his peculiar

knowledge of its coding and operations, it is imperative for the protection of domestic creditors

that he be deposed in the United States.  Requiring at least three separate teams of attorneys—

including the United States Trustee—to travel all the way to Taiwan, a country unrelated to

either the Japan Proceeding or this Chapter 15 case, is an unjustifiable misuse of judicial

resources.

6.      Likewise, deposing the Foreign Representative through a video link is

unworkable, as such a system is simultaneously overly restrictive and of questionable reliability.

Such difficulties are compounded here, as the Foreign Representative speaks English but the

deposition will likely need to proceed through a French or Japanese translator.    Such

complications offer little hope of reprieve from the veil of secrecy that presently obstructs the

ability of U.S. creditors to understand the facts and circumstances leading up to the Japan

Proceeding and the Chapter 15 filing, and the Debtor's shifting positions on those points.

7.      In short, the Foreign Representative—who also happens to be the individual in

control of the Debtor with peculiar knowledge of its specific assets and operations—has availed

himself of the protections of this Court but refuses to come to this jurisdiction to answer basic

questions in support of the Petition (as defined below).  Given such a refusal, and as explained

further below, this Court should compel the Foreign Representative's attendance in this District

for his deposition.

## II.  JURISDICTION AND VENUE

8.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

9.      For purposes of this Motion only, venue is proper pursuant to 28 U.S.C. § 1410.

10.      The statutory bases for the relief requested in this Motion are Bankruptcy Rules 2004 and 7030, and Local Rule 2004-1.

## III.  BACKGROUND[2]

11.      On February 27, 2014, Greene, individually and on behalf of all others similarly situated, filed his *Class Action Complaint and Demand for Jury Trial* in the United States District Court for the Northern District of Illinois against the Debtor, the Foreign Representative (in his individual capacity), Tibanne KK, and MtGox Inc. (Case No. 1:14-cv-1437) (the "Class Action Litigation"), to challenge the defendants' intentional and systematic misuse and misappropriation of its users' property.[3]

12.      The following day, the Debtor filed a petition for the commencement of a civil rehabilitation proceeding in Japan under Japanese Law (the "Japan Proceeding"), which is currently pending before the Twentieth Civil Division of the Tokyo District Court.

13.      On March 10, 2014 (the "Petition Date"), the Foreign Representative filed his *Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 2] (the "Petition") under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") seeking recognition of the Japan Proceeding as a foreign main proceeding, and recognition individually as the Debtor's foreign representative.

---

[2]      Additional details of the facts and circumstances supporting the relief sought in this Motion are described in *Creditor Gregory Greene's Motion for Termination of Provisional Relief*, filed concurrently herewith.

[3]      Plaintiff Joseph Lack was named as a Plaintiff in the Class Action Litigation via the *First Amended Class Action Complaint* filed on March 14, 2014.

14.    Also on the Petition Date, the Foreign Representative filed his *Emergency Application for an Order Granting Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* (the "TRO Application") [Docket No. 4], the *Memorandum of Law in Support of Petition for Recognition and Application for Provisional Relief, Scheduling Hearing, and Approving Form and Manner of Notice* (the "TRO Memorandum") [Docket No. 6], and the *Declaration of Robert Marie Mark Karpeles* in support of the Petition (the "Karpeles Declaration") [Docket No. 3].

15.    At the emergency hearing held on March 10, 2014, the Court accepted the representative's averments regarding the Debtor's insolvency as well as the explanation by the Foreign Representative's lawyers that the Debtor's primary assets in the United States consist of back-up data stored on servers in the Dallas area.[4]  The Court entered the provisional stay with respect to the Debtor, denied the Foreign Representative's request to extend the stay to non-debtors, and set the matter for a recognition hearing on April 1, 2014. *Order Granting Application for Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* (the "TRO Order") [Docket No. 13].

16.    Since the Court granted provisional relief, counsel for the parties (including CoinLab, the plaintiffs in the Class Action Litigation, the United States Trustee, and the Foreign Representative) have met and conferred via telephone on three occasions in an attempt to resolve issues relating to notice, the location of assets, the scheduling of depositions, and other

---

[4] In the afternoon of March 25, 2014, counsel for Greene received an email from Lisa Lambert of the U.S. Trustee's office forwarding an email from the Debtor's attorneys. That forwarded email indicated that the servers were in Dallas with Softlayer Data Services. No description of the backup data, the number of servers, their type, make, or model, was provided.

discovery.  First, during a telephone conference held March 14, 2014, when discussing potential

discovery, counsel for the plaintiffs in the Class Action Litigation asked whether the Foreign

Representative would agree to be deposed regarding his declaration prior to the hearing.

Woodrow Declaration at ¶ 8.[5]  The Foreign Representative's attorney, David Parham, responded

that it was his understanding that the Foreign Representative was under a travel restriction due to

the Japan Proceeding.  When counsel pressed for clarification as to whether a specific order had

been entered restricting the Foreign Representative's travel or if a particular law prohibited such

travel, Mr. Parham clarified that the restriction arose from the fact that travel would be expensive

and take away potential resources from the Debtor's estate.  Id.  Mr. Parham also requested that

the plaintiffs in the Class Action Litigation engage in written discovery and asked that such

discovery be served promptly for his review.  Id. The parties also agreed to reconvene on

Tuesday, March 18, 2014.  Id.

17.     The plaintiffs in the Class Action Litigation promptly prepared written discovery

and served it on Monday, March 17, 2014.  Woodrow Declaration at ¶ 9.  Counsel for the

plaintiffs in the Class Action Litigation also informed Mr. Parham that they would pay for the

Foreign Representative's travel to the United States for his deposition, thus negating any

objection premised upon the supposed costs to the estate.  Id.

18.     On March 18, 2014, Mr. Parham indicated that he had not yet communicated with

the Foreign Representative regarding the offer to pay for his travel and that he did not have an

answer with respect to whether the Foreign Representative would be produced for his deposition.

Woodrow Declaration at ¶ 10.  Mr. Parham further explained that the Foreign Representative

---

[5] The *Declaration of Steven L. Woodrow in Support of Creditors Gregory Greene and Joseph Lack's Motion for an Order Pursuant to Bankruptcy Rule 2004 Compelling Deposition Testimony in the United States from the Foreign Representative* (the "Woodrow Declaration") is attached hereto as **Exhibit B**.

believed that it would make sense to complete the written discovery first and then take the deposition of the Foreign Representative—which could be Mr. Karpeles or a different individual depending upon the course of the Japan Proceeding. Id.  Counsel for the plaintiffs in the Class Action Litigation explained that the Foreign Representative had the best understanding of the facts and had decided to seek protection from a United States court, that written discovery was secondary to his examination, and that the Foreign Representative should come to the United States (as opposed to a different representative to be substituted later). Id.

19.    The Parties thereafter held a third telephone conference on March 21, 2014. During that telephone conference, Mr. Parham offered that the Foreign Representative would be willing to sit for his deposition on April 17, 2014 in Taipei and that everyone could either fly there or attend via videoconference.   Woodrow Declaration at ¶ 11.   When asked why the deposition could not be taken in the United States, Mr. Parham responded that the Foreign Representative needed to focus on the Japan Proceeding and that the offer was to produce him in Taipei over the course of one or two days.  Id.

## IV.  RELIEF REQUESTED

20.    Pursuant to this Motion, Movants seek entry of an Order, substantially in the form attached hereto as **Exhibit A**, compelling the Foreign Representative to submit to an examination, through deposition testimony, in the United States, specifically this District.

## V.  ARGUMENT

21.    Bankruptcy Rule 2004 provides, in pertinent part:

(a)    *Examination on Motion*.  On motion of any party in interest, the court may order the examination of any entity.

(b)    *Scope of Examination*.  The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial

condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [in] a reorganization case under chapter 11 of the Code . . ., the examination may also relate to . . . any other matter relevant to the case or to the formulation of a plan.

(c)     *Compelling Attendance and Production of Documents.*  The attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

(d)     *Time and Place of Examination of Debtor.*  The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending.

22.     Bankruptcy Rule 2004 contemplates discovery that is broad in scope, exceeding what is permitted under the Federal Rules of Civil Procedure.  In re Ecam Publ'ns, Inc., 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991).  The purpose of a Rule 2004 examination is "to show the condition of the estate and to enable the court to discover its extent and whereabouts . . . so that the rights of creditors may be preserved."   In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991).  "The scope of a Rule 2004 examination is 'unfettered and broad.'"  9 Collier on Bankruptcy ¶ 2004.02[1], at 2004-6 (16th rev. ed. 2004).  See also In re Lehman Bros., Inc., 2008 WL 5423214, at *3 (Bankr. S.D.N.Y. Nov. 26, 2008) (noting that "[t]he broad scope of Rule 2004 is well recognized").

23.     The Court may order the examination of "any entity" concerning any matter that relates "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . ."  Fed. R. Bankr. P. 2004(b).

24.     With the hearing on recognition of the Petition scheduled for May 6, 2014, and any objections to the Petition being due by April 29, 2014, it is critical for Movants to have a

meaningful opportunity to examine the Foreign Representative on the facts and circumstances surrounding the Petition and the legal basis therefor.  As filed, the Petition contains no evidence to support the Northern District of Texas as the proper venue for this matter, and provides grossly insufficient evidence for plaintiffs in the Class Action Litigation to determine whether the Petition meets the requirements for recognition of the Japan Proceeding as a "foreign main proceeding."  In the Petition, the Foreign Representative forgoes any discussion about the location of the debtor's primary assets, the location of the majority of the debtor's creditors, and the jurisdiction whose law would apply to most disputes.  These omissions are not surprising given that a supermajority percent of the debtor's customers, and an unknown percentage of the Debtor's assets, appear to be located outside of Japan.  Without a meaningful analysis of these factors, the Foreign Representative cannot possibly demonstrate a likelihood of success on the merits, and it is essential for Movants to have an opportunity to question the Foreign Representative about these omissions.

25.     Despite the fact that the limited factual basis supporting the Petition—as well as the emergency relief obtained by the Foreign Representative on the Petition Date—comes almost entirely from the Foreign Representative's statements, the Foreign Representative was not present at the emergency hearing on the Petition Date.  In fact, despite the Foreign Representative's decision to avail himself of the jurisdiction of this Court and seek the protections offered by the Bankruptcy Code, the Foreign Representative essentially refuses to come to the United States for an examination.

26.     To date, the Foreign Representative has only offered to be available for a video deposition, to be conducted in Taipei, Taiwan, on April 17, 2014, despite the fact that all parties

who have appeared in this case, including the United States Trustee and the Foreign Representative's counsel, are located in the United States.

27.     When evaluating the propriety of allowing a deposition to occur outside the district, courts have considered whether the testifying witness chose to avail himself in the noticed forum, the witness' ability to remotely review documents, and the costs and burdens to all parties and the court, in denying requests for remote depositions. See United States v. $160,066.98 from Bank of Am., 202 F.R.D. 624, 628-29 (S.D. Cal. 2001) ("the court finds claimants' inconvenience and expense associated with the prosecution of their claim in this district were foreseeable, are not "undue," and do not outweigh the government's burden, expense, safety risks, and compromised effectiveness should the depositions be ordered to go forward in Pakistan or by telephone, or by any of the other means claimants propose."); Silva Run Worldwide Ltd. v. Gaming Lottery Corp., 96 CIV. 3231 (RPP), 2003 WL 23009989 (S.D.N.Y. Dec. 23, 2003) ("Considering the lack of choice of Plaintiff in selecting a forum, and the convenience and cost to the parties, Defendant's motion for a protective order is denied and he shall be deposed in New York. Because of the role of the defendant in the transactions in question, and the amount of documents his deposition will concern, Defendant's motion to testify via video conference or telephonically is also denied."); Willis v. Mullins, CV F 04 6542 AWI LJO, 2006 WL 894922 (E.D. Cal. Apr. 4, 2006) (evaluating the party's willingness to pay the deponent's travel expenses, plaintiff's choice to initiate suit in the forum where he was noticed, as well as the deponent's excuse for not traveling to the noticed location of the deposition in denying request for protective order as to location of deposition).

28.     In this case, the Foreign Representative initially cited cost as the reason for his inability to come to the United States for a deposition, to which Greene responded by offering to

pay the Foreign Representative's expenses for coming to the United States.  Despite this offer, the Foreign Representative persist in his refusal to travel here, based solely on the inconvenience of the time it takes for a flight to the United States and an amorphous need to focus on the Japan Proceeding.  How this is better accomplished through a video deposition in Taipei, Taiwan instead of a live deposition in the United States has not been explained.

29.    Moreover, a Court's acceptance of this type of excuse could cause future foreign representatives to take a similar stance, encouraging foreign representatives to take advantage of the benefits offered by the Bankruptcy Code, without having to appear personally to defend or even explain their conclusory assertions.  Though the Foreign Representative has agreed to written discovery, the facts and circumstances surrounding the Japan Proceeding suggest a potentially intentional and systematic misuse and misappropriation of the property of the Debtor's exchange members, and it is necessary for the Foreign Representative to attend an in-person examination in the United States so that all parties-in-interest can question him, assess his credibility, and engage in a fluid conversation.

30.    The unreasonableness of the offer to have three sets of counsel fly around the globe to Taipei, Taiwan is not offset by the debtor's offer of a video deposition.

31.    Courts and commentators have cautioned against remote depositions when counsel have raised concerns due to language barriers making testimony difficult to understand or necessitating the need for interpreters. See Am. Int'l Tel., Inc. v. Mony Travel Servs., Inc., 203 F.R.D. 153, 155 (S.D.N.Y. 2001) (denying telephonic deposition as defendant's English was poor and would be difficult to understand over the phone and moving examination to foreign country would require someone to fly there to administer oath/show witness exhibits); Dubai Islamic Bank v. Citibank, No. 99 Civ.1930, 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002)

(declining to order a telephonic or videotaped deposition where no hardship justified one, that language barriers would make telephone depositions impractical, and that the availability of the court to resolve disputes that may arise counseled in favor of conducting them in New York, not Dubai); In re Handy & Harman Ref. Grp., Inc., 295 B.R. 179, 183 (Bankr. D. Conn. 2003) (considering party's assertion that many of its documents are in Spanish and an interpreter will be necessary during the deposition when denying telephonic or electronic deposition); see also Martin Davies, *Bypassing the Hague Evidence Convention: Private International Law Implications of the Use of Video and Audio Conferencing Technology in Transnational Litigation*, 55 Am. J. Comp. L. 205, 216 (2007) ("One factor that may be relevant in taking depositions remotely from other countries is the need for translation.").

32.     In this case, it is likely that the examination would require the use of either a Japanese or French interpreter.  As such, it is necessary that this Court compels the Foreign Representative to come to the United States as soon as possible for a 2004 examination, as the Petition lacks critical details that will enable Movants to determine whether to contest the Petition.   Movants seek to examine the Foreign Representative as to, among other things: (a) the basis for the Foreign Representative's choice of the Northern District of Texas as the venue for this Chapter 15 proceeding; (b) the location of the Debtor's worldwide assets and liabilities, and other information central to the determination of whether Japan is the Debtor's center of main interests; and (c) the facts and circumstances of the Chapter 15 filing to determine whether such any aspects of this proceeding are manifestly contrary to the public policy of the United States.

33.     Regardless of whether Mr. Karpeles remains in place as the foreign representative in this Chapter 15 case, Movants believe that as the person with the most knowledge about the Debtor's assets and operations, as well as the person who filed the pleadings in this case, that the

Court should compel Mr. Karpeles to submit to a 2004 examination—in person—in this District.

Alternatively, in the event this Court determines that an examination pursuant to Bankruptcy

Rule 2004 is for any reason not appropriate or not preferred, Movants seek to compel the

deposition pursuant to Bankruptcy Rule 7030 for all of the reasons set forth herein.

## VI.  NOTICE

34.    Copies of this Motion and proposed form of order have been provided to: (a) the

Office of the United States Trustee for the Northern District of Texas; (b) counsel to the Foreign

Representative; and (c) counsel to CoinLab via electronic mail and U.S. mail.  Movants submit

that the above notice and service constitute reasonable and proper notice under the

circumstances, and that no other or further notice is necessary or appropriate.


Respectfully submitted,
Dated: March 25, 2014

<div style="margin-left:40%">

By: */s/ Robin E. Phelan*
Robin E. Phelan, TBN 15903000
Stephen Manz, TBN 24070211
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:  214.651.5000
Facsimile:   214.651.5940
Email: robin.phelan@haynesboone.com
Email: stephen.manz@haynesboone.com

and

Steven L. Woodrow (admitted *pro hac vice*)
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4878
Facsimile: (303) 446-9111
Email: swoodrow@edelson.com

</div>

and

Jay Edelson (admitted *pro hac vice*)
Alicia E. Hwang (admitted *pro hac vice*)
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: 312.589.6370
Facsimile:  312,589.6378
Email:  jedelson@edelson.com
Email: ahwang@edelson.com

and

Scott B. Kitei (admitted *pro hac vice*)
HONIGMAN MILLER SCHWARTZ AND COHN
LLP
2290 First National Bldg.
660 Woodward Ave.
Detroit, MI 48226
Telephone: 313.465.7524
Facsimile:  313.465.7525
Email:  skitei@honigman.com

**ATTORNEYS FOR GREGORY GREENE AND
JOSEPH LACK**

## CERTIFICATE OF CONFERENCE

On March 21, 2014, counsel to Greene contacted counsel to the Foreign Representative regarding the desired deposition of the Foreign Representative. The parties were unable to reach a resolution as to the date, time, and manner of such deposition.

By:*/s/  Robin E. Phelan*
    Robin E. Phelan

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 25, 2014 a true and correct copy of the foregoing document was served (i) upon all parties on the attached Service List via e-mail (if available as indicated thereon) or first class mail, and (ii) via e-mail upon the parties that receive electronic notice in this case pursuant to the Court's ECF filing system:

*/s/  Robin E. Phelan*
Robin E. Phelan

## SERVICE LIST

David W. Parham
John Mitchell
Baker & McKenzie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Email: david.parham@bakermckenzie.com
Email: john.mitchell@bakermckenzie.com

Erin E. Broderick
Baker & McKenzie LLP
300 East Randolph Drive, Suite 500
Chicago, IL 60602
Email: erin.broderick@bakermckenzie.com

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
Email: ustpregion06.da.ecf@usdoj.gov

Christopher L. Door
Edelson PC
350 North LaSalle St., Suite 1300
Chicago, IL 60654

Edgar Sargent
Susman Godfrey LLP
1201 3rd Avenue, Suite 3800
Seattle, WA 98101-3087

Jean-Denis Marx
Baker & McKenzie (Gaikokuho Joint Ent.)
Ark Hills Sengokuyama Mori Tower 28th Fl
1-9-10 Roppongi
Tokyo 106-0032 Japan

John M. Murphy
Baker & McKenzie LLP
300 East Randolph, Suite 5000
Chicago, IL 60601

Josephine Garrett
Josephine Garrett, P.C.

3119 West 5th Street
Fort Worth, TX 76107

Mark Karpeles
6-28-3302, Aobadai 3-chome, Meguro-ku
Tokyo, Japan

Megan Lindsey
Edelson PC
999 West 18th St., Suite 3000
Denver, CO 80202

MtCox, Co. Ltd. a/k/a MtGox KK
11-5, Shibuya 2-chome, Shibuya-ku
Tokyo, Japan

Roger M. Townsend
Breskin Johnson & Townsend PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101

Rosa A. Shirley
Baker & McKenzie LLP
2001 Ross Avenue, Suite 2300
Dallas, TX 75201

The Honorable Jeh Johnson
Secretary of Homeland Security
Department of Homeland Security
Washington, DC 20528

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| MtGox Co., Ltd. (a/k/a MtGox KK) | § | Case No. 14-31229-sgj-15 |
| | § | |
| Debtor in a Foreign Proceeding | § | |
| | § | |

**ORDER GRANTING CREDITORS GREGORY GREENE AND JOSEPH LACK'S
MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
COMPELLING DEPOSITION TESTIMONY IN THE UNITED STATES FROM THE
<u>FOREIGN REPRESENTATIVE</u>**

This matter having come before this Court on the motion of Creditor Gregory Greene and

Joseph Lack (collectively "<u>Movants</u>"), for an Order pursuant to Fed. R. Bankr. P. 2004

compelling Robert Marie Mark Karpeles (the "<u>Foreign Representative</u>") to submit to an

examination in the United States (the "<u>Motion</u>");[1] it appearing that the relief requested in the

Motion is in the best interests of all parties-in-interest; it appearing that notice of the Motion has

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Motion.

been given as set forth in the Motion and that no other or further notice need be given; and after

due deliberation thereon and good cause appearing therefor,

## <u>NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED</u>

## <u>THAT:</u>

1.      The Motion is GRANTED in its entirety.

2.      The Foreign Representative shall appear and submit to deposition testimony upon

oral examination by Greene, regarding the matters described in the Motion and any other

matters relating to the Petition.

3.      The Deposition of the Foreign Representative shall take place in the Northern

District of Texas by April 10, 2014, unless otherwise agreed between the Foreign

Representative and Greene, pursuant to a subpoena to be issued in furtherance of this Order.

4.      In the event Robert Marie Mark Karpeles is replaced as the foreign representative

in this chapter 15 case by the court in the Japan Proceeding, this Order shall remain in effect

with respect to the 2004 examination in this District of Mr. Karpeles.

5.      The Court shall retain jurisdiction over any matter or dispute arising from or

relating to the implementation of this Order.


# # # END OF ORDER # # #

Submitted by:

Robin E. Phelan, TBN 15903000
Stephen Manz, TBN 24070211
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:  214.651.5000
Facsimile:  214.651.5940
Email: robin.phelan@haynesboone.com
Email: stephen.manz@haynesboone.com

and

Steven L. Woodrow (admitted pro hac vice)
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4878
Facsimile: (303) 446-9111
Email: swoodrow@edelson.com

and

Jay Edelson (admitted *pro hac vice*)
Alicia E. Hwang (admitted *pro hac vice*)
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: 312.589.6370
Facsimile:  312,589.6378
Email:  jedelson@edelson.com
Email: ahwang@edelson.com

and

Scott B. Kitei (admitted *pro hac vice*)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Bldg.
660 Woodward Ave.
Detroit, MI 48226
Telephone: 313.465.7524
Facsimile: 313.465.7525
Email:  skitei@honigman.com

**ATTORNEYS FOR GREGORY GREEN
AND JOSEPH LACK**

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| MtGox Co., Ltd. (a/k/a MtGox KK) | § | Case No. 14-31229-sgj-15 |
| | § | |
| Debtor in a Foreign Proceeding | § | |
| | § | |

**DECLARATION OF STEVEN L. WOODROW IN SUPPORT
OF CREDITORS GREGORY GREENE AND JOSEPH LACK'S MOTION FOR AN
ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING DEPOSITION
TESTIMONY IN THE UNITED STATES FROM THE FOREIGN REPRESENTATIVE**

I Steven L. Woodrow, hereby declare under penalty of perjury as follows:

1.      My name is Steven L. Woodrow.      I am over the age of twenty-one (21) years, am competent to make this Declaration, and have personal knowledge of the facts as stated in this Declaration.

2.      I am one of the attorneys for the putative class of plaintiffs in the case captioned *Greene et al. v. Mt. Gox, Inc. et al.*, 1:14-cv-01437 (N.D. Ill.), which seeks damages on behalf of thousands of Mt. Gox exchange members who lost money and/or bitcoins as a result of Mt. Gox's alleged misconduct and closing of its Bitcoin exchange.

3.      On February 27, 2014, Greene, individually and on behalf of all others similarly situated, filed his *Class Action Complaint and Demand for Jury Trial* in the United States District Court for the Northern District of Illinois against the Debtor, the Foreign Representative (in his individual capacity), Tibanne KK, and MtGox Inc. (Case No. 1:14-cv-1437) (the "Class

Action Litigation"), to challenge the defendants' intentional and systematic misuse and misappropriation of its users' property.[1]

4.      The following day, the Debtor filed a petition for the commencement of a civil rehabilitation proceeding in Japan under Japanese Law (the "Japan Proceeding"), which is currently pending before the Twentieth Civil Division of the Tokyo District Court.

5.      On March 10, 2014 (the "Petition Date"), the Foreign Representative filed his *Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 2] (the "Petition") under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") seeking recognition of the Japan Proceeding as a foreign main proceeding, and recognition individually as the Debtor's foreign representative.

6.      Also on the Petition Date, the Foreign Representative filed his *Emergency Application for an Order Granting Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* (the "TRO Application") [Docket No. 4], the *Memorandum of Law in Support of Petition for Recognition and Application for Provisional Relief, Scheduling Hearing, and Approving Form and Manner of Notice* (the "TRO Memorandum") [Docket No. 6], and the *Declaration of Robert Marie Mark Karpeles* in support of the Petition (the "Karpeles Declaration") [Docket No. 3].

7.      At the emergency hearing held on March 10, 2014, the Court accepted the representative's averments regarding the Debtor's insolvency as well as the explanation by the Foreign Representative's lawyers that the Debtor's primary assets in the United States consist of back-up data stored on servers in the Dallas area.  The Court entered the provisional stay with

---

[1]      Plaintiff Joseph Lack was named as a Plaintiff in the Class Action Litigation via the *First Amended Class Action Complaint* filed on March 14, 2014.

respect to the Debtor, denied the Foreign Representative's request to extend the stay to non-debtors, and set the matter for a recognition hearing on April 1, 2014. *Order Granting Application for Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* (the "<u>TRO Order</u>") [Docket No. 13].

8. In the time following the Court's granting of provisional relief, counsel for the parties (including CoinLab, the plaintiffs in the Class Action Litigation, the United States Trustee's office, and the Foreign Representative) have met and conferred via telephone on three occasions in an attempt to resolve issues relating to notice, the location of assets, the scheduling of depositions, and other discovery. First, during a telephone conference held March 14, 2014, when discussing potential discovery, counsel for the plaintiffs in the Class Action Litigation asked whether the Foreign Representative would agree to be deposed regarding his declaration prior to the hearing. The Foreign Representative's attorney, David Parham, responded that it was his understanding that the Foreign Representative was under a travel restriction due to the Japan Proceeding. When counsel asked for clarification as to whether a specific order had been entered restricting the Foreign Representative's travel or if a particular law prohibited such travel, Mr. Parham clarified that the restriction arose from the fact that travel would be expensive and take away potential resources from the Debtor's estate. Mr. Parham also requested that the plaintiffs in the Class Action Litigation engage in written discovery and asked that such discovery be served promptly for his review. The parties also agreed to reconvene on Tuesday, March 18, 2014.

9. The plaintiffs in the Class Action Litigation promptly prepared written discovery and served it on Monday, March 17, 2014. Counsel for the plaintiffs in the Class Action

Litigation also informed Mr. Parham that they would pay for the Foreign Representative's travel to the United States for his deposition.

10.     On March 18, 2014, Mr. Parham indicated that he had not yet communicated with the Foreign Representative regarding the offer to pay for his travel and that he did not have an answer with respect to whether the Foreign Representative would be produced for his deposition. Mr. Parham further explained that the Foreign Representative believed that it would make sense to complete the written discovery first and then take the deposition or the Foreign Representative—which could be Mr. Karpeles or a different individual depending upon the course of the Japan Proceeding.   Counsel for the plaintiffs in the Class Action Litigation explained that the Foreign Representative had the best understanding of the facts and had decided to seek protection from a United States court, that written discovery was secondary to his examination, and that the Foreign Representative should come to the United States (as opposed to a different representative to be substituted later).

11.     The Parties thereafter held a third telephone conference on March 21, 2014. During that telephone conference, Mr. Parham offered that the Foreign Representative would be willing to sit for his deposition on April 17, 2014 in Taipei, Taiwan and that everyone could either fly there or attend via videoconference.   When asked why the deposition could not be taken in the United States, Mr. Parham responded that the Foreign Representative needed to focus on the Japan Proceeding and that the offer was to produce him in Taipei, Taiwan over the course of one or two days.

I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Signed this 25th day of March, 2014.

/s/ Steven L. Woodrow
Steven L. Woodrow