David W. Parham
State Bar No. 15459500
John Mitchell
State Bar No. 00797095
Rosa A. Shirley
State Bar No. 24056313
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: david.parham@bakermckenzie.com
Email: john.mitchell@bakermckenzie.com
Email: rosa.shirley@bakermckenzie.com

- and -

Erin E. Broderick *(admitted pro hac vice)*
Illinois Bar No. 6295974
300 East Randolph Drive, Suite 5000
Chicago, Illinois 60602
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
Email: erin.broderick@bakermckenzie.com

*Attorneys for the Petitioner Robert Marie Mark Karpeles,*
*Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| MtGox Co., Ltd. (a/k/a MtGox KK) | ) Case No. 14-31229-sgj15 |
| | ) |
| Debtor in a Foreign Proceeding. | ) **Hearing Date: Emergency Hearing Requested for April 1, 2014 at 1:30 P.M.** |

## EMERGENCY MOTION TO APPROVE NOTICE PROCEDURES

1

Robert Marie Mark Karpeles ("Karpeles"), in his capacity as the foreign representative (the "Petitioner") of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor" or "MtGox"), a debtor in a civil rehabilitation proceeding under Japanese law (the "Japan Proceeding"), currently pending before the Twentieth Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), by counsel, hereby moves (the "Motion") for entry of an order, pursuant to sections 105(a) and 1514 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 9006, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), specifying the manner of service of the Recognition Hearing Notice (defined below).  In support of the relief requested herein, the Petitioner respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

3. The statutory predicates for the relief requested herein are sections 105(a) and 1514 of title 11 of the Bankruptcy Code along with Bankruptcy Rules 2002, 9006, 9007 and 9008.

## BACKGROUND

*MtGox's Business*

4. MtGox is a Japanese corporation located in Tokyo, Japan.  Until on or around February 25, 2014, it operated an online bitcoin exchange through the website mtgox.com. MtGox has operated this exchange since the summer of 2011.  There were times during this period that MtGox was reported to be the largest online bitcoin exchange in the world, but that is no longer the case.

5. Bitcoin is a form of digital currency that was first conceived of in 2008 by a person or group going by the name of Satoshi Nakamoto. The first actual bitcoin was created, or "mined" in 2009. There are several ways in which a person can obtain bitcoin, including the following:

- Bitcoins are "created" through a computer software algorithm which, at any point in time, resides on thousands of computers on the Internet. Persons who accept to certify bitcoin transactions over the bitcoin peer-to-peer network are remunerated by the issuance of a fixed number of bitcoins which evolves over time. The certification is done by the solving of an "algorithm" with the use of ever-more powerful computers. These persons are called "miners" and the process of obtaining bitcoin in this fashion is called "mining."

- A person can also obtain bitcoins that have already been mined by buying them from another. These transactions can consist of "one-to-one" transactions between a buyer and seller. In addition, a person can buy or sell bitcoin through an online exchange, such as the exchange operated by MtGox on the mtgox.com website. In these exchange transactions, the buyer and seller create accounts at the exchange and then fund the account with currency funds, bitcoin or both. The user can then enter a buy or sell order online and the website will match the buy or sell order with one or more sell or buy orders. The buyer receives an increase in bitcoin in his/her account and the seller receives an increase in currency in his/her account. The bitcoin exchange receives a fee or commission for the transaction.

- A person can also obtain and use bitcoin through commercial or merchant transactions; that is, a person can use bitcoin in certain circumstances to pay for goods and services.

6. Users store bitcoins in a digital "wallet" using either the software provided as part of the bitcoin software or a wallet provided by various providers. MtGox provides a wallet feature. A wallet can be materialized on a piece of paper and bitcoins need not be stored on a computer.

7. The MtGox exchange allowed persons with MtGox accounts to buy and sell bitcoin among themselves. In this regard, a person was to first open an account at MtGox and was assigned an account number. Once a user wanted to start buying or selling bitcoin on the mtgox website, he or she would need to "fund" the account with currency, bitcoin, or both. In

addition, the account holder would be subject to "anti-money laundering" ("AML") procedures. Once the account was "funded," the account holder would have a "currency balance" in the account, corresponding to the amount of currency he or she had a right to withdraw; and, a "bitcoin balance" in the account, corresponding to the amount of bitcoin he or she had a right to withdraw.

*MtGox's Capital Structure*

8.  MtGox has approximately ¥6.5 billion ($63.9 million) in liabilities and approximately ¥3.84 billion ($37.7 million) of assets at present. MtGox has no secured debt. Approximately 12% of the equity in MtGox is held by the developer of the initial MtGox software, Jed MacCaleb, with the remaining equity held by Tibanne Co., Ltd., aka Tibanne KK, a Japanese corporation located in Japan.

*Business Challenges*

9.  The mtgox.com website has been subject to numerous attempts by persons to breach its security, create denial of service ("DOS") situations, or to otherwise "hack" the system, and this has been the case since MtGox started operating the website in July 2011. In certain circumstances such attempts have led to the company shutting down the site for periods at a time.

10. On February 7, 2014, all bitcoin withdrawals were halted by MtGox due to the theft or disappearance of hundreds of thousands of bitcoins owned by MtGox customers as well as MtGox itself. The cause of the theft or disappearance is the subject of intensive investigation by me and others -- as of the present time I believe it was caused or related to a defect or "bug" in the bitcoin software algorithm, which was exploited by one or more persons who had "hacked" the bitcoin network. On February 24, 2014, MtGox suspended all trading after internal

investigations discovered a loss of 744,408 bitcoins presumably from this method of theft. These events caused among others MtGox to become insolvent and to file the Japan Proceeding.

### *MtGox's Japan Proceeding and Corporate Reorganization under the JCRA*

11. In order to protect the MtGox business as a going concern and retain its value while MtGox investigates the theft of the bitcoins under its control and addresses security defects in the bitcoin exchange, MtGox filed a petition (the "Japan Petition") for the commencement of the Japan Proceeding in the Tokyo Court pursuant to Article 17(1) of the JCRA on February 28, 2014, reporting that the company had lost almost 750,000 of its customers' bitcoins, and around 100,000 of its own bitcoins, totaling around 7% of all bitcoins in the world, and worth around $473 million near the time of the filing. Since then, approximately 200,000 of the missing bitcoins have been recovered. The Japan Proceeding is a civil rehabilitation. The purpose of a civil rehabilitation proceeding is to formulate a rehabilitation plan as consented to by a requisite number of creditors and confirmed by the court, to appropriately coordinate the relationships of rights between creditors and the debtor, with the aim of ensuring rehabilitation of the debtor's business or economic life. In addition to the petition for commencement, MtGox also filed applications for a temporary restraining order and for a comprehensive prohibition order which were issued by the Tokyo Court on February 28, 2014. At the same time, the Tokyo Court issued orders for the appointment of a supervisor and examiner (collectively, the "Tokyo Court Orders").

12. The Tokyo Court appointed Mr. Nobuaki Kobayashi, a Japanese attorney, as MtGox's supervisor and examiner. Under the Tokyo Court Orders, the Debtor cannot execute any agreement with any third party without the consent of the supervisor and examiner. The Debtor however remains free to initiate or pursue any legal proceeding provided that the costs of

these proceedings be approved by the supervisor and examiner. On March 10, 2014, Mr. Kobayashi, pursuant to the powers conferred upon him by the Tokyo Court Orders, issued a consent allowing the Debtor to hire Baker & McKenzie to file this Chapter 15 case as counsel of Debtor, allowing the payment of Baker & McKenzie's fees and further acknowledging that this consent was granted at the condition that MtGox's sole Director and Chief Executive Officer, Mr. Karpeles, file this Chapter 15 case as the foreign representative of MtGox.

13. Under the current status of the Japan Proceeding, the supervisor/examiner does not have the powers to manage the assets of the Debtor. As a consequence, the current management of MtGox remains in place and is allowed to continue to operate its businesses as a debtor-in-possession. This is permitted under the JCRA and MtGox has submitted the evidence legally required for the relief to be granted upon formal commencement.

14. The schedule for the Japan Proceeding will be determined by the Tokyo Court's commencement order. Currently, Mr. Kobayashi is scheduled to report his findings to the Tokyo Court on May 9, 2014.

## *The Chapter 15 Case*

15. On March 9, 2014, the Petitioner filed a Chapter 15 petition pursuant to sections 1504 and 1515 of the Bankruptcy Code commencing this Chapter 15 case in aid of the Japan Proceeding, seeking recognition of the Japan Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and seeking other necessary relief in aid of the Japan Proceeding.

16. On March 10, 2014, the Petitioner filed the Emergency Motion for an Order Granting Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice [Dkt. No. 4] (the

"Recognition Motion"). By the Recognition Motion, the Petitioner seeks entry of an order (the "Recognition Order") recognizing Karpeles as MtGox's "foreign representative," as defined in 11 U.S.C. § 101(24), and recognizing the Japan Proceeding as a foreign main proceeding as defined in 11 U.S.C. §§ 1517(a) and (b)(1).

17. On March 10, 2014, the Court entered the *Order Granting Application for Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* [Dkt. No. 13] (the "Provisional Relief Order"). Among other things, under the Provisional Relief Order, a hearing on the Recognition Motion (the "Recognition Hearing") was set for April 1, 2014, and the Court ordered that section 362 of the Bankruptcy Code is applicable to the Debtor and its assets until further order of the Court, or as so ordered at the Recognition Hearing.

18. On March 20, 2014, the Petitioner filed the Motion to Adjourn Recognition Hearing [Dkt. No. 29], seeking adjournment of the Recognition Hearing to May 6, 2014.

19. On March 24, 2014, the Court entered the Order Granting Adjournment of Recognition Hearing [Dkt. No. 36] (the "Adjournment Order"), adjourning the Recognition Hearing to May 6, 2014. Pursuant to the Adjournment Order, the Petitioner is required to serve copies of the Adjournment Order and the notice of adjournment of the Recognition Hearing and setting of status conference (the "Recognition Hearing Notice") upon the Notice Parties[1] no less than 23 days prior to the Recognition Hearing.

**RELIEF REQUESTED**

20. By this Application, Petitioner respectfully seeks entry of an order, substantially in the form attached hereto as **Exhibit A** approving the manner of service of the Recognition Hearing Notice.

---

[1] The Notice Parties are (1) the Debtor; (2) Mr. Nobuaki Kobayashi, as supervisor and examiner of the Debtor; (3) all parties to the United States Litigation Matters; (4) the Office of the United States Trustee for the Northern District of Texas; and (5) such other parties as the Court may direct.

**BASIS FOR RELIEF**

21. Bankruptcy Rule 2002(q)(1) provides that the parties identified therein must be given at least twenty (20) days' notice of a hearing to consider a petition for recognition of a foreign proceeding. Pursuant to Bankruptcy Rule 9007, the form and manner of notice under the Bankruptcy Rules shall be designated by the Court, unless otherwise provided by the Bankruptcy Rules. Since Bankruptcy Rule 2002(a) does not specify the form and manner of notice required for a hearing on a petition for recognition of a foreign proceeding, this Court is required to do so.

22. Under the Adjournment Order, however, this Court has already approved the Recognition Hearing Notice and directed service no less than twenty-three (23) days from the Recognition Hearing. Thus, by this Motion, the Petitioner seeks approval only of the manner by which it is to serve the Recognition Hearing Notice.

23. Specifically, the Petitioner seeks to serve the Recognition Hearing Notice upon the Notice Parties that are known to the Petitioner as of the date hereof on or before April 13, 2014 via United States First Class Mail and/or electronic mail (at their last known mailing or email address, if for whom the Petitioner has such addresses). Petitioner will also send notice via electronic mail to each of the Debtor's customers.

24. In addition, the Petitioner seeks to publish an abbreviated version of the Recognition Hearing Notice, the text of which is attached hereto as **Exhibit B** (the "Publication Notice"), in the Debtors' website, https://www.mtgox.com/; and in http://www.reddit.com/.

25. Such manner of service would be most expedient, effective, and economical under the circumstances, particularly given the online and digital nature of the Debtor's business and its relationship with its customers. Accordingly, the Petitioner respectfully submits that such

manner of service constitutes adequate and sufficient notice of the Recognition Hearing and the relief sought therein.

26. If any party files a notice of appearance in this case, Petitioner shall serve the Recognition Hearing Notice upon such party by the later of (a) twenty-three (23) days prior to the Recognition Hearing; or (b) three (3) business days following the filing of such notice of appearance, unless such party or its counsel has otherwise already been served with the Recognition Hearing Notice.

## NOTICE

27. Copies of this Motion and all exhibits related documents and proposed forms of orders have been provided to: (a) the UST; and (b) counsel to the US Litigation Matters via electronic mail. Petitioner submits that the above notice and service constitute reasonable and proper notice under the circumstances, and that no other or further notice is necessary or appropriate.

## CERTIFICATE OF CONFERENCE

28. Counsel to the Petitioner has conferred but has not yet reached an agreement with the UST regarding this Motion.

## CONCLUSION

WHEREFORE, Petitioner respectfully requests that this Court (a) grant the Motion; (b) enter an order, substantially in the form attached hereto as **Exhibit A**, and (c) grant the Petitioner such other and further relief as the Court deems just and proper.

Dated: March 27, 2014
Dallas, Texas

Respectfully submitted,

**BAKER & McKENZIE LLP**

By: /s/ *David W. Parham*
David W. Parham
State Bar No. 15459500
John Mitchell
State Bar No. 24056313
Rosa A. Shirley
State Bar No. 24056313
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: david.parham@bakermckenzie.com
Email: john.mitchell@bakermckenzie.com
Email: rosa.shirley@bakermckenzie.com

- and -

Erin E. Broderick *(admitted pro hac vice)*
Illinois Bar No. 6295974
300 East Randolph Drive, Suite 5000
Chicago, Illinois 60602
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
Email: erin.broderick@bakermckenzie.com

*Attorneys for the Petitioner Robert Marie
Mark Karpeles, Foreign Representative of
MtGox Co., Ltd., a/k/a MtGox KK*