David W. Parham
State Bar No. 15459500
John Mitchell
State Bar No. 00797095
Rosa A. Shirley
State Bar No. 24056313
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email:  david.parham@bakermckenzie.com
Email:  john.mitchell@bakermckenzie.com
Email:  rosa.shirley@bakermckenzie.com

- and -

Erin E. Broderick *(admitted pro hac vice)*
Illinois Bar No. 6295974
300 East Randolph Drive, Suite 5000
Chicago, Illinois 60602
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
Email:  erin.broderick@bakermckenzie.com

*Attorneys for the Petitioner Robert Marie Mark Karpeles,*
*Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| MtGox Co., Ltd. (a/k/a MtGox KK) | ) | Case No. 14-31229-sgj15 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | **Hearing Date:  April 1, 2014 at 1:30 P.M.** |
| | ) | |

## OBJECTION TO CREDITORS GREGORY GREEN AND JOSEPH LACK'S MOTION FOR AN ORDER PURSUANT TO RULE 2004 COMPELLING DEPOSITION TESTIMONY IN THE UNITED STATES FROM THE FOREIGN REPRESENTATIVE

# TABLE OF CONTENTS

**Page**

I.      BACKGROUND ........................................................................................................ 1

     A.      MtGox's Japanese Business and Center of Main Interests .................................... 1

     B.      What are Bitcoins? .................................................................................................. 2

     C.      MtGox's Capital Structure ..................................................................................... 3

     D.      Business Challenges ................................................................................................ 3

     E.      MtGox's Japan Proceeding and Corporate Reorganization under the
            JCRA- Very Similar in Nature to a U.S. Chapter 11 ............................................. 4

     F.      The Chicago Putative Class Action ....................................................................... 7

     G.      The Chapter 15 Case ............................................................................................... 7

     H.      The Putative Class Action is Stayed as to MtGox ................................................. 8

     I.       Rescheduling of the Recognition Hearing ........................................................... 10

II.     OBJECTION ............................................................................................................ 10

     A.      Federal Rule of Civil Procedure 30, not Bankruptcy Rule 2004, Governs
            Depositions in Connection with this Contested Chapter 15 Petition ................... 12

     B.      The Plaintiffs are Entitled to a Deposition Under Federal Rule 30(b)(6),
            but They Must Follow the Federal Rules ............................................................. 15

     C.      The Debtor will have the Foreign Representative at the Recognition
            Hearing, However, the Foreign Representative Should not be Required to
            Travel Twice ......................................................................................................... 16

III.    CONCLUSION ......................................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*In re Elpida Memory*, Case No. 12-10947 (BANKR. D. Del. 2012)................................11

*In re GHR Energy Corp.*, 33 B.R. 451 (BANKR. D. Mass. 1983)..................................13

*In re J & R Trucking, Inc.*, 431 B.R. 818 (BANKR. N.D. Ind. 2010) ......................................13, 14

*In re Japan Airlines,* Case No. 10-10198 (BANKR. S.D.N.Y. 2010) ............................................11

*In re Kipp*, 86 B.R. 490 (Bankr. W.D. Tex. 1988) ........................................13

*In re Ricker*, 2011 Bankr. LEXIS 5255 ........................................13

*In re Val Alphen Dairy Leasing, LLC,* 2012 Bankr. LEXIS 1442 (BANK. N.D. Ind. Jan. 10, 2012)........................................14

*New v. Sports & Recreation, Inc.,* 114 F.3d 1092 (11th Cir. 1997)................................7

*Richardson v. Johnson*, 598 F.3d 734 (11th Cir. 2010)........................................7

## FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

11 U.S.C. § 101(24) ........................................8

11 U.S.C. § 362 ........................................8, 9

11 U.S.C. § 1502(4) ........................................8

11 U.S.C. § 1504 ........................................7

11 U.S.C. § 1515 ........................................7

11 U.S.C. § 1517(a) ........................................8, 11

11 U.S.C. § 1517(b)(1) ........................................8

FED. R. BANKR. P. 1018 ........................................12, 14, 15

FED. R. BANKR. P. 2004 ........................................ passim

FED. R. BANKR. P. 7030 ........................................12, 15

FED. R. CIV. P. 26(b)(1) ........................................13

FED. R. CIV. P. 30 ........................................12, 14, 15

FED. R. CIV. P. 30(b)(6) ........................................15, 16

Robert Marie Mark Karpeles, in his capacity as the foreign representative (the "Petitioner") of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor" or "MtGox"), a debtor in a civil rehabilitation proceeding under Japanese law (the "Japan Proceeding"), currently pending before the Twentieth Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), by counsel, hereby files the Debtor's Objection (the "Objection") to Creditors Gregory Green and Joseph Lack's (the "Plaintiffs") Motion for and Order Pursuant to Bankruptcy Rule 2004 Compelling Deposition Testimony in the United States from the Foreign Representative (the "2004 Exam Motion") [Dkt. No. 39], and would respectfully show, as follows:

## I.    **BACKGROUND**[1]

### A.    *MtGox's Japanese Business and Center of Main Interests*

1.    MtGox is a Japanese corporation located in Tokyo, Japan.  Until on or around February 25, 2014, it operated an online bitcoin exchange through the website *mtgox.com*.  When a customer, wherever located, goes to mtgox.com, the individual is left with no doubt that MtGox is a Japanese company doing business in Japan.  *See* **Exhibit A** ("screen shot" of mtgox.com).  There can be no reasonable basis to believe that MtGox is a U.S. corporation or otherwise is doing business as a United States corporation.

2.    MtGox has operated this exchange in Japan since the summer of 2011. There were times during this period that the MtGox exchange was reported to be the largest online bitcoin exchange in the world, but that is no longer the case.

---

[1] In additional support of this Objection, the Debtor incorporates by reference the Declaration of Robert Marie Mark Karpeles (the "Karpeles Declaration") [Dkt. No. 3], the Emergency Application for an Order Granting Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice [Dkt. No. 4], the Declaration of Tod L. Gamlen (the "Gamlen Declaration") [Dkt. No. 5] and the Memorandum of Law in Support of Petition for Recognition and Application for Provisional Relief, Scheduling Hearing, and Approving Form and Manner of Notice [Dkt. No. 6].

### B.   *What are Bitcoins?*

3.     MtGox did not invent the bitcoin.  A "bitcoin" is a form of digital currency that was first conceived of in 2008 by a person or group going by the name of  "Satoshi Nakamoto."[2] The first actual bitcoin was created, or "mined" in 2009.  There are several ways in which a person can obtain bitcoin, including the following:

- Bitcoins are "created" through a computer software algorithm which, at any point in time, resides on thousands of computers on the Internet.  Persons who accept to certify bitcoin transactions over the bitcoin peer-to-peer network are remunerated by the issuance of a fixed number of bitcoins which evolves over time. The certification is done by the solving of an "algorithm" with the use of ever-more powerful computers.  These persons are called "miners" and the process of obtaining bitcoin in this fashion is called "mining."

- A person can also obtain bitcoins that have already been mined by buying them from another.   These transactions can consist of "one-to-one" transactions between a buyer and seller.  In addition, a person can buy or sell bitcoin through an online exchange, such as the exchange operated by MtGox on the mtgox.com website. In these exchange transactions, the buyer and  seller  create accounts at the exchange and then fund the account with currency funds, bitcoin or both.  The user can then enter a buy or sell order online and the website will match the buy or sell order with one or more sell or buy orders.  The buyer receives an increase in bitcoin in his/her account and the seller receives an increase in currency in his/her account. The bitcoin exchange receives a fee or commission for the transaction.

- A person can also obtain and use bitcoin through commercial or merchant transactions; that is, a person can use bitcoin in certain circumstances to pay for goods and services.

4.     Bitcoins are stored in a digital "wallet" using either the software provided as part of the bitcoin software or a wallet provided by various providers. MtGox maintains digital wallets to store bitcoins of its account holders.  In addition, a bitcoin can be stored in "hard copy", that is, the digitally stored information corresponding to the bitcoin can be recorded on a , piece of paper, and this paper can be stored in a secure, physical location, as opposed to being stored digitally on a computer.

---

[2] There is no relationship between MtGox and "Satoshi Nakamoto."

5.      The MtGox exchange allowed persons with a MtGox account to buy and sell bitcoin with other persons with such accounts.  In this regard, a person was to first open an account at the MtGox website, and once the account was opened, was assigned an account number.  Once a user wanted to start buying or selling bitcoin on the MtGox website, he or she would need to "fund" the account with currency, bitcoin, or both.  In addition, the account holder would be subject to "anti-money laundering" ("AML") procedures.  Once the account was "funded," the account holder would have a "currency balance" in the account, corresponding to the amount of currency he or she had a right to withdraw; and, a "bitcoin balance" in the account, corresponding to the amount of bitcoin he or she had a right to withdraw.[3]

## C.      *MtGox's Capital Structure*

6.      MtGox has approximately ¥6.5 billion ($63.9 million) in liabilities and approximately ¥3.84 billion ($37.7 million) of assets at present.  Finances are kept in Japanese Yen, and books and records are in Japanese as well.

7.      MtGox has no secured debt.   Approximately 12% of the equity in MtGox is held by the developer of the initial MtGox software, Jed MacCaleb, with the remaining equity held by Tibanne Co., Ltd., *aka* Tibanne KK, also a Japanese corporation located in Japan.

## D.      *Business Challenges*

8.      The mtgox.com website has been subject to numerous attempts by persons to breach its security, create denial of service ("DOS") situations, or to otherwise "hack" the system.  This has been the case since MtGox started operating the website in July 2011.  In

---

[3] As will be illustrated further, the Plaintiffs are essentially seeking discovery of information related to every person's account that ever used the MtGox exchange, to include balances of both Fiat and bitcoin currency, highly confidential information regarding their accounts, trading activities, and technical information that would be equivalent to account numbers and access codes to on line bank deposits.

certain circumstances such attempts have led to the company shutting down the site for periods at a time.

9.      On February 7, 2014, all bitcoin withdrawals were halted by MtGox due to an increasing number of unconfirmed bitcoin transactions making it difficult to process bitcoin withdrawals from the site.  MtGox halted withdrawals to investigate the problem.

10.      On February 24, 2014, MtGox suspended all trading after internal investigations discovered a loss of 744,408 bitcoins presumably from this method of theft.[4]    These events caused, among others, MtGox' liabilities to exceed its assets and to file the Japan Proceeding.[5]

**E.      _MtGox's Japan Proceeding and Corporate Reorganization under the JCRA- Very Similar in Nature to a U.S. Chapter 11_**

11.      In order to protect the MtGox business as a going concern and retain its value while MtGox investigates the theft of the bitcoins under its control and addresses security defects in the bitcoin exchange, MtGox filed a petition (the "Japan Petition") for the commencement of the Japan Proceeding in the Tokyo Court pursuant to Article 17(1) of the JCRA on February 28, 2014, reporting that the company had lost almost 750,000 of its customers' bitcoins, and around 100,000 of its own bitcoins, totaling around 7% of all bitcoins in the world, and worth around $473 million near the time of the filing.  The Japan Petition is attached as Exhibit A to the Karpeles Declaration in support of this Chapter 15 case [Dkt. No. 3].  A translated copy of the Japan Petition is attached hereto as **Exhibit B**.

---

[4] Subsequently, approximately 200,000 bitcoins were discovered in a wallet that had not been used subsequent to June 2011 hack.  Those bitcoins are now secured in a "cold wallet" that cannot be accessed by MtGox alone.
[5] The Plaintiffs barrage this Court, the Chicago District Court (defined below) and the newspapers with constant and repeated allegations that the loss of bitcoins was the result of "massive fraud."  The Plaintiffs fail to disclose that other bitcoin exchanges have been hacked, with bitcoin losses.  *See* **Exhibit C**.  Cyber hacking and security is a real problem with all electronic money transfers and exchange, with no suggestion that it must surely be fraud.  Notably, national retailers Target and Neiman Marcus were hacked and thousands of customers' credit card information stolen (and used for nefarious purposes) without the immediate conclusion that its principals were engaged in fraud.  Indeed, in August, 2013, the NASDAQ, one of the most prominent securities exchanges in the world was likely hacked and suffered denial of service attacks.  *See* **Exhibit D**.

12.     The Japan Proceeding is for a civil rehabilitation, very similar to chapter 11.  The purpose of a civil rehabilitation proceeding is to formulate a rehabilitation plan as consented to by a requisite number of creditors and confirmed by the Tokyo Court, to appropriately coordinate the relationships of rights between creditors and the debtor, with the aim of ensuring rehabilitation of the debtor's business or economic life (again, very similar to a chapter 11).  In addition to the petition for commencement, MtGox also filed applications for a temporary restraining order and for a comprehensive prohibition order which were issued by the Tokyo Court on February 28, 2014 (the functional equivalent of an automatic stay and prohibition on transactions outside the ordinary course of business). At the same time, the Tokyo Court issued orders for the appointment of a supervisor and examiner, who plays a role very similar to a chapter 11 examiner with expanded powers.  The supervisor does not supplant management, absent further order of the Tokyo Court, but must approve all expenditures outside the ordinary course of business as well as the execution of any agreement.  Certain of the Tokyo Court Orders entered to day are attached to the Karpeles Declaration as Exhibits B, C, D, E, and F, respectively [Dkt. No 3] (the "Tokyo Court Orders").

13.     The Tokyo Court appointed Mr. Nobuaki Kobayashi, a Japanese attorney, as MtGox's supervisor and examiner. Under the Tokyo Court Orders, the Debtor cannot execute any agreement with a third party without the consent of the supervisor and examiner.  The Debtor however remains free to initiate or pursue any legal proceeding provided that the costs of these proceedings be approved by the supervisor and examiner.  On March 10, 2014, Mr. Kobayashi, pursuant to the powers conferred upon him by the Tokyo Court Orders, issued a consent allowing the Debtor to hire Baker & McKenzie to file this chapter 15 case as counsel of Debtor, allowing the payment of Baker & McKenzie's fees and further acknowledging that this

consent was granted at the condition that MtGox's sole Director and Chief Executive Officer, Mr. Karpeles, file this chapter 15 case as the foreign representative of MtGox. A true and correct copy of the application for consent and the consent issued by Mr. Kobayashi is attached to the Karpeles Declaration, together with an English translation, as <u>Exhibit F</u> [Dkt. No. 3].

14.     Under the current status of the Japan Proceeding, the supervisor/examiner does not have the powers to manage the assets of the Debtor. As a consequence, the current management of MtGox remains in place and is allowed to continue to operate its businesses as a debtor-in-possession. This is permitted under the JCRA and MtGox has submitted the evidence legally required for the relief to be granted upon formal commencement.

15.     The cause of the theft or disappearance is the subject of intensive investigation by the Debtor under the supervision of the Tokyo District Court and Mr. Kobayashi. Furthermore, the Debtor has affirmatively requested that the Tokyo Metropolitan Police Department open an investigation into the theft of the bitcoins and any fiat currency that may have been stolen, as well. The Tokyo Metropolitan Police Department made a copy of all electronic records of the Debtor held in the Debtor's active servers and computers. This copy was completed last week and may serve as the basis for the police's investigations.

16.     Under the JCRA, Mr. Kobayashi is required to give a report to the Tokyo District Court regarding the results of his investigation to date, and will include in that report a statement on the causes of the JCRA and in particular the reasons that led to the disappearance of the bitcoins. As a result of such report, a decision will be made by the Debtor, the Tokyo District Court and Mr. Kobayashi as to whether the Japan Proceeding should continue as a civil rehabilitation, or should be converted to a bankruptcy proceeding, at which time he or some other individual would be appointed as a trustee. Mr. Kobayashi is scheduled to give his report

to the Tokyo District Court on May 9, 2014 as per a Tokyo District Court order delaying the

deadline originally set forth on March 28, 2014.  A claim process has not yet been initiated in the

Japan Proceeding.

**F.**     ***The Chicago Putative Class Action***

17.     On February 27, 2014, the day before the Japan Proceeding was commenced,

Plaintiff Green commenced a putative class action in the United States District Court for the

Northern District of Illinois (Civil Action No. 1:14-cv-1437) (the "Putative Class Action" and

"Chicago District Court," as applicable).  The Debtor was a named defendant, as was Mark

Karpeles, in his individual capacity, and affiliated entities, Tibanne KK and MtGox, Inc.  Claims

in the Putative Class Action include fraud, negligence, breach of fiduciary duty, and other similar

claims.  In addition, the Putative Class Action seeks an injunction and constructive trust over the

Debtors' assets, as well as expedited discovery.  A copy of the Class Action Complaint and

Demand for Jury Trial, and the Motion for Temporary Restraining Order and Preliminary

Injunction are attached to the Gamlen Declaration [Dkt. No. 5].

18.     Following the commencement of this chapter 15 case, the Class Action Complaint

was amended to include claims against Mizuho Bank, Ltd., Gonzague Gay-Bouchery, Jed

McCaleb and, notwithstanding the federal court general prohibition against suing "John Does",

John Doe Defendants.[6]  Neither Mizuho Bank nor McCaleb are affiliates or insiders of the

Debtor, and Gay-Bouchery, likewise is not an insider.

**G.**     ***The Chapter 15 Case***

19.     On March 9, 2014, the Petitioner filed a chapter 15 petition pursuant to sections

1504 and 1515 of the Bankruptcy Code commencing this chapter 15 case in aid of the Japan

---

[6] Fictitious party pleading is not generally permitted in federal proceedings. *See, e.g., New v. Sports & Recreation, Inc.,* 114 F.3d
1092, 1094 n.1 (11th Cir. 1997); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

Proceeding, seeking recognition of the Japan Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and seeking other necessary relief in aid of the Japan Proceeding.

20.    On March 10, 2014, the Petitioner filed the Emergency Motion for an Order Granting Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice [Dkt. No. 4] (the "Recognition Motion").  By the Recognition Motion, the Petitioner seeks entry of an order (the "Recognition Order") recognizing Karpeles as MtGox's "foreign representative," as defined in 11 U.S.C. § 101(24), and recognizing the Japan Proceeding as a foreign main proceeding as defined in 11 U.S.C. §§ 1517(a) and (b)(1).

21.    On March 10, 2014, the Bankruptcy Court entered the *Order Granting Application for Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* [Dkt. No. 13] (the "Provisional Order").   Among other things, under the Provisional Order, a hearing on the Recognition Motion (the "Recognition Hearing") was set for April 1, 2014, and the Court ordered that section 362 of the Bankruptcy Code is applicable to the Debtor and its assets until further order of the Court, or as so ordered at the Recognition Hearing. The Bankruptcy Court also held that it was "beyond doubt" that the Japan Proceeding was the foreign main proceeding.

**H.    *The Putative Class Action is Stayed as to MtGox***

22.    On March 11, 2014, Plaintiff Greene sought a TRO over the Defendants in the Putative Class Action from the Chicago District Court.  The Chicago District Court honored the bankruptcy stay and recognized that the *Greene* litigation was stayed as it pertained to MtGox. *See Notification of Docket Entry*, attached hereto as **Exhibit E** ("Pursuant to the bankruptcy stay, this case is stayed as to Defendant Mt. Gox KK.") [Putative Class Action Dkt. No. 31].  The

Chicago District Court also, however, granted Plaintiff Greene the authority to conduct expedited discovery against the remaining Defendants, who were not represented at the hearing, including Mr. Karpeles, in his individual capacity as a defendant. *See Temporary Restraining Order*, pp. 6-8, attached hereto as **Exhibit F** [Putative Class Action Dkt. No. 33].  The very next day, on March 12, 2014, counsel for Plaintiff Greene, Steven Woodrow, certified to the Chicago District Court that service had been effected upon Mr. Karpeles.  *See Return of Service of Summons*, attached hereto as **Exhibit G** (Putative Class Action Dkt. No. 32].[7]

23.    On March 14, 2014, the First Amended Complaint was filed.  That Complaint was later amended again at Debtor's insistence to purge an apparent violation of the stay of Bankruptcy Code § 362.

24.    Therefore, as of the time of the filing of the 2004 Exam Motion, Plaintiff Greene had (i) permission from the Chicago District Court to conduct expedited discovery upon Mr. Karpeles individually and (ii) certified to the Chicago District Court that he obtained service upon Mr. Karpeles.

25.    The Plaintiffs, however, decided not to seek discovery through the Putative Class Action, where they were expressly entitled to do so (and purportedly had gained service upon Mr. Karpeles individually).  Instead, on March 17, 2014, the Plaintiff issued his First Set of Requests for Production of Documents (the "Document Production Request") and First Set of Interrogatories (the "Interrogatories") upon the Debtor.   Copies are attached hereto as **Exhibits H & I**.  Neither the Document Production Request nor the Interrogatories are tied to any contested matter or adversary proceeding before this Court, nor are they sought as part of any 2004 exam request.  Instead, they are clearly issued in furtherance of the Putative Class Action.

---

[7] Notably, the return of service suggests that service was perfected on the registered agent of Mr. Karpeles.  The Debtor finds it highly suspect that an individual would have a registered agent for service of process, and thus highly suspect that this service, certified to by Plaintiff's counsel, is valid.

To illustrate, the Request for Production of Documents requests production of *fifty four (54)* separate categories of documents, ranging from (but only by way of example):

- Requests for over 4 years of cancelled checks and deposit slips;
- Every name, account number and other credentials of every person who traded bitcoins on the MtGox exchange for the last 4 years, information that would enable the Plaintiffs to access customer accounts;
- All YubiKeys in possession of the Debtor, also information that would allow the Plaintiffs to access customer accounts;
- Copies of all applications by customers to open accounts at MtGox for the last four (4) years;
- Any application to open a bank account for the last four (4) years;
- All documents related to allegations by the Plaintiffs that bitcoins were misappropriated;
- All insurance policies of the Debtor, to include insurance on homes and automobiles;
- Documents related to criminal investigations; and
- Privileged communications and information regarding a decision to file reorganization in any country.

26.     The Interrogatories are no less burdensome or wide ranging, seeking the same broad discovery clearly sought to bolster the Putative Class Action.

*I.     Rescheduling of the Recognition Hearing*

27.     On March 20, 2014, the Petitioner filed the Motion to Adjourn Recognition Hearing [Dkt. No. 29], seeking adjournment of the Recognition Hearing to May 6, 2014.  The Plaintiffs did not oppose the adjournment.

28.     On March 24, 2014, the Court entered the Order Granting Adjournment of Recognition Hearing [Dkt. No. 36] (the "Adjournment Order"), adjourning the Recognition Hearing to May 6, 2014.

29.     On March 25, 2014, the Plaintiffs filed their 2004 Exam Motion.

## II.     OBJECTION

30.     To be clear, the Debtor is not suggesting that it is not required to produce the Foreign Representative at the Recognition Hearing, nor is the Debtor suggesting that the Foreign Representative will not be made available for a deposition prior to the Recognition Hearing.

Instead, the Debtor opposes the Plaintiffs' attempt to use Bankruptcy Rule 2004 in an attempt to get this Court to order the Foreign Representative to travel from Asia to the United States for an extensive deposition only tangentially related to the Recognition Hearing.  Any such order would be premature, wasteful, and procedurally misplaced.  The Plaintiffs' 2004 Exam Motion is an unartfully disguised attempt to obtain discovery on an expedited basis, when they are not entitled to it, to further their putative class action litigation pending against non-Debtors in the Northern District of Illinois.  This Court should not endorse such a maneuver.

31.    The only contested matter pending before this Court is the recognition hearing, currently scheduled for May 6, 2014.  It is that hearing upon which the Plaintiffs are entitled to discovery, and there has been no justification for the broad based discovery they seek.

32.    The issue that will be adjudicated by this Court is whether to recognize the Japanese Proceeding as the foreign main proceeding.  The elements that will be decided by this Court are not extensive or complex.  Any discovery should be narrow.  Simply put, this Court will determine whether:

- such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;

- the foreign representative applying for recognition is a person or body; and

- the petition meets the requirements of section 1515.

11. U.S.C. § 1517(a).

33.    Furthermore, this Court will recognize the foreign proceeding as the foreign main proceeding if it is pending in the country where the Debtor has the center of its main interests.

34.    Japanese civil rehabilitations have been recognized by U.S. bankruptcy courts on multiple occasions.  *See, e.g. In re Japan Airlines,* Case No. 10-10198 (BANKR. S.D.N.Y. 2010) *and In re Elpida Memory*, Case No. 12-10947 (BANKR. D. Del. 2012).  The Plaintiffs have

articulated no good reason for this Court not to do the same, but regardless, that matter will be taken up at the Recognition Hearing. In the meantime, the Plaintiffs are not entitled to try their Putative Class Action in this chapter 15. They already have the right to take discovery in the Chicago District Court, and that is where they should do so if they want to depose their defendant, Mark Karpeles. As for the Recognition Hearing, they are entitled to discovery, but only with respect to those matters that this Court will adjudicate, and so long as they follow the rules of procedure.

**A.     *Federal Rule of Civil Procedure 30, not Bankruptcy Rule 2004, Governs Depositions in Connection with this Contested Chapter 15 Petition***

*Bankruptcy Rule 1018 Expressly Makes Disputes Regarding the Recognition of a Chapter 15 Petition Subject to Traditional Discovery Rules*

35.     Rule 1018 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>") makes Bankruptcy Rule 7030 applicable in proceedings related to contested chapter 15 petitions for recognition. 10-7030 COLLIER ON BANKRUPTCY P 7030.01, 16th ed. (2014). Bankruptcy Rule 1018 states that:

> Unless the court otherwise directs and except as otherwise prescribed in Part I of these rules, the following rules in Part VII apply to all proceedings **contesting . . . a chapter 15 petition for recognition** . . . 7028-7037 . . . .

FED. R. BANKR. P. 1018 (emphasis added). In turn, Rule 7030 adopts Rule 30 of the Federal Rules of Civil Procedure ("<u>Federal Rules</u>"). 10-7030 COLLIER ON BANKRUPTCY P 7030.01. Accordingly, Federal Rule 30 governs any depositions in connection with this Court's consideration of the chapter 15 petition.

*A Rule 2004 Examination is Inappropriate Here*

36.     The Plaintiffs erroneously confuse a Bankruptcy Rule 2004 examination with a discovery deposition. The two are different, both in terms of scope and the context in which they

may be conducted.  *In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (BANKR. N.D. Ind. 2010).

Discovery can take place only where there is some type of dispute – such as an adversary

proceeding or a contested matter, and the scope of examination is limited to those issues relevant

to the dispute.  *Id.* (citing FED. R. CIV. P. 26(b)(1)).  On the other hand, a Bankruptcy Rule 2004

examination does not require presence of a dispute.  *Id.*  Indeed, the presence of a dispute

"**prevents** recourse to [a Rule 2004 examination]."  *Id.* (emphasis added).

37.     In contrast with traditional discovery which narrowly focuses on the issues

germane to the dispute, a Bankruptcy Rule 2004 examination has often been described as a

"fishing expedition."  *See, e.g., id.*; *In re Kipp*, 86 B.R. 490 (Bankr. W.D. Tex. 1988) (quoting *In*

*re GHR Energy Corp.*, 33 B.R. 451, 453 (BANKR. D. Mass. 1983) (denying Bankruptcy Rule

2004 examination where movant had initiated an adversary proceeding, and noting that movant

was not harmed by such denial because it could still depose the debtor pursuant to Bankruptcy

Rule 7030)).

38.     The breadth of Bankruptcy Rule 2004 examinations arises out of the rule's

purpose.  *In re J & R Trucking, Inc.*, 431 B.R. at 821.  It is an "investigatory device, designed to

expedite the administration of the bankruptcy estate" and may not be used by creditors "*in an*

*effort to collect amounts due them outside the bankruptcy proceeding."  Id.* at 820-21 (denying

Bankruptcy Rule 2004 examination where movants sought, through the examination, to identify

third parties who might be liable to them for the debtor's obligations).

39.     A Bankruptcy Rule 2004 examination is not a substitute for formal discovery

where the latter is available.  *See, e.g., In re Ricker*, 2011 Bankr. LEXIS 5255 **4-5 (BANKR.

N.D. Ind. Nov. 1, 2011) (denying examination where, as a chapter 7 case, the movant's only

purpose would have ben to determine whether it had some basis for objecting to the debtor's

discharge, and the movant already had a colorable basis for filing an action under § 523 or § 727) (citing William L. Norton, Jr., NORTON BANKRUPTCY LAW AND PRACTICE 2d: Bankruptcy Rules, Rule 2004, Editor's Comment (b), at 142 (2005-2006 ed.) (not for publication)); *In re Val Alphen Dairy Leasing, LLC,* 2012 Bankr. LEXIS 1442, *3 (BANK. N.D. Ind. Jan. 10, 2012) (denying Bankruptcy Rule 2004 examination where traditional discovery tools were available to the creditor since debtor's motion to incur post-petition financing and the creditor's objection thereto constituted a contested matter).   Accordingly, Bankruptcy Rule 2004 examinations should be distinguished from traditional discovery.  10-7026 COLLIER ON BANKRUPTCY P 7026.01, 16th ed. (2014).

40.     As the *J & R Trucking, Inc.* court underscored, a movant's desire to identify third parties who may also be liable to them "quite simply, is neither [the] court's concern nor the purpose of Rule 2004." 431 B.R. at 822.  Thus where such is the movant's purpose, "[n]o matter how artfully one tries to disguise the requested examinations by dressing them up in the robes of bankruptcy administration," Bankruptcy Rule 2004 would be inappropriate.  *See id.* at 822-23.

41.     The purpose for a broad Bankruptcy Rule 2004 examination is not served here. The chapter 15 proceeding was initiated 20 days ago, and this Court has yet to even recognize the Japan Proceeding as the foreign main proceeding.  By agreement of the parties, that decision will be made on May 6, 2014.  There is nothing to administer at this time, and if the Plaintiffs have their way, there never will be.  There is no need for a broad based, extensive "fishing expedition" by the Plaintiffs, when their only purpose is to build their case for their Putative Class Action.  Until this Court recognizes the Japan Proceeding as the foreign main proceeding, the Plaintiffs' discovery is limited to that which is provided under Bankruptcy Rule 1018, which, in turn, incorporates Federal Rule 30.

42.     Moreover, the requested discovery which Plaintiffs' counsel indicated would take approximately *two to four days*, would be disruptive to the investigations ongoing in Japan by MtGox and the Supervisor and to the efforts to determine whether a reorganization would be possible – efforts that heavily involve Mr. Karpeles.

**B.     The Plaintiffs are Entitled to a Deposition Under Federal Rule 30(b)(6), but They Must Follow the Federal Rules**

43.     If the Plaintiffs want a deposition from a representative of the Debtor, in preparation of the Recognition Hearing, the Plaintiffs cannot do so by way of the broad, wide ranging Bankruptcy Rule 2004.  Bankruptcy Rule 1018 governs here, and that rule incorporates Bankruptcy Rule 7030 and Federal Rule 30.

44.     Federal Rule 30(b)(6) states, in relevant part:

> Notice or Subpoena Directed to an Organization.  In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with ***reasonable particularity*** the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

FED. R. CIV. P. 30(b)(6)(emphasis added).

45.     The Plaintiffs have completely skipped this process.  No deposition notice under Federal Rule 30(b)(6) to the Debtor has been issued, nor was one suggested by the Plaintiffs.  The written discovery certainly is not "reasonable or particular" to the elements of recognition.  *See* **Exhibits H & I**.  Nor can a multi-day deposition be considered reasonable or particular.  Instead, the Plaintiffs simply demanded that the Debtor "make Mr. Karpeles available for a deposition in the United States."  The Debtor offered a deposition via video link.  The Plaintiffs declined, and instead sought his deposition by Bankruptcy Rule 2004.  The Plaintiffs' demands are substantively and procedurally flawed.

46.     The Plaintiffs should be required to first issue a deposition notice to the Debtor that complies with Federal Rule 30(b)(6).   Thereafter, the Debtor will evaluate the notice, respond accordingly, and produce a witness or witnesses responsive to the request.

**C.     *The Debtor will have the Foreign Representative at the Recognition Hearing, However, the Foreign Representative Should not be Required to Travel Twice***

47.     The Debtor has never taken the position that the Foreign Representative would not be at the Recognition Hearing.  Quite to the contrary, the Debtor has always presumed that if recognition of the Japan Proceeding were contested, the Foreign Representative would be present for testimony and cross examination.  Accordingly, it makes no sense to require the Foreign Representative to travel twice to the United States, in such a short period of time – once for a deposition and a few weeks later for a trial.  Instead, the Debtor believes it is absolutely reasonable for the Foreign Representative to be deposed in Asia, with a video link available for those that cannot travel to Asia.  The Debtor would presume this deposition would occur in late April, several days before the objection deadline of April 29, 2014, for a recognition hearing currently scheduled in early May.   Thereafter, the Debtor would make the Foreign Representative available for trial at the Recognition Hearing.  The Debtor believes this is a reasonable way to proceed, and is in accordance with the Bankruptcy Rules, Federal Rules, and expectations of this Court.

48.     If the Plaintiffs want to build their case against Mr. Karpeles personally, they have been given permission to do so by the Chicago District Court, and should do so there, with notice to all parties so that the deposition would not need to be repeated, rather than attempting o improperly use this Court.

### III.   CONCLUSION

WHEREFORE, Petitioner respectfully requests that this Court deny the 2004 Exam

Motion, and grant the Debtor such other and further relief as the Court deems just and proper.

Dated:      March 31, 2014                      Respectfully submitted
            Dallas, Texas

                                                **BAKER & McKENZIE LLP**

                                        By:     /s/ David W. Parham
                                                David W. Parham
                                                State Bar No. 15459500
                                                John Mitchell
                                                State Bar No. 24056313
                                                Rosa A. Shirley
                                                State Bar No. 24056313
                                                2300 Trammell Crow Center
                                                2001 Ross Avenue
                                                Dallas, Texas 75201
                                                Telephone: (214) 978-3000
                                                Facsimile: (214) 978-3099
                                                Email:  david.parham@bakermckenzie.com
                                                Email:  john.mitchell@bakermckenzie.com
                                                Email:  rosa.shirley@bakermckenzie.com

                                                - and -

                                                Erin E. Broderick *(admitted pro hac vice)*
                                                Illinois Bar No. 6295974
                                                300 East Randolph Drive, Suite 5000
                                                Chicago, Illinois 60602
                                                Telephone: (312) 861-8000
                                                Facsimile: (312) 861-2899
                                                Email:  erin.broderick@bakermckenzie.com

                                                *Attorneys for the Petitioner Robert Marie*
                                                *Mark Karpeles, Foreign Representative of*
                                                *MtGox Co., Ltd., a/k/a MtGox KK*

## CERTIFICATE OF SERVICE

This is to certify that on March 31, 2014, a copy of the foregoing document was served on the parties registered to receive electronic notification via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and via United States first class mail, postage pre-paid to the parties listed below:

Alicia E. Hwang
Edelson PC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654

Lisa L. Lambert
U.S. Trustee
Office of the U.S. Trustee
1100 Commerce Street
Dallas, TX 75242

Roger M. Townsend
Breskin Johnson & Townsend PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101

Christopher L. Door
Edelson PC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654

Mark Karpeles
6-28-3302, Aobadai 3-chome,
Meguro-ku
Tokyo, Japan

Scott B. Kitei
Honigman Miller Schwarts and
Cohn LLP
2290 First National Bldg.
660 Woodward Ave.
Detroit, MI 48226

Edgar Sargent
Susman Godfrey LLP
1201 3rd Avenue, Suite 3800
Seattle, WA 98101-3087

Megan Lindsey
Edelson PC
999 West 18th St., Suite 3000
Denver, CO 80202

Stephen Manz
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219

Jay Edelson
Edelson PC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654

MtCox, Co. Ltd. a/k/a MtGox KK
11-5, Shibuya 2-chome, Shibuya-ku
Tokyo, Japan

Steven L. Woodrow
Edelson PC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654

Josephine Garrett
Josephine Garrett, P.C.
3119 West 5th Street
Fort Worth, TX 76107

Robin E. Phelan
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219

The Honorable Jeh Johnson
Secretary of Homeland Security
Department of Homeland Security
Washington, DC 20528

/s/ John E. Mitchell
John E. Mitchell