David W. Parham
State Bar No. 15459500
John Mitchell
State Bar No. 00797095
Rosa A. Shirley
State Bar No. 24056313
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email: david.parham@bakermckenzie.com
Email: john.mitchell@bakermckenzie.com
Email: rosa.shirley@bakermckenzie.com

- and -

Erin E. Broderick *(admitted pro hac vice)*
Illinois Bar No. 6295974
300 East Randolph Drive, Suite 5000
Chicago, Illinois 60602
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
Email: erin.broderick@bakermckenzie.com

*Attorneys for the Petitioner Robert Marie Mark Karpeles,*
*Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| MtGox Co., Ltd. (a/k/a MtGox KK) | ) Case No. 14-31229-sgj15 |
| | ) |
| Debtor in a Foreign Proceeding. | ) **Hearing Date: April 1, 2014 at 1:30 P.M.** |
| | ) |

### OBJECTION TO CREDITORS GREGORY GREEN AND JOSEPH LACK'S MOTION FOR TERMINATION OF PROVISIONAL RELIEF

775104-v1\DALDMS

Robert Marie Mark Karpeles, in his capacity as the foreign representative (the "Petitioner") of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor" or "MtGox"), a debtor in a civil rehabilitation proceeding under Japanese law (the "Japan Proceeding"), currently pending before the Twentieth Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), by counsel, hereby files the Debtor's Objection (the "Objection") to Creditors Gregory Green and Joseph Lack's (the "Plaintiffs") Motion for Termination of Provisional Relief (the "Motion") [Dkt. No. 37], and would respectfully show, as follows:

## I.     FACTUAL BACKGROUND[1]

A.     *MtGox's Japanese Business and Center of Main Interests*

1.     MtGox is a Japanese corporation located in Tokyo, Japan. Until on or around February 25, 2014, it operated an online bitcoin exchange through the website *mtgox.com*. MtGox has operated this exchange in Japan since the summer of 2011. There were times during this period that the MtGox exchange was reported to be the largest online bitcoin exchange in the world, but that is no longer the case.

B.     *MtGox's Capital Structure*

2.     MtGox has approximately ¥6.5 billion ($63.9 million) in liabilities and approximately ¥3.84 billion ($37.7 million) of assets at present. Finances are kept in Japanese Yen, and books and records are in Japanese as well.

3.     MtGox has no secured debt. Approximately 12% of the equity in MtGox is held by the developer of the initial MtGox software, Jed MacCaleb, with the remaining equity held by Tibanne Co., Ltd., *aka* Tibanne KK, also a Japanese corporation located in Japan.

---

[1] The following is a brief factual and procedural background. In the interest of efficiency, rather than repeat, the Debtor incorporates by reference the facts contained in the Debtor's Objection to Creditors Gregory Green and Joseph Lack's Motion for an Order Pursuant to Rule 2004 Compelling Deposition Testimony in the United States from the Foreign Representative (the "2004 Exam Objection") filed contemporaneously herewith.

C.   *Business Challenges*

4.   The mtgox.com website has been subject to numerous attempts by persons to breach its security, create denial of service ("DOS") situations, or to otherwise "hack" the system. This has been the case since MtGox started operating the website in July 2011. In certain circumstances such attempts have led to the company shutting down the site for periods at a time.

5.   On February 7, 2014, all bitcoin withdrawals were halted by MtGox due to an increasing number of unconfirmed bitcoin transactions making it difficult to process bitcoin withdrawals from the site. MtGox halted withdrawals to investigate the problem.

6.   On February 24, 2014, MtGox suspended all trading after internal investigations discovered a loss of 744,408 bitcoins presumably from this method of theft.[2] These events caused, among others, MtGox' liabilities to exceed its assets and to file the Japan Proceeding.[3]

D.   *MtGox's Japan Proceeding and Corporate Reorganization under the JCRA*

7.   In order to protect the MtGox business as a going concern and retain its value while MtGox investigates the theft of the bitcoins under its control and addresses security defects in the bitcoin exchange, MtGox filed a petition (the "Japan Petition") for the commencement of the Japan Proceeding in the Tokyo Court pursuant to Article 17(1) of the JCRA on February 28, 2014, reporting that the company had lost almost 750,000 of its customers' bitcoins, and around 100,000 of its own bitcoins, totaling around 7% of all bitcoins in the world, and worth around

---

[2] Subsequently, approximately 200,000 bitcoins were discovered in a wallet that had not been used subsequent to June 2011 hack. Those bitcoins are now secured in a "cold wallet" that cannot be accessed by MtGox alone.

[3] The Plaintiffs barrage this Court, the Chicago District Court (defined below) and the newspapers with constant and repeated allegations that the loss of bitcoins was the result of "massive fraud." The Plaintiffs fail to disclose that other bitcoin exchanges have been hacked, with bitcoin losses. Cyber hacking and security is a real problem with all electronic money transfers and exchange, with no suggestion that it must surely be fraud. Notably, national retailers Target and Neiman Marcus were hacked and thousands of customers' credit card information stolen (and used for nefarious purposes) without the immediate conclusion that its principals were engaged in fraud. Indeed, in August, 2013, the NASDAQ, one of the most prominent securities exchanges in the world was likely hacked and suffered denial of service attacks.

$473 million near the time of the filing.  The Japan Proceeding is for a civil rehabilitation, very similar to chapter 11.

8. Under the JCRA, Mr. Kobayashi is required to give a report to the Tokyo District Court regarding the results of his investigation to date, and will include in that report a statement on the causes of the JCRA and in particular the reasons that led to the disappearance of the bitcoins.  As a result of such report, a decision will be made by the Debtor, the Tokyo District Court and Mr. Kobayashi as to whether the Japan Proceeding should continue as a civil rehabilitation, or should be converted to a bankruptcy proceeding, at which time he or some other individual would be appointed as a trustee.  Mr. Kobayashi is scheduled to give his report to the Tokyo District Court on May 9, 2014 as per a Tokyo District Court order delaying the deadline originally set forth on March 28, 2014.  A claim process has not yet been initiated in the Japan Proceeding.

*E.     The Chicago Putative Class Action*

9. On February 27, 2014, the day before the Japan Proceeding was commenced, Plaintiff Green commenced a putative class action in the United States District Court for the Northern District of Illinois (Civil Action No. 1:14-cv-1437) (the "Putative Class Action" and "Chicago District Court," as applicable).  The Debtor was a named defendant, as was Mark Karpeles, in his individual capacity, and affiliated entities, Tibanne KK and MtGox, Inc.  Claims in the Putative Class Action include fraud, negligence, breach of fiduciary duty, and other similar claims.  In addition, the Putative Class Action seeks an injunction and constructive trust over the Debtors' assets, as well as expedited discovery.

10. Following the commencement of this chapter 15 case, the Class Action Complaint was amended to include claims against Mizuho Bank, Ltd., Gonzague Gay-Bouchery, Jeb McCaleb and, notwithstanding the federal court prohibition against suing "John Does", John Doe

Defendants.[4]  Neither Mizuho Bank or McCaleb are affiliates or insiders of the Debtor, and Gay-Bouchery, likewise is not an insider.

### F.    *The Chapter 15 Case*

11.    On March 9, 2014, the Petitioner filed a chapter 15 petition pursuant to sections 1504 and 1515 of the Bankruptcy Code commencing this chapter 15 case in aid of the Japan Proceeding, seeking recognition of the Japan Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and seeking other necessary relief in aid of the Japan Proceeding.

12.    On March 10, 2014, the Petitioner filed the Emergency Motion for an Order Granting Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice [Dkt. No. 4] (the "Recognition Motion").  By the Recognition Motion, the Petitioner seeks entry of an order (the "Recognition Order") recognizing Karpeles as MtGox's "foreign representative," as defined in 11 U.S.C. § 101(24), and recognizing the Japan Proceeding as a foreign main proceeding as defined in 11 U.S.C. §§ 1517(a) and (b)(1).

13.    On March 10, 2014, the Bankruptcy Court entered the *Order Granting Application for Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* [Dkt. No. 13] (the "Provisional Order").  Among other things, under the Provisional Order, a hearing on the Recognition Motion (the "Recognition Hearing") was set for April 1, 2014, and the Court ordered that section 362 of the Bankruptcy Code is applicable to the Debtor and its assets until further order of the Court, or as so ordered at the Recognition Hearing.

---

[4] Fictitious party pleading is not generally permitted in federal proceedings. *See, e.g., New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010).

The Bankruptcy Court also held that it was beyond doubt that the Japanese Proceeding was the foreign main proceeding.

### G. *The Putative Class Action is Stayed as to MtGox*

14. On March 11, 2014, Plaintiff Greene sought a TRO over the Defendants in the Putative Class Action from the Chicago District Court. The Chicago District Court honored the bankruptcy stay and recognized that the *Greene* litigation is stayed as it pertained to MtGox. *See Notification of Docket Entry* [Putative Class Action Dkt. No. 31] ("Pursuant to the bankruptcy stay, this case is stayed as to Defendant Mt. Gox KK."). The Chicago District Court also, however, granted Plaintiff Greene the authority to conduct expedited discovery against the remaining Defendants, who were not represented at the hearing, including Mr. Karpeles, in his individual capacity as a defendant. On March 14, 2014, the First Amended Complaint was filed. That Complaint was later amended again at Debtor's insistence to purge an apparent violation of the stay of Bankruptcy Code § 362.

### H. *Rescheduling of the Recognition Hearing*

15. On March 20, 2014, the Petitioner filed the Motion to Adjourn Recognition Hearing [Dkt. No. 29], seeking adjournment of the Recognition Hearing to May 6, 2014. The Plaintiffs did not oppose the adjournment.

16. On March 24, 2014, the Court entered the Order Granting Adjournment of Recognition Hearing [Dkt. No. 36] (the "Adjournment Order"), adjourning the Recognition Hearing to May 6, 2014.

17. On March 26, 2014, the Plaintiffs filed their Motion, seeking to terminate the Provisional Order.

## II.  **OBJECTION**

18. On March 10, 2014, this Court entered the Provisional Order. In the Provisional Order, the Court held that the Debtor was entitled to "the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code, as well as section 362 of the Bankruptcy Code. Provisional Order, ¶ 1. This Court found that it was "without question" that there was a foreign proceeding in Japan regarding this Debtor. The Court further found that the Debtor had met its burden on all elements needed for provisional relief, and entered the Provisional Relief Order.

19. The Plaintiffs now come before this Court asking the Court to terminate the Provisional Order, but advance no new arguments in support thereof. The Plaintiffs do not plead facts or law in support of either a request for new trial under Federal Rule of Bankruptcy Procedure 9023 (the "Bankruptcy Rules"), nor do they plead facts or law in support of a motion for relief from judgment or order under Bankruptcy Rule 9024. Additionally, as the automatic stay of Bankruptcy Code § 362 is in effect, the Plaintiffs also fail to plead any facts or law in support of a motion for relief from stay under Bankruptcy Code § 362(d) or Bankruptcy Rule 4001.

20. Distilled to its essence, the Plaintiffs simply want another hearing on that which has already been decided, and have cited no new facts or proper legal theories for the relief requested. Nevertheless, for the reasons stated below, and as stated in the Debtor's (i) Declaration of Robert Marie Mark Karpeles (the "Karpeles Declaration") [Dkt. No. 3], (ii) the Emergency Application for an Order Granting Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice [Dkt. No. 4], (iii) the Declaration of Tod L. Gamlen (the "Gamlen Declaration") [Dkt. No. 5] and the (iv) Memorandum of Law in Support of Petition for

Recognition and Application for Provisional Relief, Scheduling Hearing, and Approving Form and Manner of Notice [Dkt. No. 6], each incorporated herein fully by reference in response to the Motion, the relief requested in the Motion should be in all things denied.

### A.   *No Cause Shown for Reconsideration of this Court's Provisional Order*

21.   Prior to the recognition of a foreign proceeding, interim temporary remedies are available to the representative of a foreign main or nonmain proceeding where necessary to protect "the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a). The Debtor believes that the relief granted in the Provisional Order does just that, preserve the assets of the Debtor for the benefit of all creditors of the Debtor, wherever located. The Plaintiffs, by contrast, are just two individuals that seek to elevate themselves above all other creditors, under the auspices of a yet to be certified class action. This Court should not allow this "race to the courthouse" to occur, as it is against all notions of fairness and ratable payment of claims that is the bedrock of our bankruptcy system.

22.   Only if the Provisional Order is "manifestly contrary to the public policy of the United States" should it be terminated. 11 U.S.C. § 1506. *See also In re Gold & Honey, Ltd.*, 410 B.R. 357 (Bankr. E.D.N.Y 2009)(explaining that public policy exception should be invoked only when the fundamental policies of the United States are at risk). No public policy of the United States is at risk here, and none has been articulated by the Plaintiffs. Indeed, courts have even granted temporary stays *pending* seeking relief under chapter 15, under the auspice of honoring the "comity that American courts should accord foreign bankruptcy proceedings". *U.S. v. J.A. Jones Construction Group, LLC*, 333 B.R. 637, 637-38 (E.D.N.Y. 2005)(temporarily staying a breach of contract action for sixty (60) days to give the foreign representative an opportunity *to seek relief* under chapter 15).

23. Here, the Court should also grant comity to the Japan Proceeding and keep the action against the Debtor stayed pending recognition (or lack thereof) of the Japan Proceeding.

B. ***The Chicago District Court Already Decided to Defer to this Court and the Tokyo District Court to Exercise Control over the Debtor's Assets and Creditor Claims***

24. The Plaintiffs are also trying to circumvent what the Chicago District Court expressly stated it did not want to happen. Specifically, at the hearing before the Chicago District Court on March 11, the Chicago District Court held that it did not want to be used as a vehicle to allow United States creditors to jump ahead of all creditors around the world, as the Plaintiffs would try to do by terminating the Provisional Order. At the March 11 hearing, the Chicago District Court ruled as follows:

> And I should say, if it turns out that the bankruptcy court in Dallas or the insolvency court in Japan is starting to corral the assets that are subject to the TRO, I would be inclined to stand down and defer to whatever's happening in the Tokyo insolvency proceeding or the Dallas Chapter 15 proceeding.
>
> And my thoughts on this are informed by the Third Circuit's decision in *In re: ABC Learning Centers, Ltd.,* 728 F.3d 301, at page 310, where the court expressed the importance of **not allowing domestic plaintiffs to jump in line ahead of all the other creditors of the bankruptcy debtor in a foreign insolvency proceeding.**

*See* **Exhibit A**, Transcript of Proceeding before the Honorable Gary Feinerman, United States District Court, N.D. Ill., March 11, 2014 (emphasis added).

25. That is exactly what the Plaintiffs would have this Court allow them to do – dissolve the Provisional Order such that they can jump in line ahead of other creditors by way of the relief they seek in the Chicago District Court. This Court should not allow that to happen, and the Chicago District Court does not expect it to happen either…at least not until after the Court decides whether to recognize the Japan Proceeding as the foreign main proceeding. If this Court does so recognize, then the Court should work in harmony with the Japan Proceeding, under whatever protocol is necessary, in order to ensure a fair and equitable process for all

creditors, world wide. If this Court declines to recognize the Japan Proceeding as the foreign main proceeding, then arguably, the Provisional Order will be terminated and the Plaintiffs will be free to pursue their Putative Class Action in Chicago District Court.

C.   *Repeated Shouts of "Fraud" are not Grounds for Terminating the Provisional Relief Order*

26.   In their Motion, the Plaintiffs simply regurgitate their repeated and constant shouts that a fraud must have occurred. They provide *zero evidence* that there was a fraud, other than the suggestion that bitcoins were lost,[5] therefore, there must have been a fraud.

27.   If that is true, then the four other bitcoin exchanges that have been hacked recently must also be the work of fraud by the insiders. In November of 2013, $100,000 in bitcoins was stolen from the Czech Republic exchange Bitcash. Additionally, over $1 million in bitcoins were hacked and stolen from the Danish exchange BIPS. Beijing based Vircurex suffered the same fate, as did Fexcoin and Poloniex. *See* **Exhibit B**. Under the Plaintiffs' theories, all must be the work of fraud by insider management, and not the work of cyber criminals around the word, simply because bitcoins were lost.

28.   There has been no credible evidence propounded by the Plaintiffs that this chapter 15 must be derailed other than their repeated shouts of fraud. Such unfounded and unsubstantiated claims cannot support termination of the Provisional Order, regardless of how many times the Plaintiffs say it, and regardless of how much they want to believe it. Just because the Plaintiffs put it in a pleading does not mean that it is true, or that this Court should free the United States assets under its jurisdiction and control for the benefit of two creditors.

---

[5] Additionally, in their Motion, the Plaintiffs assert that Mr. Karpeles must be a fraud because he was accused of doing something wrong "at some time" between the ages of *13 and 18 years old*. See Motion, fn. .7 and Exhibit E thereto.

**D.    Why Terminate the Provisional Order if, Upon Recognition, the Automatic Stay will be Reinstated?**

29.    There simply is no good reason to terminate the provisional relief granted, at this time. This Court has jurisdiction over the Debtor's United States assets, and the Debtor is prevented from transferring those assets absent further order of the Tokyo Court and Supervisor. If this Court were to terminate the Provisional Order, upon recognition, the automatic stay of Bankruptcy Code § 362 would be reinstated. No purpose will be served if the stay is terminated, and the Plaintiffs seek to immediately have an injunction and other remedies issued from the Chicago District Court against the Debtor's assets, only to have the stay reinstated on May 6. The Plaintiffs' requested relief simply does not make sense, legally, factually, or from a perspective of conservation of judicial resources.

30.    Terminating the Provisional Relief serves no purpose, especially when recognition of the Japan Proceeding would simply reinstate the automatic stay.

**E.    Challenges to Venue**

31.    The Plaintiffs also assert that venue is not proper in the Northern District of Texas. The Plaintiffs confuse venue with jurisdiction, and the qualifications for recognition under chapter 15. Nevertheless, the Debtor will make an evidentiary showing of venue at the Recognition Hearing on May 6. *See* **Exhibit C** (support for statements made by counsel for the Debtor as the "first day" hearing in this chapter 15`).

### III.    CONCLUSION

WHEREFORE, Petitioner respectfully requests that this Court deny the Motion, and grant the Debtor such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| Dated: | March 31, 2014<br>Dallas, Texas | Respectfully submitted |

**BAKER & McKENZIE LLP**

By:  /s/ *David W. Parham*
David W. Parham
State Bar No. 15459500
John Mitchell
State Bar No. 24056313
Rosa A. Shirley
State Bar No. 24056313
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
Email:  david.parham@bakermckenzie.com
Email:  john.mitchell@bakermckenzie.com
Email:  rosa.shirley@bakermckenzie.com

- and -

Erin E. Broderick *(admitted pro hac vice)*
Illinois Bar No. 6295974
300 East Randolph Drive, Suite 5000
Chicago, Illinois 60602
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
Email:  erin.broderick@bakermckenzie.com

*Attorneys for the Petitioner Robert Marie Mark Karpeles, Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

## **CERTIFICATE OF SERVICE**

       This is to certify that on March 31, 2014, a copy of the foregoing document was served on the parties registered to receive electronic notification via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and via United States first class mail, postage pre-paid to the parties listed below:

| | | |
|---|---|---|
| Alicia E. Hwang<br>Edelson PC<br>350 N. LaSalle St., Suite 1300<br>Chicago, IL 60654 | Lisa L. Lambert<br>U.S. Trustee<br>Office of the U.S. Trustee<br>1100 Commerce Street<br>Dallas, TX 75242 | Roger M. Townsend<br>Breskin Johnson & Townsend PLLC<br>1111 Third Avenue, Suite 2230<br>Seattle, WA 98101 |
| Christopher L. Door<br>Edelson PC<br>350 N. LaSalle St., Suite 1300<br>Chicago, IL 60654 | Mark Karpeles<br>6-28-3302, Aobadai 3-chome,<br>Meguro-ku<br>Tokyo, Japan | Scott B. Kitei<br>Honigman Miller Schwarts and<br>Cohn LLP<br>2290 First National Bldg.<br>660 Woodward Ave.<br>Detroit, MI 48226 |
| Edgar Sargent<br>Susman Godfrey LLP<br>1201 3rd Avenue, Suite 3800<br>Seattle, WA 98101-3087 | Megan Lindsey<br>Edelson PC<br>999 West 18th St., Suite 3000<br>Denver, CO 80202 | Stephen Manz<br>Haynes and Boone, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, TX 75219 |
| Jay Edelson<br>Edelson PC<br>350 N. LaSalle St., Suite 1300<br>Chicago, IL 60654 | MtCox, Co. Ltd. a/k/a MtGox KK<br>11-5, Shibuya 2-chome, Shibuya-ku<br>Tokyo, Japan | Steven L. Woodrow<br>Edelson PC<br>350 N. LaSalle St., Suite 1300<br>Chicago, IL 60654 |
| Josephine Garrett<br>Josephine Garrett, P.C.<br>3119 West 5th Street<br>Fort Worth, TX 76107 | Robin E. Phelan<br>Haynes and Boone, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, TX 75219 | The Honorable Jeh Johnson<br>Secretary of Homeland Security<br>Department of Homeland Security<br>Washington, DC 20528 |

                                                              /s/ John E. Mitchell<br>                                                              John E. Mitchell