G. Larry Engel (*pro hac vice* pending)
Vincent J. Novak (*pro hac vice* pending)
Kristin A. Hiensch (*pro hac vice* pending)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
LEngel@mofo.com; VNovak@mofo.com;
KHiensch@mofo.com

Barry C. Barnett (TX Bar No. 01778700)
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: 214.754.1903
Facsimile: 214.754.1933
bbarnett@SusmanGodfrey.com

*Attorneys for Creditor CoinLab, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re:<br><br>MTGOX CO., LTD. (A/K/A MTGOX KK),<br><br>            Debtor in a foreign proceeding | Chapter 15<br><br>Case No.  14-31229-sgj-15 |

**COINLAB, INC.'S (I) JOINDER IN CREDITORS GREGORY GREENE AND
JOSEPH LACK'S (A) MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY
RULE 2004 COMPELLING DEPOSITION TESTIMONY IN THE UNITED STATES
FROM THE FOREIGN REPRESENTATIVE, AND (B) MOTION
FOR TERMINATION OF PROVISIONAL RELIEF;
(II) MOTION SEEKING COMPARABLE RELIEF; AND
(III) REQUEST FOR EXPEDITED HEARING**

**AN EXPEDITED HEARING HAS BEEN REQUESTED TO BE HELD ON TUESDAY
APRIL 1, 2014 AT 1:30 PM. IF DENIED, THE FOLLOWING IS APPLICABLE.**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(B), A RESPONSE IS
REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE
DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY
BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING 1100 COMMERCE ST., RM 1254, DALLAS, TX 75242 BEFORE CLOSE OF BUSINESS ON APRIL 14, 2014 WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR CREDITOR COINLAB, INC. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

Creditor CoinLab, Inc. ("CoinLab"), by and through its attorneys, hereby joins in

(I) *Creditors Gregory Greene and Joseph Lack's Motion for an Order Pursuant to Bankruptcy Rule 2004 Compelling Deposition Testimony in the United States from the Foreign Representative* [Dkt. No. 39], filed with this Court on March 25, 2014 (the "Motion to Compel"), and (II) *Creditors Gregory Greene and Joseph Lack's Motion for Termination of Provisional Relief* [Dkt. No. 37], also filed with this Court on March 25, 2014 (the "Stay Relief Motion"). CoinLab further seeks the same relief sought in both the Motion to Compel and the Stay Relief Motion to the extent applicable to its own proceedings pending against the Debtor and its parent in Seattle, and seeks the right to have the same heard on an expedited basis on April 1, 2014, or, if not granted, at a regularly noticed hearing, but in any event on the same date as the Motion to Compel and the Stay Relief Motion. Accordingly, CoinLab respectfully represents as follows:

## I.
## INTRODUCTION AND
## BACKGROUND

1.      CoinLab is a creditor herein and plaintiff in a breach of contract dispute against the above-captioned debtor in a foreign proceeding (the "Debtor") and its parent, Tibanne KK, a Japanese corporation ("Tibanne" and together with the Debtor, "Defendants"), which is currently pending in the  United States District Court for the Western District of Washington, *CoinLab, Inc. v. Mt. Gox KK, et al.*, Case No. 2:13-cv-00777-MJP (the "Seattle Action").

2.      Specifically, CoinLab brought suit in the Seattle Action to remedy the Debtor's and Tibanne's breach of their agreement with CoinLab that CoinLab would be the exclusive licensee for the Defendants' bitcoin-exchange services in North America. Both CoinLab and the Defendants are among the world's largest providers of technology and services for the digital currency bitcoin. Under the agreement, the Debtor granted CoinLab access to its computer servers and granted the exclusive right to certain intellectual property necessary for CoinLab to provide digital currency exchange services to North American customers. CoinLab offered its credibility, market insights, relationships with established banks and investors, and intellectual property and agreed to manage and market the exchange services in North America.

sf-3399527

3.      However, the Debtor willfully failed to perform its obligations under its agreement with CoinLab, and has continued to market to customers in North America and accept business from customers there.  The Debtor has also failed to provide CoinLab with account reconciliation data, server access, and other information promised in the agreement that is essential for CoinLab to market exchange services and service its customers as contemplated in the agreement. These breaches have caused CoinLab to lose customers and threaten to cause substantial damage to  CoinLab's business—giving rise to the commencement of the Seattle Action.

4.      On March 10, the Debtor filed a petition for recognition and related relief under Chapter 15 of the United States Bankruptcy Code[1] with this Court. Pursuant to this Court's *Order Granting Application for Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* [Dkt. No. 13] (the "TRO Order"), the Seattle Action was stayed against the Debtor.  Notably, CoinLab understands that the Debtor also requested that this Court stay litigation against Tibanne as well, which this Court denied at the hearing on the same on March 10, 2013.  Similarly, in the Class Action Litigation[2] against the Debtor and Tibanne pending in the Northern District of Illinois, the Defendants' request for a bankruptcy stay of the litigation against Tibanne (and Mark Karpeles, the foreign representative in this proceeding and chief executive officer of the Debtor and Tibanne, referred to herein as "Mr. Karpeles" or the "Foreign Representative") was denied.  (*See* Declaration of Roger Townsend at ¶ 2 (the "Townsend Decl."), attached as Exhibit 1 to the Request for Judicial Notice filed concurrently herewith.)

5.      Despite consistently losing the argument that any provisional relief for the Debtor should apply more broadly, counsel for the Defendants have taken the position that the litigation

---

[1] References herein to the "Bankruptcy Code" are to Title 11 of the United States Code, as amended. Statutory references herein are to sections of the Bankruptcy Code unless otherwise specified.

[2] Capitalized terms used herein but not otherwise defined have the meanings given them in the Stay Relief Motion or the Motion to Compel, as applicable.

2

against Tibanne in the Seattle Action should be stayed.  (Townsend Decl. ¶ 3.)  To that end, Tibanne has failed to produce Mr. Karpeles at a deposition previously agreed upon by the parties and has failed to comply with certain other discovery obligations in the Seattle Action.  On February 28, 2014, CoinLab issued a notice of deposition for Mark Karpeles. (*See* Townsend Decl. Ex. 2.)  Pursuant to an agreement between the parties, Mr. Karpeles' individual deposition was scheduled for March 25 and 26, 2014 in Taipei, Taiwan, at the offices of defense counsel.  However, after various communications between the parties, Defendants' counsel informed CoinLab's counsel that it was "highly unlikely" that Mr. Karpeles would appear as agreed, citing to the "complexity" introduced by the Debtor's bankruptcy filing in Japan, and, indeed, Mr. Karpeles subsequently failed to appear. (*See* Townsend Decl. Exs. 3, 4, and 5.)  Counsel have met and conferred but have been unable to reach an agreement regarding the deposition of Mr. Karpeles.

6.      CoinLab's difficulties in securing the deposition in the Seattle Action of Mr. Karpeles, who, as Foreign Representative (among other roles), has a fiduciary obligation to the Debtor's creditors—including the duty of candor to creditors concerning information about the Debtor's estate that is critical to the evaluation of creditors' claims and involvement in this case—highlight the need for this Court's intervention.  The Rule 2004 deposition proposed in the Motion to Compel would equally benefit CoinLab, who may indeed be one of the estate's largest creditors, providing CoinLab with an opportunity to inquire into the Debtor's assets and investigate the facts and circumstances surrounding the Chapter 15 proceeding while it evaluates the Debtor's pending petition for recognition, and would assist in CoinLab's prosecution of its claims against the estate.

7.      Similarly, for the reasons stated in the Stay Relief Motion, CoinLab should be permitted to continue pursuing its claims in the Seattle Action.  The Foreign Representative has failed to identify any harm to creditors if the provisional relief ordered by this Court is terminated, and yet the injunction currently prevents CoinLab from liquidating its claims against the Debtor and otherwise protecting its interests to mitigate its escalating damages.

## II.
## ARGUMENT

**A.    The Motion to Compel Applies with Equal Force to the Seattle Action.**

8.    CoinLab shares the concerns expressed in the Motion to Compel generally, including the facts and arguments articulated in paragraphs 1-7, 11-15, and 21-34 therein, which CoinLab incorporates herein by reference. Each of the facts and arguments raised in that motion and the authorities cited therein applies equally to the Seattle Action as to the Class Action Litigation.

9.    CoinLab, as a major creditor of the Debtor, is entitled to information that the Foreign Representative possesses regarding the Debtor's assets in the United States, of the critical facts leading up to the initiation of the Japan Proceeding, and of events following the commencement of the bankruptcy. This information is necessary for CoinLab's evaluation of the pending petition for recognition and is also necessary for CoinLab's continued liquidation of its claims against the Debtor. It is particularly important that the Foreign Representative, who suffers from serious conflicts of interest, be transparent with the information he possesses about the Debtor, given his increasing lack of credibility with creditors.

10.    Given his refusal to appear at previously scheduled depositions based on his contention that he personally should be protected as a result of the Debtor's bankruptcy filing, this Court's intervention is needed to compel Mr. Karpeles's attendance at a Rule 2004 examination as requested in the Motion to Compel for the benefit of CoinLab as well.

**B.    The Stay Relief Motion Also Applies to the Seattle Action.**

11.    CoinLab also shares the concerns expressed in the Stay Relief Motion generally, including the facts and arguments articulated in paragraphs 1-3, 5, 6, 7-22, 24-27, 29-43, and 45-50 therein, which CoinLab incorporates herein by reference.

12.    Indeed, the arguments raised in the Stay Relief Motion regarding the need for relief from the stay imposed by the TRO Order applies with equal force to the Seattle Action as to the Class Action Litigation. CoinLab is entitled to pursue the liquidation of its claims against the Debtor in its chosen forum, but the Foreign Representative has failed to justify why the stay

is just and proper, particularly before this Court has ruled on the pending petition for recognition. Furthermore, as discussed in the Stay Relief Motion, there are serious questions about the reliability (and sufficiency) of the Foreign Representative's declaration that formed the basis for the provisional relief this Court granted.  In any event, CoinLab expects that the current Japanese insolvency process will soon shift to a liquidation proceeding that will displace Mr. Karpeles, casting further doubt on the propriety of the provisional relief he sought.

13.     Furthermore, CoinLab has been denied sufficient protection under section 1522— the provisional relief granted under the TRO Order has, without a proper showing of cause, denied CoinLab the ability to continue pursuing its rights and remedies in the Seattle Action.[3] CoinLab is no less entitled to the relief and protection sought in the Stay Relief Motion than the plaintiffs in the Class Action Litigation.

14.     Accordingly, for those reasons and, pursuant to 11 U.S.C. § 1522 and other applicable law, CoinLab seeks comparable relief for itself and the Seattle Action, including obtaining an order terminating the provisional emergency relief granted to the Foreign Representative in the TRO Order with respect to the Seattle Action.

## C.     This Motion and Joinder Should be Heard on an Expedited Basis at the April 1, 2014 Hearing.

15.     CoinLab submits that the issues set forth in the Motion to Compel and the Stay Relief Motion apply equally to the Seattle Action.  Given the interrelation of the facts and law in those motions to the facts and law at issue in CoinLab's motion and joinder here, CoinLab hereby requests that this Court hear this motion and joinder at the upcoming April 1, 2014 hearing for the same reasons set forth in (I) the *Motion for Setting and Request for Expedited Hearing on Creditors Gregory Greene and Joseph Lack's Motion for Termination of Provisional*

---

[3] Importantly, for the reasons set forth in the Stay Relief Motion at paragraph 44, the freeze order being sought by the movants in the Class Action Litigation would equally benefit CoinLab as well, as a major creditor of the Debtor, by protecting the Debtor's assets subject to U.S. jurisdiction so that the parties may continue their investigation of all the facts necessary to understand the scope of the Debtors' liabilities, and would assist CoinLab in the continued prosecution of its claims.

*Relief* [Dkt. No. 38] and (II) the *Motion for Setting and Request for Expedited Hearing on Creditors Gregory Greene and Joseph Lack's Motion for an Order Pursuant to Bankruptcy Rule 2004 Compelling Deposition Testimony in the United States from the Foreign Representative* [Dkt. No. 40], and accordingly, CoinLab incorporates the same by reference as applicable hereto.

### III.
### NOTICE

16.     Copies of this motion and joinder and proposed forms of order have been provided to: (i) the Office of the United States Trustee for the Northern District of Texas; (iii) counsel to the Foreign Representative; (ii) counsel to the movants in the Stay Relief Motion and the Motion to Compel; and (iv) the creditors listed in the Debtor's creditor matrix via electronic mail or overnight mail.

17.     CoinLab submits that the above notice and service constitute reasonable and proper notice under the circumstances, and that no other or further notice is necessary or appropriate.

### IV.
### CONCLUSION

18.     Accordingly, CoinLab hereby requests that this Court enter orders, substantially in the forms attached hereto as Exhibits A, B, and C, respectively (A) compelling the Foreign Representative to submit to a 2004 examination (or a deposition under Bankruptcy Rule 7030 if the Court deems a Rule 2004 examination inappropriate), (B) terminating the emergency relief granted to the Debtor in the TRO Order as it pertains to the Seattle Action, and (C) setting a hearing on this motion and joinder for April 1, 2014 at 1:30 p.m.

sf-3399527

Dated: March 31, 2014

By: *Vincent J. Novak*

G. Larry Engel (*pro hac vice* pending)
Vincent J. Novak (*pro hac vice* pending)
Kristin A. Hiensch (*pro hac vice* pending)
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
LEngel@mofo.com;
VNovak@mofo.com;
KHhiensch@mofo.com

-and-

Barry C. Barnett (TX Bar No. 01778700)
Susman Godfrey L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: 214.754.1903
Facsimile: 214.754.1933
bbarnett@susmangodfrey.com

*Counsel for Creditor CoinLab, Inc.*

sf-3399527

## CERTIFICATE OF CONFERENCE

Counsel for CoinLab, Inc. was unable to confer with counsel for the Chapter 15 Debtor on its pending *(I) Joinder in Creditors Gregory Greene and Joseph Lack's (A) Motion for an Order Pursuant to Bankruptcy Rule 2004 Compelling Deposition Testimony in the United States from the Foreign Representative, and (B) Motion for Termination of Provisional Relief; (II) Motion Seeking Comparable Relief; and (III) Request for Expedited Hearing* filed concurrently herewith (the "Joinder and Motion") because the hearing on *Creditors Gregory Greene and Joseph Lack's Motion for Termination of Provisional Relief* [Docket No. 37] and *Creditors Gregory Greene and Joseph Lack's Motion for an Order Pursuant to Bankruptcy Rule 2004 Compelling Deposition Testimony in the United States from the Foreign Representative* [Docket No. 39], to which the Joinder and Motion are linked, have been scheduled, on an expedited basis, for April 1, 2014.   CoinLab thus had insufficient opportunity to confer with counsel in advance of the hearing.

Vincent J. Novak

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2014 a true and correct copy of the foregoing document was served (i) upon all parties on the attached Service List via email (if available as indicated thereon) or first class mail, and (ii) via email upon the parties that receive electronic notice in this case pursuant to the Court's ECF filing system.

sf-3400512

## SERVICE LIST

David W. Parham
John Mitchell
Baker & McKenzie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Email: david.parham@bakermckenzie.com
Email: john.mitchell@bakermckenzie.com

Erin E. Broderick
Baker & McKenzie LLP
300 East Randolph Drive, Suite 500
Chicago, IL 60602
Email: erin.broderick@bakermckenzie.com

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
Email: ustpregion06.da.ecf@usdoj.gov

Christopher L. Door
Edelson PC
350 North LaSalle St., Suite 1300
Chicago, IL 60654

Edgar Sargent
Susman Godfrey LLP
1201 3rd Avenue, Suite 3800
Seattle, WA 98101-3087

Jean-Denis Marx
Baker & McKenzie (Gaikokuho Joint Ent.)
Ark Hills Sengokuyama Mori Tower 28th Fl
1-9-10 Roppongi
Tokyo 106-0032 Japan

John M. Murphy
Baker & McKenzie LLP
300 East Randolph, Suite 5000
Chicago, IL 60601

Josephine Garrett
Josephine Garrett, P.C.
3119 West 5th Street

Fort Worth, TX 76107

Mark Karpeles
6-28-3302, Aobadai 3-chome, Meguro-ku
Tokyo, Japan

Megan Lindsey
Edelson PC
999 West 18th St., Suite 3000
Denver, CO 80202

MtCox, Co. Ltd. a/k/a MtGox KK
11-5, Shibuya 2-chome, Shibuya-ku
Tokyo, Japan

Roger M. Townsend
Breskin Johnson & Townsend PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101

Rosa A. Shirley
Baker & McKenzie LLP
2001 Ross Avenue, Suite 2300
Dallas, TX 75201

The Honorable Jeh Johnson
Secretary of Homeland Security
Department of Homeland Security
Washington, DC 20528

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| MtGox Co., Ltd. (a/k/a MtGox KK) | § | Case No. 14-31229-sgj-15 |
| | § | |
| Debtor in a Foreign Proceeding | § | |
| | § | |

**ORDER GRANTING CREDITOR COINLAB, INC.'S MOTION FOR AN ORDER
PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING DEPOSITION
TESTIMONY IN THE UNITED STATES FROM THE FOREIGN REPRESENTATIVE**

This matter having come before this Court on the motion of Creditor CoinLab, Inc.

("CoinLab") for an Order pursuant to Fed. R. Bankr. P. 2004 compelling Robert Marie Mark

Karpeles (the "Foreign Representative") to submit to an examination in the United States (the

"Motion");[1] it appearing that the relief requested in the Motion is in the best interests of all

---

[1]    The Motion, filed on March 31, 2014, is entitled *CoinLab, Inc.'s (I) Joinder in Creditors Gregory Greene and Joseph Lack's (A) Motion for an Order Pursuant to Bankruptcy Rule 2004 Compelling Deposition Testimony in the United States from the Foreign Representative, and (B) Motion for Termination of Provisional Relief; (II) Motion Seeking Comparable Relief; and (III) Request for Expedited Hearing.*  Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms, or otherwise used, in the Motion.

parties-in-interest; it appearing that notice of the Motion has been given as set forth in the

Motion and that no other or further notice need be given; and after due deliberation thereon and

good cause appearing therefor,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

**THAT:**

1.    The Motion is GRANTED in its entirety.

2.    The Foreign Representative shall appear and submit to deposition testimony upon

oral examination by CoinLab regarding the matters described in the Motion and any other

matters relating to the Petition.

3.    The Deposition of the Foreign Representative shall take place in the Northern

District of Texas by April 10, 2014, unless otherwise agreed between the Foreign Representative

and CoinLab, pursuant to a subpoena to be issued in furtherance of this Order.

4.    In the event Robert Marie Mark Karpeles is replaced as the foreign representative

in this chapter 15 case by the court in the Japan Proceeding, this Order shall remain in effect with

respect to the 2004 examination in this District of Mr. Karpeles.

5.    The Court shall retain jurisdiction over any matter or dispute arising from or

relating to the implementation of this Order.


# # # END OF ORDER # # #

sf-3400373

Submitted by:

Barry C. Barnett (TX Bar No. 01778700)
Susman Godfrey L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: 214.754.1903
Facsimile: 214.754.1933
bbarnett@susmangodfrey.com

-and-

G. Larry Engel (*pro hac vice* pending)
Vincent J. Novak (*pro hac vice* pending)
Kristin A. Hiensch (*pro hac vice* pending)
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
LEngel@mofo.com;
VNovak@mofo.com;
KHhiensch@mofo.com

**COUNSEL FOR CREDITOR COINLAB, INC.**

3

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| MtGox Co., Ltd. (a/k/a MtGox KK) | § | Case No. 14-31229-sgj-15 |
| | § | |
|     Debtor in a Foreign Proceeding | § | |
| | § | |
| | § | |

**ORDER GRANTING CREDITOR COINLAB, INC.'S
MOTION FOR TERMINATION OF PROVISIONAL RELIEF**

This matter having come before this Court on the motion (the "Motion")[1] of Creditor

CoinLab, Inc. ("CoinLab") for an Order pursuant to 11 U.S.C. §1522 terminating the provisional

relief granted to the Foreign Representative pursuant to the Court's *Order Granting Application*

*for Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of*

---

[1]    The Motion, filed on March 31, 2014, is *entitled CoinLab, Inc.'s (I) Joinder in Creditors Gregory Greene and Joseph Lack's (A) Motion for an Order Pursuant to Bankruptcy Rule 2004 Compelling Deposition Testimony in the United States from the Foreign Representative, and (B) Motion for Termination of Provisional Relief; (II) Motion Seeking Comparable Relief; and (III) Request for Expedited Hearing.* Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms, or otherwise used, in the Motion.

sf-3400389

*Notice* (the "<u>TRO Order</u>") [Docket No. 13] with respect to the Seattle Action; it appearing that

the relief requested in the Motion is in the best interests of all parties-in-interest; it appearing that

notice of the Motion has been given as set forth in the Motion and that no other or further notice

need be given; and after due deliberation thereon and good cause appearing therefor,

### <u>NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED</u>

<u>THAT</u>:

1.     The Motion is GRANTED in its entirety.

2.     The automatic stay is hereby lifted solely to allow the Seattle Action to proceed

against the Debtor in the United States District Court for the Western District of Washington.

3.     The Court shall retain jurisdiction over any matter or dispute arising from or

relating to the implementation of this Order.

# # # END OF ORDER # # #

Submitted by:

Barry C. Barnett (TX Bar No. 01778700)
Susman Godfrey L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: 214.754.1903
Facsimile: 214.754.1933
bbarnett@susmangodfrey.com

-and-

G. Larry Engel (*pro hac vice* pending)
Vincent J. Novak (*pro hac vice* pending)
Kristin A. Hiensch (*pro hac vice* pending)
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
LEngel@mofo.com;
VNovak@mofo.com;
KHhiensch@mofo.com

**COUNSEL FOR CREDITOR COINLAB, INC.**

3

# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

In re:                                              §   Chapter 15
                                                    §
MtGox Co., Ltd. (a/k/a MtGox KK)                    §   Case No. 14-31229-sgj-15
                                                    §
         Debtor in a Foreign Proceeding             §
                                                    §
                                                    §

**ORDER REGARDING MOTION FOR SETTING AND REQUEST FOR
EXPEDITED HEARING ON CREDITOR COINLAB, INC.'S
(I) JOINDER IN CREDITORS GREGORY GREENE AND JOSEPH LACK'S
(A) MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
COMPELLING DEPOSITION TESTIMONY IN THE UNITED STATES FROM THE
FOREIGN REPRESENTATIVE, AND (B) MOTION FOR TERMINATION OF
PROVISIONAL RELIEF; (II) MOTION SEEKING COMPARABLE RELIEF; AND
(III) REQUEST FOR EXPEDITED HEARING**

The request for an expedited hearing on *CoinLab, Inc.'s (I) Joinder in Creditors Gregory
Greene and Joseph Lack's (A) Motion for an Order Pursuant to Bankruptcy Rule 2004
Compelling Deposition Testimony in the United States from the Foreign Representative, and
(B) Motion for Termination of Provisional Relief; (II) Motion Seeking Comparable Relief; and
(III) Request for Expedited Hearing* is GRANTED.

_____ A hearing will be held before the Honorable Stacey G. Jernigan, 1100 Commerce
Street, Courtroom #1, Dallas, Texas, on Tuesday, April 1, 2014 at 1:30 p.m.  Counsel for
CoinLab, Inc. shall serve this Order on interested parties.

_____ No expedited hearing will be scheduled.

# # # END OF ORDER # # #

1

sf-3400477

Submitted by:

Barry C. Barnett (TX Bar No. 01778700)
Susman Godfrey L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: 214.754.1903
Facsimile: 214.754.1933
bbarnett@susmangodfrey.com

-and-

G. Larry Engel (*pro hac vice* pending)
Vincent J. Novak (*pro hac vice* pending)
Kristin A. Hiensch (*pro hac vice* pending)
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
LEngel@mofo.com;
VNovak@mofo.com;
KHhiensch@mofo.com

**COUNSEL FOR CREDITOR COINLAB, INC.**

sf-3400477