Steven L. Woodrow (admitted *pro hac vice*)
Edelson PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4878
Facsimile: (303) 446-9111
Email: swoodrow@edelson.com

Jay Edelson (admitted *pro hac vice*)
Alicia Hwang (admitted *pro hac vice*)
Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
Email:  jedelson@edelson.com
Email: ahwang@edelson.com

Scott B. Kitei (admitted *pro hac vice*)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-8000
skitei@honigman.com

Robin E. Phelan, TBN 15903000
Stephen Manz, TBN 24070211
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:  214.651.5000
Facsimile:  214.651.5940
Email: robin.phelan@haynesboone.com
Email: stephen.manz@haynesboone.com

Counsel for Gregory Greene and Joseph Lack

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| MtGox Co., Ltd. (a/k/a MtGox KK) | § | Case No. 14-31229-sgj-15 |
| | § | |
| Debtor in a Foreign Proceeding | § | |
| | § | |

**MOTION TO RECONSIDER SETTING FOR HEARING ON
CREDITORS GREGORY GREENE AND JOSEPH LACK'S
MOTION FOR TERMINATION OF PROVISIONAL RELIEF**

Gregory Greene and Joseph Lack (collectively the "Movants"), by their attorneys, Edelson P.C., Honigman Miller Schwartz and Cohn LLP, and Haynes and Boone LLP, file this *Motion to Reconsider Setting for Hearing on Creditors Gregory Greene and Joseph Lack's Motion for Termination of Provisional Relief* and respectfully state as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1.As this Court is aware, this putative Chapter 15 proceeding concerns the collapse of Mt. Gox—at one time one of the world's largest Bitcoin exchanges. On February 24, 2014 Mt.

D-2260571_2

Gox's website "went dark," shutting off exchange member access to member bitcoins and Fiat Currency.

2.  Four days later, on February 28, 2014, Mt. Gox, K.K. (the "Debtor") through its Representative Director, Robert Marie Mark Karpeles ("Karpeles"), commenced an application for civil rehabilitation proceedings in Japan. In the process, Karpeles disclosed that Mt. Gox had lost approximately 850,000 bitcoins (at the time valued at approximately $470,000,000 USD) and that a "large shortfall" of $27,000,000 in currency "was found" in its bank accounts.

*Mt. Gox files a Chapter 15 Petition before this Court*

3.  On March 10, 2014, Karpeles, in his capacity as the foreign representative of the Debtor, filed an "emergency" motion commencing the instant Chapter 15 recognition proceedings. In the process, the Debtor requested certain provisional injunctive relief pursuant to Bankruptcy Code sections 105(a) and 1519 (the "Motion for Provisional Relief"),[1] including a provisional stay of litigation against the Debtor pending in both the Western District of Washington (*Coinlab, Inc. v. Mt. Gox KK et al.*, 1:13-cv-00777) and the Northern District of Illinois (*Greene et al v. Mt. Gox Inc et al*, 1:14-cv-01437).

4.  The Debtor's evidence offered in support of the Motion for Provisional Relief consisted of a declaration from Karpeles (the "Karpeles Declaration")[2] wherein he testifies that exchange member bitcoins were likely lost as the result of a "bug" in the Bitcoin network termed "transaction malleability." Karpeles did not mention the lost $27,000,000 in currency. Rather, he indicated that the company had approximately $27 million in assets against $65 million in liabilities and that the Court should recognize, through Chapter 15 of the United States Bankruptcy Code, the Debtor's Japanese civil rehabilitation proceeding.

---

[1] *See* Docket No. 4.

[2] *Declaration of Robert Marie Mark Karpeles* [Docket No. 3].

5. After considering the arguments of all parties—and over the Movants' objections—the Court granted a provisional stay of any litigation against the Debtor. At the same time, however, the Court denied the request for provisional relief as against any non-Debtor defendants.[3]

*Movants seek discovery related to the issues underlying the Chapter 15*

6. Following the entry of the provisional relief, Movants met and conferred with counsel for the Debtor regarding discovery related to Chapter 15 considerations, including the Debtor's assets in the United States, the location of such assets, their value, and discovery related to the COMI factors. As part of this discovery, Movants made clear that the most important discovery would consist of the deposition of Mr. Karpeles, the foreign representative, since he appeared to be the only person with knowledge of all the relevant facts and information.

7. The Debtor's counsel suggested that the parties engage in written discovery and, on March 14, 2014, suggested during a telephone call that Mr. Karpeles could not travel to the United States for the deposition due to cost restrictions. Movants' counsel thereafter offered to pay for the costs of travel to the United States. On March 18, 2014, Debtor's counsel indicated that he had not discussed the offer to pay travel costs with the Debtor. On March 21, 2014, during a follow up call, Debtor's counsel indicated that Mr. Karpeles would make himself available to be deposed in Taipei, Taiwan or via video-link.

8. Following additional meet and confers, it became apparent that the parties did not agree as to the location of the deposition. On March 25, 2014, Movants filed the *Creditors Gregory Greene and Joseph Lack's Motion for Termination of Provisional Relief* (the "Motion

---

[3] *Order Granting Application for Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* [Docket No. 13].

to Terminate Provisional Relief")[4] as well as a Motion to Compel Deposition Testimony in the United States, seeking an order requiring that Mr. Karpeles travel to the United States for his deposition.[5] The Movants also filed a motion[6] requesting that the Court consider the Motion to Terminate Provisional Relief at a hearing on April 1, 2014.

***The Court holds a hearing April 1, 2014 and Orders Karpeles to travel to the United States***

9. At a hearing held on April 1, 2014, following argument by all parties, the Court ordered Karpeles to appear for a deposition in Dallas, Texas on April 17, 2014 at the law office of Baker & McKenzie (the "Deposition Order").[7]

10. Additionally, the Court set the Motion to Terminate Provisional Relief for hearing on May 6 at 9:30 a.m.

***Following the April 1, 2014 hearing, Movants repeatedly attempt to learn whether Mr. Karpeles will be traveling to the United States and receive no answer until April 14, 2014.***

11. In the two weeks following the April 1, 2014 hearing, Movants' counsel repeatedly asked Debtor's counsel for a commitment with respect to whether Mr. Karpeles was intending on complying with the Court's Deposition Order. As Movants' counsel had offered to cover the costs of travel, Movants' counsel requested available travel dates so they could arrange Mr. Karpeles's flight and accommodations, arrange the travel of the attorneys participating in the deposition, and arrange for French translation services and a videographer.

12. Debtor's counsel responded that they would make the travel arrangements and that they had not heard that Karpeles was not planning on attending. When Movants responded

---

[4] Docket No. 37.

[5] Docket No. 39.

[6] *Motion for Setting and Request for Expedited Hearing on Creditors Gregory Greene and Joseph Lack's Motion for Termination of Provisional Relief* [Docket No. 38].

[7] *See Order Granting, With Modifications, the Motions of Creditors Gregory Greene and Joseph Lack for Order Compelling Deposition Testimony in the United States from the Foreign Representative* [Docket No. 72].

thanking Debtor's counsel for confirming that Karpeles was going to appear for the examination, Debtor's counsel responded that they had not and were not confirming his attendance.

13. Movants then supplied Debtor's counsel with screenshots from several airlines showing flight costs to Dallas from Tokyo. Debtor's counsel responded that given the length of such a flight they were going to book Karpeles in "business class." Debtor's counsel also indicated that Karpeles had received information about a subpoena from the United States Treasury Department that would require he travel to Washington D.C. following the deposition in Dallas and requested that Movants pay for that travel as well.

14. Finally, on April 14, 2014, counsel for the Debtor informed counsel for the Movants via email that Karpeles has decided to violate this Court's Deposition Order and will not attend the deposition scheduled for April 17, 2014 in Dallas. Telephone calls to Debtor's counsel from Movants' counsel were not returned, and emails to Debtor's counsel by the U.S. Trustee have not been responded to.

15. At 4:56 p.m. on April 14, 2014, the Debtor filed a motion for continuance of the deposition of Karpeles (the "<u>Continuance Motion</u>")[8] alleging that he was subject to a subpoena from the Department of the Treasury to appear in Washington, D.C. on April 18, 2014 (the "<u>FinCEN Subpoena</u>") and that Karpeles needs to retain additional counsel to advise him with respect to the FinCEN Subpoena. The Continuance Motion states that the Debtor cannot guarantee that Karpeles will appear at the deposition even if it is continued. The Movants intend to file a response to the Continuance Motion on April 15, 2014.

As explained below, given that the provisional stay was entered on March 10, 2014 based upon the representations and statements contained in Mr. Karpeles's declaration, his refusal to

---

[8] Docket No. 76.

present himself in the United States, as expressly ordered by this Court, demonstrates that the provisional stay freezing all litigation against Mt. Gox KK should be terminated.

## REQUEST FOR RELIEF

16. In light of Karpeles's decision to violate this Court's Deposition Order, Movants request that Court set the Motion to Terminate Provisional Relief for hearing immediately. The relief granted in the Motion for Provisional Relief was awarded substantially upon evidence provided in the Karpeles Declaration.

17. As Karpeles has now chosen not to make himself available for deposition despite this Court's order to do so, the provisional relief should be terminated immediately since the basis for such relief is no longer supportable.

18. In short, to obtain the provisional relief, the Debtor was required to present a factual basis upon which the Court could conclude that the Debtor had a likelihood of success on the merits of the Chapter 15 petition. In the absence of a deposition that would allow Movants to test the veracity of the assertions made in the Karpeles Declaration, the parties and the Court are left to accept Karpeles's statements on faith as being true and correct.

19. As a consequence for failing to abide by the Court's Deposition Order, the Court should strike the Karpeles Declaration. Furthermore, without the Karpeles Declaration to serve as support, the Court should terminate the provisional stay entered at the March 10, 2014 "emergency" hearing—there is simply no evidence, in the absence of the Karpeles Declaration, upon which the Court could conclude that the Debtor enjoys a likelihood of success and that provisional relief should continue.

20. Furthermore, that Mr. Karpeles, as the foreign representative, would refuse this Court's order to present himself to actually represent the Debtor weighs against allowing him, as the foreign representative, to receive the benefits of provisional relief.

WHEREFORE, the Movants, Gregory Greene and Joseph Lack, respectfully request that the Court set their Motion to Terminate Provisional Relief for hearing immediately and grant relief from the provisional stay entered in favor of the Debtor on March, 10, 2014.

Dated: April 14, 2014

Respectfully submitted,

By: */s/ Robin E. Phelan*
Robin E. Phelan, TBN 15903000
Stephen Manz, TBN 24070211
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: robin.phelan@haynesboone.com
Email: stephen.manz@haynesboone.com

and

Steven L. Woodrow (admitted *pro hac vice*)
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4878
Facsimile: (303) 446-9111
Email: swoodrow@edelson.com

and

Jay Edelson (admitted *pro hac vice*)
Alicia E. Hwang (admitted *pro hac vice*)
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: 312.589.6370
Facsimile: 312,589.6378
Email: jedelson@edelson.com
Email: ahwang@edelson.com

and

Scott B. Kitei (admitted *pro hac vice*)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Bldg.
660 Woodward Ave.
Detroit, MI 48226
Telephone: 313.465.7524
Facsimile: 313.465.7525
Email: skitei@honigman.com

**ATTORNEYS FOR GREGORY GREENE AND JOSEPH LACK**

**CERTIFICATE OF CONFERENCE**

On April 14, 2014, counsel to the Movants contacted counsel to the Debtor regarding the relief requested in the Motion. Counsel to the Debtor opposes the relief requested in the Motion.

By: */s/ Robin E. Phelan*
Robin E. Phelan

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 14, 2014 a true and correct copy of the foregoing document was served (i) upon all parties on the attached Service List via e-mail (if available as indicated thereon) or first class mail, and (ii) via e-mail upon the parties that receive electronic notice in this case pursuant to the Court's ECF filing system:

*/s/ Robin E. Phelan*
Robin E. Phelan

**SERVICE LIST**

David W. Parham
John Mitchell
Baker & McKenzie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
*Email: david.parham@bakermckenzie.com*
*Email: john.mitchell@bakermckenzie.com*

Erin E. Broderick
Baker & McKenzie LLP
300 East Randolph Drive, Suite 500
Chicago, IL 60602
*Email: erin.broderick@bakermckenzie.com*

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
*Email: ustpregion06.da.ecf@usdoj.gov*

Christopher L. Dore
Edelson PC
350 North LaSalle St., Suite 1300
Chicago, IL 60654

Edgar Sargent
Susman Godfrey LLP
1201 3rd Avenue, Suite 3800
Seattle, WA 98101-3087

Jean-Denis Marx
Baker & McKenzie (Gaikokuho Joint Ent.)
Ark Hills Sengokuyama Mori Tower 28th Fl
1-9-10 Roppongi
Tokyo 106-0032 Japan

John M. Murphy
Baker & McKenzie LLP
300 East Randolph, Suite 5000
Chicago, IL 60601

Josephine Garrett
Josephine Garrett, P.C.
3119 West 5th Street
Fort Worth, TX 76107

Mark Karpeles
6-28-3302, Aobadai 3-chome, Meguro-ku
Tokyo, Japan

Megan Lindsey
Edelson PC
999 West 18th St., Suite 3000
Denver, CO 80202

MtCox, Co. Ltd. a/k/a MtGox KK
11-5, Shibuya 2-chome, Shibuya-ku
Tokyo, Japan

Roger M. Townsend
Breskin Johnson & Townsend PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101

Rosa A. Shirley
Baker & McKenzie LLP
2001 Ross Avenue, Suite 2300
Dallas, TX 75201

The Honorable Jeh Johnson
Secretary of Homeland Security
Department of Homeland Security
Washington, DC 20528

G. Larry Engel
Vincent J. Novak
Kristin A. Hiensch
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2383
*Email: LEngel@mofo.com*
*Email: VNovak@mofo.com*
*Email: KHiensch@mofo.com*

Barry C. Barnett
Susman Godfrey L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
*Email: bbarnett@SusmanGodfrey.com*