U.S. Department of Justice
Office of the U.S. Trustee
1100 Commerce, Room 976
Dallas, TX 75242
(214) 767-8967

Lisa L. Lambert
Assistant U.S. Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| MtGox Co., Ltd. (a/k/a MtGox KK) | ) | Case No. 14-31229-sgj15 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

## UNITED STATES TRUSTEE'S COMMENT REGARDING
## MOTION FOR CONTINUANCE OF DEPOSITION

TO THE HONORABLE STACEY G.C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee was not a party to the Mark Karpeles's subpoena or the motion to compel, but – on the consent of the parties – the Court has ordered that the United States Trustee may participate in the examination. Because the United States Trustee was not a party to the original discovery dispute, the United States Trustee files this comment merely to clarify facts alleged in the Motion for Continuance of Deposition *("Motion for Continuance," Docket No. 76, filed 04/14/14;* 28 U.S.C. §586(a)(3) (defining U.S. Trustee's role in chapter 15 and referencing comments); 11 U.S.C. §§103, 307 (defining U.S. Trustee's standing in chapter 15);. The United States Trustee respectfully states:

**Factual Supplementation**

*Point 1:    Actions of Department of Homeland Security and FinCEN have been disclosed since the filing of the Chapter 15 Petition, and Karpeles's Retention of Individual Counsel Was Addressed During the April 1, 2014 Hearing.*

1. The motion for continuance states, "[a]t the April 1, 2014, hearing on the Motion to Compel, the Office of the United States Trustee for the Northern District of Texas, Dallas Division (the "UST") advised the Court on activities Department of Homeland Security and the Debtor's alleged failure to register with the Department of the Treasury Financial Crimes Enforcement Network ("FinCEN")." *Motion for Continuance, ¶ 11.*

2. But Mt. Gox disclosed the actions of the Department of Homeland Security and FinCEN in connection with first day pleadings that were attached to Mark Karpeles's declaration, *Application for Consent of Supervisor, ¶5; Exhibit to Declaration of Mark Karpales, Docket No. 3* (referring to deposits with Homeland Security). Based on public filings in Case Nos. 1:13-mj-01162 and 13-1085 in the United States District Court for the District of Maryland, Homeland Security's seizure warrants followed affidavits stating that Mt. Gox and its subsidiaries failed to register with FinCEN. Coin Lab and the Greene Putative Class Action plaintiffs provided the information to the United States Trustee on March 13, 2014.

3. The seizures and Karpeles's need for individual counsel were all discussed during the April 1, 2014, hearing.

4. On April 1, 2014, the Court held a hearing on the motion to compel Mark Karpeles's attendance at a 2004 examination or deposition. During that hearing, in response to questioning from the Court about assets in the United States, Mt. Gox and the Court had the following exchange:

**Mt. Gox Counsel:**    Well, and there's a reference, I think, in the application, to cash deposits, or somewhere I saw a reference to cash deposits. The deposit, I think, that

|||
|---|---|
| | was referred to is -- there was money that was seized by Department of Homeland Security a while back. |
| **The Court:** | Five million? |
| **Mt Gox Counsel:** | Five million or so, yes. |
| **THE COURT:** | Fiat cash? |
| **Mt. Gox Counsel:** | Fiat cash, right. |
| **THE COURT:** | Um-hum. |
| **Mt. Gox Counsel:** | And so the company referred to it as a deposit. I don't think, technically, we would refer to it as a deposit. I think we have a claim -- and we're trying to get the money back from Homeland Security, but I don't really view that as a deposit like a bank deposit. It's not clear we're going to -- you know, that's a matter that's under discussion with the Department of Homeland Security as to whether we get it back. |

*April 1 Status Conference Tr.18:2-18:19 ("Tr.").*

5.      The United States Trustee and the Green Putative Class Action Plaintiffs also addressed public information about the seizure. *Tr. 19:25-20:25* (U.S. Trustee Comments); *40:24-41:23* (Greene Putative Class Action Plaintiff). The Court characterized the United States Trustee's comments as "elaborating on what happened" rather than presenting a new topic. *Tr. 20:4-20:11.*

6.      The Green Putative Class Action and the Coin Lab litigation were other litigation issues addressed in the first day papers and in the April 1, 2014, status conference.

7.      On this background, Mt. Gox's counsel stated Karpeles's position:

He's in the process of obtaining counsel, and he might actually have gotten counsel. I don't know if they've appeared. He may or may not appear.

But let me explain too, though, Your Honor, as well. So with respect to the allegations that have been made, I don't think Your Honor would say it's necessarily beyond the realm of reasonableness for an individual, faced with the allegations you read in their papers, to consider whether or not that individual should appear here in the United States

or not and what his rights and remedies are and whether or not the Chicago or Seattle court have jurisdiction over him as a foreign national that, from what I understand, has never set foot in the United States.

*Tr. 62:21-63:4.*

8. The Court answered: "But he filed this case." *Tr. 63:21; see also Tr. 67:24-68:6.*

*Point 2:* *The United States Trustee Wants to Know If Karpeles Has Retained Counsel to Handle the Chapter 15, Not if He Has Counsel in Other Litigation.*

9. The Motion for Continuance provides, "[o]n April 4, 2014, the [United States Trustee] requested the name and contact information for Mr. Karpeles's counsel. The requested information was provided to the [United States Trustee] on the same day. The [United States Trustee] did not (and has not, to this day) contacted Mr. Karpeles's counsel." Motion for Continuance, ¶ 12.

10. But the United States Trustee sought – and seeks – information about Karpeles's representation in this chapter 15. Mt. Gox provided information about Karpeles's representation in the Greene Putative Class Action.

11. On April 4, 2014, the United States Trustee sent an email noting that Mt. Gox had said Karpeles was retaining counsel, explaining that Karpeles's counsel had not filed a notice of appearance, and requesting that contact information. The Greene Putative Class Action counsel and CoinLab counsel were copied on the United States Trustee's email. *UST Exhibit A.*

12. Mt. Gox responded to all who received the original email. The text was "FYI," and the attachments were notices of appearance information for Richard C. Douglas, Eric Neal Macey, and Amanda Marie Hinkley, attorneys with Novack & Macey, LLP, appearing for Tibanne KK and Mark Karpeles, in the Greene Putative Class Action. *UST Exhibit A.*

13. These filings reflected familiarity with filing notices of appearance in federal court, yet these attorneys did not enter an appearance or seek pro hac vice admission in the chapter 15.

14. On Tuesday, April 8, 2014, the United States Trustee was added to a series of emails about arrangements for Karpeles's deposition.

15. The United States Trustee recognized that the issues being discussed directly impacted Karpeles, so the United States Trustee responded, "[t]hank you for forwarding the contact information for Mr. Karpeles's attorneys in the Chicago [or Greene] putative class action. They have not yet filed notices of appearance in the Chapter 15. If we should include them in this call, please let us know." *UST Exhibit B*.

16. Mt. Gox did not respond to the United States Trustee's April 8, 2014, request for clarification about Karpeles's representation in the chapter 15. Mt. Gox's subsequent email stated Mt. Gox would make any travel arrangement for Karpeles, but Mt. Gox did not copy an attorney who represented Karpeles in the Greene Putative Class Action. Nor did they copy another attorney who could be representing Karpeles in the chapter 15. *UST Exhibit B*.

17. Mt. Gox's counsel did not serve the Motion for Continuance on Karpeles's counsel in the Greene Putative Class Action.

18. As of the filing of this pleading, no attorney has entered an appearance for Mark Karpeles, individually, in this chapter 15.

Dated: April 15, 2014

Respectfully Submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

*/s/ Lisa L. Lambert*
Lisa L. Lambert
Asst. U.S. Trustee, TX 11844250, NY
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
(214) 767-1080
Lisa.L.Lambert@usdoj.gov

Certificate of Service

    I certify that I sent copies of the foregoing document on April 15, 2014 to all parties making a notice of appearance who have consented to the receipt of correspondence via ECF.

                                               */s/ Lisa L. Lambert*
                                               Lisa L. Lambert