| | |
|---|---|
| Steven L. Woodrow (admitted *pro hac vice*) | Scott B. Kitei (admitted *pro hac vice*) |
| Edelson PC | Honigman Miller Schwartz and Cohn LLP |
| 999 West 18th Street, Suite 3000 | 2290 First National Building |
| Denver, Colorado 80202 | 660 Woodward Avenue |
| Telephone: (303) 357-4878 | Detroit, Michigan 48226-3506 |
| Facsimile: (303) 446-9111 | Telephone: (313) 465-7000 |
| Email: swoodrow@edelson.com | Facsimile: (313) 465-8000 |
| | skitei@honigman.com |
| Jay Edelson (admitted *pro hac vice*) | |
| Alicia Hwang (admitted *pro hac vice*) | Robin E. Phelan, TBN 15903000 |
| Edelson PC | Stephen Manz, TBN 24070211 |
| 350 North LaSalle Street, Suite 1300 | Haynes and Boone, LLP |
| Chicago, Illinois 60654 | 2323 Victory Avenue, Suite 700 |
| Telephone: (312) 589-6370 | Dallas, Texas 75219 |
| Facsimile: (312) 589-6378 | Telephone:  214.651.5000 |
| Email:  jedelson@edelson.com | Facsimile:  214.651.5940 |
| Email: ahwang@edelson.com | Email: robin.phelan@haynesboone.com |
| | Email: stephen.manz@haynesboone.com |

*Counsel for Gregory Greene and Joseph Lack*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| MtGox Co., Ltd. (a/k/a MtGox KK) | § | Case No. 14-31229-sgj-15 |
| | § | |
| Debtor in a Foreign Proceeding | § | |
| | § | |

**OBJECTION TO EMERGENCY MOTION FOR CONTINUANCE OF DEPOSITION**

Creditors Gregory Greene and Joseph Lack (collectively, the "Greene Plaintiffs"), by their attorneys, Edelson P.C., Honigman Miller Schwartz and Cohn LLP, and Haynes and Boone LLP, file this objection (the "Objection") to the *Emergency Motion for Continuance of Deposition* filed by the Debtor, Mt. Gox Co. Ltd (a/k/a Mt. Gox KK) ("Mt. Gox" or the "Debtor") and respectfully state as follows:

**Introduction**

As this Court is well aware, on April 1, 2014 the Court—following a full hearing on the Greene Plaintiffs' Motion to Compel the Deposition of Robert Mark Marie Karpeles

("Karpeles") in the United States (Docket No. 39)—expressly ordered Karpeles to travel to Dallas, Texas for his deposition on April 17, 2014 (the "Deposition Order").[1]

In the two weeks following the hearing, counsel for the Greene Plaintiffs, counsel for Coinlab, and the U.S. Trustee repeatedly asked Debtor's counsel for an answer regarding Karpeles' intentions with respect to the Deposition Order. In response, the Debtor's lawyers responded at various times: (1) that they had not been informed he was not coming, (2) that they would make the travel arrangements for him, (3) that they expected the Greene Plaintiffs to cover the costs of "business class" seating for the trip, and (4) that they expected the Greene Plaintiffs to also pay for travel to Washington D.C. so Karpeles could respond to a subpoena issued by the United States Treasury Department.

As counsel for the Greene Plaintiffs made preparations for the deposition, on April 14, 2014—just three days before the scheduled examination—Debtor's counsel announced via email that Karpeles would not be traveling to Dallas and that papers would be filed with the Court later in the day. Later that afternoon, the Debtor filed a so-called *Emergency Motion for Continuance of Deposition* (the "Emergency Continuance Motion")[2] asserting that the Treasury subpoena requires that Karpeles be afforded additional time to decide whether he will travel to the United States and requesting a continuance of the deposition until May 5, 2014—even though Karpeles refuses to commit to appearing on that date either.

This Court should deny the Emergency Continuance Motion, which on its face is little more than an attempt to delay these proceedings. The Emergency Continuance Motion would simply allow Karpeles to benefit from his own refusal to comply with the Court's Deposition

---

[1] *Order Granting, With Modifications, the Motion of Creditors Gregory Greene and Joseph Lack for Order Compelling Deposition Testimony in the United States From the Foreign Representative* [Docket No. 72].

[2] Docket No. 76.

Order, and was filed on behalf of the Debtor (which lacks the authority to seek such relief) without a proper meet and confer. As such, and for the reasons set forth below, the Court should require Karpeles to appear as previously ordered.

## Argument

**A. The Emergency Continuance Motion Fails to Justify Allowing Karpeles to Violate This Court's Deposition Order.**

1. At the hearing on April 1, 2014 (the "April 1 Hearing") on the *Greene Plaintiffs' Motion to Compel Deposition Testimony in the United States From the Foreign Representative* [Docket No. 37] (the "Motion to Compel"), the Court made clear that Karpeles was required to come to this district to be deposed. The Court made this ruling not only because Karpeles is the foreign representative in this case and filed the instant Chapter 15 petition but because he is the individual with the most knowledge (perhaps sole knowledge) as to the operations and history of the Debtor, and because his testimony is critical to determining whether recognition of the Japanese proceeding is appropriate under Chapter 15 of the Bankruptcy Code. *See* April 1 Hearing Transcript[3] at p. 46. The Deposition Order is clear on this point, and the Court scheduled the deposition for April 17, 2014, at the Dallas offices of Baker & McKenzie.

2. Despite the requests of Debtor's counsel for the deposition to be scheduled around May 6, 2014, the Court entered its Deposition Order, requiring Karpeles to appear in Dallas for a deposition on April 17, 2014. At the April 1 Hearing, and despite repeated inquiries in the two weeks that followed, Karpeles' counsel was unable to commit to whether or not Karpeles would show up for the court-ordered deposition. This is despite a statement by Karpeles' counsel at the April 1 Hearing that "But there's no restriction, per se, from the Japanese court on whether or not he can travel." April 1 Hearing Transcript at p. 83.

---

[3] Docket No. 71.

3. On April 14, 2014, after two weeks of repeated requests for confirmation, Karpeles' counsel informed the Greene Plaintiffs that Mr. Karpeles would not be attending the deposition. The Emergency Continuance Motion provides that the only reason for Karpeles' failure to appear is a need to obtain counsel in connection with a Summons from the Department of the Treasury Financial Crimes Enforcement Network (the "FinCEN Subpoena") to appear and provide testimony on April 18, 2014—despite the fact he has already retained separate counsel from the law firm of Novack and Macey LLP. Further, whether Karpeles chooses to comply with the FinCEN Subpoena is not an issue before this Court and does not excuse Karpeles from violating this Court's order.

4. Indeed, by seeking a continuance of the deposition until May 5, 2014—for which the Debtor acknowledges that Karpeles may still not appear—the Emergency Continuance Motion is nothing more than an effort by Karpeles to have the Court disregard the Deposition Order and bless Karpeles' non-attendance at the April 17, 2014 deposition, despite no intervening changes in circumstances in these Chapter 15 proceedings. Furthermore, May 5, 2014 would provide the Greene Plaintiffs with less than 1 day to prepare for the hearing on the Greene Plaintiffs' motion to terminate provisional relief (which is currently scheduled for May 6, 2014).

5. Despite the ability of Karpeles to attend the April 17 deposition, and the Greene Plaintiffs' willingness to pay for the reasonable travel expenses related thereto,[4] and the fact that Karpeles was aware of the FinCEN Subpoena on April 7, Karpeles has waited until it was virtually impossible to timely appear before notifying the parties that he would not be attending—in express violation of the Deposition Order.

---

[4] Despite Karpeles's assertions, a "business class" ticket is unreasonable. Whereas an economy ticket is approximately $1,500, "business class" can run up to $10,000 if not more.

6. Additionally, the facts raised in the Emergency Continuance Motion do nothing to impact Karpeles' ability to comply with the Deposition Order—it merely seeks this Court's approval of his failure to do so. And by seeking to continue the deposition to May 5, 2014[5] while providing no guarantees that he will attend, Karpeles continues to avoid providing this Court and all parties-in-interest with the required factual support and ability to conduct a meaningful cross-examination on all issues that form the foundation for the relief sought in both the petition for recognition and the motion for provisional relief.

7. To be clear, and as set forth in the Motion to Compel, a deposition of Karpeles is necessary in order for the Debtor to obtain recognition of the Chapter 15 case, regardless of whether he maintains his role as the Debtor's foreign representative. He is the Debtor's principal officer and the person with the most knowledge about the Debtor's history, assets, and operations. This relief was made clear in the Deposition Order, and on the record at the April 1 Hearing, as the Court stated that "I'm granting the request to take the deposition of Mark Karpeles pursuant to the 7000 rules of discovery," as opposed to granting a request to take the deposition of a foreign representative. April 1 Hearing Transcript at p. 84. Therefore, as explained in detail in the Motion to Compel, as well as in the Greene Plaintiffs' *Motion to Reconsider Setting for Hearing on Creditors Gregory Greene and Joseph Lack's Motion for Termination of Provisional Relief* (the "Reconsideration Motion")[6] seeking an immediate hearing to terminate the provisional relief previously granted to the Debtor, because the Debtor obtained provisional relief on the basis of Karpeles' unsupported declaration, the Debtor cannot maintain

---

[5] Again, the hearing on the Greene Plaintiffs' Motion for Termination of Provisional Relief is set for May 6, 2014. This means that the Greene Plaintiffs would have to depose Karpeles and then argue the next day—prior to any transcript being available—the points in his testimony that support terminating the provisional stay.

[6] Docket No. 79.

its burden for provisional relief (which is to be evaluated under the standards for a preliminary injunction), in light of the refusal of Karpeles to appear for his court-ordered deposition.

### B. The Emergency Continuance Motion Was Filed Without Proper Authority

8. Additionally, to date all pleadings in this case filed on behalf of the Debtor have been filed by Karpeles in his capacity as the foreign representative of the Debtor.[7] In fact, the signature block on each pleading makes clear that attorneys from Baker & McKenzie LLP are the "Attorneys for the Petitioner Robert Marie Mark Karpeles, Foreign Representative of MtGox Co., Ltd. a/k/a MtGox KK." This makes sense as the Japanese Court appointed Karpeles as the foreign representative for purposes of filing the Chapter 15 petition and a petition to stay the proceedings of U.S. lawsuits. *See* March 10, 2014 Supervisor's Opinion, attached to the *Declaration of Robert Marie Mark Karpeles* [Docket No. 3] as Exhibit E.

9. The Emergency Continuance Motion, however, was not filed by the foreign representative, but rather directly by the Debtor—a non-party to the Motion to Compel. The Greene Plaintiffs are not aware of any authority given by the Japanese Court for the Debtor to do so.[8] In addition, not only did the Debtor itself chose to file this Emergency Continuance Motion, the Debtor did so despite having a hearing scheduled in Japan *less than eight hours* after filing the Emergency Continuance Motion, at which time the Debtor could have potentially sought authority for the filing from the Japanese Court.

10. For this reason alone the Emergency Continuance Motion should be denied.

---

[7] *See, e.g.*, Docket Nos. 2, 4, 6, 7, 8, 29, 48, 54, and 55.

[8] By filing the Emergency Continuance Motion, the Debtor has voluntarily subjected itself to the jurisdiction of the Bankruptcy Court for all purposes in this Chapter 15 Case. The Greene Plaintiffs hereby reserve all rights to seek discovery of the Debtor or any related party under any applicable rule of the Federal Rules of Bankruptcy Procedure. Notably, despite the Debtor's request that the Greene Plaintiffs serve written discovery in March 2014 (which the Greene Plaintiffs promptly did), no responses have been received.

**C.   Debtor's Counsel Failed to Reasonably Meet and Confer**

11.   Finally, despite the requirement of meeting and conferring prior to any discovery-related motion, the Debtor's counsel merely informed the Greene Plaintiffs that Karpeles was not going to appear for the April 17, 2014 deposition, and that they would be filing papers seeking a hearing on April 15, 2014.  Debtor's counsel made no mention of what relief was being sought nor sought any input on the dates and times for a hearing.

12.   Karpeles had his chance and has made his choice. The requested continuance should be denied and the Court should terminate the provisional relief.

Respectfully submitted,
Dated:  April 15, 2014

By: */s/ Robin E. Phelan*
Robin E. Phelan, TBN 15903000
Stephen Manz, TBN 24070211
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:  214.651.5000
Facsimile:   214.651.5940
Email: robin.phelan@haynesboone.com
Email: stephen.manz@haynesboone.com

and

Steven L. Woodrow (admitted pro hac vice)
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4878
Facsimile: (303) 446-9111
Email: swoodrow@edelson.com

and

Jay Edelson (admitted *pro hac vice*)
Alicia E. Hwang (admitted *pro hac vice*)
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: 312.589.6370
Facsimile: 312,589.6378
Email: jedelson@edelson.com
Email: ahwang@edelson.com
and

Scott B. Kitei (admitted *pro hac vice*)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Bldg.
660 Woodward Ave.
Detroit, MI 48226
Telephone: 313.465.7524
Facsimile: 313.465.7525
Email: skitei@honigman.com

**ATTORNEYS FOR GREGORY GREENE AND JOSEPH LACK**

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on April 15, 2014 a true and correct copy of the foregoing document was served (i) upon all parties on the attached Service List via e-mail (if available as indicated thereon) <u>or</u> first class mail, and (ii) via e-mail upon the parties that receive electronic notice in this case pursuant to the Court's ECF filing system:

               <u>/s/ Robin E. Phelan</u>
               Robin E. Phelan

## SERVICE LIST

David W. Parham
John Mitchell
Baker & McKenzie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
*via email: david.parham@bakermckenzie.com*
*via email: john.mitchell@bakermckenzie.com*

Erin E. Broderick
Baker & McKenzie LLP
300 East Randolph Drive, Suite 500
Chicago, IL 60602
*via email: erin.broderick@bakermckenzie.com*

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
*via email: ustpregion06.da.ecf@usdoj.gov*

Christopher L. Dore
Edelson PC
350 North LaSalle St., Suite 1300
Chicago, IL 60654
*via email: cdore@edelson.com*

Edgar Sargent
Susman Godfrey LLP
1201 3rd Avenue, Suite 3800
Seattle, WA 98101-3087
*via email: esargent@susmangodfrey.com*

Jean-Denis Marx
Baker & McKenzie (Gaikokuho Joint Ent.)
Ark Hills Sengokuyama Mori Tower 28th Fl
1-9-10 Roppongi
Tokyo 106-0032 Japan
*via email: jean-denis.marx@bakermckenzie.com*

John M. Murphy
Baker & McKenzie LLP
300 East Randolph, Suite 5000
Chicago, IL 60601
*via email: john.murphy@bakermckenzie.com*

Josephine Garrett
Josephine Garrett, P.C.
3119 West 5th Street
Fort Worth, TX 76107
*via email: filing@jgarrettlaw.com*

Mark Karpeles
6-28-3302, Aobadai 3-chome, Meguro-ku
Tokyo, Japan
*via first class mail*

Megan Lindsey
Edelson PC
999 West 18th St., Suite 3000
Denver, CO 80202
*via email: mlindsey@edelson.com*

MtGox, Co. Ltd. a/k/a MtGox KK
11-5, Shibuya 2-chome, Shibuya-ku
Tokyo, Japan
*via first class mail*

Roger M. Townsend
Breskin Johnson & Townsend PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101
*via email: rtownsend@bjtlegal.com*

Rosa A. Shirley
Baker & McKenzie LLP
2001 Ross Avenue, Suite 2300
Dallas, TX 75201
*via email: rosa.shirley@bakermckenzie.com*

The Honorable Jeh Johnson
Secretary of Homeland Security
Department of Homeland Security
Washington, DC 20528
*via first class mail*

G. Larry Engel
Vincent J. Novak
Kristin A. Hiensch
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2383
*via email: LEngel@mofo.com*
*via email: VNovak@mofo.com*
*via email: KHiensch@mofo.com*

Barry C. Barnett
Susman Godfrey L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
*via email: bbarnett@SusmanGodfrey.com*