G. Larry Engel (admitted *pro hac vice*)
Vincent J. Novak (admitted *pro hac vice*)
Kristin A. Hiensch (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
LEngel@mofo.com; VNovak@mofo.com;
KHiensch@mofo.com

Barry C. Barnett (TX Bar No. 01778700)
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: 214.754.1903
Facsimile: 214.754.1933
bbarnett@SusmanGodfrey.com

*Attorneys for Creditor CoinLab, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| MTGOX CO., LTD. (A/K/A MTGOX KK), | Case No.  14-31229-sgj-15 |
| Debtor in a foreign proceeding | |

**COINLAB, INC.'S JOINDER IN OBJECTION TO EMERGENCY
MOTION FOR CONTINUANCE OF DEPOSITION**

Creditor CoinLab, Inc. ("CoinLab"), by and through its attorneys, hereby joins in the *Objection to Emergency Motion for Continuance of Deposition* [Dkt. No. 87], filed today (the "Opposition") by creditors Gregory Greene and Joseph Lack.  Additionally, CoinLab appreciates the United States Trustee's helpful commentary set forth in the *United States Trustee's Comment Regarding Motion for Continuance of Deposition* [Dkt. No. 85], also filed today (the "UST Commentary"), and shares the concerns raised therein.  Accordingly, CoinLab respectfully represents as follows:

1. CoinLab is a creditor herein and plaintiff in a breach of contract suit against the above-captioned debtor in a foreign proceeding (the "Debtor") and its parent, Tibanne KK, which litigation is currently pending in the United States District Court for the Western District of Washington, *CoinLab, Inc. v. Mt. Gox KK, et al.*, Case No. 2:13-cv-00777-MJP.  CoinLab has also filed related oppositions and requests for relief in this Chapter 15 proceeding,[1] the facts of which are incorporated herein by reference.

2. By its *Emergency Motion for Continuance of Deposition* [Dkt. No. 76], filed with this Court on April 14, 2014 (the "Motion for Continuance"), the Debtor seeks to continue the deposition of Robert Marie Mark Karpeles, currently set for April 17, 2014, to May 5, 2014 (but noting, at p. 4, that "MtGox . . . cannot guarantee that Mr. Karpeles will attend the deposition on May 5, 2014, either").  Pursuant to this Court's *Order Granting, with Modifications, the Motion of Creditors Gregory Greene and Joseph Lack for Order Compelling Deposition Testimony in the United States from the Foreign Representative* [Dkt. No. 72], entered on April 4, 2014, CoinLab is entitled to participate in that deposition.

3. CoinLab opposes the relief sought by the Debtor in its Motion for Continuance for the reasons set forth herein and in the Opposition, and hereby adopts and incorporates the arguments in the Opposition as though stated in full herein.  The Debtor has failed to prove or even demonstrate either (a) why a continuance is warranted—particularly given that the Debtor was already well aware of issues concerning the Department of Homeland Security and the Department of the Treasury Financial Crimes Enforcement Network, as well as Mr. Karpeles's need for individual representation, at the time the deposition was set, or (b) why creditors such as CoinLab should be deprived of the opportunity to depose the single individual whose testimony

---

[1] *See CoinLab, Inc.'s (I) Joinder in Creditors Gregory Greene and Joseph Lack's (A) Motion for an Order Pursuant to Bankruptcy Rule 2004 Compelling Deposition Testimony in the United States from the Foreign Representative, and (B) Motion for Termination of Provisional Relief; (II) Motion Seeking Comparable Relief; and (III) Request for Expedited Hearing* [Dkt. No. 56], filed on March 31, 2014, and accompanying filings.

sf-3406635

is most relevant to the pending petition for recognition and related disputes sufficiently in advance of the hearing on the same.

4.      CoinLab has previously noted that Mr. Karpeles, as foreign representative, suffers from mounting credibility problems and conflicts of interest. These problems arise not only from his role as the chief executive officer and sole director of the Debtor (as well as principal of its non-debtor parent company, Tibanne KK), but also from his personal exposure to claims by customers, creditors, and governmental units.  CoinLab is aware of no precedent in which an individual personally suffering from conflicts of this kind has purported to act as foreign representative—and thus fiduciary of the estate on behalf of all creditors generally—in a case under Chapter 15 of the Bankruptcy Code, while attempting to evade accountability to U.S. creditors.  Nor should Chapter 15 be used as a means of obstructing U.S. creditors from holding Mr. Karpeles and the Debtor accountable for their acts and omissions.[2]  All of these concerns must be promptly addressed in connection with the pending petition for recognition and related issues, but Mr. Karpeles's continued lack of cooperation and attempts at delay impose a considerable burden on creditors.

5.      It is clear that Mr. Karpeles's continued control of this Chapter 15 proceeding would be counterproductive and would result in a further waste of estate assets, particularly in light of his most recent attempt to skirt his discovery obligations.  In order to properly address the issues surrounding the pending petition for recognition, it is thus critical that CoinLab (and the other key constituents) have the opportunity to depose Mr. Karpeles—on a timely basis—in order to adequately assess the full scope of his conflicts of interest and other important issues. Indeed, CoinLab will need to determine whether or not Mr. Karpeles can be removed from his role as foreign representative, and what impact such removal would have on the case—or, indeed, whether CoinLab would need to oppose recognition in order to prevent the Chapter 15

---

[2] The requirement under section 1522 that the interests of creditors be "sufficiently protected" clearly includes the assurance that creditors are represented by a fiduciary free from such disabling conflicts of interest.

process from being misused by Mr. Karpeles.  A continuance of Mr. Karpeles's deposition would only further hinder creditors' abilities ability to resolve these issues.[3]

6. CoinLab further echoes the concerns raised by the United States Trustee in the UST Commentary, and urges that the Debtor immediately provide information about Mr. Karpeles's representation in this putative Chapter 15 proceeding.

7. Accordingly, CoinLab joins in the Opposition and respectfully urges the Court to deny the Motion for Continuance and order the deposition to proceed as scheduled (and to issue such other orders as justice may require in the event that Mr. Karpeles fails to comply with this Court's orders).

---

[3] If Mr. Karpeles refuses to be timely deposed or otherwise comply with this Court's orders altogether, then his control of the Debtor should end by default.

Dated: April 15, 2014

Respectfully submitted,

By:   */s/ Vincent J. Novak*

    G. Larry Engel (admitted *pro hac vice*)
    Vincent J. Novak (admitted *pro hac vice*)
    Kristin A. Hiensch (admitted *pro hac vice*)
    Morrison & Foerster LLP
    425 Market Street
    San Francisco, California 94105-2482
    Telephone: 415.268.7000
    Facsimile: 415.268.7522
    LEngel@mofo.com;
    VNovak@mofo.com;
    KHhiensch@mofo.com

    -and-

    Barry C. Barnett (TX Bar No. 01778700)
    Susman Godfrey L.L.P.
    901 Main Street, Suite 5100
    Dallas, TX 75202
    Telephone: 214.754.1903
    Facsimile: 214.754.1933
    bbarnett@susmangodfrey.com

    *Counsel for Creditor CoinLab, Inc.*

## CERTIFICATE OF SERVICE

  This is to certify that on April 15, 2014, a copy of the foregoing document was served on the parties registered to receive electronic notification via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, and via United States first class mail, postage pre-paid to the parties listed below:

| | | |
|---|---|---|
| David W. Parham<br>John Mitchell<br>Baker & McKenzie LLP<br>2300 Tramell Crow Center<br>2001 Ross Avenue<br>Dallas, TX 75201<br>*Via email:*<br>david.parham@bakermckenzie.com<br>john.mitchell@bakermckenzie.com | Erin E. Broderick<br>Baker & McKenzie LLP<br>300 East Randolph Drive, Suite 500<br>Chicago, IL 60602<br>*Via first- class mail:* | Office of the U.S. Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242<br>*Via email:*<br>ustpregion06.da.ecf@usdoj.gov |
| Rosa A. Shirley<br>Baker & McKenzie LLP<br>2001 Ross Avenue, Suite 2300<br>Dallas, TX 75201<br>*Via email:*<br>rosa.shirley@bakermckenzie.com | Jean-Denis Marx<br>Baker & McKenzie (Gaikokuho Joint Ent.)<br>Ark Hills Sengokuyama Mori Tower<br>28th Floor<br>1-9-11 Roppongi<br>Tokyo 106-0032 Japan<br>*Via email:*<br>jean-denis.marx@bakermckenzie.com | Roger M. Townsend<br>Breskin Johnson & Townsend PLLC<br>1000 Second Avenue, Suite 3670<br>Seattle, WA 98104<br>*Via email:*<br>rtownsend@bjtlegal.com |
| Jay Edelson<br>Edelson PC<br>350 N. LaSalle St., Suite 1300<br>Chicago, IL 60654<br>*Via first-class mail* | Mark Karpeles<br>6-28-3302, Aobadai 3-chome,<br>Meguro-ku<br>Tokyo, Japan<br>*Via first-class mail* | John M. Murphy<br>Baker & McKenzie LLP<br>300 East Randolph, Suite 5000<br>Chicago, IL 60601<br>*Via email:*<br>john.murphy@bakermckenzie.com |
| Edgar Sargent<br>Susman Godfrey LLP<br>1201 3rd Avenue, Suite 3800<br>Seattle, WA 98101-3087<br>*Via email:*<br>esargent@susmangodfrey.com | Megan Lindsey<br>Edelson PC<br>999 West 18th St., Suite 3000<br>Denver, CO 80202<br>*Via email:*<br>mlindsey@edelson.com | MtCox, Co. Ltd. a/k/a MtGox KK<br>11-5, Shibuya 2-chome, Shibuya-ku<br>Tokyo, Japan<br>*Via first-class mail* |
| Josephine Garrett<br>Josephine Garrett, P.C.<br>3119 West 5th Street<br>Fort Worth, TX 76107<br>*Via email:*<br>filing@jgarrettlaw.com | The Honorable Jeh Johnson<br>Secretary of Homeland Security<br>Department of Homeland Security<br>Washington, DC 20528<br>*Via first class mail* | Steven L. Woodrow/Alicia Hwang/<br>Christopher L. Door<br>Edelson PC<br>350 North LaSalle St., Suite 1300<br>Chicago, IL 60654<br>*Via email and first-class mail:*<br>swoodrow@edelson.com<br>cdoor@edelson.com |

sf-3406754

| | | |
|---|---|---|
| Scott B. Kitei<br>Honigan Miller Schwartz and Cohn<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506<br>*Via email:*<br>skitei@honigman.com | Robin E. Phelan<br>Stephen Manz<br>Haynes and Boone, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, TX 75219<br>*Via email:*<br>robin.phelan@haynesboone.com<br>Stephen.manz@haynesboone.com | Barry Barnett<br>Susman Godfrey, LLP<br>901 Main Street, Suite 5100<br>Dallas, TX 75202<br>*Via email:*<br>bbarnett@susmangodfrey.com;<br>rlicon@susmangodfrey.com |

/s/ John Kline
John Kline