David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: dsaval@brownrudnick.com

- and -

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@gardere.com
Email: tscannell@gardere.com

*Counsel for Nobuaki Kobayashi, in his capacity*
*as the Bankruptcy Trustee and Foreign Representative*
*of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>MtGox Co., Ltd. (a/k/a MtGox KK),<br><br>        Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-31229-sgj-15 |

**AMENDED VERIFIED PETITION FOR
RECOGNITION AND CHAPTER 15 RELIEF**

      Nobuaki Kobayashi, in his capacity as the bankruptcy trustee and foreign representative

(the "Petitioner") of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor"), a debtor in a bankruptcy

proceeding under Japanese law (the "Japan Proceeding"), currently pending before the Twentieth

Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), by his undersigned counsel, respectfully submits this amended verified petition (the "Amended Recognition Petition") for recognition of the Japan Proceeding as a foreign main proceeding pursuant to section 1517 of title 11 of the United States Code and granting Petitioner other relief under Chapter 15.  If the Court concludes that the Japan Proceeding is not eligible for recognition as a foreign main proceeding, Petitioner seeks recognition of the Japan Proceeding as a foreign main proceeding as defined in 11 U.S.C. § 1502(5) and seeks relief under section 1521 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

1.      By this Amended Recognition Petition, Petitioner seeks recognition of the Japan Proceeding, a bankruptcy procedure against the Debtor under Japan's Bankruptcy Act, as a foreign main proceeding under Chapter 15 of the Bankruptcy Code and related relief under section 1521.  On February 28, 2014, the Debtor filed a petition for the commencement of a civil rehabilitation proceeding in the Tokyo Court pursuant to the Japan's Civil Rehabilitation Act (*Minji Saisei Ho*) (the "JCRA").  On April 16, 2014, the Tokyo Court dismissed that petition and ordered the administration of the Debtor's assets by the Petitioner, in the capacity as a provisional administrator.  On April 24, 2014, the Tokyo Court entered an order commencing the Japan Proceeding and appointing the Petitioner as the bankruptcy trustee for the Debtor.

2.      As demonstrated by this Amended Recognition Petition, the Exhibits thereto, and the accompanying Declaration of Nobuaki Kobayashi (the "Kobayashi Declaration") and the Memorandum of Law in Support of Amended Petition for Recognition and Chapter 15 Relief, the Petitioner is an individual person who is the duly authorized foreign representative of the Debtor and, as such, is entitled to directly petition this Court for recognition of the Japan Proceeding under 11 U.S.C. § 1509.  The Japan Proceeding is a foreign proceeding under 11

U.S.C. § 101(23).  In addition, the Japan Proceeding is a foreign main proceeding as defined by 11 U.S.C. § 1502(4) because it is pending in Japan, which is and has always been the location of the Debtor's registered office and its center of main interests.  See 11 U.S.C. §§ 1516(c) and 1517(b)(1).

3.       Because the Japan Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), because recognition of the Japan Proceeding would not be manifestly contrary to U.S. public policy under 11 U.S.C. § 1506, because Petitioner is a foreign representative who is a person, and because Petitioner has complied with all the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Petitioner is entitled to entry of an Order, substantially in the form of the proposed order annexed hereto as **Exhibit E**, recognizing the Japan Proceeding as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

4.       The following documents are annexed hereto in support of this Amended Recognition Petition:

a)       Pursuant to 11 U.S.C. § 1515(b), a certified copy of the Order of the Tokyo Court commencing the Japan Proceeding and appointing Petitioner as the Debtor's bankruptcy trustee (the "Bankruptcy Order"), and a certified translation of the Bankruptcy Order into English pursuant to 11 U.S.C. § 1515(d), are attached hereto as **Exhibit A**.

b)       Pursuant to 11 U.S.C. § 1515(c), a statement certifying, among other things, that no other foreign proceedings with respect to the Debtor are known to the Petitioner, is attached hereto as **Exhibit B**.

3

c)      Pursuant to Bankruptcy Rule 1007(a)(4), a list of the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Debtor, all parties to litigation pending in the United States in which the Debtor is a party at the time of the filing of this Amended Recognition Petition, and all entities against whom provisional relief is being sought under 11 U.S.C. § 1519, is attached hereto as **Exhibit C**.

d)      Pursuant to Bankruptcy Rules 1007(a)(4) and 7007.1, a corporate ownership statement is attached hereto as **Exhibit D**.

5.      Additionally, a proposed Order Recognizing Foreign Main Proceeding and Granting Related Relief is attached hereto as **Exhibit E**.  Each of the documents set forth above, including the Kobayashi Declaration, is incorporated by reference as if fully set forth herein.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1410.  The statutory predicates for relief are sections 105, 1504, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

## BACKGROUND

8.      MtGox is a Japanese corporation formed in 2011.  It is, and always has been, located, centered and headquartered in Tokyo, Japan.  Through February 2014, the Debtor's business was the operation of an online exchange (the "MtGox Exchange") for the purchase and sale of bitcoin through the Debtor's website located at http://www.mtgox.com.  At one time, the MtGox Exchange was reported to be the largest online bitcoin exchange in the world, but that is no longer the case.

9.      According to the Japan Petition (defined below), on or about February 10, 2014, MtGox halted all bitcoin withdrawals by its customers after MtGox was subject to what appears to have been a massive theft or disappearance of bitcoins held by MtGox.  Also according to the Japan Petition, MtGox suspended all trading on or about February 24, 2014 after it was discovered, according to an internal investigation, that approximately 850,000 bitcoins were missing.  These events caused, among other things, MtGox to become insolvent and ultimately led to the Japan Proceeding.

10.     On February 28, 2014, the Debtor filed a petition (the "<u>Japan Petition</u>") for the commencement of a civil rehabilitation proceeding (the "<u>Japan Civil Rehabilitation</u>") in the Tokyo Court pursuant to Article 21(1) of the JCRA, reporting that the Debtor had lost almost 850,000 bitcoins.

11.     On March 9, 2014, the Debtor filed the *Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 2], seeking, *inter alia*, recognition of the Japan Civil Rehabilitation as a foreign main proceeding under Chapter 15 of the Bankruptcy Code.

12.     Since the filing of the Japan Petition, the Debtor commenced an investigation with regard to the circumstances that led to the Japan Civil Rehabilitation.  However, in mid-April 2014, the Debtor filed a notice (*joshin-sho*) with the Tokyo Court stating that the investigation would take a long period of time, that there was no specific plan to restart the Debtor's business, and that partly due to the status of the investigation, the process for seeking a buyer in relation to a sale of the Debtor's assets had not commenced, and therefore the Debtor would be unable to prepare a rehabilitation plan.  On April 16, 2014, the Petitioner, in his capacity as the Debtor's supervisor and examiner, submitted his own notice (*joshin-sho*) in response to the Debtor's notice, stating that the Debtor's statements were not unreasonable and

that the Petitioner believed it would not be appropriate to grant an order commencing the Japan

Civil Rehabilitation. After receipt of the Petitioner's notice, the Tokyo Court decided to dismiss

the Japan Petition pursuant to Article 25(3) of the JCRA, recognizing that under the

circumstances it would be very difficult for the Debtor to successfully prepare and approve a

rehabilitation plan or otherwise successfully carry out the Japan Civil Rehabilitation.

13.     As a result, by separate orders dated April 16, 2014, the Tokyo Court entered

judgments as follows: (a) dismissing the Japan Petition; (b) ordering administration of the

Debtor's assets by Mr. Kobayashi, in the capacity as a provisional administrator; (c) prohibiting

certain actions by creditors with regard to properties of the Debtor during the interim period

following the dismissal and prior to the commencement of a bankruptcy procedure for the

Debtor; and (d) prohibiting Mr. Kobayashi, in his capacity as the provisional administrator, from

undertaking certain actions with respect to the Debtor's debt, properties and claims.

14.     On April 24, 2014, the Tokyo Court entered the Bankruptcy Order, formally

commencing the Debtor's Japan Proceeding and appointing the Petitioner as bankruptcy trustee.

A certified copy of the Bankruptcy Order, along with its certified English translation, is attached

hereto as **Exhibit A**.

15.     As a bankruptcy proceeding under the Bankruptcy Act, the purpose of the Japan

Proceeding is to realize upon and liquidate the Debtor's assets and distribute them to creditors in

a fair and equitable manner. As bankruptcy trustee, the Petitioner, among other things, is

responsible for administering the Debtor's bankruptcy estate, investigating bankruptcy claims

and, if resources are available, distributing dividends. Pursuant to the Bankruptcy Act, the

Petitioner is the sole person vested with the power to administer and dispose of the property of

the Debtor's estate. The Petitioner seeks Chapter 15 recognition of the Japan Proceeding in an

effort to maximize recoveries to, and provide for an equitable distribution of value among, all

creditors.   In particular, the enjoining of certain ongoing litigation against the Debtor in the

United States, in conjunction with the protections afforded by the Japan Proceeding, is essential

to this effort.

### RELIEF REQUESTED

16.     The Petitioner respectfully requests the entry of an Order, in substantially the

form attached hereto as **Exhibit E**, granting the following relief:

> (i)     Recognition of the Japan Proceeding as a foreign main proceeding as
> defined in §§ 1502(4) and 1517(b)(1) of the Bankruptcy Code;

> (ii)    Granting relief as of right upon recognition of a foreign main proceeding
> pursuant to 11 U.S.C. § 1520(a);

> (iii)   Granting the Petitioner the right and power to examine witnesses, take
> evidence or deliver information concerning the Debtor's assets, affairs,
> rights, obligations or liabilities pursuant to 11 U.S.C. § 1521(a)(4);

> (iv)    Entrusting to the Petitioner the administration and realization of all of the
> Debtor's assets within the territorial jurisdiction of the United States
> pursuant to 11 U.S.C. § 1521(a)(5); and

> (v)     Awarding Petitioner such other and further relief as this Court may deem
> just and proper.

17.     In the event the Court determines that the Japan Proceeding is not eligible to be

recognized as a foreign main proceeding, Petitioner seeks in the alternative recognition of the

Japan Proceeding as a foreign nonmain proceeding, as defined in 11 U.S.C. § 1502(5), and

requests that the Court grant the relief authorized by §§ 1521(a)(1)-(3) of the Bankruptcy Code

and such other and further relief requested in the paragraphs above.

### NOTICE

18.     Notice to the parties in accordance with Rules 1011(b), 2002(q)(1) and 9007 of

the Federal Rules of Bankruptcy Procedure will be provided pursuant to the *Order Granting*

*Approval of Amended Notice Procedures with Respect to Recognition Hearing*, entered on May

22, 2014 [Docket No. 124].

## <u>NO PRIOR REQUEST</u>

19.    The Petitioner has not previously sought the relief requested herein from this or

any other court.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## <u>CONCLUSION</u>

WHEREFORE, the Bankruptcy Trustee respectfully requests that this Court enter an Order, in substantially the form attached hereto as **Exhibit E**, granting the relief requested herein and such other and further relief as is just and proper.

Dated:  Dallas, Texas
      May 23, 2014

**GARDERE WYNNE SEWELL LLP**

*/s/  Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
Email:  mhelt@gardere.com
Email:  tscannell@gardere.com

- and -

**BROWN RUDNICK LLP**
David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  dsaval@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in his capacity*
*as the Bankruptcy Trustee and Foreign*
*Representative of MtGox Co., Ltd., a/k/a MtGox KK*

## VERIFICATION

I, Nobuaki Kobayashi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1.     I am the duly authorized bankruptcy trustee and foreign representative of MtGox Co., Ltd. (a/k/a MtGox KK).

2.     I have read the foregoing Amended Recognition Petition and I am informed and I believe that the factual allegations contained therein are true and correct.

3.     I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:   May 23, 2014
            Tokyo, Japan


_____
Nobuaki Kobayashi

# EXHIBIT A

平成２６年（フ）第３８３０号

# 決　　定

東京都渋谷区渋谷二丁目１１番５号

債務者（破産者）　株式会社ＭＴＧＯＸ

代表者代表取締役　カルプレス・マルク・マリ・ロベート

# 主　　文

債務者株式会社ＭＴＧＯＸについて破産手続を開始する。

# 理　　由

一件記録によれば，債務者が支払不能の状態にあることが認められる。

よって，主文のとおり決定する。

なお，この決定に併せて，下記のとおり定める。

記

1　破産管財人　　　東京都渋谷区渋谷二丁目１１番５号

　　　　　　　　　　株式会社ＭＴＧＯＸ　破産管財人室

　　　　　　　　　　弁護士　小林　信明

2　債権届出期間　　平成２６年１１月２８日まで

3　財産状況報告集会の期日

　　　　　　　　　　平成２６年７月２３日午後１時３０分

4　債権調査期日　　平成２７年２月２５日午前１０時

平成２６年４月２４日午後５時

東京地方裁判所民事第２０部

裁判長裁判官　　鹿子木　　　康

裁判官　　金　澤　秀　樹

裁判官　　樋　口　正　樹

これは謄本である。

　　平成２６年５月９日

　　　東京地方裁判所民事第２０部

　　　　　裁判所書記官　櫻　庭　一　威





**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free    (800) 755-5775
Telefax      (913) 341-3168
www.legallanguage.com

May 14, 2014

To whom it may concern:

This is to certify that the attached translation from Japanese into English is an accurate representation of the documents received by this office.  These documents are designated as:

### Japanese Decision:  2014 (fu) No. 3830
### (MtGox Co., Ltd)

Maria Victoria Portuguez, Manager of this company, certifies that Roger Johnson, who translated this document, is fluent in Japanese and standard North American English and qualified to translate. She attests to the following:

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document".


Signature of Maria Victoria Portuguez

Subscribed and sworn to before me this May 14, 2014.


Vicki Farron
Notary Public, State of Kansas
Qualified in Johnson County
My commission expires December 9, 2016.

Sincerely,


Victor J. Hertz
President

2014 (fu) No. 3830

# DECISION

Shibuya 2-11-5, Shibuya-ku, Tokyo
Debtor (bankrupt)          MTGOX Co., Ltd
Representative Director    Robert Marie Mark Karpeles

# JUDGMENT

A bankruptcy procedure shall commence with regards to debtor MtGox Co., Ltd.

# REASONS

From the records of this case, it is recognized that the debtor is in a situation of insolvency.
Accordingly, judgment is decided.
Further, together with this decision, it is also hereby decided as follows.

# RECORD

| | | |
|---|---|---|
| 1 | Bankruptcy trustee | Attorney-at-law Kobayashi Nobuaki |
| | | Bankruptcy Trustee Room |
| | | MTGOX CO., LTD. |
| | | Shibuya 2-11-5, Shibuya-ku, Tokyo |
| 2 | Period of notification of claims | until November 28, 2014 |
| 3 | General meeting to report the status of properties | |
| | | July 23, 2014 1:30 p.m. |
| 4 | Period for investigation of claims | until February 25, 2015 10 a.m. |

April 24, 2014 5:00 p.m.

Tokyo District Court 20th Civil Chamber

Presiding Judge          Kanagoki Yasushi
Judge                    Kanazawa Hideki
Judge                    Higuchi Masaki

This is an authentic copy.
April 24, 2014
Tokyo District Court 20th Civil Chamber
Court clerk      Sakuraba Kazui [seal]

平成２６年（フ）第３８３０号

決　　　　　定

東京都渋谷区渋谷二丁目１１番５号
　　債務者（破産者）　株式会社ＭＴＧＯＸ
　　代表者代表取締役　カルプレス・マルク・マリ・ロベート

主　　　　　文

債務者株式会社ＭＴＧＯＸについて破産手続を開始する。

理　　　　　由

一件記録によれば，債務者が支払不能の状態にあることが認められる。
よって，主文のとおり決定する。
なお，この決定に併せて，下記のとおり定める。

記

１　破産管財人　　　東京都渋谷区渋谷二丁目１１番５号
　　　　　　　　　　株式会社ＭＴＧＯＸ　破産管財人室
　　　　　　　　　　弁護士　小林　信明
２　債権届出期間　　平成２６年１１月２８日まで
３　財産状況報告集会の期日
　　　　　　　　　　平成２６年７月２３日午後１時３０分
４　債権調査期日　　平成２７年２月２５日午前１０時

平成２６年４月２４日午後５時

東京地方裁判所民事第２０部

　　　　　裁判長裁判官　鹿　子　木　　　　康

　　　　　裁判官　金　澤　秀　樹

　　　　　裁判官　樋　口　正　樹

これは正本である。
　　平成２６年４月２４日
　　　東京地方裁判所民事第２０部
　　　　裁判所書記官　櫻　庭　一　威



# EXHIBIT B

David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  dsaval@brownrudnick.com

- and -

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
Email:  mhelt@gardere.com
Email:  tscannell@gardere.com

*Counsel for Nobuaki Kobayashi, in his capacity*
*as the Bankruptcy Trustee and Foreign Representative*
*of MtGox Co., Ltd., a/k/a MtGox KK*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), | |
| Debtor in a Foreign Proceeding. | Case No. 14-31229-sgj-15 |

## FOREIGN REPRESENTATIVE'S STATEMENT PURSUANT TO 11 U.S.C. § 1515(c)

Petitioner Nobuaki Kobayashi (the "Foreign Representative"), in his capacity as the

bankruptcy trustee and foreign representative of MtGox Co., Ltd., a/k/a MtGox KK (the

"Debtor"), a debtor in a bankruptcy proceeding under Japanese law (the "Japan Proceeding"),

currently pending before the Twentieth Civil Division of the Tokyo District Court, Japan (the

"Tokyo Court"), by and through his undersigned U.S. counsel, hereby states as follows:

     1.     The Japan Proceeding is the only foreign proceeding with respect to MtGox Co.,

Ltd., a/k/a MtGox KK known to the Foreign Representative.

Dated:  Dallas, Texas               **GARDERE WYNNE SEWELL LLP**
        May 23, 2014

                                      */s/ Marcus A. Helt*
                                      Marcus A. Helt (TX 24052187)
                                      Thomas Scannell (TX 24070559)
                                      Gardere Wynne Sewell LLP
                                      1601 Elm Street, Suite 3000
                                      Dallas, Texas 75201-4761
                                      Telephone:  (214) 999-3000
                                      Facsimile:  (214) 999-4667
                                      Email:  mhelt@gardere.com
                                      Email:  tscannell@gardere.com

                                      - and -

                                      **BROWN RUDNICK LLP**
                                      David J. Molton (*admitted pro hac vice*)
                                      Daniel J. Saval (*admitted pro hac vice*)
                                      Seven Times Square
                                      New York, New York 10036
                                      Telephone:  (212) 209-4800
                                      Facsimile:  (212) 209-4801
                                      Email:  dmolton@brownrudnick.com
                                      Email:  dsaval@brownrudnick.com

                                      *Counsel for Nobuaki Kobayashi, in his capacity*
                                      *as the Bankruptcy Trustee and Foreign*
                                      *Representative of MtGox Co., Ltd., a/k/a MtGox*
                                        *KK*

# EXHIBIT C

David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  dsaval@brownrudnick.com

- and -

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
Email:  mhelt@gardere.com
Email:  tscannell@gardere.com

*Counsel for Nobuaki Kobayashi, in his capacity
as the Bankruptcy Trustee and Foreign Representative
of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), | |
| Debtor in a Foreign Proceeding. | Case No. 14-31229-sgj-15 |

**LIST PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(4)**

Petitioner Nobuaki Kobayashi, in his capacity as the bankruptcy trustee and foreign

representative of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor"), a debtor in a bankruptcy

proceeding under Japanese law (the "Japan Proceeding"), currently pending before the Twentieth

Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), by and through his

undersigned U.S. counsel, hereby submits the following list in accordance with Rule 1007(a)(4)

of the Federal Rules of Bankruptcy Procedure.

**Persons or Bodies Authorized to Administer Foreign Proceedings of the Debtor.**

      1.     The duly appointed bankruptcy trustee and foreign representative in the Japan

Proceeding is listed below:

*Bankruptcy Trustee and Foreign*
*Representative of the Debtor*

Nobuaki Kobayashi
Nagashima Ohno & Tsunematsu
Kioicho Building, 3-12
Kioicho, Chiyouda-ku
Tokyo 102-0094, Japan

**Parties to Litigation Pending in the United States in Which Debtor is a Party.**

      2.     The following proceeding in which the Debtor is a defendant is pending in the

United States District Court for the Northern District of Ilinois, Eastern Division:

*Gregory Greene and Joseph Lack, individually and on behalf of all other similarly situated, v.*
*MtGox Inc., et al.*, Case No. 14-1437 (GF) (N.D. Ill. Feb. 27, 2014).

**Parties and Counsel:**

*Gregory Greene, individually and*
*on behalf of all others similarly situated (Class Representative)*

Jay Edelson
Alicia Elaine Hwang
Benjamin S. Thomassen
Christopher L. Dore
Edelson P.C.
350 North La Salle, Suite 1300
Chicago, IL 60654

Steven L. Woodrow
Edelson PC
999 18th Street, Suite 3000
Denver, CO 80202

Scott B. Kitei
Honigman Miller Schwartz and Cohn LLP
2290 First National Building; 660 Woodward Avenue
Detroit, MI 48226-3506

Robert A. Clifford
Shannon M. McNulty
Clifford Law Offices, P.C.
120 North LaSalle Street, 31st Floor
Chicago, IL 60602

*Joseph Lack, individually and*
*on behalf of all others similarly situated (Class Representative)*

Steven L. Woodrow
Edelson PC
999 18th Street, Suite 3000
Denver, CO 80202

*MtGox Inc.*

Registered Office:
615 South DuPont Highway
Dover, DE 19901

Operating Office:
Cross Office
Shibuya Medio 8F
11-5 shibuya 2-Chome,
150-0002 Shibuya-ku
Tokyo, Japan

*MtGoxCo., Ltd. (a/k/a MtGox KK)*

John M. Murphy
Baker & McKenzie LLP
300 E. Randolph Street, Suite 5000
Chicago, IL 60601

*Mizuho Bank, Ltd.*

Jonathan S. Quinn
Neal, Gerber, & Eisenberg LLP
2 North LaSalle Street
Chicago, IL 60602

John A. Nathanson
Jerome S. Fortinsky
Jeffrey J. Resetarits
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

*Tibanne KK*

Eric N. Macey
Richard G. Douglass
Amanda M. Hinkley
Novack and Macey LLP
100 N. Riverside Plaza
Chicago, IL 60606

*Mark Karpeles*

Eric N. Macey
Richard G. Douglass
Amanda M. Hinkley
Novack and Macey LLP
100 N. Riverside Plaza
Chicago, IL 60606

*Mt. Gox North America, Inc.*

10 E. 40th Street, Floor 10
New York, NY 10016

*Gonzague Gay-Bouchery*

Daniel J. Fumagalli
Michael A. Eurich
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606

*Jed McCaleb*

David J. Bradford
Paul B. Rietema
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654

Tel: (312) 222-9350
dbradford@jenner.com
prietema@jenner.com

*John Doe Defendants* – represented by Class Counsel

Jay Edelson
Edelson P.C.
350 North La Salle, Suite 1300
Chicago, IL 60654

      3.      The following proceeding in which the Debtor is a defendant and counter-

claimant is pending in the United States District Court for the Western District of Washington:

*CoinLab, Inc. v. MtGox KK, et al.*, Case No. 13-0177 (MJP) (W.D. Wash. May 2, 2013)

**Parties and Counsel:**

*Coinlab, Inc.*

Roger M. Townsend
Breskin Johnson & Townsend PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101

Edgar Sargent
Floyd Short
Lindsey Godrey-Eccles
Kristin Malone
Susman Godfrey LLP
1201 3rd Avenue, Suite 3800
Seattle, WA 98101-3087

*MtGox Co. Ltd. (named as Mt. Gox KK)*

Louis D. Peterson
Joseph B. Genster
Hillis Clark Martin & Peterson P.S.
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925

Tod L. Gamlen
Daniel G. Valles
Baker & McKenzie LLP
660 Hansen Way

Palo Alto, CA 94304

*Tibanne Co., Ltd. (named as Tibanne KK)*

Mark Karpales (*pro se*)
11-5, Shibuya 2-chrome
Shibuya-Ku
Tokyo, Japan

**Entities Against Whom Provisional Relief Is Being Sought.**

5.      On March 10, 2014, this Court entered the *Order Granting Application for Provisional Relief, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* [Docket No. 13] (the "1519 Order").  Pursuant to the 1519 Order, this Court granted the Debtor the "full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code . . . [and] section 362 of the Bankruptcy Code is applicable to the Debtor and its assets until further order of this Court, or as so ordered at the Recognition Hearing."  See 1519 Order ¶ 1.  Therefore, the provisional relief granted under the 1519 Order applies to all entities, including those listed in the proceedings listed above.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated:    Dallas, Texas
          May 23, 2014

**GARDERE WYNNE SEWELL LLP**


*/s/  Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
Email:  mhelt@gardere.com
Email:  tscannell@gardere.com

- and -

**BROWN RUDNICK LLP**
David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  dsaval@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in his capacity
as the Bankruptcy Trustee and Foreign
Representative of MtGox Co., Ltd., a/k/a MtGox
KK*

7

# EXHIBIT D

David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: dsaval@brownrudnick.com

- and -

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@gardere.com
Email: tscannell@gardere.com

*Counsel for Nobuaki Kobayashi, in his capacity
as the Bankruptcy Trustee and Foreign Representative
of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), | |
| Debtor in a Foreign Proceeding. | Case No. 14-31229-sgj-15 |

**CORPORATE OWNERSHIP STATEMENT PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7007.1**

Nobuaki Kobayashi, in his capacity as the bankruptcy trustee and foreign representative

of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor"), a debtor in a bankruptcy proceeding under

Japanese law, currently pending before the Twentieth Civil Division of the Tokyo District Court,

Japan, by and through his undersigned U.S. counsel, respectfully submits this Corporate

Ownership Statement pursuant to Rule 7007.1 of the Federal Rules of Bankruptcy Procedure,

and respectfully states as follows:

1.   Tibanne Co., Ltd. (a/k/a Tibanne KK), a Japanese corporation, owns 88% of the

equity interests in the Debtor.


Dated:   Dallas, Texas                    **GARDERE WYNNE SEWELL LLP**
         May 23, 2014


                                          */s/ Marcus A. Helt*
                                          Marcus A. Helt (TX 24052187)
                                          Thomas Scannell (TX 24070559)
                                          Gardere Wynne Sewell LLP
                                          1601 Elm Street, Suite 3000
                                          Dallas, Texas 75201-4761
                                          Telephone:  (214) 999-3000
                                          Facsimile:  (214) 999-4667
                                          Email:  mhelt@gardere.com
                                          Email:  tscannell@gardere.com

                                          - and -

                                          **BROWN RUDNICK LLP**
                                          David J. Molton (*admitted pro hac vice*)
                                          Daniel J. Saval (*admitted pro hac vice*)
                                          Seven Times Square
                                          New York, New York 10036
                                          Telephone:  (212) 209-4800
                                          Facsimile:  (212) 209-4801
                                          Email:  dmolton@brownrudnick.com
                                          Email:  dsaval@brownrudnick.com

                                          *Counsel for Nobuaki Kobayashi, in his capacity
                                          as the Bankruptcy Trustee and Foreign
                                          Representative of MtGox Co., Ltd., a/k/a MtGox
                                          KK*

# EXHIBIT E

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), | Case No. 14-31229-sgj-15 |
| Debtor in a Foreign Proceeding. | |

**ORDER RECOGNIZING FOREIGN MAIN PROCEEDING**
**AND GRANTING RELATED RELIEF**

Upon the *Amended Verified Petition for Recognition and Chapter 15 Relief* (the "Amended Recognition Petition")[1] filed by Nobuaki Kobayashi (the "Petitioner"), in his capacity as the bankruptcy trustee and foreign representative of the above-captioned debtor (the "Debtor"), seeking recognition of the bankruptcy procedure of the Debtor under Japan's Bankruptcy Act currently pending before the Tokyo District Court, Twentieth Civil Division (the "Japan Proceeding"), as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code and related relief under Chapter 15; and upon the hearing on the Amended Recognition

---

[1] Capitalized terms referred to but not otherwise defined herein shall have the meanings ascribed to them in the Amended Recognition Petition.

Petition and this Court's review and consideration of the Amended Recognition Petition, the

Kobayashi Declaration, and the Memorandum of Law;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.

B.     The consideration of the Amended Recognition Petition and the relief requested

therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C.     Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D.     Good, sufficient, appropriate and timely notice of the filing of the Amended

Recognition Petition and the hearing on the Amended Recognition Petition has been given by the

Petitioner, pursuant to the *Order Granting Approval of Amended Notice Procedures with Respect*

*to Recognition Hearing*, entered on May 22, 2014 [Docket No. 124].

E.     No objections or other responses were filed that have not been overruled,

withdrawn, or otherwise resolved.

F.     The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy

Code.

G.     The Petitioner is a "person" pursuant to section 101(41) of the Bankruptcy Code

and is the "foreign representative" of the Debtor as such term is defined in section 101(24) of the

Bankruptcy Code, and the Petitioner has satisfied the requirements of section 1515 of the

Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

---

[2]    The findings and conclusions set forth herein and in the record of the hearing on the Amended Recognition Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute findings of fact, they are adopted here as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

H.      The Japan Proceeding is pending in Japan, where the Debtor's "center of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, is located and, accordingly, the Japan Proceeding is a "foreign main proceeding" pursuant to 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I.      The Petitioner is the foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

J.      The Petitioner is entitled to all the relief provided pursuant to sections 1520, 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code without limitation.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1.      The Amended Recognition Petition is **GRANTED**.

2.      The Japan Proceeding is recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all of the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

3.      The Petitioner is and shall be recognized as the foreign representative of the Debtor.

4.      The Petitioner is entitled to the full protections and rights enumerated under sections 1521(a)(4) and (5) of the Bankruptcy Code, and accordingly, the Petitioner:

    a.  has the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities; and

3

b.  is entrusted with the administration and realization of all of the Debtor's assets within the territorial jurisdiction of the United States.

5.      The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.      This Court shall retain jurisdiction with respect to:    (i)  the enforcement, amendment or modification of this Order; (ii) any requests for additional relief; (iii) any adversary proceeding in and through this Chapter 15 case; and (iv) any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**# # # END OF ORDER # # #**

Prepared and Submitted by:

**GARDERE WYNNE SEWELL LLP**


*/s/  Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
Email:  mhelt@gardere.com
Email:  tscannell@gardere.com

- and -

**BROWN RUDNICK LLP**
David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  dsaval@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in his capacity*
*as the Bankruptcy Trustee and Foreign Representative*
*of MtGox Co., Ltd., a/k/a MtGox KK*