David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: dsaval@brownrudnick.com

-and-

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@gardere.com
Email: tscannell@gardere.com

*Counsel for Nobuaki Kobayashi, in his capacity
as the Bankruptcy Trustee and Foreign Representative
of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: <br><br> MtGox Co., Ltd. (a/k/a MtGox KK), <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 14-31229-sgj-15 |

**RESPONSE OF THE FOREIGN REPRESENTATIVE
TO COINLAB, INC.'S (A) STATUS CONFERENCE STATEMENT
AND (B) REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**

Nobuaki Kobayashi (the "Foreign Representative"), in his capacity as bankruptcy trustee and foreign representative of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor"), a debtor in a bankruptcy proceeding under Japanese law (the "Japan Proceeding"), currently pending before the Twentieth Civil Division of the Tokyo District Court in Japan (the "Tokyo Court"), by and through his United States attorneys, Brown Rudnick LLP and Gardere Wynne Sewell LLP, respectfully states as follows:

1. On May 23, 2014, CoinLab, Inc. ("CoinLab") filed its *Status Conference Statement* [Docket No. 129] and accompanying *Request for Judicial Notice in Support of its Status Conference Statement* [Docket No. 131] (collectively, the "CoinLab Statement"). In the CoinLab Statement, CoinLab requests that, at the May 27 status conference, this Court address issues relating to the so-called Sunlot Proposal (as defined in the Statement) and related developments in the Class Action currently pending in the U.S. District Court for the Northern District of Illinois.

2. The Foreign Representative does not consider it necessary or appropriate at this time to respond to each and every point raised in the CoinLab Statement. However, the Foreign Representative is compelled to briefly respond, in order to place those points in their proper perspective.

3. First, the issues raised by CoinLab have no bearing on recognition and the related relief sought by the Foreign Representative pursuant to the *Amended Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 126] (the "Amended Recognition Petition"). See H.R. Rep. No. 109-31(I), at 113 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88 ("The decision to grant recognition [under Chapter 15] is not dependent upon any finding about the nature of the foreign proceedings of the sort previously mandated by section 304(c) of the Bankruptcy Code.

The requirements of [section 1517 of the Bankruptcy Code] . . . are all that must be fulfilled to attain recognition.").

4. Second, the Foreign Representative is not presently seeking any relief in this Chapter 15 case with respect to the Sunlot Proposal, so the issues raised in the CoinLab Statement are entirely premature.

5. Third, to the extent CoinLab wishes to raise issues and concerns regarding the Sunlot Proposal or related matters, those issues and concerns should be directed to the Foreign Representative and the Tokyo Court in Japan, where the "main proceeding" is pending,[1] as the Foreign Representative's U.S. counsel has explained to CoinLab. See In re Fairfield Sentry Ltd. Litigation, 458 B.R. 665, 678-79 (S.D.N.Y. 2011) ("[A] Chapter 15 court in the United States acts as an adjunct or arm of a foreign bankruptcy court where the main proceedings are conducted.").

6. Accordingly, the issues raised by CoinLab provide no basis to interfere with the prompt adjudication of the Amended Recognition Petition, as instructed by section 1517(c) of the Bankruptcy Code. See 11 U.S.C. § 1517(c) ("A petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time.").

7. Counsel to the Foreign Representative will be prepared to more fully address these matters with the Court at the May 27 status conference.

---

[1] Notably, the CoinLab Statement does not state or suggest that any of the requirements under 11 U.S.C. § 1517 for recognition of the Japan Proceeding as a foreign main proceeding are lacking.

Dated: May 24, 2014　　　　　　　　　Respectfully submitted,
　　　　　Dallas, Texas

**GARDERE WYNNE SEWELL LLP**

/s/ *Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@gardere.com
Email: tscannell@gardere.com

- and -

**BROWN RUDNICK LLP**

David J. Molton *(admitted pro hac vice)*
Daniel J. Saval *(admitted pro hac vice)*
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: dsaval@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in his capacity
as the Bankruptcy Trustee and Foreign
Representative of MtGox Co., Ltd., a/k/a MtGox KK*