| | |
|---|---|
| Jay Edelson (admitted *pro hac vice*) <br> Alicia Hwang (admitted *pro hac vice*) <br> EDELSON PC <br> 350 North LaSalle Street, Suite 1300 <br> Chicago, Illinois 60654 <br> Telephone: (312) 589-6370 <br> Facsimile: (312) 589-6378 <br><br> -and- <br><br> Steven L. Woodrow (admitted *pro hac vice*) <br> EDELSON PC <br> 999 West 18th Street, Suite 3000 <br> Denver, Colorado 80202 <br> Telephone: (303) 357-4878 <br> Facsimile: (303) 446-9111 <br> swoodrow@edelson.com <br><br> -and- <br><br> Counsel for Gregory Greene and Joseph Lacke | Scott B. Kitei (admitted *pro hac vice*) <br> HONIGMAN MILLER SCHWARTZ AND COHN LLP <br> 2290 First National Building <br> 660 Woodward Avenue <br> Detroit, Michigan 48226-3506 <br> Telephone: (313) 465-7000 <br> Facsimile: (313) 465-8000 <br> skitei@honigman.com <br><br> -and- <br><br> Robin E. Phelan, TBN 15903000 <br> Stephen Manz, TBN 24070211 <br> HAYNES AND BOONE LLP <br> 2323 Victory Avenue <br> Suite 700 <br> Dallas, Texas 75219 <br> Telephone: (214) 651-5612 <br> Facsimile: (214) 200-0649 <br> robin.phelan@haynesboone.com |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| MtGox Co., Ltd. (a/k/a MtGox KK) | § | Case No. 14-31229-sgj-15 |
| | § | |
| Debtor in a Foreign Proceeding | § | |
| | § | |

**CREDITORS GREGORY GREENE AND JOSEPH LACK'S RESPONSE**
**TO COINLAB, INC.'S STATUS CONFERENCE STATEMENT**

Creditors Gregory Greene ("Greene") and Joseph Lack ("Lack") (collectively the "Class Representatives"), by and through their attorneys, Edelson P.C., Honigman Miller Schwartz and Cohn LLP, and Haynes and Boone LLP, file this Response to Coinlab Inc.'s ("Coinlab") Status Conference Statement [Docket No. 129] (the "Statement"), and the Objections and Questions Regarding the Sunlot Proposal attached to the Statement as Exhibit B (the "Objections"). In support of this Response, the Class Representatives respectfully state as follows:

14927848.2

## INTRODUCTION

1.  Coinlab's Statement and Objections are seriously misplaced. In addition to spreading misinformation about numerous aspects of the Sunlot Proposal[1] to purchase the now-defunct MtGox platform and transform it back into a working exchange for the benefit of all creditors, Coinlab attacks the integrity of a federal judge, the class action process, and the Japanese courts, and raises—without any explanation—the false specter of secret alliances and insider dealing.

2.  In reality, the Class Representatives have presented a proposal to the Northern District of Illinois that received preliminary approval. Now the representatives are working to appropriately present those terms—as contemplated by the settlement agreement itself—to Mr. Kobayashi for his consideration.

3.  Rather than present its own proposal, Coinlab complains that: (a) it is uniquely positioned to search for the missing bitcoins; (b) the Sunlot deal is "an outrageously low offer"; (c) Sunlot cannot be trusted and has unexplained "perhaps current" dealings with Karpeles; (d) the proposal supposedly does not account for significant, though again undefined, tax and securities issues; and (e) its supposed claim, premised on a $50 million liquidated damages provision, is not guaranteed to be paid in full following consideration by Mr. Kobyashi in his capacity as administrator.

4.  In short, and as explained below, none of Coinlab's arguments has merit. Coinlab is factually and legally wrong and seems only to trying to influence the orderly procedures of both the Class Action Litigation (as defined below) and the Japanese court system. Coinlab seems to be doing this because it views itself as a competitor to Sunlot and wants to bid. Instead

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Statement.

of creating smoke and pretending as if it has no options, it should simply put a plan on the table if it wants to.

## FACTUAL BACKGROUND

5.      On February 27, 2014, Greene, individually and on behalf of all others similarly situated, filed his *Class Action Complaint and Demand for Jury Trial* in the United States District Court for the Northern District of Illinois against the Debtor, Mark Karpeles (in his individual capacity) ("Karpeles"), Tibanne KK, and MtGox Inc. (Case No. 1:14-cv-1437) (the "Class Action Litigation"), to challenge the defendants' intentional and systematic misuse and misappropriation of the Debtor's users' property.

6.      The following day, the Debtor filed a petition for the commencement of a civil rehabilitation proceeding in Japan under Japanese Law (the "Japan Proceeding"), which is currently pending before the Twentieth Civil Division of the Tokyo District Court.

7.      On March 10, 2014 (the "Petition Date"), Karpeles, as the Foreign Representative, filed his *Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 2] (the "Petition") under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") seeking recognition of the Japan Proceeding as a foreign main proceeding, and recognition individually as the Debtor's foreign representative.

8.      Also on the Petition Date, Karpeles, as foreign representative, filed his *Emergency Application for an Order Granting Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing, and Specifying Form and Manner of Notice* (the "TRO Application") [Docket No. 4], the *Memorandum of Law in Support of Petition for Recognition and Application for Provisional Relief, Scheduling Hearing, and Approving Form and Manner of Notice* (the "TRO Memorandum") [Docket No. 6], and the *Declaration of*

14927848.2

2

*Robert Marie Mark Karpeles* in support of the Petition (the "Karpeles Declaration") [Docket No. 3].

9. The parties thereafter litigated the Class Representative's motion to compel Karpeles's deposition to occur in the United States. On April 1, 2014, this Court granted the Class Representative's motion to compel.

10. Karpeles, through his attorneys, ultimately indicated that he would not appear for his deposition. Following that decision, Karpeles moved the Japanese Court to transform the Japan Proceeding from a civil rehabilitation into a liquidation, which was approved on April 16, 2014. As a result, Karpeles was required to give up control over the Debtor and step down as the foreign representative.

11. In place of Karpeles, on April 16, 2014, Mr. Kobayashi became the administrator of the Debtor and was appointed as the foreign representative.

12. On April 28, 2014, the Class Representatives reached a proposed class action settlement agreement with two defendants, Jed McCaleb, who held a 12% ownership interest in the Debtor, and Gonzague Gay-Bouchery, a former Tibanne K.K. employee who had directly participated in the prior operations of the MtGox exchange. The proposed settlement calls for the payment of creditors from existing funds, the establishment of a new MtGox exchange in which creditors will be given a 16.5% ownership stake, and other benefits to creditors. The Class Representatives, through their attorneys, presented the proposed settlement to the United States District Court for the Northern District of Illinois, Judge Gary Feinerman presiding. On May 9, 2014, Judge Feinerman granted preliminary approval to the proposed settlement agreement.

13. The preliminary approval order expressly conditioned final approval of the settlement on the agreement to its terms by Mr. Kobayashi. Furthermore, the Class

14927848.2

3

Representatives are to obtain the Class members' names and addresses from Mr. Kobayashi so that the Class Notice may be disseminated.

14. On May 23, 2014, the Class Representatives were served with an electronic copy of Coinlab's Statement and Objections. As explained below, Coinlab materially misunderstands the Sunlot Proposal, presents misinformation to the Court about its terms, and denigrates both the U.S. class action process and the Japanese Court in the process.

## ARGUMENT

1. Coinlab's Statement and Objections seriously misunderstands the terms of the Sunlot Proposal. Without providing an exhaustive list by any means, Coinlab is incorrect regarding:

- ***That the Settlement gives preferential treatment to any group of creditors or that $75 million claim that would go unaddressed or be prejudiced in any way.***

Coinlab asserts that the Sunlot Proposal is objectionable because it supposedly does not treat all creditors equally—namely by failing to expressly account for Coinlab's supposedly valid claim against the debtor for $75 million. (Objections B-4 – B-5.) This is simply not true. While the Sunlot Proposal speaks to relief that former accountholders will receive, it also expressly reserves to the trustee the ability to adjudicate and decide the claims of other creditors to ensure that no creditor, in the United States or otherwise, receives preferential treatment. Thus, if the trustee determines that Coinlab's claims are valid—which looks doubtful given the questionable nature of Coinlab's liquidated damages theories and the foreign representative's descriptions of Coinlab's own failures to perform—Coinlab would receive whatever amounts

the trustee awards and other creditor claims would be reduced accordingly. There is simply nothing in the Sunlot Proposal that provides certain creditors with preferential treatment over Coinlab or any other supposed creditors, and the Class Representatives are confident that Mr. Kobayashi can ensure the equal treatment of all creditors in accordance with all applicable law. Furthermore, to the extent Coinlab is concerned with the protection of U.S. assets, Mr. Kobayasi's recent filing suggests there simply are none.

- ***The Process Used to Negotiate the Sunlot Proposal and the Next Steps Contemplated by the Settlement.***

At the core of its Statement and Objections, Coinlab complains about the process used to achieve the class action settlement. (Statement 3-5.) To be clear, the Sunlot Proposal was negotiated with the assistance and oversight of Judge Wayne Andersen, a retired former Article III judge who now serves as a mediator at JAMS. Judge Andersen has helped resolve some of the nation's largest and long-standing legal disputes, and he oversaw the mediation in this case which consumed a full week of negotiations and included the exchange of significant amounts of information about MtGox (including its operations and collapse), Sunlot (including its capabilities and plan for reopening the exchange), and bitcoin more generally.

Furthermore, following the mediation the Sunlot Proposal was presented to the Judge Feinerman, a well-respected member of the bench, who granted *preliminary approval* to the agreement. By its very nature, the class action process is designed to allow objections to the settlement terms to be heard in the Court where the settlement is pending so that the court may determine whether granting *final approval* is appropriate. Ignoring this, Coinlab seeks to litigate its objections to the settlement before this Court, ignoring Judge Feinerman's jurisdiction and according little, if any, respect to either the class action process or the mediation process that

14927848.2

5

was employed in this case. And finally, Coinlab fails to pay proper respect to the fact that the Sunlot Proposal is expressly conditioned on approval by both Mr. Kobayashi and the Japanese Court. Rather, its objections presume that Mr. Kobayashi and the Japanese Court are somehow ill-equipped to independently evaluate and draw their own conclusions regarding the propriety of the proposal.

- *That Sunlot is secretly dealing or working with Karpeles*.

Repeated throughout both its Statement and its Objections are accusations that Sunlot is presently working in secret with Karpeles. (*See, e.g.,* Objections B-1, B-2, B-3, B-5, B-6.) Karpeles has stepped down from MtGox—a direct result of this Court's ordering him to appear in the United States for a deposition—and nothing in the Sunlot Proposal suggests in any way that Karpeles would be connected with the new exchange at all. To the contrary, Karpeles is prohibited from having any involvement in the new exchange. Further, the Sunlot Proposal requires Sunlot "to use commercially reasonable best efforts, and the resources of the Restitution Fund, to recover Customer Assets through ongoing investigation and legal prosecution both in Japan and internationally (as necessary), including, for example, hiring investigators, lawyers, accountants, or any other entities or services that may increase the likelihood of recovering Customer Assets ("Recovery Efforts")." As Karpeles was the central suspect with respect to the missing bitcoins, this obviously includes an investigation into Karpeles to determine whether he stole or misappropriated the Customer Assets.

Moreover, the fact that Coinlab does not, and cannot, point to a single piece of evidence demonstrating (or even suggesting) that Sunlot is working surreptitiously with Karpeles can't be overlooked. Put simply, the accusations are unsupported, appear wholly baseless, and are contrary to the express terms of the Sunlot Proposal.

- *That Coinlab can do a better job locating the lost or stolen bitcoins.*

Coinlab's Statement and Objections also repeatedly assert that Coinlab is better suited to assist the trustee in searching for the missing bitcoins. (Objections B-2, B-4, B-6.) In the process, Coinlab neglects to apprise this Court that counsel for the Class Representatives provided Coinlab's attorneys with a significant list of MtGox wallet addresses approximately 6 weeks ago—but Coinlab has been unable to use those addresses to locate any of the missing bitcoins. These wallets were directly traceable to MtGox through its public movement of 200,000 bitcoins that Karpeles supposedly "found" just 3 days after Greene filed his initial motion for a temporary restraining order and freeze as to MtGox's U.S. assets in the Class Action Litigation. Despite being armed with these addresses for over a month, it appears that Coinlab has either made no effort to locate the missing bitcoins (undercutting its repeated claims that locating them is of paramount importance to it and other creditors) or has been unsuccessful (casting serious doubt on its assertions that it has the necessary expertise to trace their whereabouts).

- *That there are significant but undefined tax and regulatory issues*

Coinlab also repeatedly claims that significant tax, securities, and regulatory issues plague the Sunlot Proposal (*see e.g*. Objection B-2, B-4, B-9-B-10.) But Coinlab doesn't explain what these supposed tax, regulatory, and other issues actually are. At this time there are no known tax issues facing the exchange, and the foreign representative's recent filing of the renewed petition for Chapter 15 recognition does not disclose any. If Coinlab can articulate what these supposed issues are it should do so as opposed to raising theoretical problems that don't actually exist.

- *That Coinlab has been denied the opportunity to present a better offer*.

Perhaps the greatest fundamental flaw in Coinlab's Statement and Objections is the simple truth that it remains free—at any time—to present an offer to the Class Representatives, their counsel, and/or Mr. Kobayashi that is superior and fairer for all creditors. Rather than do so, however, Coinlab lobs pejoratives at the Sunlot Proposal and vaguely asserts that it could do a better job if given the chance. The short answer is that Coinlab should simply put its better offer on the table. To the extent Coinlab's offer consists of a statement that it would be willing to hunt down the missing bitcoins (Statement, 8-9)—something it supposedly has been doing for several months without any hint of success—or share its supposed expertise with the trustee (Objections B-4), it should present such a proposal and explain in concrete terms how it is better for creditors than a restarted exchange, the emergence of which benefits every bitcoin holder, trader, and creditor by presenting the prospect of full or near full compensation and through its strengthening and stabilizing effects on the price of bitcoin more generally.

- *Additional Arguments*

2.  Coinlab presents a scattershot of other supposed issues, none of which has merit or can be adequately addressed in the time constraints posed by its eleventh-hour filing (Friday afternoon of a Holiday weekend with the status conference set for Tuesday morning). For example, it is incorrect that venue, if not found to be supported by assets in Dallas, would exist in the Western District of Washington because that is where the "first-filed" litigation is pending. In reality the rules say nothing about first-filed litigation. Any releases contemplated, third party or otherwise (none of which release Coinlab's claims)[2], will be vetted by Judge Finerman, Mr. Kobayashi and the Japanese court. Any intellectual property rights of Coinlab or others, if they

---

[2] The release contained in the proposed settlement agreement only extends to settlement class member claims—it does nothing to release or compromise Coinlab's claims in its separate lawsuit in any way.

14927848.2

8

exist, will be dealt with in the Japanese proceeding or, if necessary, by this Court when presented with a request by Mr. Kobashi. And Coinlab's comments about entitlement to documents from prosecutors is wishful thinking. It suffices to say that the Class Representatives stand willing and able to address any concern raised by Coinlab or this Court at the appropriate time.

3. It should further be pointed out that although Coinlab called one of the Class Representative's attorneys the day prior to filing, Coinlab to date has not agreed to engage in any meaningful dialogue with the Class Representatives' counsel that could avoid such misstatements and misunderstandings.

4. In sum, Coinlab mischaracterizes the Sunlot Proposal as being unfair and basis its arguments on pure speculation. Instead of complaining to this Court, Coinlab should present a superior Coinlab proposal to Mr. Kobyashi and the Japanese court. Provisional relief is currently in place. The status quo should be maintained pending review by Mr. Kobayashi of the Sunlot Proposal, or, potentially other proposals from Coinlab or other parties. Mr. Kobayashi has not presented any request to this Court to implement any proposal or other order of the Japanese court, and may never do so. The time for this Court to review the Sunlot Proposal, or another proposal, is when it is presented to this Court by Mr.Kobayashi—not now.  Given that Coinlab may not even be a creditor of Mt. Gox and the fact that Coinlab may be a competitor of any entity that acquires the Mt. Gox business, Coinlab's arguments are premature.

Dated: May 24,  2014            By:    /s/ Robin E. Phelan
                                        One of Plaintiff's Attorneys

                                        Robin E. Phelan, TBN 15903000
                                        Stephen Manz, TBN 24070211
                                        HAYNES AND BOONE LLP
                                        2323 Victory Avenue, Suite 700
                                        Dallas, Texas 75219
                                        Telephone: (214) 651-5612
                                        Facsimile: (214) 200-0649
                                        Robin.phelan@haynesboone.com

-and-

Steven L. Woodrow (admitted *pro hac vice*)
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 357-4878
Facsimile:(303) 446-9111
swoodrow@edelson.com

-and-

Jay Edelson (admitted *pro hac vice*)
Alicia Hwang (admitted *pro hac vice*)
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

-and-

Scott B. Kitei (admitted *pro hac vice*)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-8000
skitei@honigman.com

ATTORNEYS FOR GREGORY GREENE
AND JOSEPH LACK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 24, 2014 a true and correct copy of the foregoing document was served (i) upon all parties on the attached Service List via e-mail (if available as indicated thereon), and (ii) via e-mail upon the parties that receive electronic notice in this case pursuant to the Court's ECF filing system:

*/s/ Robin E. Phelan*
Robin E. Phelan

14927848.2

10

## SERVICE LIST

David W. Parham
John Mitchell
Baker & McKenzie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
*via email: david.parham@bakermckenzie.com*
*via email: john.mitchell@bakermckenzie.com*

Erin E. Broderick
Baker & McKenzie LLP
300 East Randolph Drive, Suite 500
Chicago, IL 60602
*via email: erin.broderick@bakermckenzie.com*

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
*via email: ustpregion06.da.ecf@usdoj.gov*

Christopher L. Dore
Edelson PC
350 North LaSalle St., Suite 1300
Chicago, IL 60654
*via email: cdore@edelson.com*

Edgar Sargent
Susman Godfrey LLP
1201 3rd Avenue, Suite 3800
Seattle, WA 98101-3087
*via email: esargent@susmangodfrey.com*

Jean-Denis Marx
Baker & McKenzie (Gaikokuho Joint Ent.)
Ark Hills Sengokuyama Mori Tower 28th Fl
1-9-10 Roppongi
Tokyo 106-0032 Japan
*via email: jean-denis.marx@bakermckenzie.com*

John M. Murphy
Baker & McKenzie LLP
300 East Randolph, Suite 5000
Chicago, IL 60601
*via email: john.murphy@bakermckenzie.com*

Josephine Garrett
Josephine Garrett, P.C.
3119 West 5th Street
Fort Worth, TX 76107
*via email: filing@jgarrettlaw.com*

Mark Karpeles
6-28-3302, Aobadai 3-chome, Meguro-ku
Tokyo, Japan
*via first class mail*

Megan Lindsey
Edelson PC
999 West 18th St., Suite 3000
Denver, CO 80202
*via email: mlindsey@edelson.com*

MtGox, Co. Ltd. a/k/a MtGox KK
11-5, Shibuya 2-chome, Shibuya-ku
Tokyo, Japan
*via first class mail*

Roger M. Townsend
Breskin Johnson & Townsend PLLC
1111 Third Avenue, Suite 2230
Seattle, WA 98101
*via email: rtownsend@bjtlegal.com*

Rosa A. Shirley
Baker & McKenzie LLP
2001 Ross Avenue, Suite 2300
Dallas, TX 75201
*via email: rosa.shirley@bakermckenzie.com*

The Honorable Jeh Johnson
Secretary of Homeland Security
Department of Homeland Security
Washington, DC 20528
*via first class mail*

G. Larry Engel
Vincent J. Novak
Kristin A. Hiensch
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2383
*via email: LEngel@mofo.com*
*via email: VNovak@mofo.com*
*via email: KHiensch@mofo.com*

Barry C. Barnett
Susman Godfrey L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
*via email: bbarnett@SusmanGodfrey.com*

Marcus A. Helt
Thomas Scannell
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201
*via email: mhelt@gardere.com*
*via email: tscannell@gardere.com*

David J. Molton
Daniel J. Saval
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
*via email: dmolton@brownrudnick.com*
*via email: dsaval@brownrudnick.com*

John D. Penn
Perkins Coie LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201
*Via email: jpenn@perkinscoie.com*