

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 7, 2014**

_____
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>MtGox Co., Ltd. (a/k/a MtGox KK),<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-31229-sgj-15 |

### JOINT [PROPOSED] STIPULATION AND ORDER BETWEEN
### THE FOREIGN REPRESENTATIVE OF MTGOX CO., LTD. AND COINLAB, INC.

CoinLab, Inc. ("CoinLab"), an asserted creditor of MtGox Co., Ltd. (a/k/a MtGox KK) (the "Debtor") and an asserted holder of various intellectual property and other rights, licenses, and defenses with respect to the Debtor, and Nobuaki Kobayashi, in his capacity as the bankruptcy trustee and foreign representative (the "Foreign Representative") of the Debtor in a foreign proceeding, hereby file this joint [proposed] stipulation and order (the "Stipulation") by and through their undersigned counsel:

WHEREAS, the Foreign Representative has filed an amended petition seeking recognition of the Debtor's currently pending Japanese bankruptcy proceeding (the "Japan Proceeding") as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and other relief under Chapter 15[1] ("Chapter 15 Recognition" or "Recognition") [Docket Nos. 126, 127 and 128];

WHEREAS, CoinLab has asserted in its Status Conference Statement (the "Status Conference Statement") [Docket No. 129] that it is entitled to sufficient protection of certain of its rights and defenses as an express condition to Chapter 15 Recognition pursuant to sections 1506 and 1522 of the Bankruptcy Code;

WHEREAS, the Foreign Representative, *inter alia*, disputes CoinLab's assertions and positions and also considers the issues raised by CoinLab in its Status Conference Statement to be, *inter alia*, (i) irrelevant to the issue of granting foreign main recognition to the Japan Proceeding under Chapter 15, (ii) premature and (iii) improperly raised in this Court;

WHEREAS, CoinLab remains concerned about possible prejudice it may suffer under various scenarios, including as a result of potential problems relating to the Debtor's affiliates, competing buyers of the Debtor's assets, and others; and

WHEREAS, the Foreign Representative and CoinLab have met and conferred, as suggested by the Court, and have agreed to a reservation of rights and defenses with respect to the foregoing issues, including those raised by CoinLab in its Status Conference Statement.

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

Without waiver of any future right or defense, CoinLab will not (a) object to the granting of Chapter 15 Recognition or the related relief presently and expressly sought by the Foreign

---

[1] References herein to the "Bankruptcy Code" are to Title 11 of the United States Code, as amended. Statutory references herein are to sections of the Bankruptcy Code unless otherwise stated.

Representative in his Amended Verified Petition for Recognition and Chapter 15 Relief [Docket No. 126] (but CoinLab may seek relief to accomplish the same result provided by this Stipulation – i.e., a reservation of rights and defenses – so long as such relief is consistent with the terms of this Stipulation in all respects), or (b) assert that venue of this Chapter 15 case is improper in this Court, except defensively as reserved in paragraph 2(a)(iii) below, in exchange for the reservation of its rights and defenses as set forth herein.  Such reservation of rights and defenses shall be included in an amended proposed order granting Chapter 15 Recognition (the "Recognition Order").

1. Specifically, the parties stipulate that, if granted, the Recognition Order will contain substantially the following language:
    a. *Any and all claims, rights and defenses that CoinLab, Inc. ("CoinLab") possesses prior to entry of this Order, whether under the Bankruptcy Code, or as otherwise asserted in its status conference statement (the "Status Conference Statement") [Docket No. 129], are fully reserved after entry of this Order in accordance with the terms of this Order, including but not limited to CoinLab's right or defense to:*
        i. *oppose any sales of assets or settlements of or involving assets of the Debtor that purport to be free and clear of CoinLab's asserted claims, intellectual property licenses, rights or defenses;*
        ii. *take any action CoinLab deems appropriate to defend any of its asserted claims, rights or defenses in the Japan Proceeding or in this Chapter 15 case in accordance with applicable law or against any person or entity besides the Debtor and the Foreign Representative; and*
        iii. *file a motion seeking to transfer venue of this Chapter 15 case to a venue that CoinLab believes is preferable or appropriate, in the event that another party files such a motion or if a challenge to venue is*

3

> brought before the Court by another party or on the Court's own motion (but CoinLab shall not otherwise raise a challenge to venue in this Chapter 15 case).
>
> b. *The reservation of rights and defenses as set forth herein shall not prejudice CoinLab's ability to assert such rights or defenses in the future if such disputed issues become ripe for consideration by this Court, provided that nothing in this Order shall be construed as granting CoinLab any rights, claims or defenses that it did not possess prior to entry of this Order.*
>
> c. *Notwithstanding anything to the contrary set forth in subparagraphs (a) and (b) above, except that CoinLab shall suffer no prejudice or adverse effect from its agreement to reserve rights and defenses with respect to issues either raised in the Status Conference Statement or not presently before the Court in reliance on this Stipulation, nothing herein shall be, nor shall be deemed to be, (i) a modification or impairment in any respect of (a) the effects of Chapter 15 Recognition under the Bankruptcy Code or other applicable law, (b) the rights of the Foreign Representative upon Chapter 15 Recognition, or (c) the other relief granted pursuant to this Order, or (ii) a waiver of any rights, claims or defenses of the Foreign Representative or CoinLab, including, without limitation,(x) the Foreign Representative's right to subsequently seek any relief, or dispute and oppose any relief subsequently sought by CoinLab, in this Chapter 15 case, in the Japan Proceeding or otherwise, or (y) CoinLab's right to respond thereto or otherwise to dispute and oppose any relief subsequently sought by the Foreign Representative in this Chapter 15 case, in the Japan Proceeding or otherwise.*

2. If the Court does not approve the above or substantially similar language in the Recognition Order, the Foreign Representative agrees not to take a position contrary

4

in substance to the provisions set forth in paragraphs 2(a) and (b) of this Stipulation in this Chapter 15 case or otherwise, subject to paragraph 2(c) of this Stipulation.

3. The Foreign Representative agrees to provide CoinLab with copies of any responses, whether formal or informal, to discovery served in this Chapter 15 case by the plaintiffs in the class action proceeding currently pending against the Debtor in the United States District Court for the Northern District of Illinois or other parties in interest.  The Foreign Representative further agrees that, subject to the terms of this Stipulation and any other conditions applicable to such discovery (including any confidentiality restrictions, which CoinLab may contest, including by its own duplicate discovery), CoinLab may rely on and use any information provided in such discovery as if CoinLab had served the discovery request itself.

4. Counsel for CoinLab and the Foreign Representative hereby represent and warrant that the signatories hereto have full authority to execute this Stipulation on behalf of their respective clients and that such clients have full knowledge of and have consented to this Stipulation.

5. This Stipulation is the entire agreement that the parties have on this matter, and each party reserves all of its other rights, claims and defenses.

###END OF ORDER###

Agreed to and submitted by:

By:  */s/ Daniel J. Saval*

David J. Molton (admitted *pro hac vice*)
Daniel J. Saval (admitted *pro hac vice*)
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  dsaval@brownrudnick.com

- and -

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
Email:  mhelt@gardere.com
Email:  tscannell@gardere.com

*Counsel for Nobuaki Kobayashi, in his capacity as the Bankruptcy Trustee and Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

By:  */s/ G. Larry Engel*

G. Larry Engel (admitted *pro hac vice*)
Vincent J. Novak (admitted *pro hac vice*)
Kristin A. Hiensch (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
Email:  LEngel@mofo.com;
Email:  VNovak@mofo.com;
Email:  KHiensch@mofo.com

- and -

Barry C. Barnett (TX 01778700)
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone:  (214) 754-1903
Facsimile:  (214) 754-1933
Email:  bbarnett@SusmanGodfrey.com

*Counsel for CoinLab, Inc.*