David J. Molton (admitted *pro hac vice*)
Daniel J. Saval (admitted *pro hac vice*)
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  dsaval@brownrudnick.com

-and-

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
Email:  mhelt@gardere.com
Email:  tscannell@gardere.com

*Counsel for Nobuaki Kobayashi, in his capacity*
*as the Bankruptcy Trustee and Foreign Representative*
*of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), | Case No. 14-31229-sgj-15 |
| Debtor in a Foreign Proceeding. | |

**FOREIGN REPRESENTATIVE'S
(I) STATEMENT REGARDING RESPONSES TO
AMENDED VERIFIED PETITION FOR RECOGNITION AND
CHAPTER 15 RELIEF, (II) REPLY TO INFORMAL OBJECTION
AND (III) NOTICE OF FILING OF REVISED ORDER RECOGNIZING
FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF**

Nobuaki Kobayashi (the "Foreign Representative"), in his capacity as the bankruptcy trustee and foreign representative of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor"), a debtor in a bankruptcy proceeding under Japanese law (the "Japan Proceeding"), currently pending before the Twentieth Civil Division of the Tokyo District Court in Japan (the "Tokyo Court"), by and through his United States attorneys, Brown Rudnick LLP and Gardere Wynne Sewell LLP, respectfully states as follows:

1.     On May 23, 2014, the Foreign Representative filed his *Amended Verified Petition for Recognition and Chapter 15 Relief* (the "Recognition Petition") and related papers [Docket Nos. 126, 127 and 128].  Pursuant to the *Order Granting Approval of Amended Recognition Hearing Notice Procedures* [Docket No. 124], the deadline for the filing of objections and responses to the Recognition Petition was set for June 6, 2014 at 4:00 p.m. (prevailing Central time).

2.     No party has filed with the Court a formal objection to the Recognition Petition. Notably, the Foreign Representative has entered into stipulations with CoinLab, Inc. and the putative class action plaintiffs, pursuant to which those parties agreed not to object to the relief requested in the Recognition Petition, including recognition of the Japan Proceeding as a foreign main proceeding pursuant to Chapter 15 of the Bankruptcy Code.  See *Joint Stipulation and Order Between The Foreign Representative of MtGox Co., Ltd. and Coinlab*, Inc. [Docket No. 147] and *Joint [Proposed] Stipulation and Order Between the Greene Plaintiffs and the Foreign Representative of MtGox Co., Ltd.* [Docket No. 146].  In addition, ePub Bud, LLC, which represents that it is one of the largest depositors in the MtGox exchange, filed a statement in support of recognition.  See *ePub Bud, LLC's Statement in Support of Recognition* [Docket No. 141].

3.    The Foreign Representative did receive one e-mail from a purported MtGox creditor, Andrew Quent, setting forth an objection to recognition of the Japan Proceeding (the "Quent Objection").  The U.S. Trustee submitted the Quent Objection to the Court for filing on May 29, 2014 [Docket No. 138].  The Quent Objection contends that recognition should be denied because the Debtor purportedly did not provide legally sufficient notice of certain matters before the Tokyo Court in February, March and April 2014, prior to the commencement of the Japan Proceeding.   The Quent Objection does not set forth a valid basis for denial of recognition under Chapter 15.  To the extent the Court considers the Quent Objection, it should be overruled.

4.    First, the Quent Objection does not assert that any of the requirements for recognition of the Japan Proceeding as a foreign main proceeding, as set forth in section 1517 of the Bankruptcy Code, are lacking.  Thus, the issues raised in the Quent Objection do not provide a basis for denial of recognition.  See H.R. Rep. No. 109-31(I), at 113 (2005), reprinted in 2005 U.S.C.C.A.N. 88 ("The decision to grant recognition [under Chapter 15] is not dependent upon any finding about the nature of the foreign proceedings of the sort previously mandated by section 304(c) of the Bankruptcy Code.  The requirements of [section 1517 of the Bankruptcy Code] . . . are all that must be fulfilled to attain recognition.").

5.    Second, the Quent Objection is misplaced in any event, because it raises issues regarding the conduct of the Debtor's civil rehabilitation proceeding (which was dismissed on April 16, 2014) and the purported failures of the Debtor's former foreign representative, Mark Karpeles, in connection with those proceedings.  The Amended Recognition Petition seeks recognition of the Japan Proceeding (not the prior civil rehabilitation proceeding), for which Mr. Kobayashi (and not Mr. Karpeles) is the Foreign Representative.

6.      Third, the Quent Objection incorrectly asserts that creditors were entitled, under Japanese law, to notice of the matters referenced in the objection.  The Civil Rehabilitation Act of Japan specifies the matters in connection with civil rehabilitation proceedings for which creditors must receive notice.  Prior to the commencement of the Japan Proceeding, there was no event that required such notice.[1]  Moreover, the "hearings" referenced in the Quent Objection were in fact meetings among the Judges of the Tokyo Court, the Debtor and the Debtor's supervisor, during which the Debtor reported its status to the Court and the supervisor.[2]

7.      The Foreign Representative has also received several e-mails from parties informally responding to the Recognition Petition, which are attached hereto as **Exhibit C**. Although these responses do not raise issues regarding the relief requested in the Recognition Petition, the Foreign Representative is submitting them to the Court in the interests of full disclosure.

8.      The Foreign Representative respectfully requests that the Court grant the relief requested in the Recognition Petition at the June 17 hearing.

---

[1]  The key matters in connection with a civil rehabilitation proceeding that require notice are (i) the issuance of an order for the commencement of the civil rehabilitation proceeding (Civil Rehabilitation Act, Art. 35) and (ii) the court's entry of an order referring a proposed rehabilitation plan to a resolution (Civil Rehabilitation Act, Art. 169).  English translations of the referenced articles of the Civil Rehabilitation Act are attached hereto as **Exhibit A**.  The Foreign Representative provided notice to customers, by electronic mail sent on or about May 21, 2014, of the commencement of the Japan Proceeding.  A true and accurate copy of such notice is attached hereto as **Exhibit B**.

[2]  Although the Quent Objection does not invoke section 1506 of the Bankruptcy Code, the Foreign Representative notes that differences in procedures between insolvency proceedings in Japan and those in the United States do not trigger the public policy exception of section 1506.  See Lavie v. Ran (In re Ran), 607 F.3d 1017, 1021 (5th Cir. 2010) ("the exception is intended to be invoked only under exceptional circumstances concerning matters of fundamental importance for the United States"); Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.), 714 F.3d 127, 140 (2d Cir. 2013) (holding that the confidential nature of British Virgin Islands insolvency proceedings does not offend U.S. public policy); In re Ephedra Products Liability Litigation, 349 B.R. 333, 337 (S.D.N.Y. 2006) (public policy exception did not bar recognition and enforcement of Canadian claims resolution procedure in the United States that deprived claimants of the constitutional right to a jury trial they would have in a U.S. proceeding); see also Memorandum of Law in Support of Amended Petition for Recognition and Chapter 15 Relief [Docket No. 128] ¶ 29 (citing numerous Japanese insolvency proceedings that have been recognized under Chapter 15).

4

9.      Attached hereto as **Exhibit D** is a revised form of the *Order Recognizing Foreign Main Proceeding and Granting Related Relief* (the "<u>Proposed Order</u>").  A blackline copy of the Proposed Order, showing changes to the prior version of the Proposed Order filed on May 23, 2014 [Docket No. 126, Exhibit E], is also attached as **Exhibit D**.  The Foreign Representative will request at the June 17 hearing that the Court enter the Proposed Order.

Dated:  June 13, 2014                             Respectfully submitted,
        Dallas, Texas

                                                  **GARDERE WYNNE SEWELL LLP**

                                                  /s/ *Marcus A. Helt*
                                                  Marcus A. Helt (TX 24052187)
                                                  Thomas Scannell (TX 24070559)
                                                  1601 Elm Street, Suite 3000
                                                  Dallas, Texas 75201-4761
                                                  Telephone:  (214) 999-3000
                                                  Facsimile:  (214) 999-4667
                                                  Email:  mhelt@gardere.com
                                                  Email:  tscannell@gardere.com

                                                  - and -

                                                  **BROWN RUDNICK LLP**
                                                  David J. Molton (admitted *pro hac vice*)
                                                  Daniel J. Saval (admitted *pro hac vice*)
                                                  Seven Times Square
                                                  New York, New York 10036
                                                  Telephone: (212) 209-4800
                                                  Facsimile:  (212) 209-4801
                                                  Email:  dmolton@brownrudnick.com
                                                  Email:  dsaval@brownrudnick.com

                                                  *Counsel for Nobuaki Kobayashi, in his capacity*
                                                  *as the Bankruptcy Trustee and Foreign*
                                                  *Representative of MtGox Co., Ltd., a/k/a MtGox KK*

# EXHIBIT A

**English Translation of Relevant Articles**
**of the Japan Civil Rehabilitation Act Concerning Notice**

**Article 35 (Public Notice of Commencement of Rehabilitation Proceedings, etc.)**

(1) The court, when it has made an order of commencement of rehabilitation proceedings, shall immediately make a public notice of the following matters; provided, however, that when there is no bond administrator, etc. prescribed in Article 169-2(1), a public notice of the matter set forth in item (iii) shall not be required:

(i)     The main text of the order of commencement of rehabilitation proceedings;

(ii)    The periods specified pursuant to the provision of paragraph (1) of the preceding Article;

(iii)   The statement to the effect that where there is any bond administrator, etc. prescribed in Article 169-2(1) with regard to company bonds, etc. prescribed in Article 169-2(1) issued by the rehabilitation debtor, rehabilitation creditors may not exercise their voting rights based on such company bonds, etc. except in any of the cases listed in the items of said paragraph (excluding the case set forth in paragraph (3) of said Article).

(2) When an order set forth in paragraph (2) of the preceding Article is made, the court, in addition to the matters listed in the items of the preceding paragraph, shall make a public notice to the effect that it will not give a notice to rehabilitation creditors under the provisions of item (i) of the following paragraph, as applied mutatis mutandis pursuant to the main clause of paragraph (5), and the provision of the main clause of Article 37, and also will not summon holders of filed rehabilitation claims prescribed in Article 102(1) on the date of a creditors meeting (excluding one aimed for adopting a resolution on a proposed rehabilitation plan).

(3) The following persons shall be given a notice of the matters of which a public notice shall be made pursuant to the provisions of the preceding two paragraphs:

(i)     The rehabilitation debtor, and known rehabilitation creditors;

(ii)    A supervisor, trustee or provisional administrator in cases where a disposition is made under the provisions of Article 54(1), Article 64(1) or the first sentence of Article 79(1), respectively.

(4) Notwithstanding the provision of the preceding paragraph, when it is obvious that the rehabilitation debtor is unable to pay his/her debts in full with his/her property with regard to claims that take preference over consensually-subordinated rehabilitation claims (meaning a claim for which the rehabilitation creditor and the rehabilitation debtor, prior to the commencement of rehabilitation proceedings, reach an agreement to the effect that if bankruptcy proceedings are commenced against the rehabilitation debtor, the claim shall be subordinated to a subordinate bankruptcy claim prescribed in Article 99(1) of the

Bankruptcy Act (Act No. 75 of 2004) in the order of priority for receiving a liquidating distribution in the bankruptcy proceedings; the same shall apply hereinafter), the notice under the provision of the preceding paragraph shall not be required to be given to the holders of such consensually-subordinated rehabilitation claims if they are known.

(5) The provisions of paragraph (1)(ii), paragraph (3)(i) and the preceding paragraph shall apply mutatis mutandis where there is a change to the period during which proofs of rehabilitation claims should be filed as specified pursuant to the provision of paragraph (1) of the preceding Article; provided, however, that when an order set forth in paragraph (2) of said Article is made, the notice shall not be required to be given to known rehabilitation creditors.

## Article 169 (Order to Refer to Resolution)

(1) Where a proposed rehabilitation plan is submitted, the court shall make an order to refer the proposed rehabilitation plan to a resolution, except in any of the cases listed in the following items:

    (i)      Where the general period for investigation has not yet expired;

    (ii)     Where no report is made by the rehabilitation debtor, etc. at a meeting for reporting the status of property or no written report set forth in Article 125(1) is submitted;

    (iii)    Where the court finds that the proposed rehabilitation plan satisfies any of the requirements listed in the items of Article 174(2) (excluding item (iii));

    (iv)    Where the court discontinues rehabilitation proceedings pursuant to the provision of Article 191(ii).

(2) The court, when making an order to refer to a resolution set forth in the preceding paragraph, shall specify a method available to rehabilitation creditors who may exercise voting rights (hereinafter referred to as "voting right holders") for exercising their voting rights, and set a time limit for giving a notice to the court in the case of diverse exercise of a voting right under the provision of Article 172(2) (including cases where applied mutatis mutandis pursuant to paragraph (3) of said Article). In this case, any of the following methods shall be designated as the method for exercising a voting right:

    (i)      The method of exercising a voting right on the date of a creditors meeting;

    (ii)     The method of exercising a voting right by voting by document, etc. (meaning voting by document or any other means specified by the Rules of the Supreme Court) within a period specified by the court;

    (iii)    The method of exercising a voting right by either of the methods listed in the preceding two items as chosen by voting right holders. In this case, the last day of the period set forth in the preceding item shall precede the date of a creditors meeting set forth in item (i).

(3) The court, when it has made an order to refer to a resolution set forth in paragraph (1), shall make a public notice of the time limit prescribed in the first sentence of the preceding paragraph and give a notice of said time limit and the contents of the proposed rehabilitation plan or the gist thereof to the persons prescribed in the main clause of Article 115(1) (excluding those prescribed in paragraph (2) of said Article).

(4) The court, when it has designated either of the methods set forth in paragraph (2)(ii) or (iii) as the method for exercising a voting right, shall make a public notice to that effect, and shall give a notice to voting right holders that voting by document, etc. prescribed in item (ii) of said paragraph shall be allowed only within a period specified by the court.

(5) Where the court has designated the method set forth in paragraph (2)(ii) as the method for exercising a voting right, if a person who may file a petition set forth in the first sentence of Article 114 has filed, within the period set forth in the preceding paragraph, a petition for convocation of a creditors meeting aimed for adopting a resolution on a proposed rehabilitation plan, the court shall rescind the designation of the method for exercising a voting right, and designate the method set forth in paragraph (2)(i) or (iii) instead.

# EXHIBIT B

**Beiswenger, Jacob T.**

| | |
|---|---|
| **From:** | MtGox Bankruptcy Trustee <mtgox_trustee@noandt.com> |
| **Sent:** | Wednesday, May 21, 2014 12:55 AM |
| **To:** | MtGox Bankruptcy Trustee |
| **Subject:** | Announcement of Commencement of Bankruptcy Proceedings |
| **Attachments:** | Announcement of Commencement of Bankruptcy Proceedings_05212014.pdf |

関係人各位

株式会社MTGOX（以下「MTGOX」といいます。）につき、平成26年4月24日午後5時00分、東京地方裁判所より破産手続開始決定がなされ、当職が破産管財人に選任されました（東京地方裁判所平成26年（フ）第3830号）。
今後、破産管財人において、MTGOXの財産管理換価、債権調査等の破産手続を遂行していきます。
つきましては、関係者に対する情報提供を目的として、破産手続に関する基本的事項を添付のとおりお知らせいたしますので、ご確認ください。

なお、このメールアドレス（mtgox_trustee@noandt.com）は破産管財人からの送信専用であり、貴殿が本メールアドレス宛の返信等をされても内容確認及び回答などの対応はできません。
破産手続の進行等については、ウェブサイト（http://www.mtgox.com/）で情報提供をする予定ですので、当該ウェブサイトをご確認ください。
宜しくお願いいたします。

破産者株式会社MTGOX 破産管財人弁護士小林信明

To whom it may concern,

At 5:00 p.m. on April 24, 2014, the Tokyo District Court granted the order for the commencement of the bankruptcy proceedings vis-à-vis MtGox Co., Ltd. ("MtGox"), and based upon such order, I was appointed as the bankruptcy trustee (Tokyo District Court 2014 (fu) no. 3830).
The bankruptcy trustee will implement the bankruptcy proceedings, including the administration and realization of the assets and investigation of the claims.
For the purpose of providing information to the related parties, we hereby inform you of the basic matters regarding the bankruptcy proceedings as attached.

This email address（mtgox_trustee@noandt.com） is used only for the purpose of sending messages, and we are unable to check and respond to any replies to this email address.
Since we plan to provide the information regarding the bankruptcy proceedings by posting it on the website hosted by the bankruptcy trustee ( http://www.mtgox.com/ ), please check this website.

Bankrupt MtGox Co., Ltd. Bankruptcy trustee Attorney-at-law Nobuaki Kobayashi

平成 26 年 5 月 21 日

関係人各位

<h1 style="text-align:center">破産手続開始のご連絡</h1>

破　産　者　株式会社 MTGOX

破産管財人　弁護士　小　林　信　明

| | | |
|---|---|---|
| 事件番号 | ： | 東京地方裁判所平成 26 年（フ）第 3830 号 |
| 本店所在地 | ： | 東京都渋谷区渋谷二丁目 11 番 5 号 |
| 破産者 | ： | 株式会社 MTGOX |
| | | 代表者代表取締役　カルプレス・マルク・マリ・ロベート |

1　破産手続開始のご連絡
　　上記の者に対し、破産手続開始決定がされましたので、以下のとおりご連絡します。

(1) 破産手続開始決定日時　　平成 26 年 4 月 24 日午後 5 時

(2) 破　産　管　財　人　　弁護士　小　林　信　明
　　東京都渋谷区渋谷二丁目 11 番 5 号
　　株式会社 MTGOX 破産管財人室
　　電話　03-4588-3921

(3) 破 産 債 権 届 出 期 間　　平成 26 年 11 月 28 日まで

(4) 財産状況報告集会の日時及び場所
　　平成 26 年 7 月 23 日午後 1 時 30 分
　　東京地方裁判所債権者等集会場 1 （家簡地裁合同庁舎 5 階）

(5) 債 権 調 査 期 日　　平成 27 年 2 月 25 日午前 10 時

(6) ①破産者に対して債務を負担している者は、破産者に弁済してはなりません。
　　②破産者の財産を所持している者は、破産者にその財産を交付してはなりません。

2　補足説明

　　上記 1 の連絡事項に関し、以下のとおり補足して説明します。

(1) 破産管財人は、公正中立の立場において、財産の管理・換価、債
　　権調査、配当原資を確保することができた場合の破産配当などの、
　　破産手続を遂行する者です。破産者の財産の管理処分権限は、破
　　産管財人に専属します。本件では、東京地方裁判所により、当職
　　が株式会社 MTGOX の破産管財人に選任されました。

(2) 上記 1(3)の債権届出の書式等は、追って、破産管財人主催のウェ
　　ブサイト (http://www.mtgox.com/) で開示する予定です。なお、
　　債権届出の書式等の配布までに一定の期間を要することが予想さ
　　れます。もし各債権者が自ら作成した書式で届出を行うと、法律
　　に所定の必要事項の記載を欠いたり、記載内容の解釈に齟齬を生
　　じたりして、混乱を生じるおそれがあります。そして、本件では
　　債権者数が膨大であるため、多くの債権者につきそのような混乱
　　が生じると、破産手続の進行は大きく遅延し、債権者の皆様の利
　　益を害するおそれがあります。是非、上述の情報提供をお待ち頂
　　きますよう、お願い致します。

(3)上記 1(4)の財産状況報告集会への出席は、債権者の義務ではなく、
　　債権者は、債権者集会の欠席によって破産配当を受けられなくな
　　るわけではありません。破産管財人が債権者集会で報告した内容
　　はウェブサイト(http://www.mtgox.com/)にも掲載する予定です。

(4) 破産手続の進行等に関する問合せ先は、下記破産管財人室ですが、
　　ウェブサイト (http://www.mtgox.com/) でも情報提供をする予定
　　です。破産管財人室への問合せは、債権者多数のため電話が繋が
　　りにくいこと等が想定されますので、まずは上述ウェブサイトを
　　ご確認ください。

| 株式会社 MTGOX　破産管財人室 |
| --- |
| 東京都渋谷区二丁目 11 番 5 号 |
| TEL：03-4588-3921　http://www.mtgox.com/ |

【注意事項】

この文書は、破産管財人が、破産者に関する破産手続の開始を、破産者
がメールアドレスを認識する方でかつ破産債権を有する可能性のある
方に対し、情報提供するために作成されたものです。この文書を受信し
たことで、破産債権者であることや破産配当等に参加することが当然に
認められるものではありません。破産手続に参加し破産配当を受けるた
めには、別途、破産法に定める債権届出を行った後、債権調査を受ける
必要があり、破産法に定める債権調査において債権の存在が認められな
いことがあります。破産管財人は、この文書の送信により、何人に対し
てもいかなる法的責任も負うものではありません。

May 21, 2014

To whom it may concern,

## Announcement of Commencement of Bankruptcy Proceedings

Bankrupt Entity MtGox Co., Ltd.

Bankruptcy Trustee Attorney-at-law Nobuaki Kobayashi

| Case Number: | Tokyo District Court 2014 (fu) no. 3830 |
| Address of Headquarters: | Shibuya 2-11-5, Shibuya-ku, Tokyo |
| Bankrupt Entity: | MtGox Co., Ltd. |
| | Representative Director |
| | Robert Marie Mark Karpeles |

1   Announcement of Commencement of Bankruptcy Proceedings
Since an order of commencement of bankruptcy proceedings for the above
entity has been issued, we hereby inform you as follows:

(1) Date and time of the order of commencement of the bankruptcy
proceedings
April 24, 2014, 5:00 p.m.

(2) Bankruptcy trustee
Attorney-at-law Nobuaki Kobayashi
Shibuya 2-11-5, Shibuya-ku, Tokyo
MtGox Co., Ltd. bankruptcy trustee office
Tel      +81-3-4588-3922

(3) Period for filing proofs of bankruptcy claims
By November 28, 2014

(4) Date and place of creditors' meeting for reporting on the status of the
assets
July 23, 2014, 1:30 p.m.
Tokyo District Courtroom for Creditors' Meeting No.1
(5F, joint government building for the domestic, summary and district

courts)

(5)   Date and time for investigation of claims
      February 25, 2015, 10:00 a.m.

(6)   (i)  Persons owing debts to the bankrupt entity are not to repay such
           debts to the bankrupt entity.
      (ii) Persons possessing assets of the bankrupt entity are not to deliver
           such assets to the bankrupt entity.

2   Supplemental Explanations
    With respect to the announced matters as set forth in 1 above, we hereby
    provide you with the following supplemental explanations:

(1)   The bankruptcy trustee is the person who will implement the
      bankruptcy proceedings, including the administration and realization
      of the Company's assets and the investigation of the claims and the
      liquidating distribution if funds for distribution are secured, from a
      fair and independent perspective.   The power and authority to
      administer and dispose of the assets of the bankrupt entity is vested
      exclusively in the bankruptcy trustee.   In this case, I was appointed
      as the bankruptcy trustee of MtGox Co., Ltd. by the Tokyo District
      Court.

(2)   The form, etc. for filing proofs of claims as set forth in 1(3) above is
      expected to be disclosed through the website hosted by the bankruptcy
      trustee at a later date.   It is expected to take a certain time before the
      distribution of the form, etc. for filing proofs of claims is made.   If
      each creditor submits the filing document using his/her own form,
      there will likely be confusion, since such documents may lack legally
      required information, or there may arise discrepancies in the
      interpretation of the descriptions in such documents. In addition,
      given that the number of the creditors is large in this case, if such
      confusion occurs in relation to many creditors, the process of the

bankruptcy proceedings would likely be extremely delayed and the interests of the creditors would likely be impaired. We ask for your kind patience until we provide the above stated information.

(3) Creditors are not obligated to attend the creditors' meeting, and the creditors will not be disqualified from the liquidating distribution due to their absence from creditors' meetings.  It is planned that the content of the report at the creditors' meetings will be disclosed on the website ( http://www.mtgox.com/ ).

(4) The office of bankruptcy trustee will receive the inquiries regarding the bankruptcy proceedings, etc., but information will be provided through the website ( http://www.mtgox.com/ ) as well.   It is expected to be difficult to get through to the office of the bankruptcy trustee due to the large number of the creditors; please check the above mentioned website first.

> MtGox Co., Ltd. Office of Bankruptcy Trustee
> Shibuya 2-11-5, Shibuya-ku, Tokyo
> TEL : +81-3-4588-3922   http://www.mtgox.com/

[Note]

This document is prepared by the bankruptcy trustee to provide information regarding the commencement of the bankruptcy proceedings for the bankrupt entity to those whose email addresses are known to the bankrupt entity and who may have bankruptcy claims.   Receipt of this document does not mean that you are certified as a bankruptcy creditor or that you can participate in the bankruptcy distribution.   To participate in the bankruptcy proceedings and to receive the bankruptcy distribution, after separately filing proofs of your claim as provided in the Bankruptcy Act of Japan, investigation thereof is necessary.   It is possible that, on investigation of your claims as provided in the Bankruptcy Act of Japan, your claims may not be approved.   The bankruptcy trustee owes no legal liability to anyone due to the transmission of this document.

# EXHIBIT C

**Hosang, Elizabeth G.**

| | |
|---|---|
| **From:** | Molton, David J. |
| **Sent:** | Monday, June 09, 2014 1:51 PM |
| **To:** | Beiswenger, Jacob T.; Saval, Daniel J. |
| **Subject:** | FW: Mtgox creditor |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**David J. Molton**
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, New York  10036
Direct Telephone:  212.209.4822
Cell:  646.853.5408
Fax:  212.938.2822
dmolton@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail.

CONFIDENTIALITY NOTICE

The information in this communication is PRIVILEGED AND CONFIDENTIAL and intended only for the use of the individual to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  Immediately notify us by return e-mail if you have received this communication in error.  Please delete this communication and any copies thereof.

**From:** Jose Urrutia [mailto:joseurrutia@abogados.com.gt]
**Sent:** Friday, June 06, 2014 2:08 PM
**To:** Molton, David J.
**Subject:** Mtgox creditor

Dear Mr Molton,

I am a Mtgox creditor.
I am not sure what to do by now, regarding the Bankruptcy procedure.
I don´t have any responses or objections to the Amended Recognition Petition.
Would you be so kind to advise if I have to file something?

Thank you,

Jose E Urrutia E
Republic of Guatemala
www.bkconsulting.gt

## Hosang, Elizabeth G.

| | |
|---|---|
| **From:** | Molton, David J. |
| **Sent:** | Monday, June 09, 2014 2:47 PM |
| **To:** | Beiswenger, Jacob T.; Saval, Daniel J. |
| **Subject:** | FW: MT. Gox creditor recognition (Mikhail Dvortsov/username Oratory) |
| **Attachments:** | MtGox.com. Balance as of 3.31.14.htm |

**David J. Molton**
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, New York  10036
Direct Telephone:  212.209.4822
Cell:  646.853.5408
Fax:  212.938.2822
dmolton@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail.

CONFIDENTIALITY NOTICE

The information in this communication is PRIVILEGED AND CONFIDENTIAL and intended only for the use of the individual to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  Immediately notify us by return e-mail if you have received this communication in error.  Please delete this communication and any copies thereof.

**From:** Mikhail Dvortsov [mailto:metafilm@gmail.com]
**Sent:** Thursday, June 05, 2014 5:10 PM
**To:** Molton, David J.
**Subject:** MT. Gox creditor recognition (Mikhail Dvortsov/username █████)

Dear Sir or Madam,

This is in response to Notice Recognition Hearing in

re MtGox Co., Ltd. (a/k/a MtGox KK), Case no. 14-31229-sgj-15

United States Bankruptcy Court for the Northern District of Texas, Dallas Division


Name:      Mikhail Dvortsov Revocable Trust
Account # █████████
Login:  ███████

Address: Mikhail Dvortsov
             415 West 150th Street, Apt. 201
             New York, NY 10031

1

USA

Phone:   1 646 531 1896

I have been a customer/creditor of Mt.Gox since March of 2013. The attached files is the last recording of my account balances at Mt.Gox.

Please, include my file into your records.

Thank you,

Mikhail Dvortsov



## Connected as ████████

[Sign out]

## My wallets:

- BTC: **440.79660445 BTC**
- USD: **$ 150,097.17740**

アカウントをご確認いただくユーザーの皆様への重要なお知らせ
このサイトでご確認いただく残高は、あくまでも、ユーザーの皆様の便宜のために当社が行っているサービスに過ぎません。
このサイトでアカウントの残高をご確認いただくことが、民事再生手続上の再生債権の届出を意味するわけではなく、また、ご確認いただいた残高の全額が民事再生手続における再生債権として認められるとは限りませんのでご注意ください。
民事再生手続における再生債権額は、債権届出及びその後の債権調査手続により確定することとなりますが、債権届出の方法等につきましては、本件での取り扱いをお知らせできる状況になりましたら、当社のホームページへ掲載いたします。

以上

**Important announcement to all users confirming their account**
This balance confirmation service is provided on this site only for the convenience of all users.
Please be aware that confirming the balance on this site does not constitute a filing of
rehabilitation claims under the civil rehabilitation procedure and note that the balance amounts
shown on this site should also not be considered an acknowledgment by MtGox Co., Ltd. of the
amount of any rehabilitation claims of users.
Rehabilitation claims under a civil rehabilitation procedure become confirmed from a filing which
is followed by an investigation procedure. The method for filing claims will be published on this
site as soon as we will be in situation to announce it.

## Press Releases & Announcements:

- 2014-03-28: 調査結果報告書の提出期限伸長のお知らせ / Announcement regarding the extension of the deadline for submission of the examination results report
- 2014-03-26: ビットコインの消失に係る捜査機関への相談に関するお知らせ / Announcement with regard to consultations with investigating authorities on the disappearance of bitcoins
- 2014-03-20: 当社保有ビットコインの残高に関するお知らせ / Announcement regarding the balance of Bitcoin held by the company
- 2014-03-14: 米国連邦破産法第１５章適用の申請に関するお知らせ / Announcement regarding the applicability of US Bankruptcy Code Chapter 15
- 2014-03-08: MTGOX 詐欺メール注意喚起通知 / Spam warning
- 2014-03-04: 包括的禁止命令主文の通知 / Comprehensive Prohibition Order Judgment Announcement
- 2014-03-03: 民事再生手続に関するよくあるご質問に対する回答
- 2014-02-28: 民事再生手続開始の申立てに関するお知らせ / Announcement Regarding An Application For Commencement Of A Prodedure Of Civil Rehabilitation

## Hosang, Elizabeth G.

| | |
|---|---|
| **From:** | Molton, David J. |
| **Sent:** | Monday, June 09, 2014 2:33 PM |
| **To:** | Beiswenger, Jacob T.; Saval, Daniel J. |
| **Subject:** | FW: Notice of recognition hearing for MTgox |
| **Importance:** | High |

**David J. Molton**
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, New York  10036
Direct Telephone:  212.209.4822
Cell:  646.853.5408
Fax:  212.938.2822
dmolton@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail.

CONFIDENTIALITY NOTICE

The information in this communication is PRIVILEGED AND CONFIDENTIAL and intended only for the use of the individual to whom it is addressed.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  Immediately notify us by return e-mail if you have received this communication in error.  Please delete this communication and any copies thereof.

**From:** bola ogunmefun [mailto:b_ogunmefun@hotmail.com]
**Sent:** Friday, June 06, 2014 2:50 AM
**To:** Molton, David J.; Saval, Daniel J.; (mhelt@gardere.com); (tscannell@gardere.com); (lisa.l.lambert@usdoj.gov)
**Cc:** (robin.phelan@haynesboone.com); (stephen.manz@haynesboone.com); (skitei@honigman.com); (jedelson@edelson.com); (swoodrow@edelson.com); (lengel@mofo.com); (vnovak@mofo.com)
**Subject:** Notice of recognition hearing for MTgox
**Importance:** High

To whom it may concern,

I object to Mtgox obtaining bankrauptcy and hence they should be liable for their debts

Regards

Mr. B Ogunmefun

**Hosang, Elizabeth G.**

| | |
|---|---|
| **From:** | Molton, David J. |
| **Sent:** | Monday, June 09, 2014 2:33 PM |
| **To:** | Beiswenger, Jacob T.; Saval, Daniel J. |
| **Subject:** | FW: NOTICE OF RECOGNITION HEARING |

**David J. Molton**
Counselor at Law

Brown Rudnick LLP
Seven Times Square
New York, New York  10036
Direct Telephone:  212.209.4822
Cell:  646.853.5408
Fax:  212.938.2822
dmolton@brownrudnick.com
www.brownrudnick.com

Please consider the environment before printing this e-mail.

CONFIDENTIALITY NOTICE

The information in this communication is PRIVILEGED AND CONFIDENTIAL and intended only for the use of the individual to whom it is addressed.  If you are not
the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  Immediately notify us by
return e-mail if you have received this communication in error.  Please delete this communication and any copies thereof.

**From:** Louis Brown [mailto:brown.louis@gmail.com]
**Sent:** Friday, June 06, 2014 2:58 AM
**To:** Molton, David J.
**Subject:** Re: NOTICE OF RECOGNITION HEARING

I have no objections to the bankruptcy petition.

Sent from my iPad

On 27 May 2014, at 03:49, MtGox Bankruptcy Trustee <mtgox_trustee@noandt.com> wrote:

> Dear MtGox customer,
>
> On May 23, 2014, I, as the bankruptcy trustee and foreign representative of MtGox, Co., Ltd. (a/k/a
> MtGox KK), filed the Amended Verified Petition for Recognition and Chapter 15 Relief [Docket No.
> 126] (the "Amended Recognition Petition") in the United States Bankruptcy Court for the Northern
> District of Texas, Dallas Division.
>
> Please find attached a copy of the Notice of Recognition Hearing, which is scheduled for June 17, 2014 at
> 9:30 a.m.<x-apple-data-detectors://2> (prevailing Central U.S. Time), and will take place before the

Honorable Stacey G.C. Jernigan, at the United States Bankruptcy Court, Northern District of Texas, 14th Floor, 1100 Commerce Street, Dallas, Texas 75252<x-apple-data-detectors://3>.

The attached Notice of Recognition Hearing also sets forth the requirements for filing any responses to the Amended Recognition Petition, which responses must be filed with the court and served on the parties specified in the notice on or before June 6, 2014 at 4:00 p.m.<x-apple-data-detectors://4> (prevailing Central U.S. Time).

Best regards,

MtGox Co., Ltd.
Bankruptcy Trustee Nobuaki Kobayashi

*This email address is used only for the purpose of sending messages, and we are unable to confirm and respond to any replies to this email address.*
*Since we plan to provide the information regarding the bankruptcy proceedings by posting it on the website hosted by the bankruptcy trustee (http://www.mtgox.com/), please check this website.*

<NOTICE OF RECOGNITION HEARING.pdf>

**Hosang, Elizabeth G.**

| | |
|---|---|
| **From:** | Saval, Daniel J. |
| **Sent:** | Thursday, June 12, 2014 11:03 AM |
| **To:** | Hosang, Elizabeth G. |
| **Subject:** | FW: OBJECTION TO NOTICE OF MTGOX HEARING |
| **Attachments:** | MTGOX Counter Performance Claim ███████docx; MTGOX ████████ proof of balance of security interest or bitcoins.docx |

**From:** Beautiful Grace [mailto:bitcoinmasterandlover3@gmail.com]
**Sent:** Monday, June 02, 2014 12:09 AM
**To:** Lisa.L.Lambert@usdoj.gov
**Cc:** Molton, David J.; Saval, Daniel J.; mhelt@gardere.com; tscannell@gardere.com; robin.phelan@haynesboone.com; stephen.manz@haynesboone.com; skitei@honigman.com; jedelson@edelson.com; lengel@mofo.com; vnovak@mofo.com
**Subject:** OBJECTION TO NOTICE OF MTGOX HEARING

This is an objection to Notice of MTGOX Bankruptcy Hearing because my bitcoins has never been MTGOX Bankruptcy Estate for I purchased it in cash and MTGOX has only a PASSIVE right to retain bitcoins in their website.
My bitcoins were part of those 200,000 bitcoins saved in paper wallets.

 I therefore request release of my securities property from MTGOX Bankruptcy Trustee, Attorney-at-law Nobuaki Kobayashi, pursuant to the Bankruptcy Act of Japan Article 64 (2). "Right of Substitutional Segregation," Article 65 (1) "Right for Separate Satisfaction and Article 65 (2), I may also have the right of Separate Satisfaction over the property without going through bankruptcy proceedings. Further, *mutatis mutandis*  under Article 48 (2) applies because I notified the Bankruptcy trustee of Japan upon receipt of notice of commencement.

I request my bitcoins to be transferred immediately without further delay under the laws of Japan and the United States in the amount of  **9.46281578 BTC** and is respectfully requested to be sent to this bitcoin address: ███████████████████████████████████

Attached 2 documents is my letter to MTGOX Bankruptcy Trustee, Attorney-at-law Nobuaki Kobayashi and PROOF of amount of bitcoins in paper wallets withheld by Bankruptcy estate.

Best regards,
Cassie Griffing

May 23, 2014

To MtGox Bankcruptcy Trustee, Attorney-at-law Nobuaki Kobayashi
E-mail address: mtgox_trustee@noandt.com

First, Hi my name is Cassie Griffing and my Mtgox Username is ███████
with Account Number: ███████.

I am claiming my rights under Article 64 (2). "Right of Substitutional
Segregation," and let this document notify you as the bankrupt trustee of this
**counter-performance** pursuant to Article 64, and such Article 64 states that I
may request delivery of the special statutory lien property or bitcoins received by
the bankruptcy trustee as my counter-performance for the payment balance of
**9.46281578 BTC** and is respectfully requested to be **sent to bitcoin address:**
███████.

Further, I claim my Right of Separate Satisfaction pursuant to Article 65 (1) of the
Bankruptcy Act of Japan, wherein, "A right of separate satisfaction may be
exercised without going through bankruptcy proceedings." In addition Article 65
(2) where it states, "Where property that is the subject matter of a security interest
(meaning a special statutory lien, pledge or mortgage; hereinafter the same shall
apply in this paragraph) no longer belongs to the bankruptcy estate due to sale by
private contract by a bankruptcy trustee or for any other reason," and that any
other reason is that I have a special lien on my bitcoins or security interest, and if
the bankrupt entity's (MtGox) obligation to ensure safety protocols and satisfy the
obligation of having the passive right to retain (but not sell) property or bitcoins
until the obligation is discharged and as such, pursuant to Article 65 (2), I may
also have the right of Separate Satisfaction over the property without going
through bankruptcy proceedings.

Moreover, there are Effects of the Acquisition of Rights after Commencement of
Bankruptcy Proceedings under Article 48 (1), "Where a right is acquired after the
commencement of bankruptcy proceedings with respect to property that belongs
to the bankruptcy estate, if it is not by way of the bankrupt's juridical act, such
acquisition of the right may not be asserted as effective in relation to the
bankruptcy proceedings." I just included this in case that Mtgox might try to
claim that my bitcoins that I paid for in cash and security interest that definitely
does not belong to the bankrupt estate but a mere passive right to retain (but not
sell) property or my bitcoins.

Article 48 (2) states, "The provision of paragraph (2) of the preceding Article
shall apply *mutatis mutandis* to the acquisition of a right under the preceding
paragraph that occurs on the date of commencement of bankruptcy proceedings.
And as such *mutatis mutandis* meaning "changing [only] those things which need
to be changed" and that is to "change the notion" that my bitcoins or security

interest belongs to the bankrupt estate and to change possession of my bitcoins from the bankrupt trustee and releasing my bitcoins in the amount of **9.46281578 BTC** to this bitcoin address at: ███████████████████████████████.

Thank you very much for your time and kind consideration on this matter. If you have any questions, please feel free to e-mail me at [Bitcoinmasterandlover3@gmail.com](mailto:Bitcoinmasterandlover3@gmail.com).

Best Regards,

Cassie Lynn Griffing

P.S. (I don't talk legal stuff like this but my friend helped me with this lol ☺ Have a very good day!)

**https://www.mtgox.com/**

**Connected as** ███████.

**My wallets:**

BTC: 9.46281578 BTC
USD: $ 0.66768

アカウントをご確認いただくユーザーの皆様への重要なお知らせ
このサイトでご確認いただく残高は，あくまでも，ユーザーの皆様の便宜
のために当社が行っているサービスに過ぎません。
このサイトでアカウントの残高をご確認いただくことが，破産手続上の破
産債権の届出を意味するわけではなく，また，ご確認いただいた残高の全
額が破産手続における破産債権として認められるとは限りませんのでご注
意ください。
破産手続における破産債権額は，債権届出及びその後の債権調査手続によ
り確定することとなりますが，債権届出の方法等につきましては，本件で
の取り扱いをお知らせできる状況になりましたら，当社のホームページへ
掲載いたします。
以上
Important announcement to all users confirming their account
This balance confirmation service is provided on this site only for the
convenience of all users.
Please be aware that confirming the balance on this site does not constitute a
filing of bankruptcy claims under the bankruptcy procedure and note that the
balance amounts shown on this site should also not be considered an
acknowledgment by the bankruptcy trustee of the amount of any bankruptcy
claims of users.
Bankruptcy claims under a bankruptcy procedure will be fixed through filing of
claims and the investigation procedure. The method for filing claims will be
published on this site as soon as we are in a situation to announce it.

Press Releases & Announcements:

2014-05-23: 米国連邦裁判所における期日の開催に関する通知 / Notice of
Recognition Hearing in the US Bankruptcy Court
2014-05-21: 破産手続開始のご連絡 / Announcement of Commencement of
Bankruptcy Proceedings
2014年5月21日以降、順次、破産管財人より「Announcement of
Commencement of Bankruptcy Proceedings」（破産手続開始決定のお知らせ
）をメール送信しております。
ただし、当該メールは、破産者がメールアドレスを認識する方でかつ破産
債権を有する可能性のある方に対し、情報提供のためにお送りしているも

のです。このメールを受信したことで、破産債権者であることや破産配当
等に参加することが当然に認められるものではありません。破産手続に参
加し破産配当を受けるためには、別途、破産法に定める権利届出を行った
後、債権調査を受ける必要があり、破産法に定める債権調査において債権
の存在が認められないことがあります。破産管財人は、このメールの送信
により、何人に対してもいかなる法的責任も負うものではありません。

Since May 21, 2014, the bankruptcy trustee has sent emails titled "Announcement
of Commencement of Bankruptcy Proceedings" in sequence. However, such
emails are sent for the purpose of providing information regarding the
commencement of the bankruptcy proceedings for the bankrupt entity to those
whose email addresses are known to the bankrupt entity and who may have
bankruptcy claims. Receipt of such email does not mean that you are certified as a
bankruptcy creditor or that you can participate in the bankruptcy distribution. To
participate in the bankruptcy proceedings and to receive the bankruptcy
distribution, after separately filing proofs of your claim as provided in the
Bankruptcy Act of Japan, investigation thereof is necessary. It is possible that, on
investigation of your claims as provided in the Bankruptcy Act of Japan, your
claim may not be approved. The bankruptcy trustee owes no legal liability to
anyone due to the transmission of this document.

2014-04-24(002): 破産手続開始決定書 / Bankruptcy proceedings written
decision

2014-04-24(001): 破産手続開始決定のお知らせ - 基本的なご質問に対する
回答 / Announcement of Commencement of Bankruptcy Proceedings - Answers
to Frequent Asked Questions

2014-04-16(002): 保全管理命令等のお知らせ - 基本的なご質問に対する回
答 / Announcement of the Order for Provisional Administration, etc. - Answers to
Frequent Asked Questions

2014-04-16(001): 民事再生手続開始申立ての棄却、保全管理命令のお知ら
せ / Information regarding the dismissal of the application for commencement of
a civil rehabilitation procedure and the order for provisional administration

2014-03-28: 調査結果報告書の提出期限伸長のお知らせ / Announcement
regarding the extension of the deadline for submission of the examination results
report

2014-03-26: ビットコインの消失に係る捜査機関への相談に関するお知ら
せ / Announcement with regard to consultations with investigating authorities on
the disappearance of bitcoins

2014-03-20: 当社保有ビットコインの残高に関するお知らせ /
Announcement regarding the balance of Bitcoin held by the company

2014-03-14: 米国連邦破産法第１５章適用の申請に関するお知らせ /
Announcement regarding the applicability of US Bankruptcy Code Chapter 15

2014-03-08: MTGOX 詐欺メール注意喚起通知 / Spam warning

2014-03-04: 包括的禁止命令主文の通知 / Comprehensive Prohibition Order
Judgment Announcement

2014-03-03: 民事再生手続に関するよくあるご質問に対する回答
2014-02-28: 民事再生手続開始の申立てに関するお知らせ / Announcement
Regarding An Application For Commencement Of A Prodedure Of Civil
Rehabilitation

# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), | Case No. 14-31229-sgj-15 |
| Debtor in a Foreign Proceeding. | |

**ORDER RECOGNIZING FOREIGN MAIN PROCEEDING**
**AND GRANTING RELATED RELIEF**

Upon the *Amended Verified Petition for Recognition and Chapter 15 Relief* (the
"Amended Recognition Petition") [1] [Dkt. No. 126] filed by Nobuaki Kobayashi (the
"Petitioner"), in his capacity as the bankruptcy trustee and foreign representative of the above-
captioned debtor (the "Debtor"), seeking recognition of the bankruptcy procedure of the Debtor
under Japan's Bankruptcy Act currently pending before the Tokyo District Court, Twentieth
Civil Division (the "Japan Proceeding"), as a "foreign main proceeding" pursuant to section
1517 of title 11 of the United States Code (the "Bankruptcy Code") and related relief under

---

[1] Capitalized terms referred to but not otherwise defined herein shall have the meanings ascribed to them in the
Amended Recognition Petition.

Chapter 15 of the Bankruptcy Code; and upon the hearing on the Amended Recognition Petition

and this Court's review and consideration of the Amended Recognition Petition, the *Declaration*

*of Nobuaki Kobayashi in Support of the Amended Verified Petition for Recognition and Chapter*

*15 Relief* [Dkt. No. 127], and the *Memorandum of Law in Support of Amended Petition for*

*Recognition and Chapter 15 Relief* [Dkt. No. 128];

## IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.

B.      The consideration of the Amended Recognition Petition and the relief requested

therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C.      Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D.      Good, sufficient, appropriate and timely notice of the filing of the Amended

Recognition Petition and the hearing on the Amended Recognition Petition has been given by the

Petitioner, pursuant to the *Order Granting Approval of Amended Notice Procedures with Respect*

*to Recognition Hearing*, entered on May 22, 2014 [Docket No. 124].

E.      No objections or other responses were filed that have not been overruled,

withdrawn, or otherwise resolved.

F.      The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy

Code.

G.      The Petitioner has satisfied the requirements of Bankruptcy Rule 1007(a)(4).

---

[2]   The findings and conclusions set forth herein and in the record of the hearing on the Amended Recognition
Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules
of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules").  To the extent any of the findings of fact herein constitute findings of fact,
they are adopted here as such.  To the extent any of the conclusions of law herein constitute findings of fact,
they are adopted as such.

H.     The Petitioner is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the "foreign representative" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

I.     The Japan Proceeding is a "foreign proceeding" as such term is defined in section 101(23) of the Bankruptcy Code.

J.     The Japan Proceeding is pending in Japan, where the Debtor's "center of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, is located and, accordingly, the Japan Proceeding is a "foreign main proceeding" as such term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

K.     The Petitioner is entitled to all the relief provided pursuant to sections 1520, 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code without limitation.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1.     The Amended Recognition Petition is **GRANTED**.

2.     The Japan Proceeding is recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all of the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

3.     The Petitioner is and shall be recognized as the foreign representative of the Debtor.

4.     The Petitioner is entitled to the full protections and rights enumerated under sections 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code, and accordingly, the Petitioner:

a. has the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities; and

b. is entrusted with the administration and realization of all of the Debtor's assets within the territorial jurisdiction of the United States.

5.     The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.     Pursuant to the *Joint Stipulation and Order Between the Foreign Representative of MtGox Co., Ltd. and CoinLab, Inc.* [Dkt. No. 147] (the "CoinLab Stipulation"):

a. Any and all claims, rights and defenses that CoinLab, Inc. ("CoinLab") possesses prior to entry of this Order, whether under the Bankruptcy Code, or as otherwise asserted in its status conference statement (the "Status Conference Statement") [Dkt. No. 129], are fully reserved after entry of this Order in accordance with the terms of this Order, including but not limited to CoinLab's right or defense to:

i. oppose any sales of assets or settlements of or involving assets of the Debtor that purport to be free and clear of CoinLab's asserted claims, intellectual property licenses, rights or defenses;

ii. take any action CoinLab deems appropriate to defend any of its asserted claims, rights or defenses in the Japan Proceeding or in this Chapter 15 case in accordance with applicable law or against any person or entity besides the Debtor and the Foreign Representative; and

iii. file a motion seeking to transfer venue of this Chapter 15 case to a venue that CoinLab believes is preferable or appropriate, in the event that

another party files such a motion or if a challenge to venue is brought before the Court by another party or on the Court's own motion (but CoinLab shall not otherwise raise a challenge to venue in this Chapter 15 case).

b. The reservation of rights and defenses as set forth herein shall not prejudice CoinLab's ability to assert such rights or defenses in the future if such disputed issues become ripe for consideration by this Court, provided that nothing in this Order shall be construed as granting CoinLab any rights, claims or defenses that it did not possess prior to entry of this Order.

c. Notwithstanding anything to the contrary set forth in subparagraphs (a) and (b) above, except that CoinLab shall suffer no prejudice or adverse effect from its agreement to reserve rights and defenses with respect to issues either raised in the Status Conference Statement or not presently before the Court in reliance on the CoinLab Stipulation, nothing herein shall be, nor shall be deemed to be, (i) a modification or impairment in any respect of (a) the effects of recognition of the Japan Proceeding as a foreign main proceeding under the Bankruptcy Code or other applicable law, (b) the rights of the Foreign Representative upon such recognition, or (c) the other relief granted pursuant to this Order, or (ii) a waiver of any rights, claims or defenses of the Foreign Representative or CoinLab, including, without limitation, (x) the Foreign Representative's right to subsequently seek any relief, or dispute and oppose any relief subsequently sought by CoinLab, in this Chapter 15 case, in the Japan Proceeding or otherwise, or (y) CoinLab's right to respond thereto or otherwise to dispute and oppose any relief

5

subsequently sought by the Foreign Representative in this Chapter 15 case, in the Japan Proceeding or otherwise.

7.      This Court shall retain jurisdiction with respect to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for additional relief; (iii) any adversary proceeding in and through this Chapter 15 case; and (iv) any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**# # # END OF ORDER # # #**

Prepared and Submitted by:

**GARDERE WYNNE SEWELL LLP**


*/s/  Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
Email:  mhelt@gardere.com
Email:  tscannell@gardere.com

- and -

**BROWN RUDNICK LLP**
David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  dsaval@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in his capacity
as the Bankruptcy Trustee and Foreign Representative
of MtGox Co., Ltd., a/k/a MtGox KK*

7

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), | Case No. 14-31229-sgj-15 |
| Debtor in a Foreign Proceeding. | |

**ORDER RECOGNIZING FOREIGN MAIN PROCEEDING
AND GRANTING RELATED RELIEF**

Upon the *Amended Verified Petition for Recognition and Chapter 15 Relief* (the "Amended Recognition Petition")[1] [Dkt. No. 126] filed by Nobuaki Kobayashi (the "Petitioner"), in his capacity as the bankruptcy trustee and foreign representative of the above-captioned debtor (the "Debtor"), seeking recognition of the bankruptcy procedure of the Debtor under Japan's Bankruptcy Act currently pending before the Tokyo District Court, Twentieth Civil Division (the "Japan Proceeding"), as a "foreign main proceeding" pursuant to section 1517 of the title 11 of the United States Code (the "Bankruptcy Code") and related relief under Chapter 15 of the

---

[1] Capitalized terms referred to but not otherwise defined herein shall have the meanings ascribed to them in the Amended Recognition Petition.

Bankruptcy Code; and upon the hearing on the Amended Recognition Petition and this Court's review and consideration of the Amended Recognition Petition, the ~~Kobayashi~~ *Declaration of Nobuaki Kobayashi in Support of the Amended Verified Petition for Recognition and Chapter 15 Relief* [Dkt. No. 127], and the *Memorandum of Law in Support of Amended Petition for Recognition and Chapter 15 Relief* [Dkt. No. 128];

### IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.    The consideration of the Amended Recognition Petition and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

C.    Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D.    Good, sufficient, appropriate and timely notice of the filing of the Amended Recognition Petition and the hearing on the Amended Recognition Petition has been given by the Petitioner, pursuant to the *Order Granting Approval of Amended Notice Procedures with Respect to Recognition Hearing*, entered on May 22, 2014 [Docket No. 124].

E.    No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F.    The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code.

G.    The Petitioner has satisfied the requirements of Bankruptcy Rule 1007(a)(4).

H.    ~~G.~~ The Petitioner is a "person" pursuant to section 101(41) of the Bankruptcy Code

---

1    The findings and conclusions set forth herein and in the record of the hearing on the Amended Recognition Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  To the extent any of the findings of fact herein constitute findings of fact, they are adopted here as such.  To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

and is the "foreign representative" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code, and the Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

I.    The Japan Proceeding is a "foreign proceeding" as such term is defined in section 101(23) of the Bankruptcy Code.

J.    H. The Japan Proceeding is pending in Japan, where the Debtor's "center of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, is located and, accordingly, the Japan Proceeding is a "foreign main proceeding" pursuant toas such term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I. The Petitioner is the foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

K.    J. The Petitioner is entitled to all the relief provided pursuant to sections 1520, 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code without limitation.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1.    The Amended Recognition Petition is **GRANTED**.

2.    The Japan Proceeding is recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code, and all of the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

3.    The Petitioner is and shall be recognized as the foreign representative of the Debtor.

3

4.      The Petitioner is entitled to the full protections and rights enumerated under sections 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code, and accordingly, the Petitioner:

    a.  has the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities; and

    b.  is entrusted with the administration and realization of all of the Debtor's assets within the territorial jurisdiction of the United States.

5.      The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.      Pursuant to the *Joint Stipulation and Order Between the Foreign Representative of MtGox Co., Ltd. and CoinLab, Inc.* [Dkt. No. 147] (the "CoinLab Stipulation"):

    a.  Any and all claims, rights and defenses that CoinLab, Inc. ("CoinLab") possesses prior to entry of this Order, whether under the Bankruptcy Code, or as otherwise asserted in its status conference statement (the "Status Conference Statement") [Dkt. No. 129], are fully reserved after entry of this Order in accordance with the terms of this Order, including but not limited to CoinLab's right or defense to:

        i.  oppose any sales of assets or settlements of or involving assets of the Debtor that purport to be free and clear of CoinLab's asserted claims, intellectual property licenses, rights or defenses;

        ii. take any action CoinLab deems appropriate to defend any of its asserted claims, rights or defenses in the Japan Proceeding or in this Chapter 15 case in accordance with applicable law or against any person or entity besides the Debtor and the Foreign Representative; and

iii. file a motion seeking to transfer venue of this Chapter 15 case to a venue that CoinLab believes is preferable or appropriate, in the event that another party files such a motion or if a challenge to venue is brought before the Court by another party or on the Court's own motion (but CoinLab shall not otherwise raise a challenge to venue in this Chapter 15 case).

b. The reservation of rights and defenses as set forth herein shall not prejudice CoinLab's ability to assert such rights or defenses in the future if such disputed issues become ripe for consideration by this Court, provided that nothing in this Order shall be construed as granting CoinLab any rights, claims or defenses that it did not possess prior to entry of this Order.

c. Notwithstanding anything to the contrary set forth in subparagraphs (a) and (b) above, except that CoinLab shall suffer no prejudice or adverse effect from its agreement to reserve rights and defenses with respect to issues either raised in the Status Conference Statement or not presently before the Court in reliance on the CoinLab Stipulation, nothing herein shall be, nor shall be deemed to be, (i) a modification or impairment in any respect of (a) the effects of recognition of the Japan Proceeding as a foreign main proceeding under the Bankruptcy Code or other applicable law, (b) the rights of the Foreign Representative upon such recognition, or (c) the other relief granted pursuant to this Order, or (ii) a waiver of any rights, claims or defenses of the Foreign Representative or CoinLab, including, without limitation, (x) the Foreign Representative's right to subsequently seek any relief, or dispute and oppose any relief subsequently sought by CoinLab, in this Chapter 15 case, in the Japan Proceeding or otherwise, or (y) CoinLab's right to respond

5

thereto or otherwise to dispute and oppose any relief subsequently sought by the Foreign Representative in this Chapter 15 case, in the Japan Proceeding or otherwise.

7.    6. This Court shall retain jurisdiction with respect to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for additional relief; (iii) any adversary proceeding in and through this Chapter 15 case; and (iv) any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

**# # # END OF ORDER # # #**

Prepared and Submitted by:

**GARDERE WYNNE SEWELL LLP**


*/s/  Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667
Email:  mhelt@gardere.com
Email:  tscannell@gardere.com

- and -

**BROWN RUDNICK LLP**
David J. Molton (*admitted pro hac vice*)
Daniel J. Saval (*admitted pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  dsaval@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in his capacity*
*as the Bankruptcy Trustee and Foreign Representative*
*of MtGox Co., Ltd., a/k/a MtGox KK*

7

| Summary Report: Litéra® Change-Pro ML WIX 6.5.0.459 Document Comparison done on 6/12/2014 5:09:07 PM | |
|---|---|
| **Style Name:** Standard | |
| **Original Filename:** | |
| **Original DMS:** iw://WORKSITE/WorksiteUS/61671224/1 | |
| **Modified Filename:** 61670839_1.DOCX | |
| **Modified DMS:** | |
| **Changes:** | |
| Add | 30 |
| Delete | 11 |
| Move From | 4 |
| Move To | 4 |
| Table Insert | 0 |
| Table Delete | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| **Total Changes:** | 49 |