

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed June 15, 2014**

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), | Case No. 14-31229-sgj-15 |
| Debtor in a Foreign Proceeding. | |

**JOINT [PROPOSED] STIPULATION AND ORDER BETWEEN THE GREENE PLAINTIFFS AND THE FOREIGN REPRESENTATIVE OF MTGOX CO., LTD.**

1. This stipulation is between Gregory Greene and Joseph Lack as class action plaintiffs in the settlement preliminarily approved in the United States District Court for the Northern District of Illinois (Case No. 1:14-cv-1437) (the "Greene Plaintiffs"), and Nobuaki Kobayashi, in his capacity as the bankruptcy trustee and foreign representative (the "Foreign Representative" and, together with the Greene Plaintiffs, the "Parties") of MtGox Co., Ltd. (the "Debtor"), the debtor in the above-captioned Chapter 15 case, who stipulate as follows:

2. The Debtor is currently the subject of a bankruptcy proceeding in Japan under Japanese Law (the "Japanese Proceeding"), which is currently pending before the Twentieth Civil Division of the Tokyo District Court.

3. The Foreign Representative seeks recognition of the Japanese Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and certain other relief, as requested in the Amended Verified Petition for Recognition and Chapter 15 Relief [Docket No. 126] (the "Recognition Petition").

4. The Parties hereby agree and stipulate that the Greene Plaintiffs do not object to or contest: (i) the appointment of the Foreign Representative, the recognition of the Japanese Proceeding as a foreign main proceeding and the relief requested by the Foreign Representative in the Recognition Petition, or (ii) the Court's jurisdiction and authority to grant such relief.

5. The Greene Plaintiffs believe, however, that questions regarding the proper venue of this Chapter 15 case remain outstanding.

6. The Foreign Representative believes and submits that venue is appropriate in this Court.

7. The Parties agree and stipulate that the Greene Plaintiffs shall have thirty (30) days from the date of this Stipulation to file a motion to transfer venue. If the Greene Plaintiffs file a motion to transfer venue after such period, such motion will be considered untimely. The Foreign Representative shall not take the position that the Greene Plaintiffs have waived their right to challenge venue based on the passage of time following the date of this Stipulation (so long as such motion is filed within 30 days from the date of this Stipulation); provided, however, that the Parties otherwise reserve all rights and positions on the issue of venue, including, but not limited to, whether a challenge to venue has already been waived.

8.      The Foreign Representative has responded to certain discovery requests of the Greene Plaintiffs on the issue of venue. The Parties agree and stipulate that the Greene Plaintiffs shall be entitled to no further discovery on that issue from the Foreign Representative. The Greene Plaintiffs reserve their right to request leave of Court to seek additional discovery from other parties in connection with any motion to transfer venue, and the Foreign Representative reserves the right to contest any such request.

9.      The Greene Plaintiffs reserve all other rights, including their rights to seek modification of any relief granted to the Foreign Representative to the extent permitted under the Bankruptcy Code or additional relief consistent with that granted to any other party in this Chapter 15 case. The Foreign Representative reserves all rights, including the right to contest any such relief requested by the Greene Plaintiffs.

10.     The Greene Plaintiffs and the Foreign Representative respectfully request that this Court approve this Stipulation.

###END OF ORDER###

Agreed and submitted by:

By: */s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214-999-3000
Facsimile: 214-999-4667
Email: mhelt@gardere.com
Email: tscannell@gardere.com

- and -

David J. Molton (admitted *pro hac vice*)
Daniel J. Saval (admitted *pro hac vice*)
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Facsimile: 212-209-4801
Email: dmolton@brownrudnick.com
Email: dsaval@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in his capacity as the Bankruptcy Trustee and Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

By: */s/ Robin E. Phelan*
Robin E. Phelan (TX 15903000)
Stephen Manz, (TX 24070211)
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: 214-651-5000
Facsimile: 214-651-5940
Email: robin.phelan@haynesboone.com
Email: stephen.manz@haynesboone.com

- and -

Steven L. Woodrow (admitted *pro hac vice*)
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: 303-357-4878
Facsimile: 303-446-9111
Email: swoodrow@edelson.com

- and -

Jay Edelson (admitted *pro hac vice*)
Alicia Hwang (admitted *pro hac vice*)
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: 312- 589-6370
Facsimile: 312-589-6378
Email: jedelson@edelson.com
Email: ahwang@edelson.com

- and -

Scott B. Kitei (admitted *pro hac vice*)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506
Telephone: 313-465-7000
Facsimile: 313-465-8000
Email: skitei@honigman.com

*Counsel for Gregory Greene and Joseph Lack*