David J. Molton
Daniel J. Saval
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: dsaval@brownrudnick.com

-and-

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@gardere.com
Email: tscannell@gardere.com

*Counsel for Nobuaki Kobayashi, in his capacity as the Bankruptcy Trustee and Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>MtGox Co., Ltd. (a/k/a MtGox KK),<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-31229-sgj-15 |

**NOTICE PURSUANT TO 11 U.S.C. § 1518 WITH RESPECT TO FOREIGN RECOGNITION PROCEEDINGS COMMENCED IN CANADA AND THE UNITED KINGDOM**

Nobuaki Kobayashi, in his capacity as bankruptcy trustee and foreign representative (the "Foreign Representative") of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor") in its bankruptcy (liquidation) procedure under the Bankruptcy Act of Japan, currently pending before the Tokyo

District Court, Twentieth Civil Division (the "Japan Proceeding"), by and through his United States attorneys Brown Rudnick LLP and Gardere Wynne Sewell LLP, hereby submits this notice, pursuant to 11 U.S.C. § 1518, of: (i) a foreign recognition proceeding commenced in the United Kingdom regarding the Debtor; and (ii) a foreign recognition proceeding commenced in Canada regarding the Debtor; and respectfully states as follows:

**UNITED KINGDOM FOREIGN RECOGNITION PROCEEDING**

1. On September 22, 2014, the Foreign Representative filed a recognition application (the "UK Application") in the United Kingdom before the High Court of Justice, Chancery Division, Companies Court (the "UK Court") under Case Number 6715/2014 (the "UK Proceeding"), pursuant to the UNCITRAL Model Law on Cross-Border Insolvency (the "Model Law") as set out in and incorporated by Schedule 1 to the United Kingdom's Cross-Border Insolvency Regulations 2006 (S.I. 2006 No. 1030) (the "CBIR"), seeking an order recognizing the Debtor's Japan Proceeding as a foreign main proceeding and related relief under the CBIR.

2. On September 26, 2014, the UK Court entered an order (the "UK Recognition Order") granting the relief requested in the UK Application. By the UK Recognition Order, the UK Court granted, *inter alia*: (i) recognition of the Japan Proceeding as a foreign main proceeding pursuant to Article 17 of the CBIR; (ii) application of the stay under Article 20(1)(a) and (b) of the CBIR in favor of the Debtor in the United Kingdom; and (iii) entrustment to the Foreign Representative of the administration and realization of the Debtor's assets located in the United Kingdom pursuant to Article 21(1)(e) of the CBIR. A copy of the UK Recognition Order is attached hereto as **Exhibit A.**

**CANADIAN FOREIGN RECOGNITION PROCEEDING**

3. On September 24, 2014, the Foreign Representative filed a recognition application (the "Canada Application") in Canada before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") under Court File No. CV-14-10709-00CL (the "Canada Proceeding"), pursuant to Canada's Bankruptcy and Insolvency Act, R.S.C. 1992 (as amended, the "BIA"),[1] seeking an order recognizing the Debtor's Japan Proceeding as a foreign main proceeding and related relief under the BIA.

4. On October 3, 2014, the Canadian Court entered an order (the "Canada Recognition Order") granting the relief requested in the Canada Application. By the Canada Recognition Order, the Canadian Court, *inter alia*: (i) granted recognition of the Japan Proceeding as a "foreign main proceeding" as defined in section 268 of the BIA; (ii) granted a stay within the jurisdiction of Canada of all current proceedings against the Debtor and of the commencement of any new actions against the Debtor; and (iii) ordered that the Debtor is prohibited from selling or disposing of its assets located in Canada (if any). A copy of the Canada Recognition Order is attached hereto as **Exhibit B**.

5. On October 6, 2014, the Canadian Court entered its reasons for judgment (the "Canada Reasons for Judgment") with respect to the Canada Recognition Order. A copy of the Canada Reasons for Judgment is attached hereto as **Exhibit C**.

[*Signature page follows*]

---

[1] The BIA incorporates provisions of the Model Law.

Dated: October 7, 2014
Dallas, Texas

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

/s/ *Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
Email: mhelt@gardere.com
Email: tscannell@gardere.com

- and -

**BROWN RUDNICK LLP**
David J. Molton
Daniel J. Saval
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: dsaval@brownrudnick.com

*Counsel for Nobuaki Kobayashi, in his capacity as the Bankruptcy Trustee and Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*

## CERTIFICATE OF SERVICE

I certify that on October 7, 2014, a true and correct copy of this document was served via ECF-electronic mail on the parties receiving electronic notice.

*/s/ Thomas C. Scannell*
Thomas C. Scannell

# EXHIBIT A

**No 6715 of 2014**

**IN THE HIGH COURT OF JUSTICE**
**CHANCERY DIVISION**
**COMPANIES COURT**
**BEFORE MR REGISTRAR JONES**
**DATED FRIDAY 26 SEPTEMBER 2014**




**IN THE MATTER OF MTGOX CO., LTD (ALSO KNOWN AS MTGOX KK) AND IN THE MATTER OF THE CROSS-BORDER INSOLVENCY REGULATIONS 2006**

---

**ORDER**

---

**UPON THE APPLICATION** of Nobuaki Kobayashi ("**the Foreign Representative**"), the Japanese court-appointed trustee and foreign representative of MtGox Co., Ltd (also known as MtGox KK) ("**the Company**"), dated 22 September 2014 ("**the Application**")

**AND UPON READING** the evidence

**AND UPON HEARING** Counsel for the Applicant

**IT IS ORDERED** that:

1. The bankruptcy proceeding in respect of the Company in Japan pursuant to the Bankruptcy Act is hereby recognised as the foreign main proceeding in respect of the Company, in accordance with Article 17 of Schedule 1 to the Cross-Border Insolvency Regulations 2006 (S.I. 2006 No 1030) ("**the Model Law**").

2. Pursuant to Articles 20(6) and 21(1)(g) of the Model Law, the stay in Article 20(1)(a) and (b) of the Model Law is modified as follows and additional relief is granted in the following terms:

(1) No step may be taken to enforce any mortgage, charge, lien or other security over the Company's property except with the consent of the Foreign Representative or the permission of the Court.

(2) No step may be taken to repossess goods in the Company's possession under a hire-purchase agreement (as defined in paragraph 111(1) of Schedule B1 to the Insolvency Act 1986) except with the consent of the Foreign Representative or the permission of the Court.

(3) No legal process may be instituted or continued against the Company or its property except with the consent of the Foreign Representative or the permission of the Court. For the purposes of this Order, the term "legal process" includes arbitrations, other legal proceedings, execution, distress, diligence, and all other forms of legal process.

HIGH COURT OF JUSTICE
2 6 SEP 2014
COMPANIES COURT

(4) An administrative receiver (as defined in paragraph 111(1) of Schedule B1 to the Insolvency Act 1986) of the Company may not be appointed.

(5) No winding up petition may be presented in respect of the Company except with the consent of the Foreign Representative or the permission of the Court, and no order may be made for the winding up of the Company (save as identified by paragraph 42(4) of Schedule B1 to the Insolvency Act 1986, and paragraph 42(5) of Schedule B1 to the Insolvency Act 1986 shall apply in respect of the Company).

3. Pursuant to Article 21(1)(e) of the Model Law, the administration and realisation of the Company's assets located in Great Britain (including any sums of money held on behalf of the Company and any debts owed to the Company by Mayzus Financial Services Limited t/a Moneypolo and/or Astropay LLP) are hereby entrusted to the Foreign Representative in his capacity as the Japanese court-appointed trustee and foreign representative of the Company.

4. Paragraph 2(3) of this Order relates only to legal process against the Company and does not affect legal process by the Company against third parties.

5. For the avoidance of doubt, the suspension in Article 20(1)(c) of the Model Law is not modified hereby but is fully applicable in accordance with its terms.

6. This Order applies only in Great Britain and does not have extra-territorial effect.

7. Service of the Application on the Company is hereby dispensed with.

Dated this 26th day of September 2014



**No 6715 of 2014**

**IN THE HIGH COURT OF JUSTICE**
**CHANCERY DIVISION**
**COMPANIES COURT**
**BEFORE MR REGISTRAR JONES**
**DATED FRIDAY 26 SEPTEMBER 2014**

**IN THE MATTER OF MTGOX CO., LTD (ALSO KNOWN AS MTGOX KK)**

**AND IN THE MATTER OF THE CROSS-BORDER INSOLVENCY REGULATIONS 2006**

---

**ORDER**

---

**Brown Rudnick LLP**
8 Clifford Street
London W1S 2LQ
T: 020 7851 6032
F: 020 7851 6100

Applicants' solicitors

# EXHIBIT B




Court File No. CV-14-10709-00CL

**ONTARIO**

**SUPERIOR COURT OF JUSTICE**

**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | FRIDAY, THE 3rd |
| JUSTICE Newbould | ) | DAY OF OCTOBER, 2014 |
| | ) | |

**IN THE MATTER OF THE BANKRUPTCY AND INSOLVENCY ACT, R.S.C. 1992, C. 27, S.2, AS AMENDED**

**AND IN THE MATTER OF MTGOX CO., LTD., THE BANKRUPT IN A PROCEEDING UNDER JAPAN'S BANKRUPTCY ACT BEFORE THE TOKYO DISTRICT COURT TWENTIETH CIVIL DIVISION**

**APPLICATION OF NOBUAKI KOBAYASHI, IN HIS CAPACITY AS THE BANKRUPTCY TRUSTEE OF MTGOX CO., LTD. PURSUANT TO JAPAN'S BANKRUPTCY ACT, UNDER PART XIII OF THE BANKRUPTCY AND INSOLVENCY ACT (CROSS-BORDER INSOLVENCIES)**

**INITIAL RECOGNITION ORDER (FOREIGN MAIN PROCEEDING)**

THIS APPLICATION, made by Nobuaki Kobayashi, in his capacity as the bankruptcy trustee and foreign representative ("**Foreign Representative**") of MtGox Co., Ltd. (referred to below as the "**Bankrupt**", the "**Debtor**" or "**MtGox**"), pursuant to the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended ("**BIA**") for an Order substantially in the form enclosed in the Application Record, was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the Notice of Application, the Affidavit of Nobuaki Kobayashi, sworn September 22, 2014, filed, and upon being provided with copies of the documents required by section 269(2)(a) of the BIA,

AND UPON HEARING the submissions of counsel for the Foreign Representative, and upon reading the affidavits of service, all filed, and upon being advised of the consent of plaintiffs counsel in the pending class action lawsuit in Canada: David Joyce, Sancho McCann, Alexandre Pepin and Paul Collin v. Mt.Gox Inc., Mt. Gox KK, Tibanne KK, Mt. Gox North America Inc., Mizuho Bank, Ltd., Mark Karpels and Jed McCaleb, Ontario Superior Court of Justice Case No. CV-14-500253-00CP (the "**Canadian Class Action**") and being advised no other persons were served with the Notice of Application:

**SERVICE**

1. THIS COURT ORDERS that the time for service of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

**FOREIGN REPRESENTATIVE**

2. THIS COURT ORDERS AND DECLARES that the Foreign Representative is the "foreign representative" of the Debtor for purposes of the BIA in respect of the bankruptcy proceedings commenced in respect of the Debtor pursuant to the Bankruptcy Act of Japan, Act No. 75 of June 2, 2004 (the "**Japan Bankruptcy Act**") before the Twentieth Civil Division of the Tokyo District Court in Japan (the "**Foreign Proceeding**").

**CENTRE OF MAIN INTEREST AND RECOGNITION OF FOREIGN PROCEEDING**

3. THIS COURT DECLARES that the centre of its main interests for the Debtor is Japan, and that the Foreign Proceeding is hereby recognized as a "foreign main proceeding" as defined as defined in section 268 of the BIA.

**STAY OF PROCEEDINGS**

4. THIS COURT ORDERS that until otherwise ordered by this Court:

(a) all proceedings taken or that might be taken against the Debtor under the *Bankruptcy and Insolvency Act* or the *Winding-up and Restructuring Act* are stayed;

(b) further proceedings in any action, suit or proceeding against the Debtor are restrained; and

(c) the commencement of any action, execution, suit or proceeding against any Debtor is prohibited.

**NO SALE OF PROPERTY**

5. THIS COURT ORDERS that, except with leave of this Court, the Debtor is prohibited from selling or otherwise disposing of any its other property in Canada (if any).

**GENERAL**

6. THIS COURT ORDERS that the Foreign Representative shall cause to be published a notice substantially in the form attached to this Order as Schedule "A" once a week for two consecutive weeks in the Globe and Mail (National Edition).

7. THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, to give effect to this Order and to assist the Debtors and the Foreign Representative and their respective counsel and agents in carrying out the terms of this Order.

8. THIS COURT ORDERS that any interested party may apply to this Court to vary or amend this Order or seek other relief on not less than seven (7) days notice to the Debtors and the Foreign Representative and their respective counsel, and to any other party or parties likely to be affected by the order sought, or upon such other notice, if any, as this Court may order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

OCT - 2 2014

**SCHEDULE "A"**
**MEDIA NOTICE**

**MTGOX CO., LTD.**

**TO: ALL CREDITORS AND OTHER AFFECTED PARTIES**

TAKE NOTICE that on October 3, 2014 the Ontario Superior Court of Justice (Commercial List) ordered, pursuant to section 272 of the *Bankruptcy and Insolvency Act*, that the bankruptcy proceedings commenced in respect of MtGox Co., Ltd. (also know as Mt. Gox KK and carrying on business as MtGox) pursuant to the Bankruptcy Act of Japan before the Twentieth Civil Division of the Tokyo District Court in Japan be recognized as a "foreign main proceeding".

Information and updates will be posted to the MtGox website at www.mtgox.com. Once available, the method for the proof of claim filing will be posted to the website. The deadline for filing claims is May 29, 2015.

The contact details for the bankruptcy trustee and foreign representative of MtGox Co., Ltd. in respect of the Japan Bankruptcy Proceeding are as follows:

MtGox Co., Ltd. Office of Bankruptcy Trustee
Kojimachi 3 chome building #202, Kojimachi 3-4-1, Chiyoda-ku, Tokyo
phone: +81-3-4588-3922
Attn: Nobuaki Kobayashi

The contact details for Canadian legal counsel to the bankruptcy trustee and foreign representative of MtGox Co., Ltd. are as follows:

MILLER THOMSON LLP
Scotia Plaza, 40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON Canada M5H 3S1
Tel: 416.595.8615 / 8577
Fax: 416.595.8695
Email: jcarhart@millerthomson.com / msims@millerthomson.com

Attn: Jeffrey Carhart / Margaret Sims

IN THE MATTER OF THE BANKRUPTCY AND INSOLVENCY ACT, R.S.C. 1992, c. 27, s.2, AS AMENDED

Court File No: CV-14-10709-00CL

APPLICATION OF NOBUAKI KOBAYASHI, IN HIS CAPACITY AS THE BANKRUPTCY TRUSTEE OF MTGOX CO., LTD. PURSUANT TO JAPAN'S BANKRUPTCY ACT, UNDER PART XIII OF THE BANKRUPTCY AND INSOLVENCY ACT (CROSS-BORDER INSOLVENCIES)

ONTARIO
SUPERIOR COURT OF JUSTICE
(Commercial List)

Proceeding commenced at TORONTO

**ORDER**
(RECOGNITION OF FOREIGN MAIN PROCEEDING)

**MILLER THOMSON** LLP
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON Canada M5H 3S1

**Jeffrey C. Carhart** LSUC#: 23645M
Tel: 416.595.8615
jcarhart@millerthomson.com

**Margaret R. Sims** LSUC#: 39664I
Tel: 416.595.8577
Fax: 416.595.8695
msims@millerthomson.com

Lawyers for the Applicant

# EXHIBIT C

**CITATION:** MtGox Co., Ltd (Re) 2014 ONSC 5811
**COURT FILE NO.:** CV-14-10709-00CL
**DATE:** 20141006

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

**IN THE MATTER OF** THE BANKRUPTCY AND INSOLVENCY ACT, R.S.C. 1992, C. 27, S.2, AS AMENDED

**AND IN THE MATTER OF MTGOX CO., LTD.,** THE BANKRUPT IN A PROCEEDING UNDER JAPAN'S BANKRUPTCY ACT BEFORE THE TOKYO DISTRICT COURT TWENTIETH CIVIL DIVISION

**APPLICATION OF NOBUAKI KOBAYASHI,** IN HIS CAPACITY AS THE BANKRUPTCY TRUSTEE OF MTGOX CO., LTD. PURSUANT TO JAPAN'S BANKRUPTCY ACT, UNDER PART XIII OF THE BANKRUPTCY AND INSOLVENCY ACT (CROSS-BORDER INSOLVENCIES)

**BEFORE:** Newbould J.

**COUNSEL:** *Margaret R. Sims*, for the Applicant

**HEARD:** October 3, 2014

<u>**Newbould J.**</u>

[1] Nobuaki Kobayashi, in his capacity as the bankruptcy trustee of MtGox Co., Ltd. applied on October 3, 2014 for an initial recognition order pursuant to Part XIII (section 267 to 284) of the Bankruptcy and Insolvency Act, R.S.C. 1992, c. 27, s.2, as amended ("BIA"):

(a) declaring and recognizing the bankruptcy proceedings commenced in respect of MtGox pursuant to the Bankruptcy Act of Japan, Act No. 75 of June 2, 2004 before the Tokyo District Court, Twentieth Civil Division as a foreign main proceeding for the purposes of section 270 of the BIA;

(b) declaring that the Trustee is a foreign representative pursuant to section 268(1) of the BIA, and is entitled to bring this application pursuant to section 269 of the BIA; and

(c) staying and enjoining any claims, rights, liens or proceedings against or in respect of MtGox and the property of MtGox.

[2] I concluded at the hearing that the relief sought should be granted, for reasons to follow. These are my reasons.

[3] MtGox is a Japanese corporation formed in 2011. It is, and always has been, located and headquartered in Tokyo, Japan. From April 2012 to February 2014, its business was the operation of an online exchange for the purchase and sale of bitcoins through its website located at http://www.mtgox.com. Bitcoins are a form of digital currency. At one time, the MtGox Exchange was reported to be the largest online bitcoin exchange in the world.

[4] On or about February 10, 2014, MtGox halted all bitcoin withdrawals by its customers after it was subject to what appears to have been a massive theft or disappearance of bitcoins held by it. MtGox suspended all trading on or about February 24, 2014 after it was discovered that approximately 850,000 bitcoins were missing. These events caused, among other things, MtGox to become insolvent and ultimately led to the Japan bankruptcy proceeding.

[5] On February 28, 2014, MtGox filed a petition for the commencement of a civil rehabilitation proceeding in the Tokyo Court pursuant to Article 21(1) of the Japan Civil Rehabilitation Act (JCRA), reporting that it had lost almost 850,000 bitcoins. A civil

rehabilitation proceeding under the JCRA is analogous to a restructuring proceeding in Canada pursuant to the BIA or the CCAA.

[6] Following the filing of the Japan civil rehabilitation petition, MtGox commenced an investigation with regard to the circumstances that led to the Japan civil rehabilitation. However, by mid-April, 2014, the Tokyo Court decided to dismiss the Japan civil rehabilitation petition pursuant to Article 25(3) of the JCRA, recognizing that under the circumstances it would be very difficult for MtGox to successfully prepare and obtain approval of a rehabilitation plan or otherwise successfully carry out the Japan civil rehabilitation.

[7] On April 24, 2014, the Tokyo Court entered the Japan bankruptcy order, formally commencing MtGox's Japan bankruptcy proceeding and appointing the applicant as bankruptcy trustee.

[8] MtGox has approximately 120,000 customers who had a bitcoin or fiat currency balance in their accounts as of the date of the Japan petition. The customers live in approximately 175 countries around the world.

[9] MtGox has been named as a defendant in a pending class action filed in the Ontario Superior Court of Justice. The notice of action and statement of claim were provided to the Trustee under the Hague Convention on August 29, 2014.

**Applicable law**

[10] Various theories as to how multi-national bankruptcies should be dealt with have long existed. Historically many countries adopted a territorialism approach under which insolvency proceedings had an exclusively national or territorial focus that allowed each country to distribute the assets located in that country to local creditors in accordance with its local laws. Universalism is a theory that posits that the bankruptcy law to be applied should be that of the debtor's home jurisdiction, that all of the assets of the insolvent corporation, in whichever

country they are situated, should be pooled together and administered by the court of the home country. Local courts in other countries would be expected, under universalism, to recognize and enforce the judgment of the home country's court. This theory of universalism has not taken hold.

[11] There is increasingly a move towards what has been called modified universalism. The notion of modified universalism is court recognition of main proceedings in one jurisdiction and non-main proceedings in other jurisdictions, representing some compromise of state sovereignty under domestic proceedings to advance international comity and cooperation. It has been advanced by the United Nations Commission on International Trade Law (UNCITRAL) Model Law on Cross Border Insolvency, which Canada largely adopted by 2009 amendments to the CCAA and the BIA.[1] Before this amendment, Canada had gone far down the road in acting on comity principles in international insolvency. See *Babcock & Wilcox Canada Ltd, Re* (2000), 18 C.B.R. (4th) 157 and *Lear Canada, Re* (2009), 55 C.B.R. (5th) 57.

[12] In the BIA, the Model Law was introduced by the enactment of Part XIII. Section 267 sets out the policy objectives of Part XIII as follows:

> The purpose of this Part is to provide mechanisms for dealing with cases of cross-border insolvencies and to promote
>
> (a) cooperation between the courts and other competent authorities in Canada with those of foreign jurisdictions in cases of cross-border insolvencies;
>
> (b) greater legal certainty for trade and investment;
>
> (c) the fair and efficient administration of cross-border insolvencies that protects the interests of creditors and other interested persons, and those of debtors;
>
> (d) the protection and the maximization of the value of debtors' property; and

---

[1] See Dr. Janis Sarra, *Oversight and Financing of Cross-Border Business Enterprise Group Insolvency Proceedings*, 44 Texas International Law Journal 547

(e) the rescue of financially troubled businesses to protect investment and preserve employment.

**(a) Recognition of foreign proceeding**

[13] Section 269(1) of the BIA provides for the application by a foreign representative to recognize a foreign proceeding. Pursuant to section 270(1) of the BIA, the court shall make an order recognizing the foreign proceeding if (i) the proceeding is a foreign proceeding and (ii) the applicant is a foreign representative of that proceeding.

[14] A foreign proceeding is broadly defined in section 268(1) to mean a judicial or an administrative proceeding in a jurisdiction outside Canada dealing with creditor's collective interests generally under any law relating to bankruptcy or insolvency in which a debtor's property and affairs are subject to control or supervision by a foreign court for the purpose of reorganization or liquidation.

[15] The Japan bankruptcy proceeding is a judicial proceeding dealing with creditors' collective interests generally under the Japan Bankruptcy Act, which is a law relating to bankruptcy and insolvency, in which MtGox's property is subject to supervision by the Tokyo District Court, Twentieth Civil Division. As such, the Japan bankruptcy proceeding is a foreign proceeding pursuant to section 268(1) of the BIA.

[16] Section 268(1) of the BIA defines a foreign representative as a person or body who is authorized in a foreign proceeding in respect of a debtor company to (a) administer the debtor's property or affairs for the purpose of reorganization or liquidation or (b) act as a representative in respect of the foreign proceeding.

[17] The Trustee has authority, pursuant to the Japan Bankruptcy Act and the bankruptcy order made by the Tokyo District Court in the Japan bankruptcy proceeding, to administer

MtGox's property and affairs for the purpose of liquidation and to act as a foreign representative. Thus the Trustee is a foreign representative pursuant to section 268(1) of the BIA.

[18] In the circumstances it is appropriate to recognize the Japan bankruptcy proceeding as a foreign proceeding.

### (b) Foreign Main Proceeding

[19] A foreign proceeding can be a foreign main proceeding or a foreign non-main proceeding. If the foreign proceeding is recognized as a main proceeding, there is an automatic stay provided in section 271(1) against law suits concerning the debtor's property, debts, liabilities or obligations and prohibitions against selling or disposing of property in Canada. If the foreign proceeding is recognized as a non-main proceeding, there is no such automatic stay and prohibition and it is necessary for an application to be made to obtain such relief. For that reason, it is advantageous for a foreign representative to seek an order recognizing the foreign proceeding as a main proceeding. The Trustee in this case has made such a request.

[20] A foreign main proceeding is defined in section 268(1) as a foreign proceeding in a jurisdiction where the debtor company has the centre of its main interests (COMI). Section 268(2) provides that in the absence of proof to the contrary, a debtor company's registered office is deemed to be the centre of its main interests.

[21] In considering whether the registered office presumption has been rebutted a court should consider the following factors in determining COMI (i) the location is readily ascertainable by creditors (ii) the location is one in which the debtor's principal assets and operations are found and (iii) the location is where the management of the debtor takes place. See *Lightsquared LLP, Re* (2012), 92 C.B.R. (5th) 321.

[22] The Trustee relies on the following facts in support of his position that the COMI of MtGox is in Japan and not in Canada.

(1) MtGox has no offices in Canada, there are no Canadian subsidiaries and no assets in located in Canada.

(2) MtGox is and has always been organized under the laws of Japan.

(3) MtGox's registered office and corporate headquarters are, and have always been, located in Japan, and the its books and records are located at its head office in Japan.

(4) The Debtor's sole director and representative director, Mr. Karpeles, resides, and at all relevant times has resided, in Japan.

(5) Most of the MtGox's bank accounts are located in Japan, including the primary account for operating its business.

(6) MtGox's parent company, Tibanne, provided operational and administrative services to it, including the provision of its primary workforce, in Japan.

(7) MtGox's Website clearly disclosed to customers and other third parties that it is a Japanese corporation that is located in Japan.

(8) Upon the filing of the Japan Petition, MtGox commenced an investigation in Japan with regard to the circumstances that led to the Japan civil rehabilitation, which investigation was subject to the oversight of the Tokyo Court.

[23] Taking into account this evidence, I am satisfied that the COMI of MtGox is its registered head office in Japan and that the Japan bankruptcy proceeding is a foreign main proceeding.

**Stay of Proceedings**

[24] The effect of recognition of a foreign main proceeding is an automatic grant of the relief set out under subsection 271(1) of the BIA:

> 271. (1) Subject to subsections (2) to (4), on the making of an order recognizing a foreign proceeding that is specified to be a foreign main proceeding,
>
> (a) no person shall commence or continue any action, execution or other proceedings concerning the debtor's property, debts, liabilities or obligations;
>
> (b) if the debtor carries on a business, the debtor shall not, outside the ordinary course of the business, sell or otherwise dispose of any of the debtor's property in Canada that relates to the business and shall not sell or otherwise dispose of any other property of the debtor in Canada; and
>
> (c) if the debtor is an individual, the debtor shall not sell or otherwise dispose of any property of the debtor in Canada.

[25] The Trustee seeks recognition of the the Japan bankruptcy proceeding in an effort to maximize recoveries to, and provide for an equitable distribution of value among, all creditors. In particular, the Trustee believes that the enjoining of the ongoing litigation against MtGox in Canada, in conjunction with the protections afforded by the Japan bankruptcy proceeding, is essential to this effort.

[26] In *Re Braycon International Inc. v. Everest & Jennings Canadian Ltd.* (2001), 26 C.B.R. (4th) 154, prior to the adoption of the Model Law in Canada, a stay of an action in Ontario against a U.S. corporation subject to bankruptcy proceedings in the U.S. under chapter 11 of U.S. the Bankruptcy Code in which there was a stay of all proceedings against it was ordered pursuant to the comity principles recognized in *Morguard Investments Ltd. v. De Savoye*, [1990] 3 S.C.R. 1077.

[27] The Model Law, which was adopted in Japan in 2000, provides a transparent regime for the right of foreign creditors to commence or participate in an insolvency proceeding in another state. See Dr. Janis Sarra, *supra*, at fn 1. Section 271(1)(a) of the BIA provides for an automatic

stay in furtherance of that objective. As the Japanese foreign proceeding is a foreign main proceeding, the Trustee is entitled to that automatic stay. The Tokyo court has order ordered a process for claims to be made with a filing date of no later than May 29, 2015.

[28] There have been two class actions commenced against MtGox in the U.S. The Trustee has obtained recognition of the Japan bankruptcy proceedings in the U.S. under chapter 15 of the U.S. Bankruptcy Code as a foreign main proceeding, resulting in an automatic stay of the U.S. litigation. The Trustee is entitled to the same relief in Canada relating to the class action filed in Ontario.

[29] At the conclusion of the hearing on October 3, 2014 I signed an order reflecting these reasons.

Newbould J.

**Date:** October 6, 2014

**CITATION:** MtGox Co., Ltd (Re) 2014 ONSC 5811
**COURT FILE NO.:** CV-14-10709-00CL
**DATE:** 20141006

**ONTARIO**

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

**IN THE MATTER OF** THE BANKRUPTCY AND INSOLVENCY ACT, R.S.C. 1992, C. 27, S.2, AS AMENDED

**AND IN THE MATTER OF MTGOX CO., LTD.,** THE BANKRUPT IN A PROCEEDING UNDER JAPAN'S BANKRUPTCY ACT BEFORE THE TOKYO DISTRICT COURT TWENTIETH CIVIL DIVISION

**APPLICATION OF NOBUAKI KOBAYASHI,** IN HIS CAPACITY AS THE BANKRUPTCY TRUSTEE OF MTGOX CO., LTD. PURSUANT TO JAPAN'S BANKRUPTCY ACT, UNDER PART XIII OF THE BANKRUPTCY AND INSOLVENCY ACT (CROSS-BORDER INSOLVENCIES)

---

REASONS FOR JUDGMENT

---

Newbould J.

Released: October 6, 2014