*RCK*

Exhibit D

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

In the Matter of the Seizure of
(Address or brief description of property to be seized)

**The contents of one
Dwolla account.**

**SEIZURE WARRANT**
CASE NUMBER: 13-1162 SKG

TO: Michael T. McFarland, Special Agent, United States Homeland Security Investigations (HSI), and any Authorized Officer of the United States:

An Affidavit having been made before me by Michael T. McFarland, Special Agent, United States Homeland Security Investigations (HSI), who has reason to believe that in Des Moines, Iowa, and elsewhere there is now certain property which is subject to seizure and forfeiture to the United States, namely (describe the property to be seized)

**the contents of Dwolla Account 812-649-1010 registered in the name of Mutum Sigillum LLC, held in the custody of Veridian Credit Union.**

I am satisfied that the affidavit establishes probable cause to believe that the property so described is subject to seizure and forfeiture and that grounds exist for the issuance of this seizure warrant.

YOU ARE HEREBY AUTHORIZED to seize within fourteen (14) days, the property specified, serving this warrant and making the seizure in the daytime - 6:00 AM to 10:00 PM - leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to any U.S. Magistrate Judge, as required by law. Service of this seizure warrant may be made by facsimile, provided that a hard copy is thereafter served by regular mail, overnight mail, or personal delivery.

Issued **May 14, 2013,** at Baltimore, Maryland, by
Date Issued

_____
Honorable Susan K. Gauvey
United States Magistrate Judge

*RLK*

## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

In the Matter of the Seizure of
(address or brief description of property to be seized)

**The contents of one**
**Dwolla account.**

**APPLICATION AND**
**AFFIDAVIT FOR SEIZURE WARRANT**
CASE NUMBER: 13-1162 SKG

Michael T. McFarland, Special Agent, United States Homeland Security Investigations (HSI), being duly sworn deposes and says:

I have reason to believe that there is now certain property in Des Moines, Iowa, and elsewhere, which is the subject of forfeiture to the United States, namely (describe property to be seized):

**the contents of Dwolla Account 812-649-1010 registered in the name of Mutum Sigillum LLC, held in the custody of Veridian Credit Union,**

which are (state one or more bases for seizure under the U.S. Code)

subject to forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A) because the contents of the Mutum Sigillum LLC account were involved in transactions and attempted transactions in violation of 18 U.S.C. section 1960.

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are set forth in the attached Affidavit.

Michael T. McFarland
Special Agent
Homeland Security Investigations
U.S. Immigration and Customs Enforcement

Sworn to before me, and subscribed in my presence on (Date) May 14, 2013 at Baltimore, Maryland.

Honorable Susan K. Gauvey
United States Magistrate Judge

## Affidavit in Support of Seizure Warrant

13-1162 SKG

### I. Purpose of the Affidavit

This Affidavit is submitted in support of an application for a seizure warrant for the contents of **Dwolla Account 812-649-1010 registered in the name of Mutum Sigillum LLC, held in the custody of Veridian Credit Union.** I submit that there is probable cause to believe that the contents of Dwolla account **812-649-1010** in the name of Mutum Sigillum LLC were involved in transactions and attempted transactions in violation of 18 U.S.C. section 1960, and that the contents of that account are subject to seizure and forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A).

### II. Affiant

Michael McFarland, is a Special Agent with Homeland Security Investigations (HSI). While working for the HSI your affiant has prepared and executed state and federal search and seizure warrants, seized evidence of both state and federal violations, interviewed suspects, witnesses, and informants, and evaluated evidence obtained during the course of these investigations.

### III. Applicable Statutes

18 U.S.C. section 1960
(a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.
(b) As used in this section—
 (1) the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and—
  (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable;
  (B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section; or
  (C) otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity;
 (2) the term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier; and
 (3) the term "State" means any State of the United States, the District of Columbia, the Northern Mariana Islands, and any commonwealth, territory, or possession of the United States.

18 U.S.C. section 981
(a)(1) The following property is subject to forfeiture to the United States:
    (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property.

\* \* \*

### IV. Probable Cause

The information set forth below is based upon your affiant's review of records and upon information provided by other sworn law enforcement officers participating in this investigation. I have not included each and every fact obtained pursuant to this investigation, but have set forth those facts that I believe are essential to establish the necessary foundation for the issuance of the seizure warrant for the specified account.

A company called "Mt. Gox," is the world's largest bitcoin exchange, and it operates out of Tokyo, Japan. Mt. Gox has a subsidiary company known as "Mutum Sigillum LLC." According to bank records, Mutum Sigillum LLC holds an account at Wells Fargo Bank, N.A. The account is held in the business name Mutum Sigillum LLC, which is incorporated in the state of Delaware. According to Wells Fargo Bank records, the account was established on May 20, 2011, with the account number 7657841313 and with a single authorized signer; Mark Karpeles. According to open source information, Karpeles is the owner of Mt. Gox. According to the bank records, Karpeles is also the owner of Mutum Sigillum LLC.

As part of the account opening process, Wells Fargo required Karpeles and Mutum Sigillum LLC to complete a "Money Services Business (MSB) Accounts, Identification of an MSB Customer" form. That document was completed on May 20, 2011, and identified Mutum Sigillum LLC as a business not engaged in money services. The application asks several questions; to include, "Do you deal in or exchange currency for your customer?" and "Does your business accept funds from customers and send the funds based on customers' instructions (Money Transmitter)?" Karpeles answered these questions "no," indicating that Mutum Sigillum LLC does not deal in or exchange money, and that it does not send funds based on customer instructions.

Money transmitting businesses are required by 31 U.S.C. section 5330 to register as such with FinCEN. According to FinCEN records on May 6, 2013, neither Mt. Gox nor the subsidiary, Mutum Sigillum LLC, is registered as a Money Service Business.

Mt. Gox acts as a digital currency exchange where customers open accounts and fund their respective accounts with fiat currency, which is then exchanged into crypto-currency by Mt. Gox; the crypto-currency is known as bitcoin. Fiat currency simply refers to any money that a government has declared to be legal tender. The exchange is bidirectional and allows customers to also exchange bitcoins back into fiat currency, and then withdraw those funds. The exchange of fiat currency and bitcoins incurs a floating rate fee charged by Mt. Gox and is determined by the customer's aggregate amount of funds exchanged on a monthly basis. So, the exchange of a small amount of bitcoin would include a larger fee than a larger exchange.

An online payment processor, known as Dwolla, is located in Iowa. People can purchase bitcoin by depositing funds with Dwolla and then directing that the funds be used to make the purchase from Mt. Gox, which then maintains the registry of the ownership of the bitcoin. Bank records show a number of deposits to the Mutum Sigillum account at Wells Fargo originating from international wires sent from Sumitomo Mitsui Bank in Japan. The wires indicate that the transfer is in the name of Mt. Gox Company Ltd. for the benefit of the Mutum Sigillum LLC account 7657841313.

After the funds are credited to that account, they are frequently disbursed to Dwolla, an online payment service for e-commerce; bank records show such transfers to Dwolla since at least in December 2011. Dwolla is located in Des Moines, Iowa. The funds being sent to Dwolla are those of Mt. Gox customers that withdraw said funds from Mt. Gox and direct their transfer to Dwolla. A Confidential Informant (CI-1), who resides and banks in Maryland, provided information to government agents that has been corroborated. CI-1 stated that he initiated this process by establishing a new account, while in Maryland, with both Mt. Gox and Dwolla. After funding his Mt. Gox account with U.S. funds, he exchanged the currency in his Dwolla account for bitcoins. During the past six months, CI-1 exchanged the bitcoins back into U.S. dollars, which he directed Mt. Gox to transfer to Dwolla on his behalf. The funds were then credited to his Dwolla account.

According to bank records, this transfer was completed through the subsidiary, Mutum Sigillum LLC. This demonstrates that Mutum Sigillum LLC is engaged in a money transmitting business but is not registered as required with FinCEN. Because the 7657841313 account at Wells Fargo was involved in this money transmitting activity, the contents of the account were

3

subject to seizure and forfeiture in accordance with 18 U.S.C. section 981(a)(1)(A).

On May 9, 2013, the Honorable Stephanie A. Gallagher issued a seizure warrant for the contents of the Mutum Sigillum LLC account at Wells Fargo, based on the foregoing information. Bank records also show that nearly all of the activity in that Wells Fargo account consists of wires between that account and Dwolla, which represent bitcoin transactions for customers. The other transactions in this account are not significant in number or amounts.

Dwolla records indicate that the destination for the funds wired from the Wells Fargo account was **Dwolla Account 812-649-1010 registered in the name of Mutum Sigillum LLC, held in the custody of Veridian Credit Union.** Dwolla records also indicate that the Wells Fargo account was the sole financial institution account that was funding the Dwolla account 812-649-1010. Therefore, it is evident that the Dwolla account was used exclusively to move funds between Mt. Gox and Mutum Sigillum and their customers. Consequently, there is probable cause to believe that Mt. Gox and Mutum Sigillum are using **Dwolla Account 812-649-1010 registered in the name of Mutum Sigillum LLC, held in the custody of Veridian Credit Union** to conduct transactions as part of an unlicensed money service business in violation of 18 U.S.C. section 1960, and that the contents of the account are involved in those transactions and attempted transactions.

Based upon my training and experience, I know that 18 U.S.C. section 981(b)(3) provides that "a seizure warrant may be issued ... by a judicial officer in any district in which a forfeiture action against the property may be filed under Section 1355(b) of title 28, and may be executed in any district in which the property is found...." According to 28 U.S.C. Section 1355(b)(1)(A), a forfeiture action may be brought in "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred...." Because the affidavit demonstrates that transactions through the Dwolla and Mutum Sigillum accounts were initiated and caused by a customer in the District of Maryland, the forfeiture action can be brought in the District of Maryland, and the seizure warrant may be issued in the District of Maryland.

V. <u>Conclusion</u>

Based on the foregoing, I submit that there is probable cause to believe that the contents of **Dwolla Account 812-649-1010 registered in the name of Mutum Sigillum LLC, held in the custody of Veridian Credit Union,** were involved in transactions and attempted

4

transactions in violation of 18 U.S.C. section 1960, and that the contents of that account are subject to seizure and forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A).

*[signature]*
Michael T. McFarland, Special Agent
Homeland Security Investigations
Immigration and Customs Enforcement

Subscribed and sworn before me on May 14, 2013.

*[signature]*
Susan K. Gauvey
United States Magistrate Judge