

本申請につき、平成29年2月1日　許可があったことを証明する
前同日　東京地方裁判所民事第20部　裁判所書記官　浅香大八郎

Exhibit E

平成26年（フ）第3830号

平成29年2月1日

東京地方裁判所民事第20部御中

# 和解契約締結に関する許可申請書

破産者　株式会社MTGOX

破産管財人　弁護士　小林信明

## 申請の趣旨

米国司法省（U.S. Department of Justice。以下「DOJ」という。）との間で，下記の条件で，添付のSETTLEMENT AGREEMENT（以下「本契約」という。）を締結することの許可を求める。

記

(1) DOJは，(2)記載の条件が成就してから5営業日以内に，差し押さえている総額5,142,402.20米国ドルの破産者の預け金（以下「差押預け金」という。）について，以下の内訳のとおり，総額2,571,201.10米国ドル（以下「本払戻金」という。）を，破産管財人が指定する銀行口座に送金する。

① USSS事件番号101-777-4003-J，差押番号101-2013-004に基づき差し押さえている差押預け金のうち，2,117,414.96米国ドル

② USSS事件番号101-777-4003-J，差押番号101-2013-006に基づき差し押さえている差押預け金のうち，109,479.84米国ドル

③ CBP事件番号2013-1303-001294-01に基づき差し押さえている差押預

1

け金のうち，344,306.30米国ドル

（２）　本契約の効力発生は，以下の①及び②の条件が成就することを停止条件とする。

　　①　米国チャプター１５裁判所その他管轄権を有する裁判所が，次のイからニまでに掲げる命令を下すこと

　　　イ　本契約の承認

　　　ロ　米国連邦破産法第363条及び1520条(a)(2)に基づき，本払戻金の破産管財人への移転の許可

　　　ハ　米国連邦破産法第1521条(b)に基づき，本払戻金を日本の破産手続きにおいて使用するために日本に送金することの許可

　　　ニ　その他本契約を発効させるために必要な処分

　　②　東京地方裁判所が本契約の締結を許可し，本契約を発効させるために必要な処分を行うこと

（３）　破産管財人は，本払戻金を除く差押預け金の残額（以下「本没収金」という。）についての権利を放棄し，これに関するすべての権利及び利益がＤＯＪに没収されることに同意する。

（４）　ＤＯＪ及び破産管財人は，必要がある場合には，ＤＯＪが，本没収金の没収に向けた法的手続を執るために，本契約の写しをメリーランド州裁判所に提出することについて同意する。なお，ＤＯＪは，本払戻金の返金に関して，メリーランド州裁判所の許可が必要でないことを確認する。

（５）　破産者は，本払戻金の返還に関連してＤＯＪに生じるすべての損害から，ＤＯＪを免責し，補償する。但し，免責・補償の額は，本払戻金の額を超えないものとする。なお，本契約の交渉，作成，許可申請に関連

2

して発生する弁護士費用その他の支出は各自が負担する。

申請の理由

1 経緯の概要

破産者は，平成25年5月に，米国国土安全保障省（U.S. Department of Homeland Security）により，破産者の関連会社 Mutum Sigillum LLC の米国預金口座の預金5,142,402.20米国ドルの差押えを受けた。

差押預け金は，その実質は破産者に帰属すべきものであるので，差押預け金が米国政府から返還されるべき性質のものであれば，破産財団を構成することから，破産管財人は，これまで，差押預け金を所管するＤＯＪとの間で差押預け金の返還交渉を継続していたところ，この度，ＤＯＪとの間で差押預け金の返還に関する条件について合意に至ったものである。

2 必要性及び相当性

差押預け金は，その実質は破産者に帰属すべきものであるので，差押預け金が米国政府から返還されるべき性質のものであれば，早期に回収し，破産財団に組み入れる必要がある。本契約を締結しない場合には，米国裁判所に対して，ＤＯＪからの差押預け金の返還及び米国政府に対するディスカバリーの申立てを行い，又はＤＯＪの捜査官及び米国政府に対する損害賠償訴訟を提起する等他の手続を執る必要がある。しかるに，破産管財人が委任する米国法律事務所であるブラウン・ラドニック法律事務所の助言を踏まえ，他の手続に要する時間及び費用，並びに他の手続を執った場合の差押預け金の回収の見込み等を勘案すると，ＤＯＪとの和解契約の内容が相当なものである限りは，ＤＯＪとの和解契約によって，早期の回収を図ることが望ましく，

3

　そのためには，本契約を締結する必要がある。

　また，ブラウン・ラドニック法律事務所によれば，米国の没収に関する法律は，政府に幅広い裁量権を認めており，差押えの要件を満たしていれば，差押えの目的を問わず，没収が認められることになるとのことである。同法律事務所の助言を踏まえ，差押えの状況を踏まえたＤＯＪのこれまでの交渉態度を勘案すると，これ以上の譲歩をＤＯＪから引き出すことは困難であると考えられるし，総額上記の他の方法によって回収を目指す場合の時間，コスト及び成功の見込みを勘案すると，他の方法を採った場合に，これを上回る金額を回収することができる見込みは低いと考えられる。加えて，本払戻金である 2,571,201.10 米国ドル（約 2 億 9,162 万 8,199 円）は，破産財団にとっても重要な収入となることが見込まれる。

　以上にかんがみると，本契約の締結は必要かつ相当である。

　よって，許可を申請する。

添 付 資 料

1　本契約書　　　　　　　　　　　　　　　　　　　　　　　　　　1通

以　上

4



添付資料



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

Evan Thomas Shea
Assistant United States Attorney
Evan.Shea@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4982
MAIN: 410-209-4800
FAX: 410-962-9293

January 27, 2017

Daniel J. Saval, Esquire
Brown Rudnick LLP
Seven Times Square
New York, NY 10036

    Re:    United States v. $2,117,414.96 in U.S. Currency,
            USSS case no. 101-777-40003-J, seizure number 101-2013-004.

           United States v. $109,479.84 in U.S. Currency,
            USSS case no. 101-777-40003-J, seizure number 101-2013-006.

           United States v. $2,915,507.40 in U.S. Currency,
            CBP case no. 2013-1303-001294-01

Dear Mr. Saval:

    In accordance with our recent communications concerning the above-referenced forfeiture actions, the following agreement is proposed. Once the agreement is fully executed and returned to me, I will forward it to the appropriate agencies for disposition.

### SETTLEMENT AGREEMENT

    This Settlement Agreement (the "Agreement") is made between MtGox Co., Ltd. (the "Claimant"), by and through Nobuaki Kobayashi, solely in his capacity as the bankruptcy trustee and foreign representative of the Claimant (the "Foreign Representative"), and the United States Attorney's Office for the District of Maryland (the "Government" and, together with the Foreign Representative, the "Parties"):

    **WHEREAS**, on or about May 9, 2013, the U.S. Secret Service executed seizure warrant number 13-1085-SAG and seized $2,117,414.96 in U.S. Currency under USSS case no. 101-777-40003-J before the United States District Court for the District of Maryland (the "Maryland Court"), seizure number 101-2013-004; and

**WHEREAS**, on or about May 14, 2013, the U.S. Homeland Security Investigations executed seizure warrant number 13-1162-SKG and seized $2,915,507.40 in U.S. Currency under CBP case no. 2013-1303-001294-01 before the Maryland Court; and

**WHEREAS**, on or about July 3, 2013, the U.S. Secret Service executed seizure warrant number 13-1387-SAG and seized $109,479.84 in U.S. Currency under USSS case no. 101-777-40003-J before the Maryland Court, seizure number 101-2013-006; and

**WHEREAS**, the total amount of U.S. Currency seized pursuant to the three seizure warrants described above is $5,142,402.20 (the "Seized Assets"); and

**WHEREAS**, the Seized Assets are held in the District of Maryland; and

**WHEREAS**, the Claimant is presently involved in bankruptcy proceedings in Japan (the "Japan Bankruptcy Proceeding") before the Twentieth Civil Division of the Tokyo District Court, Japan (the "Tokyo Court") and a related Chapter 15 bankruptcy case in the United States before the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Chapter 15 Court"), and by order dated June 18, 2014, the Chapter 15 Court entered an order, *inter alia*, recognizing the Japan Bankruptcy Proceeding as a "foreign main proceeding" under Chapter 15 of the U.S. Bankruptcy Code and recognizing the Foreign Representative as the foreign representative of Claimant (the "Recognition Order");

**WHEREAS**, subsequent to the seizures of the Seized Assets and entry of the Recognition Order, counsel for the Foreign Representative, on behalf of the Claimant, contacted Government counsel and expressed an interest in the Seized Assets, and also provisionally waived any and all time limits for the filing of a civil forfeiture case affecting the Seized Assets; and

**WHEREAS**, during such a civil forfeiture case against the Seized Assets, the Claimant would have a right to a civil trial at which the Claimant could examine witnesses, present evidence, and give testimony; and

**WHEREAS**, the Claimant would prevail at such a trial if the Government could not establish by a preponderance of the evidence that the property was subject to forfeiture, or if the Claimant could establish that the Claimant was an innocent owner; and

**WHEREAS**, the Foreign Representative, on behalf of the Claimant, nevertheless wishes to settle this case and waive the right to a trial, and the Parties both wish to reach a fair and expedited resolution to this matter; and

**WHEREAS**, it appears to the Parties that no person other than the Claimant has any legal right, title, or interest in any part of the Seized Assets; and

**WHEREAS**, the Foreign Representative, on behalf of the Claimant, acknowledges that the Government has no obligation to any of the Claimant's customers, past or present, with respect to the Seized Assets, and the Foreign Representative, on behalf of the Claimant, agrees that all claims

by such customers pertaining to any funds that were held by the Claimant, at any time, on behalf of customers, or pertaining specifically to the Seized Assets are the sole responsibility of the Claimant;

NOW, THEREFORE, for the foregoing reasons and for good and substantial consideration, the adequacy and receipt of which is hereby acknowledged, the Foreign Representative, on behalf of the Claimant, and the Government agree as follows:

1. The Government agrees to release a total of $2,571,201.10 of the Seized Assets (the "Released Funds") as follows to the Foreign Representative, on behalf of the Claimant:

   (a) release $2,117,414.96 in U.S. Currency held under USSS case no. 101-777-40003-J, and seizure number 101-2013-004;

   (b) release $109,479.84 in U.S. Currency held under USSS case no. 101-777-40003-J, and seizure number 101-2013-006; and

   (c) release $344,306.30 in U.S. Currency held under CBP case no. 2013-1303-001294-01.

Within five (5) business days of the Effective Date (defined below), the Government shall initiate the transfer of the Released Funds, by electronic funds transfer, to a bank account to be designated by the Foreign Representative. The Foreign Representative agrees to provide Government counsel with completed ACH payment forms so that the transfer of the Released Funds can be made.

2. This Agreement is subject to (the "Effectiveness Conditions"): (i) the entry of an order by the Chapter 15 Court or any other court of competent jurisdiction (a) approving this Agreement; (b) approving the transfer of the Released Funds to the Foreign Representative pursuant to Sections 363 and 1520(a)(2) of the Bankruptcy Code; (c) approving the repatriation of the Released Funds to Japan for use in the Japan Bankruptcy Proceeding pursuant to Section 1521(b) of the Bankruptcy Code; and/or (d) any other and further relief necessary to effectuate this Agreement; and (ii) the entry of an order by the Tokyo Court approving this Agreement and granting any other and further relief necessary to effectuate this Agreement (the "Approval Orders"). The Parties agree that the Foreign Representative may file a motion seeking the Approval Orders in each of the Chapter 15 Court and the Tokyo Court. On the first date when both Effectiveness Conditions are satisfied (the "Effective Date"), this Agreement shall become effective and the payment of the Released Funds to the Foreign Representative shall be due and payable in accordance with paragraph 1 above. This Agreement shall terminate on the date (the "Termination Date") on which an order is entered denying approval of this Agreement by the Chapter 15 Court, the Tokyo Court, the Maryland Court or any other court of competent jurisdiction over the subject matter herein and, upon such termination, the Parties shall be restored to the same position they were in immediately before entry into this Agreement without waiver of any rights, remedies, claims, defenses, positions or arguments, including, without limitation, Claimant's right to a trial on the matter. Without limiting the foregoing, prior to the occurrence of

any Termination Date, the Foreign Representative, on behalf of the Claimant, shall not assert that there was a lack of reasonable cause for the Government's seizure of the Seized Assets.

3. The Foreign Representative, on behalf of the Claimant, agrees as of the Effective Date to withdraw its claims as to the remaining Seized Assets, and agrees to forfeit all rights, title, and interest in that portion of the Seized Assets to the Government. These forfeited funds are as follows: $2,571,201.10 in U.S. Currency held under CBP case no. 2013-1303-001294-01 (the "Forfeited Funds").

4. The Parties agree that, if necessary, the Government may submit a copy of this Agreement to the Maryland Court in support of a motion seeking an order conforming to the terms of this Agreement and seeking judicial forfeiture of the Forfeited Funds specified in paragraph 3 above. The Government acknowledges that it does not require the approval of the Maryland Court to transfer the Released Funds to the Claimant.

5. The Claimant agrees to indemnify and hold the Government harmless from and against all claims, damages, losses, and actions resulting from or arising out of the release of the Released Funds to the Claimant, provided, however, that Claimant's obligations to the Government under this paragraph, if any, shall not exceed the amount of the Released Funds. Each of the Parties agrees to bear its own costs and attorney's fees in connection with the negotiation, documentation and seeking of any approval of this Agreement.

6. Notwithstanding the Government's agreement to release the Released Funds to the Foreign Representative, on behalf of the Claimant, the Foreign Representative understands that the United States Department of the Treasury's Bureau of the Fiscal Service administers a centralized offset program (the "Treasury Offset Program"), under which the federal agencies of the United States of America (the "Federal Agencies") may withhold parts or all of any funds in the possession of the United States of America until the Federal Agencies (including the Internal Revenue Service) have determined that the Claimant does not owe any unrelated, legally enforceable debts to the United States of America. See 31 U.S.C. § 3716. Notwithstanding the foregoing, the Foreign Representative and the Claimant do not waive any rights or protections available under 31 C.F.R. § 285.5 and all related statutes and regulations, including, without limitation, all statutes and regulations prohibiting the Government or the Federal Agencies from collecting or offsetting debts subject to the automatic stay in bankruptcy proceedings or debts covered by a statute that prohibits collection of such debt by offset. Furthermore, the Foreign Representative and the Claimant do not waive any rights or protections available based upon (i) the application of 11 U.S.C. § 362 to the Claimant and the property of the Claimant that is within the territorial jurisdiction of the United States of America pursuant to 11 U.S.C. § 1520(a)(1) and the Recognition Order, and/or (ii) the provisions of 11 U.S.C. § 1507 and 11 U.S.C. § 1521, including, without limitation, 11 U.S.C. § 1521(a)(5) and 11 U.S.C. § 1521(a)(7).

7. Notwithstanding anything herein to the contrary, the Foreign Representative is acting solely in a representative capacity and not individually as the bankruptcy trustee and foreign representative on behalf of the Claimant, and the Government agrees that the Foreign Representative shall bear no personal liability whatsoever in connection with (i) this Agreement,

(ii) any of the matters addressed herein, or (iii) any of Claimant's obligations hereunder, including, without limitation, any obligations that may arise under paragraph 5 hereof.

8. This Agreement states the entire agreement reached between the Parties hereto.

1/30/2017
Date

Rod J. Rosenstein
United States Attorney

Evan T. Shea
Assistant United States Attorney

Date

Daniel J. Saval, Esquire
Brown Rudnick LLP
Attorney for Bankruptcy Trusteee of MtGox, Co., Ltd

Date

Nobuaki Kobayashi
Solely in his Representative Capacity as Bankruptcy Trustee of MtGox, Co., Ltd. and not individually