Exhibit F

[Translation]

> I hereby certify that the application hereunder was approved on February 1st, 2017.
> February 1st, 2017
> Daihachiro Asaka, Court Clerk, the 20th Civil Division, Tokyo District Court

SEAL

2014 (fu) No. 3830

February 1st, 2017

To: The 20th Civil Division, Tokyo District Court

## APPLICATION FOR APPROVAL OF SETTLEMENT AGREEMENT

Bankrupt Entity     MtGox Co., Ltd.

Bankruptcy Trustee  Nobuaki Kobayashi, Attorney at law

SEAL

**PURPOSE OF APPLICATION**

I hereby seek the approval by the court of the execution of the attached Settlement Agreement with the U.S. Department of Justice ("**DOJ**") with the following terms and conditions (such settlement agreement, the "**Settlement Agreement**"):

(1) DOJ agrees to release a total of US$ 2,571,201.10 (the "**Released Funds**") out of US$ 5,142,402.20, in aggregate, of the deposited funds seized by the U.S. Government (the "**Seized Funds**") within five business days of the satisfaction of the conditions set forth in (2) below into the bank account to be designated

1

by the Bankruptcy Trustee, the breakdown of which is shown as follows:

(a)  US$ 2,117,414.96 out of the Seized Funds held under USSS case no. 101-777-40003-J and seizure number 101-2013-004;

(b)  US$ 109,479.84 out of the Seized Funds held under USSS case no. 101-777-4003-J and seizure number 101-2013-006; and

(c)  US$ 344,306,30 out of the Seized Funds held under CBP case no. 2013-1303-001294-01;

(2)  The Settlement Agreement shall become effective upon satisfaction of the conditions in (a) and (b) below:

(a)  the entry of an order by the Chapter 15 court or any other court of competent jurisdiction ordering:

(i)  approval of the Settlement Agreement;

(ii)  approval of the transfer of the Released Funds to the Bankruptcy Trustee pursuant to Sections 363 and 1520(a)(2) of the U.S. Bankruptcy Code;

(iii)  approval of the repatriation of the Released Funds to Japan for use in the Japan Bankruptcy Proceeding pursuant to Section 1521(b) of the U.S. Bankruptcy Code;

(iv)  any other and further release necessary to effectuate the Settlement Agreement; and

(b)  the entry of an order by the Tokyo District Court approving the Settlement Agreement and granting any other and further relief necessary to effectuate the Settlement Agreement;

(3)  Bankruptcy Trustee agrees to withdraw the claims as to the remaining Seized

  Assets, and agrees to forfeit all rights and interest in that portion of the Seized Funds to the Government (the "**Forfeited Funds**");

(4) DOJ and Bankruptcy Trustee agree that, if necessary, DOJ may submit a copy of the Settlement Agreement to the Maryland Court in support of a legal action to seek judicial forfeiture of the Forfeited Funds.  DOJ acknowledges that the approval of the Maryland Court is not required for the transfer of the Released Funds; and

(5) Bankrupt Entity agrees to indemnify and hold DOJ harmless from and against any and all damages arising out of the release of the Released Funds; provided however, that the amount to be indemnified or held harmless shall not exceed the amount of the Released Funds.  Each party shall bear its own costs and expenses including attorney's fees in connection with the negotiation, documentation and seeking of any approval of the Settlement Agreement.

**Grounds for Application**

**1** **Summary of Background**

  The deposited amount of US$ 5,142,402.20 in the U.S. bank account held in the name of Mutum Sigillum LLC, an affiliate of Bankrupt Entity, was seized by the U.S. Department of Homeland Security in May 2013.

  Since the seized funds above actually belonged to Bankrupt Entity, if the said funds were to be released by the U.S. government, they would constitute a part of the bankrupt estate.  Therefore, Bankruptcy Trustee has continued negotiating with DOJ, who is in charge of the release of the seized funds.  Now, Bankruptcy Trustee and DOJ have reached an agreement on the terms and conditions of the release of

the Seized Funds.

**2**     **Necessity and Appropriateness**

Since the Seized Funds actually belong to Bankrupt Entity, as long as these are the funds to be released by the U.S. government, Bankruptcy Trustee owes an obligation to collect and add them to the bankrupt estate promptly. Without the Settlement Agreement, Bankruptcy Trustee would have to seek other remedies, including filing a motion to release the Seized Funds from DOJ and seeking a discovery order against the U.S. government or making an indemnity claim against prosecutors of DOJ and the U.S. government for the damages incurred by Bankrupt Entity. However, taking into consideration the time and costs necessary for the other remedies and the likelihood of success in collection of the Seized Funds, as well as the advice by Brown Rudnick LLP, the U.S. counsel to Bankruptcy Trustee, as long as the terms and conditions of settlement with DOJ are reasonable, it is preferable to collect the Seized Funds from DOJ in a prompt manner through the settlement, and the execution of the Settlement Agreement is needed for that purpose.

Further, according to Brown Rudnick LLP, Bankruptcy Trustee understands that the U.S. government has broad discretion as to forfeiture under U.S. law, and as long as the requirements are met, the U.S. government is allowed to forfeit the funds, no matter what the purpose of forfeiture is. Given the advice by Brown Rudnick LLP and DOJ's attitude in the negotiation so far, it would be difficult to gain further compromise from DOJ, and taking into account the time, costs and expected success of the other remedies as discussed above, it is hard to expect that Bankruptcy

Trustee will collect more than the amount agreed in the Settlement Agreement. Further, the amount of US$ 2,571,201.10 (approximately JPY 291,628,199) would be significant income to the bankrupt estate.

Given the above, it is necessary and appropriate to sign the Settlement Agreement.

Now, therefore, I hereby apply for the approval.

**ATTACHMENT**

1	A copy of the Settlement Agreement	1 copy

End