David J. Molton *(admitted pro hac vice)*
Howard S. Steel
Gerard T. Cicero
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email:  dmolton@brownrudnick.com
Email:  hsteel@brownrudnick.com
Email:  gcicero@brownrudnick.com

- and -

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue
Dallas, Texas 75201
Telephone: (214) 999-4289
Email: mhelt@foley.com
Email: tscannell@foley.com

*Counsel for Nobuaki Kobayashi,*
*In His Capacities as the Bankruptcy Trustee*
*and Foreign Representative and Trustee of the*
*Second Civil Rehabilitation Proceeding*
*and Proposed Foreign Representative*
*of MtGox Co., Ltd., a/k/a MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>MTGOX CO., LTD. (a/k/a MTGOX KK),<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-31229-sgj-15 |

**NOTICE PURSUANT TO 11 U.S.C. § 1518 OF CHANGE IN STATUS OF**
**FOREIGN PROCEEDING AND APPOINTMENT OF FOREIGN REPRESENTATIVE**

1

Nobuaki Kobayashi, in his capacities as the bankruptcy trustee and foreign representative of MtGox Co., Ltd., a/ka/ MtGox KK (the "Debtor")[1] and as the trustee of the Second Civil Rehabilitation Proceeding (as defined below) and proposed foreign representative of the Debtor in connection with that proceeding, by and through his United States attorneys, Brown Rudnick LLP and Foley & Lardner LLP , hereby submits notice, pursuant to 11 U.S.C. § 1518, of a change in (a) the nature of the Debtor's foreign proceeding, (b) the institution of a civil rehabilitation proceeding pursuant to the Japanese Civil Rehabilitation Act (*Minji Saisei Ho*) (the "JCRA") in respect of the Debtor, (c) the appointment of Mr. Kobayashi as the trustee in respect of the Debtor's civil rehabilitation proceeding, and (d) the status of the appointment of Mr. Kobayshi as the Debtor's bankruptcy trustee and foreign representative:

## THE PRIOR JAPAN CIVIL REHABILITATION PROCEEDING

1. On February 28, 2014, the Debtor filed a petition (the "Initial Japan Petition") for the commencement of a civil rehabilitation proceeding (the "Initial Japan Civil Rehabilitation") in the Twentieth Civil Division of the Tokyo District Court, Japan (the "Tokyo Court") pursuant to Article 21(1) of the JCRA. Prior to the Initial Japan Petition, the Debtor was recognized as one of the largest online operators of a bitcoin exchange in the world. In the Initial Japan Petition, the Debtor reported that it had lost almost 850,000 bitcoins.[2] A copy of the Initial Japan Petition is attached as Exhibit A to the *Declaration of Robert Marie Mark Karpeles,* previously filed with this Court on March 9, 2014 [Docket No. 3] (the "Karpeles Declaration"). An English translation of the Initial Japan Petition is attached as

---

[1] As discussed further below, the Japan Bankruptcy (as defined below), proceeding under the Japanese Bankruptcy Act, has been stayed by operation of Japanese law by the commencement of the Second Civil Rehabilitation Proceeding (as defined below) in Japan. In the coming weeks, Mr. Kobayashi intends to move the Court to modify the Initial Amended Recognition Order (as defined below) to account for the staying of the Japan Bankruptcy and to submit to the Court a Second Amended Petition for Recognition recognizing the Second Civil Rehabilitation Proceedings (as defined below) as the operative foreign main proceeding and Mr. Kobayashi as the foreign representative in respect of that proceeding.

[2] Subsequently, the Debtor reported finding approximately 200,000 bitcoins in an old-format wallet.

Exhibit A to the *Notice of Filing,* previously filed with this Court on March 31, 2014 [Docket No. 53].

2. In addition to the Initial Japan Petition, the Debtor filed with the Tokyo Court applications for a temporary restraining order and for a comprehensive prohibition order, which were issued by the Tokyo Court on February 28, 2014. At the same time, the Tokyo Court issued orders for the appointment of a supervisor and examiner (collectively, with the temporary restraining order and comprehensive prohibition order, the "Initial Tokyo Court Civil Rehabilitation Orders"). The Initial Tokyo Court Civil Rehabilitation Orders are attached as Exhibits B, C, D and E to the Karpeles Declaration.

3. As part of the Initial Tokyo Court Civil Rehabilitation Orders, the Tokyo Court appointed Mr. Nobuaki Kobayashi as the Debtor's supervisor and examiner. See Karpeles Decl., Exs. B & C. Pursuant to the powers conferred on him thereunder, Mr. Kobayashi issued a consent (the "Consent") allowing the Debtor to hire Baker & McKenzie LLP to commence this Chapter 15 case on behalf of the Debtor's prior foreign representative, Mr. Robert Marie Mark Karpeles. Copies of the Consent and its English translation are attached as Exhibit F to the Karpeles Declaration.

4. Thereafter, on March 9, 2014, the Debtor filed the *Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 2] and related papers, initiating this Chapter 15 case.

**TRANSITION FROM CIVIL REHABILITATION TO BANKRUPTCY**

5. After the filing of the Initial Japan Petition, the Debtor commenced an investigation with regard to the circumstances that led to the filing of the Initial Japan Civil Rehabilitation. In mid-April 2014, the Debtor filed a notice with the Tokyo Court, stating that (a) the investigation would take a long period of time, (b) there was no specific plan to restart the Debtor's business, and (c) partly due to the status of the investigation, the process for

seeking a buyer in relation to a sale of the Debtor's assets had not commenced, and therefore the Debtor would be unable to prepare a rehabilitation plan.

6. After receipt by the Tokyo Court of a notice from Mr. Kobayashi, in his capacity as supervisor and examiner of the Debtor, regarding the conditions with respect to the commencement of the Initial Japan Civil Rehabilitation, the Tokyo Court dismissed the Initial Japan Petition, recognizing that under the circumstances it would be very difficult for the Debtor to successfully carry out the Initial Japan Civil Rehabilitation.

7. As a result, by separate orders dated April 16, 2014, the Tokyo Court entered judgments (a) dismissing the Initial Japan Petition, (b) ordering administration of the Debtor's assets by Mr. Kobayashi, in the capacity of a provisional administrator, (c) prohibiting certain actions by creditors with regard to properties of the Debtor during the interim period following the dismissal and prior to the commencement of a bankruptcy procedure for the Debtor (the "Japan Bankruptcy"), and (d) prohibiting Mr. Kobayashi, in his capacity as the provisional administrator, from undertaking certain actions with respect to the Debtor's debt, properties, and claims without the approval of the Tokyo Court. Copies of each of the foregoing orders and their English translations are attached as Exhibits A, B, C, and D to the *Notice Pursuant to 11 U.S.C. § 1518 of Change in Status of Foreign Proceeding and Appointment of Foreign Representative* [Docket No. 108] (the "Prior § 1518 Notice").

**COMMENCEMENT OF THE JAPAN BANKRUPTCY**

8. On April 24, 2014, pursuant to Article 250 of the JCRA (which permits a court to order the commencement of bankruptcy proceedings by its own authority when an order of dismissal of a petition for commencement of Japanese Civil Rehabilitation becomes final and binding) the Tokyo Court entered an order formally commencing the Japan Bankruptcy and appointing Mr. Kobayashi as bankruptcy trustee (the "Bankruptcy Order" and, such

3

proceeding, the "Japan Bankruptcy"). Copies of the Bankruptcy Order along with its English translation are attached to the Prior § 1518 Notice at Exhibit E.

9. As a bankruptcy proceeding under Japanese Bankruptcy Act, the purpose of the Japan Bankruptcy was to liquidate the Debtor's assets and distribute them to creditors in a fair and equitable manner. As bankruptcy trustee, Mr. Kobayashi, among other things, was responsible for administering the Debtor's bankruptcy estate, investigating bankruptcy claims, and, if resources were available, distributing dividends.

10. On May 23, 2014, shortly after filing the Prior § 1518 Notice, Mr. Kobayashi filed an *Amended Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 126] (the "Initial Amended Verified Petition"), seeking, in his capacity as bankruptcy trustee, recognition of the Japan Bankruptcy as a foreign main proceeding pursuant to section Bankruptcy Code section 1517. The Court entered an Order granting the relief requested in the Initial Amended Verified Petition on June 19, 2014 [Docket No. 151] (the "Initial Amended Recognition Order").

## COMMENCEMENT OF THE SECOND CIVIL REHABILITATION PROCEEDING

11. On November 24, 2017, one of the creditors of the Debtor holding bitcoin-based claims (the "Petitioning Creditor") filed an involuntary petition for commencement of civil rehabilitation proceedings in the Tokyo Court under Article 21(2) of the JCRA (the "Second Civil Rehabilitation Petition"). In response to the Second Civil Rehabilitation Petition, the Tokyo Court appointed an examiner, Mr. Hisashi Ito, to examine

4

whether there were any grounds to dismiss the Second Civil Rehabilitation Petition pursuant to Article 25 of the JCRA.[3]

12. The Petitioning Creditor filed the Second Civil Rehabilitation Petition and sought the reconstitution of civil rehabilitation proceedings in order to capture the increase in value of bitcoin from April 2014 to November 2017 and to avoid the inequity of having the Debtor's ultimate equity owner, Mr. Karpeles (who has been arrested in Japan by Japanese authorities for embezzlement and data manipulation with respect to the Debtor), capture that increase of value through an equity dividend. In a Japanese bankruptcy proceeding such as the Debtor's Japan Bankruptcy, Mr. Kobayashi and the Debtor are constrained by Japanese law to valuing the claims of creditors who held bitcoins as of April 24, 2014, the date of the commencement of the Japan Bankruptcy. On April 24, 2014, the market price of bitcoin was $483 USD. In other words, the maximum amount to be distributed from the Debtor's estate to a bitcoin holder who deposited one bitcoin with the Debtor would be $483 USD – even if the market price of one bitcoin at the date of distribution was (for example) $10,000 USD. By comparison, on November 24, 2017, the date of the filing of the Second Civil Rehabilitation Petition, the market price of bitcoin was $8,201.46 USD.

13. Under Japanese law, civil rehabilitation proceedings do not constrain a debtor or trustee to value bitcoin-based claims at a certain point of time (while the amount of claims will be valued on the date of the commencement of the civil rehabilitation proceedings for the

---

[3] Article 25 of the JCRA provides the following conditions for the commencement of civil rehabilitation proceedings:

In any of the following cases, the court shall dismiss with prejudice on the merits a petition for commencement of rehabilitation proceedings:

(i) Where expenses for rehabilitation proceedings are not prepaid.

(ii) Where bankruptcy proceedings or special liquidation proceedings are pending before the court, and enforcing either proceedings conforms to the common interests of creditors.

(iii) Where it is obvious that a proposed rehabilitation plan is unlikely to be prepared or approved or a rehabilitation plan is unlikely to be confirmed.

(iv) Where the petition for commencement of rehabilitation proceedings is filed for an unjustifiable purpose or it is not filed in good faith.

5

purpose of determining the amount of voting rights each creditor has to vote on any plan of rehabilitation), and afford a debtor flexibility on how to distribute and allocate value upon a debtor's exit from such proceedings. As set forth in the Second Civil Rehabilitation Petition, the Petitioning Creditors seek to avail themselves of this flexibility to avoid the rigid valuations impressed on their claims under the Japan Bankruptcy by either revaluing their claims as of the date of commencement of the rehabilitation (which is permissible under Japanese law) or through a confirmed rehabilitation plan which recognizes the dramatic increase in bitcoin market price and allocates value to bitcoin creditors accordingly—including through a distribution of bitcoin in kind. Additionally, as noted above, absent the institution of a civil rehabilitation proceeding, Mr. Kobayashi and the Tokyo Court will be constrained by Japanese law in the Japan Bankruptcy to providing Mr. Karpeles, after, *inter alia*, the payment of creditors' claims, with the residual value created by the increase in the market price of bitcoin, rather than to the bitcoin creditors themselves.

14. On February 28, 2018, Mr. Ito, the examiner appointed by the Tokyo Court, submitted a report in which he concluded that there were no grounds to dismiss the petition to commence the Second Civil Rehabilitation Proceedings – provided that certain measures to protect the interests of "bankruptcy creditors" (*i.e.*, creditors who filed proofs of claims in the Japan Bankruptcy, including regarding non-bitcoin claims) should be taken prior to the commencement of the Second Civil Rehabilitation Proceedings. Put differently, Mr. Ito did ***not*** recommend commencement of civil rehabilitation proceedings unless, among other things, proper reserves were established by Mr. Kobayashi, as the bankruptcy trustee, to fund all non-bitcoin claims that had not yet been disallowed by the Tokyo Court in the Japan Bankruptcy, including with interest. A translation of Mr. Kobayashi's report, as bankruptcy trustee, with respect to the same, which refers to the examiner's conclusion, is attached hereto as **Exhibit A**. After February 28, 2018 and the submission of Mr. Ito's report, Mr. Kobayashi

6

worked on establishing a measure to protect the benefits obtained by the creditors whose claims have been accepted by the trustee in the Japan Bankruptcy in close consultation with the Tokyo Court and Mr. Ito, as the court appointed examiner.

15. On June 22, 2018, the Tokyo Court commenced a civil rehabilitation proceeding in respect of the Debtor (the "Second Civil Rehabilitation Proceeding"). Contemporaneously, and through the same Order, the Tokyo Court appointed Mr. Kobaysahsi as trustee in respect of the Second Civil Rehabilitation Proceeding. The Tokyo Court expanded Mr. Ito's role as the court appointed examiner to investigate, among others, the appropriateness of a draft rehabilitation plan to be submitted to the creditors' meeting in the Second Civil Rehabilitation Proceedings, and Mr. Kobayashi is required to consult and seek approval from Mr. Ito in respect of certain decisions to be made in respect of the Second Civil Rehabilitation Proceeding. Copies of the Order expanding the examiner's role and an English translation thereof are attached hereto as **Exhibit B**.

16. Pursuant to Article 39 of the JCRA, the Order Commencing the Second Civil Rehabilitation Proceeding automatically stayed the earlier filed Japan Bankruptcy Proceeding.[4] Copies of the Order commencing the Second Civil Rehabilitation Proceeding and appointing Mr. Kobayashi as trustee in respect of such proceeding and an English translation thereof are attached hereto as **Exhibit C** (the "Second Civil Rehabilitation Order").[5]

---

[4] Because of the commencement of the Second Civil Rehabilitation Proceeding, the Japan Bankruptcy is stayed and no longer the operative insolvency proceeding occurring in Japan. The Japan Bankruptcy is stayed and not dismissed under Japanese Law to account for the possibility that the Second Civil Rehabilitation Proceeding does not ultimately result in an approved rehabilitation plan or otherwise fails. If that occurs, the Second Rehabilitation Proceeding will be dismissed and the stay on the Japan Bankruptcy will be lifted, wherein the final liquidation of the Debtor's estate will take place.

[5] On June 22, 2018, the Trustee posted an announcement of commencement of the Second Civil Rehabilitation Order, in both Japanese and English, on the Debtors' website, http://www.mtgox.com/. Thereafter, pursuant to the Tokyo Court's request and instruction, the Trustee began sending notice of the Tokyo Court's Second Civil Rehabilitation Order, in both Japanese and English, to all known creditors, including all creditors listed in the database of the Debtor and those who filed proofs of claim in the Japan Bankruptcy, by email. Copies of the announcement posted on the Debtor's website and email notice are attached hereto as **Exhibit D**.

7

17. In sum, as a consequence of the entry of the Second Civil Rehabilitation Order, together with the other developments described herein, (a) the "foreign proceeding" (as defined in 11 U.S.C. § 101(23)) that this Chapter 15 case relates to is now the Second Civil Rehabilitation Proceeding, and (b) the Debtor's "foreign representative" (as defined in 11 U.S.C. § 101(24)) in this Chapter 15 case is now Mr. Kobayashi, in his capacity as the Debtor's trustee with respect to the Second Civil Rehabilitation Proceeding.

18. Given the change in circumstances described above, Mr. Kobayashi intends to move the Court to modify the Initial Amended Recognition Order to account for the staying of the Japan Bankruptcy and to submit to the Court a Second Amended Petition for Recognition recognizing the Second Civil Rehabilitation Proceedings as the operative foreign main proceeding and Mr. Kobayashi as the foreign representative in respect of that proceeding.

19. For the purposes of judicial economy, fair notice, and to eliminate any possible prejudice to U.S. interested parties relying on and monitoring this docket, Mr. Kobayashi believes that this path forward is not only appropriate under Chapter 15 of the Bankruptcy Code, but also the most efficient and fair to all of the Debtor's stakeholders in the United States.

Dated: July 2, 2018
       Dallas, Texas

Respectfully submitted,

**FOLEY &LARDNER LLP**

*/s/ Thomas C. Scannell*
Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
2021 McKinney Avenue
Dallas, Texas 75201
Telephone: (214) 999-4289
Email:   mhelt@foley.com
Email:   tscannell@foley.com

- and -

**BROWN RUDNICK LLP**
David J. Molton (*pro hac vice*)

Howard S. Steel  
Gerard T. Cicero  
Seven Times Square  
New York, New York 10036  
Telephone: (212) 209-4800  
Facsimile: (212)209-4801  
Email: dmolton@brownrudnick.com  
Email: hsteel@brownrudnick.com  
Email: gcicero@brownrudnick.com  

*Counsel for Nobuaki Kobayashi,*  
*In His Capacities as the Bankruptcy Trustee*  
*and Foreign Representative and Trustee of*  
*the Second Civil Rehabilitation Proceeding*  
*and Proposed Foreign Representative*  
*of MtGox Co., Ltd., a/k/a MtGox KK*

9