**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), | Case No. 14-31229-sgj-15 |
| Debtor in a Foreign Proceeding. | |

**DECLARATION OF NOBUAKI KOBAYASHI
IN SUPPORT OF THE MOTION FOR MODIFICATION OF
RECOGNITION PURSUANT TO BANKRUPTCY CODE SECTION 1517(D) AND
AMENDED VERIFIED PETITION FOR RECOGNITION AND CHAPTER 15 RELIEF**

I, Nobuaki Kobayashi (the "Petitioner"), in my capacities as the bankruptcy trustee and

foreign representative of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor" or "MtGox") and as

the trustee of the Second Civil Rehabilitation Proceeding (as defined below) and duly-authorized

foreign representative of the Debtor, debtor in a civil rehabilitation proceeding under Japanese

law (the "Second Civil Rehabilitation Proceeding"), currently pending before the Twentieth Civil

Division of the Tokyo District Court, Japan (the "Tokyo Court"), pursuant to 28 U.S.C. § 1746,

hereby declare under penalty of perjury under the laws of the United States of America that the

following is true and correct to the best of my knowledge and belief, including based upon my

review of the books, records and documents of the Debtor and interviews of the relevant

personnel of the Debtor:

1.      I am a resident of Japan and, after receiving an L.L.B. from Chuo University in

1979, have been registered to practice law in Japan since 1983.  I am currently a partner at

Nagashima Ohno & Tsunematsu ("NO&T"), a Japan-based law firm engaged in the provision of

corporate reorganization, insolvency and related services in Japan.  Since becoming an attorney

at law, I have been a member of the Insolvency Law Study Group of the Tokyo Bar Association,

1

and I was appointed Chairperson in 2002. Since 2013, I have been Chairperson of the Study Committee on the Bankruptcy Law System of the Japan Federation of Bar Associations. I have lectured in a variety of programs and institutions and have delivered lectures on insolvency practice hosted by the Training and Research Institute for Court Officials of the Supreme Court of Japan and attended by Japanese judges. From 2007 to March 2014, I was a Visiting Professor in insolvency law at Chuo University Law School in Tokyo, Japan. I have also co-authored practice guides on Japanese insolvency law.

2.      In addition, I have extensive experience in each of Japan's three types of insolvency proceedings, namely: (i) bankruptcy proceedings under the Bankruptcy Act of Japan (the "Bankruptcy Act"); (ii) civil rehabilitation proceedings under Japan's Civil Rehabilitation Act (*Minji Saisei Ho*) (the "JCRA"); and (iii) reorganization proceedings under Japan's Corporate Reorganization Act (*Kaisha Kosei Ho*). Specifically, I have served as: (i) the bankruptcy trustee in approximately 40 Japan bankruptcy proceedings involving companies; (ii) the counsel to debtor(s) or the supervisor in approximately 46 Japan civil rehabilitation proceedings; and (iii) the reorganization trustee in approximately 10 Japan reorganization proceedings.[1] As such, I am fully familiar with Japanese insolvency law and with MtGox's Japan Bankruptcy, and the Second Civil Rehabilitation Proceeding (both as defined and described below).

---

[1]   I note that I served as the co-trustee and co-foreign representative of Elpida Memory, Inc. ("Elpida") in its reorganization proceedings in Japan and related Chapter 15 case in the U.S. Bankruptcy Court for the District of Delaware. In 2012, the Delaware Bankrutpcy Court recognized the Elpida reorganization proceeding as a foreign main proceeding. See In re Elpida Memory, Inc., Case No. 12-10947 (CSS) (Bankr. D. Del. Apr. 24, 2012) [Docket No. 65].

I also served as Japanese counsel to Takata Corporation ("TKJP"), which filed for its rehabilitation proceedings in Japan and related Chapter 15 case in the U.S. Bankruptcy Court for the District of Delaware. On November 14, 2017, the Delaware Bankruptcy Court recognized the TKJP rehabilitation proceeding as a foreign main proceeding. See In re Takata Corporation, Case No. 17-11713 (BLS) (Bankr. D. Del. Nov. 14, 2017) [Docket No. 86].

3.     On April 24, 2014, I was appointed as the bankruptcy trustee of MtGox. As explained in more detail below, from April 24, 2014 until June 22, 2018, MtGox was the subject of a bankruptcy procedure (the "Japan Bankruptcy Proceeding") under the Bankruptcy Act before the Tokyo Court.[2]   On May 23, 2014, through my U.S. counsel, I filed an *Amended Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 126] (the "Amended Recognition Petition").   In support of the Amended Recognition Petition, I submitted the *Declaration of Nobuaki Kobayashi in Support of the Amended Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 127] (together with its exhibits, the "First Kobayashi Declaration").   Among other things, the First Kobayashi Declaration provided: (1) evidence regarding the corporate structure of the Debtor, its corporate governance, an overview of its historical business operations and dealings with customers, and the background leading to the commencement of the Japan Bankruptcy Proceeding; (2) evidence regarding the Debtor's assets and liabilities and an overview of the claims and causes of action pending against the Debtor; and (3) evidence supporting a determination that the Debtor's COMI (as defined below) is in Japan.  I respectfully submit that the First Kobayashi Declaration and the evidence set forth in therein is incorporated in this Declaration, as if set forth fully herein.

4.     On June 22, 2018, the Tokyo Court commenced a civil rehabilitation proceeding under the JCRA in respect of MtGox (the "Second Civil Rehabilitation Proceeding"), which automatically stayed the Japan Bankruptcy Proceeding pursuant to Article 39, Clause 1 of the JCRA.  Coincident to the commencement of the Second Civil Rehabilitation Proceeding, the

---

[2]   An English translation of the Bankruptcy Act, which was prepared by the Ministry of Justice in Japan, is available at: http://www.japaneselawtranslation.go.jp/law/detail/?re=01&dn=1&x=0&y=0&co =1&ia=03&yo=&gn =&sy=&ht=&no=&bu=&ta=&ky=%E7%A0%B4%E7%94%A3%E6%B3%95&page=29.

Tokyo Court appointed me as the Trustee of MtGox in respect of the Second Civil Rehabilitation Proceeding.

5.      I submit this declaration in support of the *Motion for Modification of Recognition Pursuant to Bankruptcy Code Section 1517(d) and Amended Verified Petition for Recognition and Chapter 15 Relief* (the "Second Amended Recognition Petition"),[3] which I, in my capacities as foreign representative of MtGox and as trustee of the Second Civil Rehabilitation Proceeding and the duly authorized foreign representative of MtGox, have contemporaneously filed with this Court.[4]

6.      By the Second Amended Recognition Petition, I respectfully seek entry of an Order: (1) modifying the First Recognition Order to limit the recognition of the Japan Bankruptcy Proceeding, which has been stayed and is no longer the operative "foreign main proceeding;" and (2) recognizing the Second Civil Rehabilitation Proceeding as a "foreign main proceeding" as defined in 11 U.S.C. §§ 1502(4) and 1517(b)(1) . I also request that this Court grant me, as the trustee and foreign representative of the Debtor in respect of the Second Civil Rehabilitation Proceeding, (i) authority to conduct necessary discovery pursuant to 11 U.S.C. § 1521(a)(4) and (ii) entrustment of the administration and realization of all of the Debtor's assets within the territorial jurisdiction of the United States, pursuant to 11 U.S.C. § 1521(a)(5).

7.      While the main purpose of civil rehabilitation proceedings under the JCRA is to ensure the rehabilitation of debtors' business or economic life, in this specific rehabilitation case of MtGox, under the auspices of the Tokyo Court and with the ancillary assistance of this Court, the ultimate goals of the Second Civil Rehabilitation Proceeding is to realize upon the Debtor's

---

[3]   Any capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Amended Petition.

[4]   While I remain bankruptcy trustee for MtGox in the Japan Bankruptcy Proceedings, since those proceedings have been stayed (as discussed herein) I am not permitted to take any actions in that capacity during the pendency of the stay.

assets and distribute them to creditors, wherever located, in a fair and equitable manner through a

civil rehabilitation plan acceptable to creditors and in accordance with applicable Japanese law.

8.      I am advised by my United States counsel that Chapter 15 recognition requires

that a petition be brought by a "foreign representative" of a "foreign proceeding" as such terms

are defined in, respectively, Bankruptcy Code Sections 101(24) and 101(23). I am further aware

that in order to be recognized under Chapter 15 as a foreign main proceeding, sufficient evidence

must be shown that the foreign proceeding is pending in the debtor's "center of main interests"

("COMI") in each case as the requirements thereof have been interpreted for purposes of Chapter

15 recognition.

9.      Part I of this Declaration provides evidence regarding the background leading to

the commencement of the Second Civil Rehabilitation Proceeding.    Part II provides an

explanation of the Debtor's continued need for recognition and the relief being requested.    Part

III highlights the evidence in support of a determination that I am the Debtor's duly authorized

foreign representative and that the Second Civil Rehabilitation Proceeding, and not the Japan

Bankruptcy Proceeding, is the operative foreign proceeding, such that it should be deemed a

foreign main proceeding.

## I.    BACKGROUND TO THE SECOND CIVIL REHABILITATION PROCEEDING

### A.    Increase In Value of Bitcoin and Bitcoin Derivatives.

10.      On March 7, 2018, in my capacity as bankruptcy trustee for the Debtor, I issued

my tenth (10th) report on the status of the Debtor's bankruptcy to creditors ("10th Trustee Status

Report").[5] As set forth in the 10th Trustee Status Report, as of March 7, 2018, the Debtor's

estate held 166,344.35827254 bitcoin (bitcoin will be sometimes be referred to herein as "BTC").

---

[5]    The 10th Trustee Status Report is attached hereto as **Exhibit 1**.

Additionally, as of March 7, 2018, the Debtor's estate held 168,177.35927254 bitcoin cash (bitcoin cash will be referred to herein as "BCH").[6]

11.     The exchange value of bitcoin has increased dramatically since the commencement of the Japan Bankruptcy Proceeding on April 24, 2014.  On April 24, 2014, the market price of bitcoin, in U.S. dollars was $483 USD.  By comparison, on November 24, 2017, the date of the filing of the Second Civil Rehabilitation Petition (as defined below), the market price of bitcoin was $8,201.46 USD.  While the exchange value of bitcoin has declined from its historical high of $19,783.06, reached on December 17, 2017, it is still valued at a significant premium to its value on April 24, 2014.  By way of example only, as of the date preceding this Declaration, the market price of bitcoin closed at $6,587.51 and the market price of BCH closed at $516.24.

B.     **Events Leading Up To Commencement
Of Second Civil Rehabilitation Proceeding.**

12.     On November 24, 2017, one of the creditors of the Debtor holding bitcoin-based claims (the "Petitioning Creditor") filed an involuntary petition for the commencement of civil rehabilitation proceedings in the Tokyo Court under Article 21(2) of the JCRA (the "Second Civil Rehabilitation Petition").  In response to the Second Civil Rehabilitation Petition, the Tokyo Court appointed an examiner, Mr. Hisashi Ito, to examine whether there were any grounds to dismiss the Second Civil Rehabilitation Petition pursuant to Article 25 of the JCRA. Article 25 of the JCRA provides the following conditions for the commencement of civil rehabilitation proceedings:

---

[6]     On August 1, 2017, BTC underwent what is colloquially called as a "hard fork," resulting in the creation of BCH.  As a result of the hard fork, on August 1, 2017, for every BTC a holder held, the holder received one BCH (or an equivalent amount of fractional units).  According to publicly available news sources, BCH and the hard fork were implemented by the developers of BTC to increase the block size limit of the cryptocurrency. Effectively, the "hard fork" resulted in the underlying blockchain and cryptocurrency being split in two; they are now traded and held separately.

In any of the following cases, the court shall dismiss with prejudice on the merits a petition for commencement of rehabilitation proceedings:

(i)  Where expenses for rehabilitation proceedings are not prepaid.

(ii)  Where bankruptcy proceedings or special liquidation proceedings are pending before the court, and enforcing either proceedings conforms to the common interests of creditors.

(iii) Where it is obvious that a proposed rehabilitation plan is unlikely to be prepared or approved or a rehabilitation plan is unlikely to be confirmed.

(iv)  Where the petition for commencement of rehabilitation proceedings is filed for an unjustifiable purpose or it is not filed in good faith.[7]

13.    It is my understanding, according to the petition filed by the Petitioning Creditor, that the Petitioning Creditor filed the Second Civil Rehabilitation Petition and sought reconstitution of civil rehabilitation proceedings for two main reasons.  First, so that creditors holding bitcoin-based claims may capture the increase in value of bitcoin since April 24, 2014. Second, to avoid the inequity of having the Debtor's ultimate equity owner, Mr. Karpeles (who has been arrested in Japan by Japanese authorities for embezzlement and data manipulation with respect to the Debtor), capture that increase in value of bitcoin through an equity distribution ahead of bitcoin creditors.

14.    In a Japanese bankruptcy proceeding such as the Debtor's Japan Bankruptcy Proceeding, the bankruptcy trustee and the debtor are required by Japanese law to value the claims of creditors who held bitcoins as of April 24, 2014, the date of the commencement of the Japan Bankruptcy Proceeding. *See* Bankruptcy Act, Article 103.2.2(i) (providing that the amount of non-monetary bankruptcy claims shall be evaluated at the time of the commencement of the

---

[7]    English translations of the relevant provisions of the JCRA referenced in this Declaration are attached hereto as **Exhibit 2.**

bankruptcy proceedings). Additionally, it has not been settled in Japan, whether, under the Bankruptcy Act, the bankruptcy trustee and the debtor would be permitted to distribute bitcoin in kind to creditors holding bitcoin claims in connection with a bankruptcy proceeding. In other words, the maximum amount to be distributed from the Debtor's estate to a bitcoin holder who deposited one bitcoin with the Debtor would be $483 USD, the market price of bitcoin on the date of the commencement of the Japan Bankruptcy Proceedings — even if the market price of one bitcoin at the date of distribution was (for example) $10,000 USD. Thus, it is likely that, under Japanese bankruptcy law, the Debtor, after liquidating all of its BTC and BCH, would have a substantial surplus after paying its bitcoin creditors in "full" and that the surplus would be distributed to Mr. Karpeles on account of his equity interests.

15.    Under Japanese law, civil rehabilitation proceedings do not require a debtor or trustee to value bitcoin-based claims at a certain point of time (while the amount of claims will be valued on the date of the commencement of the civil rehabilitation proceedings for the purpose of determining the amount of voting rights each creditor has to vote on any plan of rehabilitation). Moreover, civil rehabilitation proceedings afford a debtor flexibility on how to make payments for rehabilitation claims upon a debtor's exit from such proceedings based on a rehabilitation plan. As a result, depending on how a civil rehabilitation plan is ultimately structured, the Debtor may, among other things, distribute bitcoin in-kind to bitcoin based creditors. Even in the case where the plan does not provide for the distribution in bitcoins, if the Second Civil Rehabilitation Proceeding is successful, bitcoin based creditors may have the benefit of their claims having been valued as of June 22, 2018, the date of the commencement of the Second Civil Rehabilitation Proceedings, capturing a significant increase in value from April 24, 2014, subject to the approval of the rehabilitation plan.

16.     On February 28, 2018, Mr. Ito, the examiner appointed by the Tokyo Court, submitted a report in which he concluded that there were no grounds to dismiss the Second Civil Rehabilitation Petition — provided that certain measures to protect the interests of "bankruptcy creditors" (*i.e.*, creditors who filed proofs of claims in the Japan Bankruptcy Proceeding, including regarding non-bitcoin claims) should be taken prior to the commencement of the Second Civil Rehabilitation Proceeding.    In other words, Mr. Ito did ***not*** recommend commencement of civil rehabilitation proceedings unless, among other things, proper reserves were established by myself, as the bankruptcy trustee, to fund all non-bitcoin claims, including with interest, that had not yet been disallowed by the Tokyo Court in the Japan Bankruptcy.  A translation of my report, as bankruptcy trustee, with respect to the same, which refers to the examiner's conclusion, is attached hereto as **Exhibit 3**.

17.     After February 28, 2018, and the submission of Mr. Ito's report, I worked on establishing measures to protect the benefits obtained by the creditors whose claims have been accepted in the Japan Bankruptcy Proceedings in close consultation with the Tokyo Court and Mr. Ito, as the appointed examiner.  Specifically, in consultation with Mr. Ito and the Tokyo Court, I established a trust to ensure the payment of monetary creditors before the commencement of the Second Civil Rehabilitation Proceeding and deposited the requisite amount of cash in the trust for the purpose of paying the monetary creditors whose claims have been accepted in the Japan Bankruptcy Proceedings.  That trust is currently funded in the amount of 15,894,530,915 Japanese Yen (approximately $139 million).  The announcement detailing the establishment of the trust and published on the MtGox website on September 25, 2018 is attached hereto as **Exhibit 4**.

C.    <u>**Commencement Of The Second Civil Rehabilitation Proceeding.**</u>

18.    On June 22, 2018, the Tokyo Court entered an Order commencing the Second Civil Rehabilitation Proceeding in respect of the Debtor (the "<u>Second Civil Rehabilitation Order</u>"). Contemporaneously, and through the same Order, the Tokyo Court appointed me as trustee in respect of the Second Civil Rehabilitation Proceeding. Copies of the Second Civil Rehabilitation Oder and an English Translation thereof are attached hereto as **Exhibit 5**. In order to fully carry out my duties as the Debtor's trustee in respect of the Second Civil Rehabilitation Proceeding, I am assisted by other attorneys at the NO&T Tokyo office, and certain of those attorneys have been appointed as deputy trustees.

19.    Pursuant to Article 64 of the JCRA, a court overseeing a civil rehabilitation proceeding under the JCRA, may, in its discretion, appoint a trustee in respect of assets of a debtor in civil rehabilitation. Additionally, the overseeing court remains vested with the power to dismiss or change the trustee under Article 64 of the JCRA and will supervise any trustee that is appointed. If a court decides to appoint a trustee in respect of a civil rehabilitation debtor, then, Article 66 of the JCRA provides that the right to administer and dispose of all property of the civil rehabilitation estate is vested solely in the trustee. I do note that, according to the June 22, 2018 Tokyo Court order commencing the Second Civil Rehabilitation Proceeding, I must seek further Tokyo Court approval for certain dispositions of estate property outside the ordinary course of business.

20.    Furthermore, Articles 39 and 40 of the JCRA provide that any pending lawsuits concerning claims against the civil rehabilitation estate as well as foreclosure or other law enforcement being made against the civil rehabilitation estate are immediately stayed. English translations of the Articles of the JCRA referenced above are attached hereto as **Exhibit 2**.

21.    On June 22, 2018, The Tokyo Court also entered an order that expanded Mr. Ito's role as the court appointed examiner in respect of the proceeding, to investigate, among other things the appropriateness of a draft rehabilitation plan to be submitted to the creditors' meeting in the Second Civil Rehabilitation Proceedings. Mr. Ito is also required to opine on any matter that the Tokyo Court requests his opinion on. Copies of the Order expanding the examiner's role and an English Translation thereof are attached hereto as **Exhibit 6**.

22.    Importantly, one of the important factors the Tokyo Court considered before ordering commencement of the Second Civil Rehabilitation Proceeding is how the interests of monetary creditors (*i.e.*, creditors worldwide that hold valid, accepted, non-bitcoin claims against the Debtor) are protected in connection with any proposed civil rehabilitation plan. As discussed above, I have funded a trust in the amount of 15,894,530,915 Japanese Yen (approximately $139 million) for the benefit of monetary creditors holding claims that were previously accepted in the Japan Bankruptcy Proceedings.

23.    On August 23, 2018 I opened the system for filing proofs of claim in the Second Civil Rehabilitation Proceeding. I have been providing notice, through the Second Civil Rehabilitation Proceeding and the MtGox website, to all known creditors regarding the procedures for filing such claims when that system is ready. Copies of the August 23, 2018 notice and an English Translation thereof are attached hereto as **Exhibit 7**.

**D.    Stay Of The Japan Bankruptcy Proceeding.**

24.    The commencement of the Second Civil Rehabilitation Proceeding automatically stayed the Japan Bankruptcy Proceeding pursuant to Japanese Law. Article 39, Clause 1 of the JCRA provides the following:

> Where an order of commencement of rehabilitation proceedings is made, it is not allowed to file a petition for commencement of

> bankruptcy proceedings, commencement of rehabilitation proceedings or commencement of special liquidation, enforce compulsory execution based on a rehabilitation claim, etc. or disposition of foreign tax delinquency based on a rehabilitation claim against the rehabilitation debtor, or file a petition for an assets disclosure procedure based on a rehabilitation claim, and the bankruptcy proceedings, the procedure for compulsory execution based on a rehabilitation claim, etc. and disposition of foreign tax delinquency based on a rehabilitation claim and the assets disclosure procedure based on a rehabilitation claim, which have already been initiated against the rehabilitation debtor, shall be stayed, and the special liquidation proceedings shall cease to be effective.[8]

25.    Thus, the commencement of the Second Civil Rehabilitation Proceeding effected an automatic staying of the Japan Bankruptcy Proceeding.   Unlike "special liquidation proceedings," which "cease to be effective" upon commencement of civil rehabilitation proceedings, bankruptcy proceedings are stayed and may be recommenced at a later date. Bankruptcy proceedings are stayed pursuant to the JCRA because the commencement of a civil rehabilitation proceeding does not necessarily mean that a plan of rehabilitation will be accepted by the creditors and the court, and the proceeding may ultimately be unsuccessful.  If the Second Civil Rehabilitation Proceeding fails, the Japan Bankruptcy Proceeding will once again become necessary for the final liquidation of estate assets and distribution to creditors.

## II.    THE NEED FOR RECOGNITION OF THE SECOND CIVIL REHABILITATION PROCEEDING AS A FOREIGN MAIN PROCEEDING IN THIS COURT

26.    MtGox has been named as a defendant in a case styled *CoinLab, Inc. v. Mt.Gox KK, et al.*, Case No. 13-077 (MJP) (W.D. Wash. May 2, 2013) (the "CoinLab Litigation").   A summary of the CoinLab Litigation is provided in the First Kobayashi Declaration at paragraphs

---

[8]    An English translation of Article 39, Clause 1 of the JCRA, which was prepared by the Ministry of Justice in Japan, is available at
http://www.japaneselawtranslation.go.jp/law/detail/?ft=2&re=01&dn=1&yo=%E6%B0%91%E4%BA%8B%E5%86%8D%E7%94%9F%E6%B3%95&ia=03&ph=&x=0&y=0&ky=&page=1.   English translations of the relevant provisions of the JCRA referenced in this Declaration are attached hereto as **Exhibit 2**.

57 through 59. The CoinLab Litigation was stayed upon the First Recognition Order pursuant to the automatic stay provided by Bankruptcy Code Section 362, as made applicable by Bankruptcy Code Section 1520(a)(1). Since the staying of the CoinLab Litigation, the parties to the CoinLab Litigation have engaged in constructive negotiations towards a resolution of that litigation under the auspices of the Japan Bankruptcy Proceeding. I expect that those negotiations will continue under the auspices of the Second Civil Rehabilitation Proceeding. Prior to the commencement of the Second Civil Rehabilitation Proceeding, in my capacity as bankruptcy trustee, I funded a reserve sufficient to cover CoinLab's asserted bankruptcy claim. The continuation of the automatic stay is instrumental to the orderly administration and resolution of the CoinLab Litigation and to providing the Debtor with adequate room to negotiate a civil rehabilitation plan for the benefit of all creditors, without expensive and distracting litigation in a United States forum.

27.    Additionally, recognition of the Second Civil Rehabilitation Proceeding as a foreign main proceeding under Chapter 15 will continue the protection provided by this Court over the Debtor's assets in the United States, including the Debtor's interest in U.S. based intellectual property and its interest in property that has been seized by the U.S. federal government. It will support my efforts to realize value for all creditors by providing a means to ensure that assets and recoveries in the United States will be distributed in an orderly and equitable manner in Japan in accordance with the JCRA.

III.    **THE PETITIONER AND THE SECOND
CIVIL REHABILITATION PROCEEDING MEET
THE REQUIREMENTS OF "FOREIGN REPRESENTATIVE"
AND "FOREIGN PROCEEDING" UNDER THE BANKRUPTCY CODE**

A.    **The Petitioner is a "Foreign Representative"
Within the Meaning of Bankruptcy Code Section 101(24).**

28.    I am advised by counsel that "foreign representative" is defined in Bankruptcy
Code Section 101(24) to mean:

> a person or body, including a person or body appointed on an interim basis,
> authorized in a foreign proceeding to administer the reorganization or the
> liquidation of the debtor's assets or affairs or to act as a representative of
> such foreign proceeding.

11 U.S.C. § 101(24).

29.    It is my opinion that my role as the trustee of the Debtor in connection with the
Second Civil Rehabilitation Proceeding satisfies the above definition of "foreign representative."
As the Debtor's court-appointed rehabilitation trustee, I am duly authorized and empowered by
the Tokyo Court under the Second Civil Rehabilitation Order to administer the Debtor's assets
and affairs, work towards a proposed civil rehabilitation plan, as well as to act as the duly
authorized representative of the Second Civil Rehabilitation Proceeding.

B.    **The Second Civil Rehabilitation Proceeding is a "Foreign Proceeding"
Within the Meaning of Bankruptcy Code Section 101(23).**

30.    I am advised by counsel that "foreign proceeding" is defined in Bankruptcy Code
Section 101(23) to mean;

> a collective judicial or administrative proceeding in a foreign country,
> including an interim proceeding, under a law relating to insolvency or
> adjustment of debt in which proceeding the assets and affairs of the
> Debtors are subject to control or supervision by a foreign court, for the
> purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

31.    It is my opinion that the Second Civil Rehabilitation Proceeding satisfies the above definition of "foreign proceeding." The Second Civil Rehabilitation Proceeding is a collective judicial proceeding under the supervision of the Tokyo Court, in which the rights of creditors vis-a-vis the Debtor will be determined.    The Second Civil Rehabilitation was commenced pursuant to the JCRA, which is a Japanese law relating to insolvency and the coordination of the relationships of rights under civil law between debtors and creditors with the aim of rehabilitating a debtor's business or economic life.  Furthermore, the assets and affairs of the Debtor are subject to my full control and supervision as the court-appointed bankruptcy trustee, and my actions on behalf of the Debtor are subject to the supervision of the Tokyo Court, and to a limited extent the Tokyo Court appointed examiner, for the purpose of formulating a rehabilitation plan for the Debtor.

**D.    The Debtor's COMI Is In Japan.**

32.    I am advised by counsel that, to obtain recognition of the Japan Proceeding as a "foreign main proceeding" under Bankruptcy Code Section 1502(4), it must be shown that Japan is the "center of main interests," or COMI, of the Debtor.  I submit this evidence for the avoidance of doubt, as it has already been submitted in connection with the First Recognition Order in the First Kobayashi Declaration.

33.    I am further advised that an entity's COMI is equivalent to its principal place of business or central place of administration that is ascertainable by third parties.  The Debtor's principal place of business is, and always has been, in Japan.  The Debtor has no place of business outside of Japan.  I respectfully suggest that the following facts, among others, demonstrate that the Debtor's COMI is in Japan:

    a.    The Debtor is and has always been organized under the laws of Japan, and
          its registered office is and always has been located in Japan.

15

   b.      The Debtor's Head Office is and always has been located in Japan.

   c.      The Debtor's sole director and representative director was Mr. Karpeles, who, at all relevant times has resided, in Japan.

   d.      The Debtor's only business premises are physically located in Japan. The Debtor does not own, lease or maintain a place of business outside of Japan.

   e.      Most of the Debtor's bank accounts are located in Japan, including the primary account for operating its business.

   f.      The Debtor's books and records are located at its Head Office in Japan.

   g.      The Debtor's parent company, Tibanne, provided operational and administrative services to the Debtor, including the provision of the Debtor's primary workforce, in Japan.

   h.      The Debtor's Website clearly disclosed to customers and other third parties that the Debtor is a Japanese corporation that is located in Japan.

   i.      The Debtor's Website directed customers to communicate with, and send verification documents to, the Debtor through a Tokyo address.

   j.      The notices published on the Debtor's Website regarding the Japanese insolvency proceedings prominently identified the Debtor's Tokyo address and requested that inquiries regarding those proceedings be directed to a Call Center located in Tokyo with a Tokyo phone number, and which operates on Japan time.

   k.      Upon the filing of the Japan Petition, the Debtor commenced an investigation in Japan with regard to the circumstances that led to the Japan Civil Rehabilitation, which investigation was subject to the oversight of the Tokyo Court.

   l.      Insolvency proceedings in respect of the Debtor have been pending in Japan since 2014. The Debtor's creditors have been provided notice of such proceedings and have actively participated in those proceedings. .

**WHEREFORE**, I respectfully request that this Court enter an Order, substantially in the form attached to the Second Amended Recognition Petition as **Exhibit 8**, granting the relief requested and such other and further relief as may be just and proper, and

16

**WHEREFORE**, I declare under penalty of perjury under the laws of the United States of

America that the foregoing is, to the best of my knowledge, information and belief, complete,

true and correct.

Executed on this 24 of October, 2018
in Tokyo, Japan.

_____
Nobuaki Kobayashi

## Exhibit List

**Exhibit 1** - Trustee Status Report, dated March 7, 2018

**Exhibit 2** - English translations of certain articles of the JCRA (Articles 1, 25, 39, 40, 64, 66)

**Exhibit 3** - Trustee's Status Report, dated February 25, 2018

**Exhibit 4** - Trustee's Announcement, dated September 25, 2018

**Exhibit 5** - Second Civil Rehabilitation Order and English Translation

**Exhibit 6** - Tokyo Court Order regarding Examiner and English Translation

**Exhibit 7** - Trustee's Announcement, dated August 28, 2018

**Exhibit 8** - Proposed Order