## Japan's Civil Rehabilitation Act (*Minji Saisei Ho*)
### (Provisions Cited in the Kobayashi Declaration)

### Article 1

The purpose of this Act is, by formulating, for debtors in financial difficulties, rehabilitation plans as consented to by a number of their creditors and confirmed by the court, to appropriately coordinate the relationships of rights under civil law between such debtors and creditors, with the aim of ensuring the rehabilitation of the debtors' business or economic life.

### Article 25

In any of the following cases, the court shall dismiss with prejudice on the merits a petition for commencement of rehabilitation proceedings:

(i) Where expenses for rehabilitation proceedings are not prepaid.

(ii) Where bankruptcy proceedings or special liquidation proceedings are pending before the court, and enforcing either proceedings conforms to the common interests of creditors.

(iii) Where it is obvious that a proposed rehabilitation plan is unlikely to be prepared or approved or a rehabilitation plan is unlikely to be confirmed.

(iv) Where the petition for commencement of rehabilitation proceedings is filed for an unjustifiable purpose or it is not filed in good faith.

### Article 39

(1) Where an order of commencement of rehabilitation proceedings is made, it is not allowed to file a petition for commencement of bankruptcy proceedings, commencement of rehabilitation proceedings or commencement of special liquidation, enforce compulsory execution based on a rehabilitation claim, etc. against the rehabilitation debtor, or file a petition for an assets disclosure procedure based on a rehabilitation claim, and the bankruptcy proceedings and the procedure for compulsory execution based on a rehabilitation claim, etc. and assets disclosure procedure based on a rehabilitation claim, which have already been initiated against the rehabilitation debtor, shall be stayed, and the special liquidation proceedings shall cease to be effective.

(2) The court, when it finds it unlikely to cause hindrance to rehabilitation, upon the petition of the rehabilitation debtor, etc. or by its own authority, may order the continuation of the procedure for compulsory execution based on a rehabilitation claim, etc. stayed pursuant to the provision of the preceding paragraph, and when it finds it necessary for rehabilitation, upon the petition of the rehabilitation debtor, etc. or by its own authority, may order the revocation of the stayed procedure for compulsory execution based on a rehabilitation claim, etc., while requiring or not requiring the provision of security.

(3) When an order of commencement of rehabilitation proceedings is made, the following claims shall be common benefit claims:

(i) A priority claim on the bankruptcy estate involved in the bankruptcy proceedings stayed pursuant to the provision of paragraph (1) (excluding the claim set forth in Article 148 (1)(iii) of the Bankruptcy Act, and including the claims prescribed in Article 55 (2) and Article 148 (4) of said Act in cases where bankruptcy proceedings are not commenced).

(ii) A claim arising against the rehabilitation debtor from the proceedings that cease to be effective pursuant to the provision of paragraph (1), and a claim for expenses against the rehabilitation debtor with respect to such proceedings.

(iii) A claim for expenses against the rehabilitation debtor with respect to the procedure continued pursuant to the provision of the preceding paragraph.

(4) When an order of commencement of rehabilitation proceedings is made, the prescription for a fine, petty fine and collection of equivalent value shall not run until the rehabilitation proceedings are closed (when an order of confirmation of the rehabilitation plan is made, the prescription shall not run until the payment period specified in the rehabilitation plan as prescribed in Article 181 (2) expires (or until payment based on the rehabilitation plan is completed or the rehabilitation plan is revoked, if these events occur prior to the expiration of said period)); provided, however, that this shall not apply where the claim for the fine, petty fine or collection of equivalent value in question is a common benefit claim.

**<u>Article 40</u>**

(1) When an order of commencement of rehabilitation proceedings is made, any action relating to the rehabilitation debtor's property and also relating to a rehabilitation claim shall be discontinued.

(2) If the rehabilitation proceedings are closed before the action prescribed in the preceding paragraph is taken over under the provisions of Article 107 (1), Article 109 (2) (including cases where applied mutatis mutandis pursuant to the second sentence of Article 113 (2)) or Article 213 (5) (including cases where applied mutatis mutandis pursuant to Article 219 (2)), the rehabilitation debtor shall automatically take over the action.

(3) The provisions of the preceding two paragraphs shall apply mutatis mutandis to a case relating to the rehabilitation debtor's property and also relating to a rehabilitation claim, which is

pending before an administrative agency at the time of commencement of rehabilitation proceedings.

## Article 64

(1)    When the rehabilitation debtor (limited to a juridical person; hereinafter the same shall apply in this paragraph) administers and disposes of its property in an inappropriate manner or the court otherwise finds it particularly necessary for the rehabilitation of the rehabilitation debtor's business, the court, upon the petition of an interested person or by its own authority, may make a disposition, upon making an order of commencement of rehabilitation proceedings or after making such order, to order that the rehabilitation debtor's business and property be administered by a trustee.

(2)    The court, when making a disposition set forth in the provision of the preceding paragraph (hereinafter referred to as an "administration order"), shall appoint one or more trustees in the administration order.

(3)    The court, when issuing an administration order, shall interrogate the rehabilitation debtor; provided, however, that this shall not apply if there are pressing circumstances.

(4)    The court may change or revoke an administration order.

(5)    An immediate appeal may be filed against an administration order and an order made under the provision of the preceding paragraph.

(6)    The immediate appeal set forth in the preceding paragraph shall not have the effect of stay of execution.

## Article 66

When an administration order is issued, the right to carry out the rehabilitation debtor's business and to administer and dispose of the rehabilitation debtor's property shall be vested exclusively in a trustee.