平成 30 年 9 月 25 日

関係者各位

再生債務者　株式会社 MTGOX
再生管財人　弁護士　小 林 信 明
問合せ先　コールセンター（03-4588-3921）

## 破産債権者の利益確保措置に関するお知らせ

　株式会社 MTGOX（以下「MTGOX」といいます。）の破産手続（以下「本破産手続」といいます。）における本年 2 月 28 日付調査報告書では、MTGOX の民事再生手続（以下「本民事再生手続」といいます。）の開始の条件として、「現時点までに組成された財団の規模に照らして、同破産事件において債権届出をした全債権者（とくに金銭債権たる破産債権を有する債権者各自）が当該破産手続においてすでに得ていると見込まれる利益を確保する措置が、再生手続開始決定前（破産手続中止前）になされていること」が求められていました。

　これを踏まえて、裁判所、調査委員及び破産管財人との間で協議を行った結果、破産管財人は、破産債権者が本破産手続において既に得ていると見込まれる利益を確保する措置として、本民事再生手続の開始前に、一定の措置を講じました。

　本書面において、破産管財人が講じた措置の概要についてお知らせいたします。

### 第1　破産債権届出をした全破産債権者の利益を確保する措置

　破産管財人は、破産債権届出をした全破産債権者が本破産手続において既に得ていると見込まれる利益を確保する措置として、本破産手続の第 10 回債権者集会（本年 3 月 7 日）から本民事再生手続の開始までの間に、破産財団に属するビットコイン（以下「BTC」といいます。）及びビットコインキャッシュ（以下「BCH」といいます。）の一定数量を売却し、破産財団に一定額の金銭を確保しました（以下「本売却」といいます。）。

### 1　本売却の概要

本売却における売却数量及び破産管財人口座への入金額は以下のとおりです。

| 仮想通貨の種類 | 売却数量 | 破産管財人口座入金額 |
| --- | --- | --- |
| BTC | 24,658.00762BTC | 225 億 6100 万 4011 円 |
| BCH | 25,331.00761BCH | 34 億 1469 万 8341 円 |
|  | 合計入金額 | 259 億 7570 万 2352 円 |

1

## 2 本売却を実施した理由

　裁判所及び調査委員と協議した結果、破産管財人は、本破産手続において届け出られ、存在するものとして確定した破産債権及び未確定の破産債権の元金及び遅延損害金（BTC 債権（BTC から分岐した仮想通貨の返還に関する債権を含む。以下同じ。）及び金銭債権を合わせて約 733 億 7300 万円）について、その債権者が本破産手続において既に得ていると見込まれる利益を確保するために相応の金銭を確保することが必要かつ相当であると判断し、本売却を実施しました。

　本売却の結果、破産管財人口座残高は、後述の本信託契約に基づく信託の直前の時点で約 700 億 5900 万円となりました（後述のとおり、破産管財人は、約 700 億 5900 万円のうち 158 億 9453 万 0915 円を信託財産として信託を設定しました。）。

## 第2 破産債権届出をした金銭債権者の利益を確保する措置

　破産管財人は、破産債権届出をした金銭債権者が本破産手続において既に得ていると見込まれる利益を確保する措置として、株式会社三井住友銀行（以下「三井住友銀行」といいます。）との間で、信託契約（以下「本信託契約」といいます。）及び保証委託兼保証契約（以下「本保証委託兼保証契約」といいます。）を締結することにより、信託（以下「本信託」といいます。）及び保証の仕組みを設定しました。

### 1 本信託契約及び本保証委託兼保証契約の概要

　本信託契約及び本保証委託兼保証契約の概要は以下のとおりです。

### (1) 本信託契約の概要

委託者兼受益者： 破産管財人（本民事再生手続開始後は再生管財人）
受　託　者： 三井住友銀行
信　託　財　産： 158 億 9453 万 0915 円（信託設定時の金額。なお、諸費用に充当することが見込まれる金額を含む。）（以下「本信託財産」といいます。）
信 託 の 目 的： 委託者が、金銭を受託者に信託し、受託者が、受益者のために、本信託財産のみを引き当てとして、破産債権届出がなされた金銭債権（本民事再生手続において存在するものとして確定する金銭債権等に限る。以下同じ。）に係る債務を保証等すること

### (2) 本保証委託兼保証契約の概要

　本信託の受託者としての三井住友銀行は、本信託財産のみを引き当てとして、

破産管財人（本民事再生手続開始後は再生管財人）と連帯して破産債権届出がなされた金銭債権に係る債務を保証等する。

　本保証委託兼保証契約は、破産管財人を要約者、本信託の受託者としての三井住友銀行を諾約者、破産債権届出をした金銭債権者を民法第 537 条の「第三者」とした第三者のためにする契約とする。

## 2　本信託契約及び本保証委託兼保証契約のスキーム図

　本信託契約及び本保証委託兼保証契約のスキームを簡単に図で表すと以下のとおりです。



## 3　本信託契約及び本保証委託兼保証契約を締結した理由

　裁判所及び調査委員と協議した結果、破産管財人は、本破産手続において届け出られた金銭債権の元金及び遅延損害金(合計約 178 億 6400 万円)について、その債権者が本破産手続において既に得ていると見込まれる利益に相応する金銭を信託財産とする信託を設定し、当該信託財産のみを引き当てとして、破産債権届出がなされた金銭債権に係る債務を保証等することが必要かつ相当であると判断し、三井住友銀行との間で本信託契約及び本保証委託兼保証契約を締結しました。

　なお、本民事再生手続において非金銭債権として取り扱われる BTC 債権についても、本売却により、BTC 債権者が本破産手続において既に得ていると見込まれる利益を確保するために相応の金銭は確保しております。したがって、破産管財人は、BTC 債権については、本信託契約及び本保証委託兼保証契約によって利益確保措置を講じなくとも、本破産手続において既に得ていると見込まれる利益を確保することが可能であると判断し、本信託契約及び本保証委託兼保証

3

契約で保護される債権に含めておりません。

### 4  本信託契約及び本保証委託兼保証契約の意義

本信託契約及び本保証委託兼保証契約により、本破産手続において届け出られた金銭債権について、その債権者が本破産手続において既に得ていると見込まれる利益は、本信託財産のみを引き当てとする保証債権等により保護されると考えられます。

再生管財人は、本破産手続において届け出られた金銭債権がこのように保護されたことを踏まえた内容の再生計画を作成し、かつ、当該再生計画に基づき主債務である当該金銭債権に対する弁済を行うことを検討しております（当該弁済を行う場合、本信託契約及び本保証委託兼保証契約に基づく保証債務等の弁済は不要になると考えられます。）。

なお、破産債権届出をした金銭債権者は、一定の期間内に本件保証委託兼保証契約の定めに従い、民法第 537 条の「第三者」として受益の意思表示を行った場合等に限り、保証債権等による保護を受けることができます。

本信託契約及び本保証委託兼保証契約の詳細並びに受益の意思表示の方法（再生管財人にて受け付けること、保証債務等を弁済する場合の振込送金先となる口座情報等をご提示いただくこと等を含みます。）等については、後日改めてお知らせいたします。

以　上