David J. Molton (*admitted pro hac vice*)
Howard S. Steel (*pro hac vice pending*)
Gerard T. Cicero (*pro hac vice pending*)
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: hsteel@brownrudnick.com
Email: gcicero@brownrudnick.com

- and -

Marcus A. Helt (TX 24052187)
Thomas Scannell (TX 24070559)
Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-4289
Email: mhelt@foley.com
Email: tscannell@foley.com

*Counsel for Nobuaki Kobayashi, In
His Capacities as the Bankruptcy
Trustee and Foreign Representative
and Trustee of the Second Civil
Rehabilitation Proceeding and
Proposed Foreign Representative of
MtGox Co., Ltd., a/k/a/ MtGox KK*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| MtGox Co., Ltd. (a/k/a MtGox KK), | Case No. 14-31229-sgj-15 |
| Debtor in a Foreign Proceeding. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR MODIFICATION OF
RECOGNITION PURSUANT TO BANKRUPTCY CODE SECTION 1517(D) AND
<u>AMENDED PETITION FOR RECOGNITION AND CHAPTER 15 RELIEF</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ....................................................................................................................3

    A.      The Initial Japan Civil Rehabilitation Proceeding. .........................................3

    B.      Transition From Civil Rehabilitation To Bankruptcy....................................4

    C.      Commencement Of The Japan Bankruptcy. ..................................................5

    D.      Commencement Of The Second Civil Rehabilitation Proceeding. ..............6

JURISDICTION AND VENUE ...............................................................................................10

ARGUMENT ......................................................................................................................11

I.      THIS COURT SHOULD MODIFY THE  FIRST RECOGNITION ORDER TO
       LIMIT  RECOGNITION OF THE JAPAN BANKRUPTCY  PROCEEDING
       UNDER BANKRUPTCY CODE SECTION 1517  BECAUSE THE JAPANESE
       BANKRUPTCY PROCEEDING IS STAYED...............................................................11

II.     THE SECOND CIVIL REHABILITATION PROCEEDING MEETS THE
       REQUIREMENTS FOR RECOGNITION UNDER BANKRUPTCY CODE
       SECTION 1517(A) ...........................................................................................13

    A.      The Petitioner Qualifies As The Debtor's Foreign Representative. ............13

    B.      The Second Civil Rehabilitation Proceeding Is A Foreign Proceeding.......14

    C.      The Second Civil Rehabilitation Proceeding Is A Foreign Main Proceeding. ............18

    D.      The Requirements Of Bankruptcy Code Section 1515 Have Been Satisfied. .............20

    E.      Recognition Of The Second Civil Rehabilitation Proceeding Would Not Be
              Manifestly Contrary To U.S. Public Policy. ...............................................21

III.    THE PETITIONER REQUESTS ADDITIONAL NECESSARY AND
       APPROPRIATE RELIEF PURSUANT TO BANKRUPTCY CODE SECTION
       1521(a) ..........................................................................................................22

CONCLUSION....................................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re ABC Learning Ctrs. Ltd.*,
    445 B.R. 318 (Bankr. D. Del. 2010) ................................................................................16, 17

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund*,
    374 B.R. 122 (Bankr. S.D.N.Y. 2007), *aff'd,* 389 B.R. 325 (S.D.N.Y. 2008) ........................19

*In re Betcorp Ltd.*,
    400 B.R. 266 (Bankr. D. Nev. 2009) .......................................................................15, 16, 19

*In re Iida*,
    377 B.R. 243 (9th Cir. BAP 2007)...............................................................................................18

*In re Japan Airlines Corp.*,
    425 B.R. 732 (Bankr. S.D.N.Y. 2010) ......................................................................................16

*Lavie v. Ran (In re Ran)*,
    607 F.3d 1017 (5th Cir. 2010) ................................................................................19, 20, 21

*In re Loy*,
    448 B.R 420 (Bankr. E.D. Va. 2011)..........................................................................................11

*Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*,
    714 F.3d 127 (2d Cir. 2013)................................................................................................19, 22

*In re Oversight and Control Comm'n of Avanzit, S.A.*,
    385 B.R. 525 (Bankr. S.D.N.Y. 2008) ......................................................................................11

*In re Three Estates Co., Ltd.*,
    Case No. 07-23597 (Bankr. E.D. Cal. Aug. 30, 2007) .........................................................18

*In re Tradex Swiss AG*,
    384 B.R. 34 (Bankr. D. Mass. 2008) ......................................................................................19

*In re Tri-Cont'l Exch. Ltd.*,
    349 B.R. 627 (Bankr. E.D. Cal. 2006), *aff'd*, 389 B.R. 326 (S.D.N.Y. 2008) .................19, 21

*In re Vitro S.A.B. de CV*,
    701 F.3d 1031 (5th Cir. 2012) ...............................................................................................15

**Statutes**

11 U.S.C. § 101(23) ............................................................................................ *passim*

11 U.S.C. § 101(24) ..........................................................................................10, 13, 14

11 U.S.C. § 101(41) ...........................................................................................13, 14

11 U.S.C. § 105(a) .................................................................................................12

11 U.S.C. § 1501 ...................................................................................................22

11 U.S.C. § 1502 ...................................................................................2, 13, 18, 19

11 U.S.C. § 1506 ...................................................................................................22

11 U.S.C. § 1509(b) ..............................................................................................22

11 U.S.C. § 1515..........................................................................................13, 20, 21

11 U.S.C. § 1516(c) ...............................................................................................19

11 U.S.C. § 1517..........................................................................................11, 13, 18, 19

11 U.S.C. § 1520(a)(1)...........................................................................................22

11 U.S.C. § 1521(a) ...............................................................................................23

11 U.S.C. § 1522(a) .........................................................................................23, 24

Nobuaki Kobayashi, in his capacities as bankruptcy trustee and foreign representative of MtGox Co., Ltd., a/k/a MtGox KK (the "Debtor" or "MtGox"), and as court-appointed trustee and duly-authorized foreign representative of the Debtor (the "Petitioner"), as a debtor in a civil rehabilitation proceeding under Japanese law (the "Second Civil Rehabilitation Proceeding"), currently pending before the Twentieth Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), by his United States attorneys,  Brown Rudnick LLP and Foley & Lardner LLP, respectfully submits this memorandum of law in support of his *Motion for Modification of Recognition Pursuant to Bankruptcy Code Section 1517(d) and Amended Verified Petition for Recognition and Chapter 15 Relief* (the "Second Amended Recognition Petition").  The Second Amended Recognition Petition seeks an Order modifying the recognition order in this Chapter 15 case and recognizing of the Second Civil Rehabilitation Proceeding as a foreign main proceeding, and related relief under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") as set forth herein, and entry of an order substantially in the form attached to the Second Amended Recognition Petition as Exhibit 1.

## PRELIMINARY STATEMENT

1.      The Petitioner is the bankruptcy trustee and foreign representative of the Debtor in a bankruptcy proceeding before the Tokyo Court commenced on April 24, 2014 under the Japanese Bankruptcy Act (the "Japan Bankruptcy Proceeding").  On June 19, 2014, this Court recognized the Japan Bankruptcy Proceeding as a foreign main proceeding and Petitioner as foreign representative of the Debtor in the Chapter 15 case under Bankruptcy Code Section 1517.  On June 22, 2018, the Tokyo Court commenced the Second Civil Rehabilitation Proceeding, which, by operation of Japanese law, automatically stayed the Japan Bankruptcy Proceeding.  Concurrently, the Tokyo Court appointed Petitioner to act as rehabilitation trustee of the Debtor under the Second Civil Rehabilitation Order (as defined below).  In effect, the

commencement of the Second Civil Rehabilitation Proceeding was a conversion of the Debtor's insolvency proceedings from a liquidation (under the Japan Bankruptcy Act) to a reorganization (under the Japanese Civil Rehabilitation Act (*Minji Saisei Ho*) (the "<u>JCRA</u>")).  While the goals of the proceedings have changed, the Debtor's estate and insolvency proceedings continue to be administered by the Petitioner and continue to be subject to the supervision of the Tokyo Court.

2.      By this Second Amended Recognition Petition, and due to the change in the status of the Debtor's Japanese insolvency proceedings, Petitioner requests that the Court enter an Order:  (i) modifying the existing recognition order to remove "foreign main proceeding" recognition of the stayed Japan Bankruptcy Proceeding; and (ii) recognizing, *nunc pro tunc* to June 22, 2018, the Second Civil Rehabilitation Proceeding as the operative foreign main proceeding of the Debtor.  Under Bankruptcy Code Sections 1517 and 105 and in light of the stay in the Japan Bankruptcy Proceeding, this Court may limit recognition of the Japan Bankruptcy Proceeding and recognize the Second Civil Rehabilitation Proceeding as the foreign main proceeding of the Debtor.  Removing recognition of the Japan Bankruptcy Proceeding is warranted under Bankruptcy Code Section 1517(d) because the stay has removed the grounds for recognizing it as the Debtor's operative foreign main proceeding.  Conversely, recognition of the Second Civil Rehabilitation Proceeding is warranted because the Petitioner and the Second Civil Rehabilitation Proceeding meet all of the applicable requirements for recognition.  The Petitioner is an individual person who is the duly authorized trustee and foreign representative of the Debtor pursuant to Section 101(24) of the Bankruptcy Code, and, as such, is entitled to directly petition this Court for recognition of the Second Civil Rehabilitation Proceeding under Bankruptcy Code Section 1509.  The Second Civil Rehabilitation Proceeding is a foreign main proceeding as defined by Bankruptcy Code Section 1502(4) because it is a "foreign proceeding"

as defined by Bankruptcy Code Section 101(23) pending in Japan, which is and has always been the location of the Debtor's registered office and its center of main interests, in accordance with Bankruptcy Code Sections 1516(c) and 1517(b)(1).

3.     Affording the Petitioner and the Debtor continued recognition through this Chapter 15 case, in respect of Second Civil Rehabilitation Proceeding, will provide the Petitioner and the Debtor with the continued protection of the Bankruptcy Code Section 362 automatic stay and access to this Court to protect the Debtor's United States assets, including the Debtor's interest in its U.S. based intellectual property and interest in property seized by the U.S. government.  Moreover, it will serve the Debtor's U.S. creditors who rely on and follow this docket for information regarding the Debtor's insolvency proceedings.  For these reasons and those set forth below, the relief requested in the Second Amended Recognition Petition is appropriate under Chapter 15 of the Bankruptcy Code and should be granted.

## BACKGROUND

### A.     The Initial Japan Civil Rehabilitation Proceeding.

4.     MtGox is a Japanese corporation formed in 2011. It is, and always has been, located, centered and headquartered in Tokyo, Japan. MtGox's business involved the operation of an online bitcoin exchange through the website mtgox.com.

5.     On February 28, 2014, the Debtor filed a petition (the "Initial Japan Petition") for the commencement of a civil rehabilitation proceeding (the "Initial Japan Civil Rehabilitation") in the Tokyo Court pursuant to Article 21(1) of the JCRA.  Prior to the Initial Japan Petition, the Debtor was recognized as one of the largest online operators of a bitcoin exchange in the world. In the Initial Japan Petition, the Debtor reported that it had lost almost 850,000 bitcoins.[1]  A copy of the Initial Japan Petition is attached as Exhibit A to the *Declaration of Robert Marie Mark*

---

[1]     Subsequently, the Debtor reported finding approximately 200,000 bitcoins in an old-format wallet.

*Karpeles,* previously filed on March 9, 2014 [Docket No. 3] (the "Karpeles Declaration"). An English translation of the Initial Japan Petition is attached as Exhibit A to the *Notice of Filing,* filed on March 31, 2014 [Docket No. 53].

6.      In addition to the Initial Japan Petition, the Debtor filed with the Tokyo Court applications for a temporary restraining order and for a comprehensive prohibition order, which were issued by the Tokyo Court on February 28, 2014. At the same time, the Tokyo Court issued orders for the appointment of a supervisor and examiner (collectively, with the temporary restraining order and comprehensive prohibition order, the "Initial Tokyo Court Civil Rehabilitation Orders"). The Initial Tokyo Court Civil Rehabilitation Orders are attached as Exhibits B, C, D and E to the Karpeles Declaration.

7.      As part of the Initial Tokyo Court Civil Rehabilitation Orders, the Tokyo Court appointed Mr. Nobuaki Kobayashi as the Debtor's supervisor and examiner. *See* Karpeles Decl., Exs. B & C. Pursuant to the powers conferred on him thereunder, Mr. Kobayashi issued a consent (the "Consent") allowing the Debtor to hire Baker & McKenzie LLP to commence this Chapter 15 case on behalf of the Debtor's prior foreign representative, Mr. Robert Marie Mark Karpeles. Copies of the Consent and its English translation are attached as Exhibit F to the Karpeles Declaration.

8.      Thereafter, on March 9, 2014, the Debtor filed the *Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 2] and related papers, initiating this Chapter 15 case.

    **B.      Transition From Civil Rehabilitation To Bankruptcy.**

9.      After filing the Initial Japan Petition, the Debtor commenced an investigation into the circumstances that led to the filing of the Initial Japan Civil Rehabilitation. In mid-April 2014, the Debtor filed a notice with the Tokyo Court, stating that: (a) the investigation would

take a long period of time; (b) there was no specific plan to restart the Debtor's business; and (c) partly due to the status of the investigation, the process for seeking a buyer in relation to a sale of the Debtor's assets had not commenced, and therefore the Debtor would be unable to prepare a rehabilitation plan. *See Declaration of Nobuaki Kobayashi in support of the Amended Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 127] (the "First Kobayashi Declaration"), ¶ 42.

10.     The Tokyo Court subsequently dismissed the Initial Japan Petition, recognizing that under the circumstances it would be very difficult for the Debtor to successfully carry out the Initial Japan Civil Rehabilitation in accordance with the JCRA. *Id.*

11.     By separate orders dated April 16, 2014, the Tokyo Court entered judgments:  (a) dismissing the Initial Japan Petition; (b) ordering administration of the Debtor's assets by Mr. Kobayashi, in the capacity as provisional administrator; (c) prohibiting certain actions by creditors with regard to properties of the Debtor during the interim period following the dismissal and prior to the commencement of a bankruptcy procedure for the Debtor; and (d) prohibiting Mr. Kobayashi, in his capacity as the provisional administrator, from undertaking certain actions with respect to the Debtor's debt, properties, and claims without the approval of the Tokyo Court.  Copies of each of the foregoing orders and their English translations are attached as Exhibits A, B, C, and D to the *Notice Pursuant to 11 U.S.C. § 1518 of Change in Status of Foreign Proceeding and Appointment of Foreign Representative* [Docket No. 108] (the "First Section 1518 Notice").

### C.     Commencement Of The Japan Bankruptcy.

12.     On April 24, 2014, pursuant to Article 250 of the JCRA, the Tokyo Court entered an Order formally commencing the Japan Bankruptcy Proceeding and appointing Mr. Kobayashi

as bankruptcy trustee (the "Japan Bankruptcy Order").  Copies of the Japan Bankruptcy Order along with its English translation are attached to the First Section 1518 Notice at Exhibit E.

13.    The purpose of the Japan Bankruptcy Proceeding was to liquidate the Debtor's assets and distribute them to creditors in a fair and equitable manner.  As bankruptcy trustee, Mr. Kobayashi, among other things, was responsible for administering the Debtor's bankruptcy estate, investigating bankruptcy claims, and, if proceeds were available, distributing dividends.

14.    On May 23, 2014, shortly after filing the First Section 1518 Notice, Mr. Kobayashi filed an *Amended Verified Petition for Recognition and Chapter 15 Relief* [Docket No. 126] (the "Initial Amended Recognition Petition"), seeking, in his capacity as bankruptcy trustee, recognition of the Japan Bankruptcy Proceeding as a foreign main proceeding pursuant to Bankruptcy Code Section 1517.  On June 19, 2014, the Court entered an Order granting the relief requested in the Initial Amended Recognition Petition [Docket No. 151] (the "First Recognition Order").

**D.    Commencement Of The Second Civil Rehabilitation Proceeding.**

15.    On November 24, 2017, one of the creditors of the Debtor holding bitcoin-based claims (the "Petitioning Creditor") filed an involuntary petition for commencement of civil rehabilitation proceedings in the Tokyo Court under Article 21(2) of the JCRA (the "Second Civil Rehabilitation Petition").  In response to the Second Civil Rehabilitation Petition, the Tokyo Court appointed an examiner, Mr. Hisashi Ito, to examine whether there were any grounds to dismiss the Second Civil Rehabilitation Petition pursuant to Article 25 of the JCRA.[2]

---

[2]    Article 25 of the JCRA provides the following conditions for the commencement of civil rehabilitation proceedings:

In any of the following cases, the court shall dismiss with prejudice on the merits a petition for commencement of rehabilitation proceedings:

(i) Where expenses for rehabilitation proceedings are not prepaid.

16.    The Petitioning Creditor filed the Second Civil Rehabilitation Petition and sought the reconstitution of civil rehabilitation proceedings in order to capture the increase in value of bitcoin from April 2014 to November 2017 and to avoid the inequity of having the Debtor's ultimate equity owner, Mr. Karpeles (who has been arrested in Japan by Japanese authorities for embezzlement and data manipulation with respect to the Debtor), capture that increase of value through an equity dividend.    *See* Kobayashi Declaration, ¶¶ 13-15.    Under the Japanese Bankruptcy Act, Petitioner and the Debtor are required to value the claims of creditors who held bitcoins as of April 24, 2014, the date of the commencement of the Japan Bankruptcy Proceeding.    *See id.*, ¶ 14.    On April 24, 2014, the market price of bitcoin was $483 USD. Therefore, the maximum amount to be distributed from the Debtor's estate to a bitcoin holder who deposited one bitcoin with the Debtor would be $483 USD, the market price of bitcoin on the date of the commencement of the Japan Bankruptcy Proceeding – even if the market price of one bitcoin at the date of distribution was (for example) $10,000 USD.    By comparison, on November 24, 2017, the date of the filing of the Second Civil Rehabilitation Petition, the market price of bitcoin was $8,201.46 USD.

17.    Under the JCRA, civil rehabilitation proceedings, based on a rehabilitation plan, do not require a debtor or trustee to value bitcoin-based claims at a certain point of time and afford a debtor or trustee flexibility on how to make payment for rehabilitation claims upon a debtor's exit from such proceedings.    *See* Kobayashi Declaration, ¶ 15.    The Petitioning

---

(ii)Where bankruptcy proceedings or special liquidation proceedings are pending before the court, and enforcing either proceedings conforms to the common interests of creditors.

(iii) Where it is obvious that a proposed rehabilitation plan is unlikely to be prepared or approved or a rehabilitation plan is unlikely to be confirmed.

(iv) Where the petition for commencement of rehabilitation proceedings is filed for an unjustifiable purpose or it is not filed in good faith.

Creditors seek to avail themselves of this flexibility to avoid the rigid valuations impressed on their claims under the Japan Bankruptcy Proceeding by either: (i) revaluing their claims as of the date of commencement of the rehabilitation (which is permissible under Japanese law); or (ii) through a confirmed rehabilitation plan which recognizes the dramatic increase in bitcoin market price and allocates value to bitcoin creditors accordingly—including through a distribution of bitcoin in kind. *See id.* Absent the institution of a civil rehabilitation proceeding, Petitioner and the Tokyo Court may be constrained by Japanese law in the Japan Bankruptcy Proceeding and Mr. Karpeles may obtain any residual value created by the increase in the market price of bitcoin, rather than to the bitcoin creditors themselves. *See id.*, ¶ 14.

18.    On February 28, 2018, Mr. Ito, the examiner appointed by the Tokyo Court, submitted a report in which he concluded that there were no grounds to dismiss the Second Civil Rehabilitation Petition – provided that certain measures to protect the interests of "bankruptcy creditors" (*i.e.*, creditors who filed proofs of claims in the Japan Bankruptcy, including regarding non-bitcoin claims, and approved by the trustee) should be taken prior to the commencement of the Second Civil Rehabilitation Proceedings. *See id.*, ¶ 17. In other words, Mr. Ito did **not** recommend commencement of civil rehabilitation proceedings unless, among other things, proper reserves were established by Petitioner, as the bankruptcy trustee, to fund all non-bitcoin claims that had not yet been disallowed by the Tokyo Court in the Japan Bankruptcy, including with interest. *See id.* A translation of Petitioner's report, as bankruptcy trustee, which refers to the examiner's conclusion, is attached to the Second Amended Recognition Petition, at Exhibit 6. After February 28, 2018, and the submission of Mr. Ito's report, Petitioner worked on establishing a measure to protect the benefits obtained by the creditors whose claims have been

accepted by the trustee in the Japan Bankruptcy in consultation with the Tokyo Court and Mr. Ito.[3]

19.    On June 22, 2018, the Tokyo Court commenced the Second Civil Rehabilitation Proceeding (the "the Second Civil Rehabilitation Order") and appointed Petitioner as trustee in respect of the Second Civil Rehabilitation Proceeding.  The Tokyo Court expanded Mr. Ito's role as the court appointed examiner to investigate the appropriateness of a draft rehabilitation plan to be submitted to the creditors in the Second Civil Rehabilitation Proceedings.  Moreover, Petitioner is required to obtain approval on certain matters from the Tokyo Court. If the Tokyo Court requests advice from Mr. Ito in connection with such approval, Mr. Ito is required to opine on such matters.  Copies of the Order expanding the examiner's role and an English translation thereof are attached to the Second Amended Recognition Petition as Exhibit 7.

20.    Pursuant to Article 39 of the JCRA, the Order Commencing the Second Civil Rehabilitation Proceeding automatically stayed the Japan Bankruptcy Proceeding.[4]  Copies of the Order commencing the Second Civil Rehabilitation Proceeding and appointing Petitioner as trustee and an English translation thereof are attached to the Second Amended Recognition Petition as Exhibit 2.[5]

---

[3]  Specifically, Mr. Kobayashi, in consultation with Mr. Ito and the Tokyo Court established a trust to ensure the payment of monetary creditors before the commencement of the Second Civil Rehabilitation Proceeding.  The trust was funded in the amount of 15,894,530,915 Japanese Yen (approximately $139 million).

[4]  Because of the commencement of the Second Civil Rehabilitation Proceeding, the Japan Bankruptcy Proceeding is stayed and no longer the operative insolvency proceeding occurring in Japan.  The Japan Bankruptcy Proceeding is stayed and not dismissed under Japanese law to account for the possibility that the Second Civil Rehabilitation Proceeding does not ultimately result in an approved rehabilitation plan or otherwise fails.  If that occurs, the Second Rehabilitation Proceeding will be dismissed and the stay on the Japan Bankruptcy Proceeding will be lifted, wherein the final liquidation of the Debtor's estate will take place.  *See* Kobayashi Declaration, ¶ 24.

[5]  On June 22, 2018, the Trustee posted an announcement of commencement of Second Civil Rehabilitation Order, in both Japanese and English on the Debtors' website, http://www.mtgox.com/.  Thereafter, pursuant to the Tokyo Court's request and instruction, the Trustee started sending notice of the Tokyo Court's Second Civil Rehabilitation Order, in both Japanese and English, to the all known creditors, including all creditors listed in the database of the Debtor and those who filed proofs of claim in the Japan Bankruptcy, by email.  Copies of the notices are attached as **Exhibit D** to the July Section 1518 Notice.

21.     In sum, as a consequence of the entry of the Second Civil Rehabilitation Order: (a) the "foreign proceeding" (as defined in Bankruptcy Code Section 101(23)) that the Debtor's Chapter 15 case should relate to is now the Second Civil Rehabilitation Proceeding; and (b) the Debtor's "foreign representative" (as defined in Bankruptcy Code Section 101(24)) in this Chapter 15 case should now be Petitioner, in his capacity as the Debtor's trustee with respect to the Second Civil Rehabilitation Proceeding.

22.     Under the JCRA, the purpose of the Second Civil Rehabilitation Proceeding is to realize upon and liquidate the Debtor's assets and distribute them to creditors in a fair and equitable manner through a civil rehabilitation plan acceptable to creditors.   As trustee, the Petitioner, among other things, is responsible for administering the Debtor's civil rehabilitation estate, investigating creditors' (including bitcoin claimants') claims and, working with the examiner and other parties in interest to present and consummate a civil rehabilitation plan to distribute the Debtor's assets.   Pursuant to the JCRA and the Tokyo Court's orders, the Petitioner is the sole person, subject to certain consultation and oversight responsibilities of the Tokyo Court and the examiner, vested with the power to administer and dispose of the property of the Debtor's estate.   The Petitioner seeks Chapter 15 recognition of the Second Civil Rehabilitation Proceeding in an effort to maximize recoveries to, and provide for an equitable distribution of value among, all creditors.   In particular, continuing the injunction of certain stayed litigation against the Debtor in the United States, in conjunction with the protections afforded by the Second Civil Rehabilitation Proceedings, is essential to this effort.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

24.     Venue for this proceeding is proper before this Court pursuant to 28 U.S.C §
1410.

25.     The statutory predicates for the relief requested herein are Bankruptcy Code
Sections 1509, 1515, 1516, 1517, 1520, 1521 and 1522.

## ARGUMENT

I.    **THIS COURT SHOULD MODIFY THE
FIRST RECOGNITION ORDER TO LIMIT
RECOGNITION OF THE JAPAN BANKRUPTCY
PROCEEDING UNDER BANKRUPTCY CODE SECTION 1517
BECAUSE THE JAPANESE BANKRUPTCY PROCEEDING IS STAYED**

26.     Bankruptcy Code Section 1517(d) permits this Court to modify "recognition if it
is shown that the grounds for granting it were fully or partially lacking or have ceased to exist,
but in considering such action the court shall give due weight to possible prejudice to parties that
have relied upon the order granting recognition."  11 U.S.C. § 1517(d); *see In re Loy*, 448 B.R
420, 438-39 (Bankr. E.D. Va. 2011) ("Section 1517(d) provides a two part disjunctive test.  A
Court may modify or terminate recognition if (1) the grounds for granting recognition 'were fully
or partially lacking' or (2) the grounds for granting recognition 'have ceased to exist.'") (internal
citations omitted).   Given Bankruptcy Code Section 1517(d)'s disjunctive nature, courts
interpreting the section have found that "either prong, resting alone, is sufficient to enable the
court to modify or terminate recognition." *In re Loy,* 448 B.R. at 439.     The reviewing court
"may consider new evidence and it is not limited to considering only the evidence that was or
ought to have been available at the time the court granted recognition." *Id.*

27.     "Chapter 15 recognizes that the status of the foreign proceeding can change, and
the change can affect the right to recognition before or after it is granted." *In re Oversight and
Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 533 (Bankr. S.D.N.Y. 2008).  Here, the status of
the recognized foreign proceeding has changed, warranting modification of the First Recognition

Order under Bankruptcy Code Section 1517(d) to acknowledge and give effect to that change in status. The Debtor's Japan Bankruptcy Proceeding, which is currently recognized as the foreign main proceeding of the Debtor in this Court, has been stayed by operation of Japanese law in favor of the Second Civil Rehabilitation Proceeding. While the stay is effective, MtGox, as a Japanese bankruptcy debtor, and Petitioner, as its bankruptcy trustee, are not vested with administration of the Debtor's assets or control over the Debtor's operative insolvency proceeding. Rather, that authority is now vested in the Petitioner as trustee of the Debtor's estate under the Second Civil Rehabilitation Proceeding, subject to the Tokyo Court's and the Tokyo Court's appointed examiner's oversight. Thus, because of the stay, the "grounds for granting" recognition of the Japan Bankruptcy Proceeding, which were present at the time of the First Recognition Order, have "ceased to exist".

28. Moreover, this Court is urged to consider prejudice to parties when evaluating whether to modify a recognition order. *See* 11 U.S.C. § 1517(d) (in considering whether to modify a recognition order, "the court shall give due weight to possible prejudice to parties that have relied upon the order granting recognition"). No prejudice will likely stem from this Court's modification of the First Recognition Order and recognizing the Second Civil Rehabilitation Proceeding under the umbrella of this Chapter 15 Case. Bankruptcy Code Section 1517(d) combined with the broad equitable powers granted to the Court under Bankruptcy Code Section 105(a), allow the Court to address these changed circumstances in a manner that avoids confusion, waste of estate resources, and prejudice to all parties. By entering the Proposed Order, this Court will continue to maintain jurisdiction over the United States aspect of the Debtor's operative Japanese insolvency proceeding, ensuring that all creditors who rely on this docket will continue to be able to do so in the ordinary course.

## II. THE SECOND CIVIL REHABILITATION PROCEEDING MEETS THE REQUIREMENTS FOR RECOGNITION UNDER BANKRUPTCY CODE SECTION 1517(A)

29.     Under Bankruptcy Code Section 1517(a), "an order recognizing a foreign proceeding shall be entered if — (1) such foreign proceeding . . . is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515."  11 U.S.C. § 1517(a).

30.     The Second Civil Rehabilitation Proceeding is entitled to recognition as a "foreign main proceeding" under Bankruptcy Code Section 1517 because:

a.      the Petitioner is a "person" within the meaning of Bankruptcy Code Section 101(41) and a "foreign representative" within the meaning of Bankruptcy Code Section 101(24);

b.      the Second Civil Rehabilitation Proceeding is a "foreign proceeding" within the meaning of Bankruptcy Code Section 101(23);

c.      the Second Civil Rehabilitation Proceeding is a "foreign main proceeding" within the meaning of Bankruptcy Code Section 1502(4)because the Second Civil Rehabilitation Proceeding is pending in the jurisdiction where the Debtor's center of main interests is located;

d.      the Second Amended Recognition Petition meets the procedural requirements of Bankruptcy Code Section 1515; and

e.      granting recognition of the Second Civil Rehabilitation Proceeding as a foreign main proceeding is not manifestly contrary to the public policy of the United States, and is therefore required pursuant to Bankruptcy Code Section 1517.

### A.     The Petitioner Qualifies As The Debtor's Foreign Representative.

31.     The Second Amended Recognition Petition was filed by the Petitioner, the duly authorized "foreign representative" of MtGox within the meaning of Bankruptcy Code Section 101(24). The term "foreign representative" is defined in Bankruptcy Code Section 101(24) as follows:

> The term "foreign representative" means a person or body,
> including a person or body appointed on an interim basis,
> authorized in a foreign proceeding to administer the reorganization
> or the liquidation of the debtor's assets or affairs or to act as a
> representative of such foreign proceeding.

11 U.S.C. § 101(24). Bankruptcy Code Section 101(41) defines the term "person" as an

"individual, partnership, and corporation, but does not include governmental unit." 11 U.S.C. §

101(41). There can be no dispute that the Petitioner, an individual, is a "person."

32.     By the Second Civil Rehabilitation Order, the Tokyo Court appointed the

Petitioner as MtGox's civil rehabilitation trustee.  Moreover, as set forth in the Kobayashi

Declaration, Article 66 of the JCRA provides that the right to administer and dispose of the

Debtor's civil rehabilitation estate upon the commencement of a civil rehabilitation procedure is

vested *solely* in the civil rehabilitation trustee, who is under the supervision of the Tokyo Court.

The Tokyo Court may consult with the examiner if necessary on the matters that require the civil

rehabilitation trustee to obtain the court approval. *See* Kobayashi Declaration ¶ 19.

33.     As the only person permitted under the JCRA to administer the Debtor's

rehabilitation estate, the Petitioner, in his capacity as civil rehabilitation trustee, qualifies as a

"foreign representative" under Bankruptcy Section 101(24).  *See* 11 U.S.C. § 101(24) (defining

foreign representative to mean a "person" - *i.e.*, an individual - that is "authorized in a foreign

proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs").

**B.     The Second Civil Rehabilitation Proceeding Is A Foreign Proceeding.**

34.     The Japan Proceeding is a "foreign proceeding" within the meaning of

Bankruptcy Code Section 101(23). Bankruptcy Code Section 101(23) provides that:

> The term "foreign proceeding" means a collective judicial or
> administrative proceeding in a foreign country, including an
> interim proceeding, under a law relating to insolvency or
> adjustment of debt in which proceeding the assets and affairs of the

> debtor are subject to control or supervision by a foreign court, for
> the purpose of reorganization or liquidation.

11 U.S.C. § 101(23); *see In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1044 (5th Cir. 2012) (citing

the definition provided in Bankruptcy Code Section 101(23) as a description for what qualifies as

a "foreign proceeding").

35.    Courts have noted that Chapter 15 "incorporate[s] the Model Law on Cross-

Border Insolvency," and to interpret the term "foreign proceeding," "the court shall consider its

international origin, and the need to promote an application of this chapter that is consistent with

the application of similar statutes adopted by foreign jurisdictions." *In re Betcorp Ltd.*, 400 B.R.

266, 275-76 (Bankr. D. Nev. 2009) (quoting 11 U.S.C. § 1508).

> To fall within the scope of the Model Law, a foreign insolvency
> proceeding needs to possess certain attributes. These include the
> following: basis in insolvency-related law of the originating State;
> involvement of creditors collectively; control or supervision of the
> assets and affairs of the debtor by a court or another official body;
> and reorganization or liquidation of the debtor as the purpose of
> the proceeding.

*Id.* at 276 (quoting UNCITRAL Model Law on Cross-Border Insolvency with Guide to

Enactment, ¶ 32).

36.    The *Betcorp* Court conducted a lengthy examination of the foreign proceeding, a

winding-up proceeding in Australia, to determine whether it met the Bankruptcy Code Section

101(23) requirements, namely the Court considered whether it was: "(i) a proceeding; (ii) that is

either judicial or administrative; (iii) that is collective in nature; (iv) that is in a foreign country;

(v) that is authorized or conducted under a law related to insolvency or the adjustment of debts;

(vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign

court; and (vii) which proceeding is for the purpose of reorganization or liquidation." *Id.* at 277;

*see also* Verified Petition For Recognition And Chapter 15 Relief at 40-42, *In re Japan Airlines*

*Corp.*, Case No. 10-10198 (JMP) [Docket No. 3] (Bankr. S.D.N.Y. Jan. 19, 2010) (citing the *Betcorp* factors as factors the court should consider in determining whether a Japanese debtor's corporate reorganization proceeding qualifies as a "foreign proceeding" under Bankruptcy Code Section 101(23)).[6]  That Court concluded that all relevant criteria were met and recognized the Australian proceeding as a foreign proceeding.

37.    Similarly, the Second Civil Rehabilitation Proceeding meets all of the criteria set forth in Bankruptcy Code Section 101(23) and the factors highlighted in *Betcorp*, and is therefore entitled to recognition as a "foreign proceeding" under Chapter 15.

38.    <u>First</u>, the Second Civil Rehabilitation Proceeding is a "proceeding," as it is a rehabilitation proceeding under the JCRA that was initiated by the Tokyo Court pursuant to the Second Civil Rehabilitation Order.

39.    <u>Second</u>, the Second Civil Rehabilitation Proceeding is "judicial" because it is: (a) a proceeding that the Tokyo Court initiated by entering the Second Civil Rehabilitation Order; and (b) a proceeding that the Tokyo Court is required to oversee and supervise pursuant to various provisions of the JCRA.  *See* Kobayashi Decl. ¶ 19.

40.    <u>Third</u>, the Second Civil Rehabilitation Proceeding is "collective in nature" because the claims of all creditors will be addressed and resolved through a court supervised rehabilitation plan process, without favoring any single creditor or group of creditors. The court in *Betcorp* found that a proceeding was collective where it "considers the rights and obligations of all creditors" in contrast to a "receivership remedy instigated at the request, and for the benefit, of a single secured creditor." 400 B.R. at 281; *see also In re ABC Learning Ctrs. Ltd.*,

---

6    While the Court in *Japan Airlines* did not expressly incorporate the *Betcorp* factors, it did ultimately recognize the Japanese corporate reorganization as a "foreign main proceeding."  *See In re Japan Airlines Corp.*, 425 B.R. 732, 733 (Bankr. S.D.N.Y. 2010).

445 B.R. 318, 328 (Bankr. D. Del. 2010) (citing *Betcorp* regarding the meaning of "collective in nature"), *aff'd*, 728 F.3d 301 (3d Cir. 2013).

41.     Here, the Second Civil Rehabilitation Proceeding is a rehabilitation proceeding under the JCRA.  The purpose of proceedings under the JCRA is to confirm a rehabilitation plan, acceptable to a debtor's creditors, that appropriately structures the entitlements of creditors with the aim of ensuring the rehabilitation of the debtor's business or economic life.  *See* JCRA, Art. 1 (attached as Exhibit 2 to the Kobayashi Decl.).

42.     Fourth, the Second Civil Rehabilitation Proceeding is pending in Japan, a foreign country.

43.     Fifth, the Second Civil Rehabilitation Proceeding is "authorized or conducted under a law related to insolvency" because it is governed by the JCRA, which applies to rehabilitation proceedings for debtors in financial difficulties with the goal of confirming a plan of rehabilitation acceptable to such debtor's creditors and the applicable Japanese court. *See* JCRA, Art. 1 (attached as Exhibit 2 to the Kobayashi Decl.).

44.     Sixth, the Second Civil Rehabilitation Proceeding is "subject to the control or supervision of a foreign court" because the Tokyo Court is required to supervise the administration of the Debtor's civil rehabilitation estate pursuant to the JCRA and confirm any rehabilitation plan proposed during the rehabilitation. *See* Kobayashi Decl.¶ 19.

45.     Seventh, the objective of the Second Civil Rehabilitation Proceeding, as described above, is formulation of a rehabilitation plan governing the distribution of the Debtor's assets in a manner acceptable to its creditors and the Tokyo Court.

46.     Significantly, since the enactment of Chapter 15, U.S. courts have routinely recognized Japanese insolvency proceedings as foreign proceedings.    *See*, *In re Takata*

*Corporation*, Case No. 17-11713 (BLS) (Bankr. D. Del. Nov. 14, 2017) [Docket No. 86] (recognizing Japanese civil rehabilitation proceeding under the JCRA as a foreign main proceeding); *In re Nanbu, Inc.*, Case No. 09-01274 (Bankr. D. Haw. July 15, 2009) [Docket No. 9] (recognizing Japanese bankruptcy proceeding under Bankruptcy Act as a foreign main proceeding); *In re Three Estates Co., Ltd.*, Case No. 07-23597 (Bankr. E.D. Cal. Aug. 30, 2007) [Docket No. 31] (same); *In re Iida*, Case No. 06-00376 (Bankr. D. Haw. July 14, 2006) [Docket No. 13] (same), *aff'd,* 377 B.R. 243 (9th Cir. BAP 2007); *In re Gestion-Privee Location L.L.C.*, Case No. 06-80071 (Bankr. M.D.N.C. Feb. 24, 2006) [Docket No. 11] (same); *In re Kokura*, Case No. 06-00849 (Bankr. D. Haw. Dec. 22, 2006) [Docket No. 21] (same); *see also In re Elpida Memory, Inc.*, Case No. 12- 10947 (Bankr. D. Del. Apr. 24, 2012) [Docket No. 65] (recognizing Japanese corporate reorganization proceeding as a foreign main proceeding); *In re Japan Airlines Corp.*, Case No. 10-10198 (Bankr. S.D.N.Y. Feb. 17, 2010) [Docket No. 49] (same); *In re Spansion Japan Ltd.*, Case No. 09-11480 (Bankr. D. Del. May 28, 2009) [Docket No. 30] (same).   Additionally, this Court, through the First Recognition Order, previously recognized the Debtor's bankruptcy proceeding under the Japanese Bankruptcy Act, as a foreign main proceeding.

47.    As all of the criteria required by Bankruptcy Code Section 101(23) are satisfied, this Court should recognize the Second Civil Rehabilitation Proceeding as a "foreign proceeding" as required by Bankruptcy Code Section 1517.

## C.    **The Second Civil Rehabilitation Proceeding Is A Foreign Main Proceeding**.

48.    A foreign proceeding within the meaning of Bankruptcy Code Section 101(23) may be recognized under Bankruptcy Code Section 1517 of the Bankruptcy Code as either:  (i) a "foreign main proceeding;" or (ii) a "foreign nonmain proceeding," within the meaning of Bankruptcy Code Section 1502.  *See* 11 U.S.C. § 1517(a)(1).

49.     Bankruptcy Code Section 1502(4) defines "foreign main proceeding" as "a foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4).  Bankruptcy Code Section 1517(b)(1) provides that a foreign proceeding "*shall* be recognized as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests."  11 U.S.C. § 1517(b)(1) (emphasis added).  Thus, where, as is the case here, a foreign proceeding is pending in the country in which the debtor has its center of main interests ("<u>COMI</u>"), such proceeding must be recognized as a foreign main proceeding. Additionally, the Fifth Circuit and other courts have established that a debtor's COMI is determined as of the time the Chapter 15 petition for recognition is filed in the United States. *See Lavie v. Ran (In re Ran)*, 607 F.3d 1017, 1025 (5th Cir. 2010); *see also Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 133 (2d Cir. 2013).

50.     The phrase "center of main interests" is a term of art that the Bankruptcy Code does not define explicitly. *See In re Betcorp Ltd.*, 400 B.R. at 287 ("the term 'center of main interests' is not specifically defined, either in chapter 15 or the Model Law").  However, Bankruptcy Code Section 1516(c) provides that, "in the absence of evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests." 11 U.S.C. § 1516(c); *see In re Tri-Cont'l Exch. Ltd.*, 349 B.R. 627, 635 (Bankr. E.D. Cal. 2006) ("In effect, the registered office (or place of incorporation) is evidence that is probative of, and that may in the absence of other evidence be accepted as a proxy for, 'center of main interests.'"), *aff'd*, 389 B.R. 326 (S.D.N.Y. 2008); *see also In re Ran*, 607 F.3d at 1022; *In re Betcorp*, 400 B.R. at 291; *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007), *aff'd,* 389 B.R. 325 (S.D.N.Y. 2008); *In re Tradex Swiss AG*, 384 B.R. 34, 43 (Bankr. D. Mass. 2008).

51.    In this case, the Debtor is a Japanese corporation and its registered office is, and has always been, located in Japan. *See* Kobayashi Decl. ¶ 33.  Accordingly, there is a statutory presumption that the Debtor's COMI is in Japan.  Additionally, this Court has already recognized that the Debtor's COMI is located a Japan, and there is no evidence to the contrary that its COMI has changed since the First Recognition Order.   *See* First Recognition Order at ¶ J.

52.    The Petitioner respectfully submits that, because of the statutory presumption of a Japan COMI and this Court's First Recognition Order finding that the Debtor's COMI is Japan, it is not necessary for this Court to consider other factors for the purposes of Second Amended Recognition Petition.  However, as provided in the Kobayashi Declaration, the Petitioner submits that the evidence supporting the Debtor's COMI being Japan provided in the First Kobayashi Declaration, further supports this Court finding that the Debtor's COMI continues to be Japan.

**D.    The Requirements Of Bankruptcy Code Section 1515 Have Been Satisfied.**

53.    Bankruptcy Code Section 1515 sets forth three technical requirements that must be satisfied to obtain recognition:  (i) the foreign representative must file a petition for recognition; (ii) the foreign representative must establish that a foreign proceeding exists by providing a certified copy of the decision commencing the foreign proceeding; and (iii) the petition for recognition must be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.  *See* 11 U.S.C §§ 1515, 1517(a)(3); *see also In re Ran*, 607 F.3d at 1021.   Additionally, Bankruptcy Code Section 1515(d) requires that the foreign representative provide English translations of the decision commencing the foreign proceeding. *See* 11 U.S.C. § 1515(d).

54.    Here, the Petitioner has filed with the Court:  (1) the Second Amended Recognition Petition; (2) a certified copy of the Second Civil Rehabilitation Order, along with a certified English translation, which affirms the existence of the Second Civil Rehabilitation

Proceeding and the appointment of the Petitioner as the civil rehabilitation trustee, in satisfaction

of Bankruptcy Code Section 1515(b)(1), *see* Second Amended Recognition Petition, Exhibit 2;

and (3) a certified statement, among other things, identifying the other foreign proceedings with

respect to the Debtor that are known to the Petitioner, in satisfaction of Bankruptcy Code Section

1515(c).   *See id.* Exhibit 3.   As such, the Petitioner has satisfied each of the technical

requirements for recognition pursuant to Bankruptcy Code Section 1515.

> **E.      Recognition Of The Second Civil Rehabilitation
> Proceeding Would Not Be Manifestly Contrary To U.S. Public Policy.**

55.     Bankruptcy Code Section 1517(a) provides that entry of an order recognizing a

foreign proceeding is "subject to section 1506."   Bankruptcy Code Section 1506 provides as

follows:

> Nothing in this chapter prevents the court from refusing to take an
> action governed by this chapter if the action would be manifestly
> contrary to the public policy of the United States.

11 U.S.C. § 1506.

56.     The Fifth Circuit and other courts have instructed that the public policy exception

to recognition must be construed very narrowly.   *See In re Ran*, 607 F.3d at 1021 ("the exception

is intended to be invoked only under *exceptional circumstances* concerning matters of

*fundamental importance* for the United States") (emphasis added); *In re Tri-Cont'l Exch. Ltd.*,

349 B.R. at 638 n.16 ("The word 'manifestly' in international usage restricts the public policy

exception to the *most fundamental policies* of the United States . . . [Its purpose] . . . is to

emphasize that the public policy exception should be *interpreted restrictively* and that

[provision] is only intended to be invoked under *exceptional circumstances* concerning matters

of fundamental importance for the enacting State.") (citing the UNICTRAL Guide) (emphasis

added); *Fairfield Sentry II*, 714 F.3d at 139 ("The statutory wording [of Bankruptcy Code Section 1506] requires a narrow reading.").

57.     In this case, there is no U.S. public policy that would be contravened by recognition of the Second Civil Rehabilitation Proceeding.  As noted above, since the enactment of Chapter 15, U.S. courts have routinely recognized Japanese insolvency proceedings.  *See supra* ¶ 29 (citing cases).

58.     Indeed, recognizing the Second Civil Rehabilitation Proceeding as a foreign main proceeding would advance the express objectives of Chapter 15 set forth in Bankruptcy Code Section 1501, including:  (1) the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested entities, including the [D]ebtor," 11 U.S.C. § 1501(a)(3); and (2) the "protection and maximization of the value of the [D]ebtor's assets." 11 U.S.C. § 1501(a)(4).

59.     Here, foreign main recognition will, *inter alia*, give the Debtor the continued benefit of the automatic stay in the United States, *see* 11 U.S.C. § 1520(a)(1), and give the Petitioner, as the Debtor's foreign representative, access to U.S. courts for relief in aid of the Second Civil Rehabilitation Proceeding. *See* 11 U.S.C. § 1509(b).  Thus, recognition will materially aid Petitioner's efforts to maximize recoveries for, and provide an equitable distribution of value among, all creditors.

## III.   THE PETITIONER REQUESTS ADDITIONAL NECESSARY AND APPROPRIATE RELIEF PURSUANT TO BANKRUPTCY CODE SECTION 1521(a)

60.     Upon recognition of the Second Civil Rehabilitation Proceeding, whether as a foreign main or nonmain proceeding, this Court is empowered to grant "any appropriate relief" under Bankruptcy Code Section 1521(a) where such relief is "necessary to effectuate the purpose of [Chapter 15] and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C.

§ 1521(a).  Relief under Bankruptcy Code Section 1521(a) is appropriate so long as "the interests of the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a).

61.     Here, the Petitioner respectfully requests that this Court grant the following additional relief under Bankruptcy Code Section 1521(a):  (1) granting the Petitioner the right, upon recognition, to seek leave to examine witnesses, take evidence or deliver information concerning the debtor's assets, affairs, rights, obligations or liabilities, pursuant to Bankruptcy Code Section 1521(a)(4); and (2) entrusting the Petitioner, as the Debtor's foreign representative, with the administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States, pursuant to Bankruptcy Code Sections 1521(a)(4)-(5).[7]

62.     The additional relief requested by the Petitioner under Bankruptcy Code Section 1521(a) will assist the Petitioner in carrying out his duties as rehabilitation trustee and will promote the effective administration of the Second Civil Rehabilitation Proceeding.

63.     Moreover, under Article 66 of JCRA and the Second Civil Rehabilitation Proceeding Order, the Petitioner, as the Debtor's rehabilitation trustee, has the sole right and power to administer the assets of the Debtor's rehabilitation estate, subject to oversight by the Tokyo Court.  See JCRA, Art. 66 (attached as Exhibit 2 to the Kobayashi Decl.).  The relief requested herein will, therefore, assist the Petitioner in administering the Debtor's global estate in an efficient and value-maximizing manner, for the benefit of all creditors.  As such, the Petitioner respectfully submits that the relief requested herein satisfies the criteria under

---

[7]     Bankruptcy Code Sections 1521(a)(4)-(5) provide, in relevant part, that "(a) Upon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including - (4) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities; [and] (5) entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative or another person, including an examiner, authorized by the court."

Bankruptcy Code Sections 1521(a) and 1522(a), and therefore requests that this Court grant such relief.

<u>**CONCLUSION**</u>

WHEREFORE, for the foregoing reasons, the Petitioner respectfully requests that this Court enter an Order:  (i) modifying the First Recognition Order to limit the recognition afforded to the Japan Bankruptcy Proceeding; (ii) recognizing the Second Civil Rehabilitation Proceeding as a foreign main proceeding; (iii) granting the Petitioner additional necessary and appropriate relief pursuant to Bankruptcy Code Section 1521(a); and (iv) granting such other and further relief as may be just and proper.

Dated:      October 25, 2018          Respectfully submitted,
            Dallas, Texas

                                      **FOLEY & LARDNER LLP**

                                      /s/ *Marcus A. Helt*
                                      Marcus A. Helt (TX 24052187)
                                      Thomas Scannell (TX 24070559)
                                      Foley & Lardner LLP
                                      2021 McKinney Avenue, Suite 1600
                                      Dallas, Texas 75201
                                      Telephone:  (214) 999-4289
                                      Email:  mhelt@foley.com
                                      Email:  tscannell@foley.com]

                                      - and –

                                      **BROWN RUDNICK LLP**
                                      David J. Molton (*admitted pro hac vice*)
                                      Howard S. Steel (*pro hac vice pending*)
                                      Gerard T. Cicero (*pro hac vice pending*)
                                      Seven Times Square
                                      New York, New York 10036
                                      Telephone:  (212) 209-4800
                                      Facsimile:  (212) 209-4801
                                      Email: dmolton@brownrudnick.com
                                      Email: hsteel@brownrudnick.com
                                      Email: gcicero@brownrudnick.com

                                      *Counsel for Nobuaki Kobayashi, In His Capacities as
                                      the Bankruptcy Trustee and Foreign Representative and
                                      Trustee of the Second Civil Rehabilitation Proceeding
                                      and Proposed Foreign Representative of MtGox Co.,
                                      Ltd., a/k/a/ MtGox KK*