# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
# HINDS COUNTY, MISSISSIPPI

| | |
|---|---|
| **DR. DONALD RAGGIO** <br> **DR. CHRIS RAGGIO** | **PLAINTIFFS** |
| VS. | **CIVIL ACTION NO. 14-71** |
| MTGOX a sole proprietorship; <br> MTGOX, Inc., a Delaware corporation; <br> MT.GOX KK, a Japanese corporation; <br> TIBANE KK, a Japanese corporation; <br> MUTUM SIGILLUM, LLC a Delaware limited Liability Company; <br> CODE COLLECTIVE, LLC a New York limited liability company; <br> JED McCALEB, an individual; <br> MARK KARPELES, an individual; <br> JOHN DOES 1-5, and CORPORATE JOHN DOES 1-5 | **DEFENDANTS** |

## AFFIDAVIT OF CHRIS RAGGIO

STATE OF MISSISSIPPI
COUNTY OF HINDS

I, Chris Raggio, being duly sworn, deposed and says:

1. I am one of the Plaintiffs in the matter of Donald Raggio and Chris Raggio vs. MTGOX, et. al, In the Circuit Court of Hinds County, First Judicial District, Cause No. 14-71, and I have personal knowledge of the facts set forth in this affidavit.

2. In December 2010, I opened an account (hereinafter the "Raggio Account") on the MTGOX bitcoin exchange with my father, Don Raggio. The account was funded with a wire transfer from my father's bank account to Defendant McCaleb.

3. After the account was funded, I began to purchase bitcoins which were placed into the MTGOX account.

4. My father and I were limited in the amount of bitcoins that could be withdrawn on a daily basis.

5. On January 9, 2011, I noticed that someone had conducted unauthorized withdrawals on the account and notified Defendant McCaleb.

**EXHIBIT A**

6. The following day, on January 10, I discovered the electronic address/account at which the stolen bitcoins had been moved and I informed Defendant McCaleb as to same.

7. It was subsequently discovered that another MTGOX account holder named "Baron" had purportedly stolen the bitcoins from the Raggio account.

8. Defendant McCaleb took control and froze both the Baron account, which contained $45,000 and stolen bitcoins, and the Raggio Account.

9. In late February 2011, I discovered from online news sources that Defendant McCaleb had sold MTGOX to Defendant Tibanne K.K., which was owned by Defendant Mark Karpeles.

10. Defendant McCaleb never informed me that he was selling MTGOX, whether he retained any ownership interest in MTGOX nor did he inform me of what role, if any, he would retain in MTGOX. Defendant McCaleb also failed to inform me that Defendant Karpeles was a convicted fugitive.

11. On February 26, 2011, Defendant McCaleb sent me an email stating he wanted to wait to get my coins back until he had time to gather evidence that Baron was related to other fraud that had taken place on the MTGOX exchange. I responded the same day letting the Defendant know that while I wanted the coins back, I understood the coins had value for the Defendant's investigation.

12. On March 6, 2011, I emailed Defendant McCaleb to ask if I needed to direct my communications to the new owner of MTGOX. The following day Defendant McCaleb responded in the affirmative.

13. At all times, Defendant McCaleb made written and oral representations that I would receive my bitcoins back once an investigation was completed.

14. I began to correspond thereafter with Defendant Karpeles, who also promised I would receive my bitcoins back once an investigation was completed and/or a judgment was obtained in Japan.

15. On December 21, 2011, I emailed Defendant McCaleb informing him as to my recent communications with Mark Karpeles concerning the bitcoins. On December 27, 2011,

Defendant McCaleb responded that he would talk to Karpeles and that "I'm sure he will eventually give it to you. I know he is trying to do everything by the book so I think he had to wait for legal reasons."

16.  After I retained Japanese counsel to investigate this matter in January of 2012, Defendant Tibanne K.K. made a representation in March of 2012 that they only inherited the assets related to the bitcoin exchange and never inherited the debt that Defendant McCaleb had incurred. Furthermore, Defendant Tibanne K.K. disavowed any responsibility. No Japanese judgment was ever obtained.

17. I delayed filing a suit in this matter because I relied on the representations that were made to me by the Defendants in this cause.

STATE OF CALIFORNIA
COUNTY OF MARIN

    PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the aforesaid jurisdiction, Chris Raggio, who, having been by me first duly sworn stated on his/her oath that the matters and things contained in the foregoing Affidavit are true and correct as therein stated.

_____
CHRIS RAGGIO

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___ day of _____, 2017.

_____
NOTARY PUBLIC

My Commission Expires:    SEE ATTACHED
California
All-Purpose Acknowledgement/
Jurat

# California Jurat Certificate

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** _MARIN_  } s.s.

Subscribed and sworn to (or affirmed) before me on this _04th_ day of _April_, 20_17_, by _Christopher Raggio_ and
Name of Signer (1)

_____, proved to me on the basis of
Name of Signer (2)

satisfactory evidence to be the person(s) who appeared before me.

_Neeraja Chandupatla_
Signature of Notary Public

NEERAJA CHANDUPATLA
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2164709
MARIN COUNTY
My Comm. Exp. October 12, 2020

Seal

For other required information (Notary Name, Commission No. etc.)

--- OPTIONAL INFORMATION ---

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

**Description of Attached Document**

The certificate is attached to a document titled/for the purpose of

_Affidavit of Chris Raggio._

containing _3_ pages, and dated _4/04/2017_

**Additional Information**

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification  ○ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____  Entry # _____

Notary contact: _____

Other

☐ Affiant(s) Thumbprint(s)  ☐ Describe: _____

© 2009-2015 Notary Learning Center - All Rights Reserved    You can purchase copies of this form from our web site at www.TheNotarysStore.com