

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 12, 2019**

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MTGOX CO., LTD. (a/k/a MTGOX KK), | § | CASE NO. 14-31229-SGJ-15 |
| | § | |
| Debtor. | § | |

### ORDER REGARDING MOTION REQUESTING STATUS CONFERENCE

Before this court is a Motion Requesting Status Conference (the "Motion") [DE # 915] filed by Jed McCaleb (the "Movant"). Movant has not previously appeared during this more than five-year-old Chapter 15 case, but represents that he: (1) is the former owner of MtGox Co., Ltd. ("MtGox"); (2) has long been facing litigation claims filed against him by former customers of MtGox; (3) has contingent indemnification claims back against MtGox relating to these customer claims; and (4) has no way to have his proof of claim relating to his indemnification

1

claims allowed, under the procedures or guidelines set up in the foreign main proceeding by the Japanese court.

The court first observes that the attorney who has filed the Motion is based in Mississippi and is not admitted to practice in the United States District Court for the Northern District of Texas.  This court will not consider the Motion unless and until said attorney moves for admission *pro hac vice* in this court and associates local counsel in connection with any such admission.

Additionally, the court has some concern about what relief the Movant is seeking and ensuring appropriate notice and due process to anyone who might be affected.  The court cannot give advisory opinions on what may or may not be a viable solution to the Movant's perceived problem with the Japanese court.  While the court might be amenable to setting a status conference (without there being a specific motion seeking relief of some sort), the court prefers to do so only upon representations that:  (a) the Movant has conferred with parties in interest first (at a minimum, counsel for the Foreign Representative and the United States Trustee), and (b) they either agree or do not agree that a status conference would be helpful to all concerned.

Accordingly, it is

**ORDERED** that Movant's counsel shall comply with this court's rules regarding *pro hac vice* appearances if he wants to file pleadings and participate in this case; it is further

**ORDERED** that, in order to obtain a setting, Movant shall confer with other parties in interest (at least the Foreign Representative's counsel and United States Trustee) and file an Amended Motion with a Certificate of Conference indicating he has done so and whether they oppose his Motion; it is further

**ORDERED** that in any Amended Motion, Movant shall specifically state what relief he might be seeking from the court.

### ###END OF ORDER###