IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>MtGox Co., Ltd. (a/k/a MtGox KK),<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-31229 (SGJ) |

**FOREIGN REPRESENTATIVE'S NOTICE OF SUBPOENA DUCES TECUM ON THE UNITED STATES ATTORNEY'S OFFICE FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

**TO**: U.S. Attorney's Office, Northern District of California (San Francisco Division), attn. Savith Iyengar & Wil Frentzen, Assistant United States Attorneys, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94012-3495.

**PLEASE TAKE NOTICE** that, pursuant to 11 U.S.C. §1521(a)(4) and (5) of Chapter 15 of the United States Bankruptcy Code, Nobuaki Kobayashi, the court-appointed Foreign Representative (the **"Foreign Representative"**) in the foreign main proceeding currently pending before the Twentieth Civil Division of the Tokyo District Court, Japan, in relation to the Chapter 15 United States Bankruptcy Court case of *In re MtGox Co., Ltd. (a/k/a MtGox KK)* (Case No. 14-31229-sgj-15) (Northern District of Texas (Dallas) (the **"Bankruptcy Court"**) (and the Debtor, **"MtGox"**), hereby serves this notice of subpoena duces tecum on the U.S. Attorney's Office for the Northern District of California (San Francisco Division) (the **"U.S. Attorneys"**).  The Foreign Representative is entitled to the full protections and rights enumerated under sections 1521(a)(4) and 1521(a)(5) of the Bankruptcy Code, and accordingly, the Foreign Representative: (a) has the right and power to examine witnesses, take evidence or deliver information concerning the MtGox's assets, affairs, rights, obligations, or liabilities; and (b) is entrusted with the administration and realization of all of the MtGox's assets within the

territorial jurisdiction of the United States. *See* Order Modifying Recognition Pursuant to Bankruptcy Code Section 1517(D) and Recognizing Foreign Main Proceeding and Granting Related Relief ¶¶ 8(a)-(b) [ECF No. 194].

The U.S. Attorneys are prosecuting a civil case and criminal case against Alexander Vinnik ("Vinnik") and BTC-e, which both assert claims stemming from Vinnik's alleged operation of an unlicensed money service business, an alleged conspiracy to commit money laundering, money laundering, and engagement in unlawful monetary transactions. *See USA v. BTC-e a/k/a Canton Bus. Corp., and Alexander Vinnik* (4:19-cv-04281-KAW). The criminal case seeks forfeiture of wrongfully obtained assets, and the civil case seeks the imposition of civil monetary penalties. *See USA v. BTC-e a/k/a Canton Bus. Corp., and Alexander Vinnik* (16-cr-00227-SI). The Foreign Representative believes that Vinnik and BTC-e may have wrongfully stolen or converted bitcoin from MtGox, in which MtGox has property interests. The U.S. Attorneys investigation may have developed additional facts and information in this regard and your Office's or the United States' seizure of property from Vinnik and BTC-e may include property in which MtGox has property interests. In light of the Foreign Representative's duties, the Foreign Representative seeks information from the U.S. Attorneys about the nature and location of such property of MtGox.

The U.S. Attorneys are required, to the extent that the U.S. Attorneys possess documents, to produce the original, or a copy of all Documents listed and defined on the document attached hereto as Exhibit A to the undersigned counsel at the offices of Brown Rudnick LLP, Seven Times Square, Fl. 47, New York, NY 10036. The Documents should be produced no later than **May 14, 2021.**

DATED: March 26, 2020.

**BROWN RUDNICK LLP**

By: _____*David J. Molton*

David J. Molton (admitted pro hac vice)
Gerard T. Cicero (admitted pro hac vice)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: gcicero@brownrudnick.com

*Counsel on behalf of Nobuaki Kobayashi, court-appointed Foreign Representative in the Second Civil Rehabilitation Proceeding of MtGox.*

## EXHIBIT A

## DOCUMENT TO BE PRODUCED BY U.S. ATTORNEYS

## DEFINITIONS

For purposes of the below document requests (the "**Requests**"), the following terms shall apply:

1. "Chapter 15 Case" means the above-captioned chapter 15 case.

2. "Communication" includes any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, by whatever means accomplished, and includes written contact such as correspondence, letters, notes, advertisements, proposals, solicitation, memoranda, telegrams, facsimiles, emails, or electronic file transfers, and oral transmission and conveyance of information, including face-to-face meetings, telephone conversations, and video conferences.

3. "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

4. "Debtor" means the debtor in the Chapter 15 Case, and shall include anyone acting on their behalf, over whom they have control, or which is, or may be subrogated to their interests, including, without limitation, any current of former director, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, affiliate, subsidiary, or other person or entity.

5. "Document" has the broadest possible meaning under Federal Rule of Civil Procedure 34 and includes each and every form of Communication, and also includes, without

limitation, all written, printed, typed, recorded, or graphic matter of any kind, type, nature, or description, in whatever form (*e.g.*, final and draft versions) that is or has been in Your, as defined herein, actual or constructive possession, custody or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced or reproduced, including backup tapes.  The term "Document" shall include not only originals, but also any copies or reproductions of all such written, printed, typed, recorded, or graphic matter upon which any notations, comments or markings of any kind have been made that do not appear on the original documents or that are otherwise not identical to the original documents.

6. "Electronically Stored Information" refers to all electronic data (including active data, archival data, backup data, backup tapes, distributed data, electronic mail, forensic copies, metadata, and residual data) stored in any medium from which information can be obtained.

7. "Person" means a natural person or an entity, including, without limitation, a corporation, partnership, firm, sole proprietorship, association, joint venture, unincorporated association, trust, or any other entity of any type or description whatsoever, whether formed for business or other purposes.

8. "Person" or "Persons" means all natural persons, corporations, partnerships or other business associations and all other legal or governmental entities or associations.

9. "You" or "Your" means a member of the U.S. Attorneys, to the extent that such member possesses the Documents and Communications requested below.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions, and for purposes of the Requests, the following Instructions shall be followed:

1. All responses shall comply with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Northern District of Texas.

2. Unless otherwise stated in a specific Request herein, the time period covered by the following Requests is the period of February 1, 2014 to the present.

3. The following Requests shall be deemed continuing in nature. In the event You become aware of or acquire additional information Concerning any of the following Requests, such additional information is to be promptly produced.

4. You are to produce all responsive Documents in Your possession, custody or control, wherever located, including, without limitation, those in the custody of Your representatives and affiliates. A Document is deemed to be in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person or entity and You: (i) own such Document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms; or (iv) as a practical matter, You have been able to use, inspect, examine, or copy

such Document when You sought to do so.  If any requested Document was, but no longer is, in Your control, state the disposition of each such Document.

5.    If any Document requested herein was formerly in Your possession, custody or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted, and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.    If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

7.    If You object to any of these Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived.  If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

8.    The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests based on the knowledge or information that You possess at the time You respond to these Requests.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request, so state in Your response to that Request.

9. Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

10. The words "and" and "or" are to be construed both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Request.

11. If there are no Documents responsive to any particular Request, please state so in writing.

12. A Request for any Document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

13. Each Request for Documents herein includes a request for exact copies of all disks, CDs, DVDs, flash drives, memory sticks, and other removable media containing any information responsive to such Request. Electronic records and computerized information should be produced in an intelligible format or together with a sufficient description of the system or program from which each was derived to permit rendering the material legible.

14. If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the

requested information is in such person's or entity's possession.

15. Produce all Documents as they are kept in the ordinary course of business.

16. Provide all Electronically Stored Information in accordance with the specifications attached hereto as <u>Exhibit 1</u>.

17. To the extent you refuse to respond to any Request, in whole or in part, on grounds of privilege, identify the withheld Document or Communication on a privilege log stating: (i) the identity of the person(s) who prepared or authored the Document or took part in the Communication; (ii) the person(s) to whom the Document was shown or otherwise disclosed; (iii) the date(s) on which the Document was prepared and disseminated, or on which the Communication transpired or was disclosed; (iv) the general subject matter of the Document or Communication; (v) the nature of the Document or Communication (*e.g.*, telephone conference, office conference); and (v) the basis for the claim of privilege or withholding. Any redactions to Documents shall be prominently identified with a mark indicating the location and size of the redacted area.

## **DOCUMENT REQUESTS**

1. All Documents concerning Vinnik's alleged theft of bitcoin from MtGox.

2. All Documents concerning any alleged theft of bitcoin from MtGox by BTC-e, or any other related person or entity.

3. All Documents concerning any potential, considered, or actual recovery of Bitcoin from accounts controlled by Vinnik or associated persons.

4. All Documents concerning any potential, considered, or actual recovery of Bitcoin from accounts controlled by BTC-e or associated entities.

5. All Documents concerning the accounts called "WME", "Vamnedam", "Grmbit",

and "Petr."

      6.      All Documents concerning assets of MtGox forfeited to the United States.

# EXHIBIT 1

**Production Specifications of ESI**.  Documents created or stored electronically must be produced in their original electronic format, and not printed to paper or PDF.  All electronically stored information ("ESI") shall be produced in electronic form (the "production set").

Each document will have its own unique identifier ("Bates number"), which must be consistently formatted across the production, comprising of an alpha prefix and a fixed length number of digits (e.g., "PREFIX0000001").

The production set shall consist of, and meet, the following specifications:

A. <u>Image Files</u>.  All ESI will be rendered to single-page, black and white, Group IV *tagged image file* (".tif" or ".tiff") images with a resolution of 300 dpi, where in the file name for each page is named after its corresponding Bates number.  Records in which a color copy is necessary to interpret the document (e.g., photographs, presentations, AUTOCAD, etc.) will be rendered to higher resolution, single-page *joint photographic experts group* (".jpg" or ".jpeg") format.  Endorsements must follow these guidelines:

   a. Bates numbers must be stamped on the lower right hand corner of all images.

   b. Confidentiality must be stamped on the lower left hand corner of all images.

   c. Other pertinent language may be stamped on the bottom center, or top of the images, as deemed necessary.

B. <u>Load Files</u>.  All ESI must be produced with appropriate data load files, denoting logical document boundaries.  The following files should be included within each production set.

   a. A Concordance delimited ASCII text file (".dat").

      i. The .dat file will contain metadata from the original native documents, wherein the header row (*i.e.*, the first line) of the .dat file must identify the metadata fields.

      ii. The .dat file must be delimited with the standard Concordance delimiters (the use of commas and quotes as delimiters is <u>not acceptable</u>):

         ASCII 020 [¶] for the comma character;
         ASCII 254 [þ] for the quote character; and
         ASCII 174 [®] for new line.

      iii. All attachments, or *child* records, should sequentially follow the *parent* record.

      iv. The following fields and metadata will be produced:

> Beginning Bates; Ending Bates; Beginning Bates Attachment; Ending Bates Attachment; Custodian; File Name; From; Recipient; CC; BCC; Subject; Date Sent; Time Sent; Last Modified Date; Last Modified Time; Author; Title; Date Created; Time Created; Document Extension; Page Count; MD5Hash; Text Path; and Native File Path.
>
> b. Image cross-reference files, *Opticon* image file (".opt") and *IPRO View Load* file (".lfp"), which link images to the database and identifies appropriate document breaks.

C. <u>Text Files</u>. All ESI will be produced in a word searchable, text file format (".txt"), at the document level for all records. Such text files may be delivered as multi-page ASCII or, where appropriate, Unicode text files and named after its corresponding Bates number. All records must include:

> a. *extracted text* for all ESI, at the document level, wherein the text files must have page breaks that correspond to the pagination of the image file; and/or
>
> b. *optical character recognition* ("OCR") text, at the document level, for records where: (1) embedded or extracted text does not exist in the electronic document; (2) the document originated in a hard-copy format; and/or (3) OCR must be run on documents so as not to reveal the contents any redacted material.

The text files may be placed in an individual folder, from which the full path for each text file should correspond to its record in the .dat file and populated under the *Text Path* field.

<u>Native Files</u>. ESI that cannot be interpreted in an image format, or for such that may be voluminous and burdensome when printed to image files, may be produced in its native format, with its file name corresponding to its designated Bates number. Such files include Microsoft Excel, PowerPoint and Access file types, multimedia files (e.g., ".avi", "mpeg", ".wmv", ".mp3", etc.), AUTOCAD files, source code, and other files that may be requested and/or agreed upon by counsel. All native files produced must contain a corresponding image placeholder with appropriate endorsements, as well as extracted text.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __Texas, Dallas Division__

In re __MtGox Co., Ltd. (a/k/a MtGox KK)__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __14-31229 (SGJ)__

Chapter __15__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __U.S. Attorney's Office, Northern District of California, attn. Savith Iyengar and Wil Frentzen__

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Brown Rudnick LLP, Seven Times Square, Fl. 47, New York, NY 10023 | May 14, 2021 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __March 26, 2021__

CLERK OF COURT

OR

_____      __s/David J. Molton__
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Foreign Representative of MtGox Estate__, who issues or requests this subpoena, are:
David J. Molton, Brown Rudnick LLP, (212) 209-4800 (dmolton@brownrudnick.com) (address listed in "PLACE" field)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

| Attorney or Party without Attorney:<br>David J. Molton (#)<br>BROWN RUDNICK, LLP<br>Seven Times Square, Fl 47<br>New York, NY 10023<br>Telephone No: (201) 209-4800<br>Attorney For: Foreign Representative of MtGox Estate | Ref. No. or File No.:<br>031727.0001 | For Court Use Only |
|---|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>United States Bankruptcy Court for the Northern District of Texas Dallas Division | | |
| Plaintiff: In Re: MtGox Co., Ltd. (a/k/a MtGox KK)<br>Defendant: | | |
| **PROOF OF SERVICE** | Hearing Date:<br>May 14, 2021 | Time: | Dept/Div: | Case Number:<br>14-31229 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the FOREIGN REPRESENTATIVE'S NOTICE OF SUBPOENA DUCES TECUM ON THE UNITED STATES ATTORNEY'S OFFICE FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION); SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

3. a. Party served:    U.S. Attorney's Office, Northern District of California
   b. Person served:   Veronica Ng, Authorized to Accept Service

4. Address where the party was served:    450 Golden Gate Ave, San Francisco, CA 94102

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri, Mar 26 2021 (2) at: 03:00 PM

   b. Witness Fees Paid: $15.00

6. **Person Who Served Papers:**
   a. Andy Esquer (2013-0001009, San Francisco)          d. *The Fee* for Service was: $189.39
   b. FIRST LEGAL
      600 W. Santa Ana Blvd., Ste. 101
      SANTA ANA, CA 92701
   c. (714) 541-1110

7. *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

                                    04/01/2021                              _____
                                    (Date)                                   (Signature)



PROOF OF SERVICE

5507564
(11642337)