*[Translation for Reference Purposes Only]*

May 29, 2023

To Rehabilitation Creditors:

Rehabilitation Debtor: MtGox Co., Ltd.
Rehabilitation Trustee: Nobuaki Kobayashi
Attorney-at-Law

## Notice Concerning Amendment of Rehabilitation Plan and Acquisition of Permission Regarding Repayments (2)

With regard to the Rehabilitation Plan for which the Court's confirmation order became final and binding on November 16, 2011, and the amendment order became final and binding on October 27, 2022 (the "**Rehabilitation Plan**"), the Rehabilitation Trustee submitted a petition to amend some provisions thereof pursuant to Article 187, Paragraph 1 of the Civil Rehabilitation Act, and the Court granted these amendments on May 8, 2023 (the "**Amended Rehabilitation Plan**").

The Rehabilitation Trustee also made a request to the Court for permission regarding matters that must be decided for the implementation of the repayments under the Rehabilitation Plan, and the Court gave permission for these matters on May 8, 2023.

This document is a notice to inform rehabilitation creditors regarding particulars of the above two matters.

The terms used in this document have the meanings ascribed to them in the Rehabilitation Plan unless otherwise defined herein.

*[Translation for Reference Purposes Only]*

Table of Contents

I. Amendment of Rehabilitation Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   1. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   2. Method of determining validity of Selection of Repayment Method and corrective measures for rehabilitation creditors whose Selection of Repayment was deemed invalid (Revision of Rehabilitation Plan 4.3.4.1., 4.7.1., 6.3.1. and 6.4.) . . . . . . . . . 3

      (1) Method of determining validity of Selection of Repayment Method . . . . . . 3

      (2) Corrective measures for rehabilitation creditors whose Selection of Repayment was deemed invalid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   3. Provisions regarding Cryptocurrency Repayment Reference Date (Revision of the Rehabilitation Plan 4.7.2.1., 4.7.2.3.(1)A. and (2)A., 4.7.2.4.1(1)(i) and (ii) and 6.3.2.(1)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   4. Effect of repayment and amount of re-remittance if remittance using consideration obtained from sale of Bitcoin, etc. is refunded (Revision of the Rehabilitation Plan 4.7.2.4.1. and 4.7.3.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

   5. Treatment of fractions (Revision of the Rehabilitation Plan 5.1.) . . . . . . . . . . 12

   6. Correction of errors (Revision of the Rehabilitation Plan 4.7.2.4.2.) . . . . . . . . 13

II. Acquisition of Permission Regarding Repayments . . . . . . . . . . . . . . . . . . . . 14

   1. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

   2. Change of deadline for registration of account information, etc. . . . . . . . . . . 14

   3. Amendment of the definition of names required to be matched to receive repayment through a bank and a fund transfer service provider . . . . . . . . . . . . . . . 14

*[Translation for Reference Purposes Only]*

### I. Amendment of Rehabilitation Plan

**1. Introduction**

To ensure that rehabilitation creditors can receive repayments under the Rehabilitation Plan smoothly, fairly, and safely, the Rehabilitation Trustee petitioned for amendment to some provisions of the Rehabilitation Plan, and the Court made an order to grant these amendments on May 8, 2023. Such order will become final and binding after the period specified in the Civil Rehabilitation Act passes. The amendments include some amendments intended to clarify matters that had not been entirely clear in the Rehabilitation Plan.

The particulars of the amendments are as detailed in 2. through 6. below. In the boxes, double-strikethrough text denotes original provisions deleted from the Rehabilitation Plan, and red text denotes new additions.

**2. Method of determining validity of Selection of Repayment Method and corrective measures for rehabilitation creditors whose Selection of Repayment was deemed invalid (Revision of Rehabilitation Plan 4.3.4.1., 4.7.1., 6.3.1. and 6.4.)**

**(1) Method of determining validity of Selection of Repayment Method**

With respect to proportional repayment, rehabilitation creditors may select either Early Lump-Sum Repayment or Final Repayment (Rehabilitation Plan 4.3.4.1.(1)A. and 6.4.(3)), and with respect to repayment for the Cryptocurrency Rehabilitation Claims, rehabilitation creditors may select either Cryptocurrency Repayment (i.e., repayment in Bitcoin etc. and cash) or repayment only in cash (Rehabilitation Plan 4.7.1.(1)A. and 6.3.1.(3)) (both selections are collectively referred to below as the "**Selection of Repayment Method**").

The Selection of Repayment Method must be carried out by the rehabilitation creditor itself or, in the case of a corporate creditor, by an authorized representative in order for it to be considered valid. Therefore, the Rehabilitation Trustee will verify the identity of the rehabilitation creditor by cross-referencing the name indicated on the submitted identity verification documents and ensuring that the other requirements separately specified by the Rehabilitation Trustee have been met. If such requirements are not met, the Selection of Repayment Method will be considered invalid.

The satisfaction of the requirement above is part of a method separately designated by

3

*[Translation for Reference Purposes Only]*

the Rehabilitation Trustee upon making the selection (Rehabilitation Plan 4.3.4.1., 4.7.1., 6.3.1. and 6.4.) under the Rehabilitation Plan. However, for clarification, the Amended Rehabilitation Plan specifies that (i) validity of the Selection of Repayment Method will be confirmed based on the identity verification with respect to the abovementioned names and the fulfillment of the other requirements separately designated by the Rehabilitation Trustee and (ii) if such confirmation cannot be made, such rehabilitation creditors will be deemed to have selected the Final Repayment for proportional repayment, and the repayment only in cash for repayment for Cryptocurrency Rehabilitation Claims.

**(2) Corrective measures for rehabilitation creditors whose Selection of Repayment was deemed invalid**

In light of the consequence of rehabilitation creditors not being able to receive Early Lump-Sum Repayment or Cryptocurrency Repayment if the Selection of Repayment Method is found invalid, it is advisable, in the interest of procedural integrity, to provide rehabilitation creditors with an opportunity to amend any inaccurate information (the "**Required Correction Information**").

However, if corrections are permitted without a specified deadline, the determination of the repayment method and repayment amount will be indefinitely delayed, thereby hindering the implementation of repayment. Therefore, the Amended Rehabilitation Plan provides that, in relation to rehabilitation creditors whose Selection of Repayment Method has been deemed invalid, with the permission of the Court, the Rehabilitation Trustee may set a deadline (the "**Correction Deadline**") for rehabilitation creditors to provide the Required Correction Information by a method separately designated by the Rehabilitation Trustees, and if rehabilitation creditors do not provide the Required Correction Information in accordance with such method or do not provide it by the Correction Deadline, it will be treated as not having been provided.

> **4.3.4.1. Allowed Rehabilitation Claims Subject to Early Lump-Sum Repayment**
> (1), (2) (Omitted)
> (3)  If in relation to (1) above, a rehabilitation creditor does not select either the Early Lump-Sum Repayment or the Final Repayment, or does not follow the selection manner separately designated by the Rehabilitation Trustee upon making the request <span style="color:red">(including without limitation a case where the Rehabilitation Trustee cannot verify that the rehabilitation creditor itself made the selection (including without limitation a case where the Rehabilitation Trustee cannot confirm the identity of the rehabilitation creditor's name and the name on the identity verification document submitted by a method separately designated by the Rehabilitation Trustee) or a case where other requirements</span>

4

> separately designated by the Rehabilitation Trustee are not met), it shall be deemed to have selected the Final Repayment.
>
> (4) The Rehabilitation Trustee may cause rehabilitation creditors to provide documents and other information regarding the selection of the Early Lump-Sum Repayment or the Final Repayment pursuant to (1)A. above (including without limitation documents indicating that the rehabilitation creditor itself made the selection validly, such as identity verification documents stated in (3) above, and other information), by a reference date that the Rehabilitation Trustee determines to be appropriate and that the Court permits, in accordance with a method separately designated by the Rehabilitation Trustee. If the rehabilitation creditors do not follow the method separately designated by the Rehabilitation Trustee in providing such information or do not provide such information by the reference date, the Rehabilitation Trustee may, in relation to (3) above, deem that such information was not provided, and determine whether the rehabilitation creditors selected the Early Lump-Sum Repayment or the Final Repayment in accordance with the method separately designated by the Rehabilitation Trustee.

> **4.7.1. Selection of Requested Repayment Method**
>
> (1), (2) (Omitted)
>
> (3) In relation to (1) above, if a rehabilitation creditor does not request either the Cryptocurrency Repayment or the repayment only in cash, or does not follow the method separately designated by the Rehabilitation Trustee upon making the request (including without limitation a case where the Rehabilitation Trustee cannot verify that the rehabilitation creditor itself made the selection (including without limitation a case where the Rehabilitation Trustee cannot confirm the identity of the rehabilitation creditor's name and the name on the identity verification document submitted by a method separately designated by the Rehabilitation Trustee) or a case where other requirements separately designated by the Rehabilitation Trustee are not met), it shall be deemed to have requested the repayment only in cash.
>
> (4) The Rehabilitation Trustee may cause rehabilitation creditors to provide documents and other information regarding the selection of the Cryptocurrency Repayment or the repayment only in cash pursuant to (1)A. above (including without limitation documents indicating that the rehabilitation creditor itself made the selection validly, such as identity verification documents stated in (3) above, and other information), by a reference date that the Rehabilitation Trustee determines to be appropriate and that the Court permits, in accordance with a method separately designated by the Rehabilitation Trustee. If the rehabilitation creditors do not follow the method separately designated by the Rehabilitation Trustee in providing such information or do not provide such information by the reference date, the Rehabilitation Trustee may, in relation to (3) above, deem that such information was not provided, and determine whether the rehabilitation creditors selected the Cryptocurrency Repayment or the repayment only in cash in accordance with the method separately designated by the Rehabilitation Trustee.

*[Translation for Reference Purposes Only]*

**6.3. Special Provisions Concerning Cryptocurrency Rehabilitation Claims Held by Creditor with Disputed Rehabilitation Claims**

**6.3.1. Selection of Requested Repayment Method**

(1), (2) (Omitted)

(3) In relation to (1) above, if a Creditor with Disputed Rehabilitation Claims does not request either the Cryptocurrency Repayment or the repayment only in cash, or does not follow the method separately designated by the Rehabilitation Trustee upon making the request (including without limitation a case where the Rehabilitation Trustee cannot verify that the Creditor with Disputed Rehabilitation Claims itself made the selection (including without limitation a case where the Rehabilitation Trustee cannot confirm the identity of the Creditor with Disputed Rehabilitation Claims' name and the name on the identity verification document submitted by a method separately designated by the Rehabilitation Trustee) or a case where other requirements separately designated by the Rehabilitation Trustee are not met), such Creditor with Disputed Rehabilitation Claims shall be deemed to have requested the repayment only in cash.

(4) The Rehabilitation Trustee may cause Creditors with Disputed Rehabilitation Claims to provide documents and other information regarding the selection of the Cryptocurrency Repayment or the repayment only in cash pursuant to (1)A. above (including without limitation documents indicating that the Creditors with Disputed Rehabilitation Claims itself made the selection validly, such as identity verification documents stated in (3) above, and other information), by a reference date that the Rehabilitation Trustee determines to be appropriate and that the Court permits, in accordance with the a method separately designated by the Rehabilitation Trustee. If the Creditors with Disputed Rehabilitation Claims do not follow the method separately designated by the Rehabilitation Trustee in providing such information or do not provide such information by the reference date, the Rehabilitation Trustee may, in relation to (3) above, deem that such information was not provided, and determine whether the Creditors with Disputed Rehabilitation Claims selected the Cryptocurrency Repayment or the repayment only in cash in accordance with the method separately designated by the Rehabilitation Trustee.

**6.4. Special Provisions Concerning Early Lump-Sum Repayment to Creditors with Disputed Rehabilitation Claims**

(1), (2) (Omitted)

(3) In relation to (1) above, if a Creditor with Disputed Rehabilitation Claims does not select either the Early Lump-Sum Repayment or the Final Repayment, or does not follow the method separately designated by the Rehabilitation Trustee upon making the request (including without limitation a case where the Rehabilitation Trustee cannot verify that the Creditor with Disputed Rehabilitation Claims itself made the selection (including without limitation a case where the Rehabilitation Trustee cannot confirm the identity of the Creditor with Disputed Rehabilitation Claims' name and the name on the identity verification document submitted by a method separately designated by the Rehabilitation Trustee) or a case where other requirements separately

| | |
|---|---|
| | designated by the Rehabilitation Trustee are not met), such Creditors with Disputed Rehabilitation Claims shall be deemed to have selected the Final Repayment. |
| (4) | The Rehabilitation Trustee may cause Creditors with Disputed Rehabilitation Claims to provide documents and other information regarding the selection of the Early Lump-Sum Repayment or the Final Repayment pursuant to (1)A. above (including without limitation documents indicating that the Creditors with Disputed Rehabilitation Claims itself made the selection validly, such as identity verification documents stated in (3) above, and other information), by a reference date that the Rehabilitation Trustee determines to be appropriate and that the Court permits, in accordance with a method separately designated by the Rehabilitation Trustee. If the Creditors with Disputed Rehabilitation Claims do not follow the method separately designated by the Rehabilitation Trustee in providing such information or do not provide such information by the reference date, the Rehabilitation Trustee may, in relation to (3) above, deem that such information was not provided, and determine whether the Creditors with Disputed Rehabilitation Claims selected the Early Lump-Sum Repayment or the Final Repayment in accordance with the method separately designated by the Rehabilitation Trustee. |
| (54) | If the day on which all rehabilitation claims held by a Creditor with Disputed Rehabilitation Claims are determined is on or after the day following the day six months prior to the Base Repayment Deadline, the Early Lump-Sum Repayment for Rehabilitation Claims Determined to Exist that are held by such Creditor with Disputed Rehabilitation Claims shall be made by the last day of the month containing the day marking the elapse of one-year from the day all such rehabilitation claims have been determined. |

3. **Provisions regarding Cryptocurrency Repayment Reference Date (Revision of the Rehabilitation Plan 4.7.2.1., 4.7.2.3.(1)A. and (2)A., 4.7.2.4.1(1)(i) and (ii) and 6.3.2.(1))**

Under the existing Rehabilitation Plan, rehabilitation creditors who wish to receive Cryptocurrency Repayment must, by the Cryptocurrency Repayment Reference Date, not only must select Cryptocurrency Repayment but also must (i) provide the Rehabilitation Trustee with information confirming their status as users of a Designated Cryptocurrency Exchange etc. ("**Account Information**") in accordance with a method separately specified by the Rehabilitation Trustee and (ii) make a manifestation of intention to subscribe to an Agency Receipt Agreement to the relevant Designated Agency Receipt Exchange etc. (Rehabilitation Plan 4.7.2.1.(3) and (4); the provision of Account Information and the manifestation of intention to subscribe to an Agency Receipt Agreement are collectively referred to below as "**Account Registration etc.**").

However, although there are a considerable number of rehabilitation creditors who have requested Cryptocurrency Repayment but have not yet carried out Account

*[Translation for Reference Purposes Only]*

Registration etc. for various reasons, it is desirable to make repayments in Bitcoin etc. to the extent possible to those rehabilitation creditors who have selected Cryptocurrency Repayment by the Cryptocurrency Repayment Reference Date. Therefore, the Rehabilitation Trustee has decided to permit Account Registration etc. after the Cryptocurrency Repayment Reference Date to the extent that it does not interfere with the Rehabilitation Trustee's work.

However, it is not feasible to amend the Cryptocurrency Repayment Reference Date itself in order to change the deadline for Account Registration etc., since the Cryptocurrency Repayment Reference Date also serves as the deadline for Selection of Repayment Method, as provided in the existing Rehabilitation Plan. Therefore, the deadline for Account Registration etc. has been amended from the "Cryptocurrency Repayment Reference Date" to "the reference date separately designated by the Rehabilitation Trustee at its own discretion" (i.e., the Reference Date for Satisfaction of Cryptocurrency Repayment Requirements), which was newly defined under the Amended Rehabilitation Plan. As a result, the "Cryptocurrency Repayment Reference Date" refers solely to the deadline for Selection of Repayment Method, which as of the date of this Notice remains unchanged at April 6, 2023. However, the deadline for Account Registration etc. may be separately designated by the Rehabilitation Trustee.

---

**1. Definitions**
(1) - (53)   (Omitted)
(54) "Reference Date for Satisfaction of Cryptocurrency Repayment Requirements" is defined in 4.7.2.1.
(55~~4~~) "Claims Requesting Cryptocurrency Repayment" is defined in 4.7.2.1.
(Numbers are amended in the same manner below.)

---

**4.7.2.1.   Requirements for Receiving Cryptocurrency Repayment**
   A rehabilitation creditor, who requests the Cryptocurrency Repayment in accordance with 4.7.1. above, shall satisfy all of the requirements of (1) through (5) below on the reference date separately designated by the Rehabilitation Trustee at its own discretion (the "Reference Date for Satisfaction of Cryptocurrency Repayment Requirements") ~~the Cryptocurrency Repayment Reference Date~~ in order to receive the Cryptocurrency Repayment. Allowed Cryptocurrency Rehabilitation Claims held by rehabilitation creditors requesting the Cryptocurrency Repayment in accordance with 4.7.1. above are hereinafter referred to as "Claims Requesting Cryptocurrency Repayment".
(1) – (5)   (Omitted)

---

**4.7.2.3.   Specific Method and Effective Time of Cryptocurrency Repayment**
(1)A.   If the Rehabilitation Trustee is able to verify that a rehabilitation creditor holding an Allowed BTC Rehabilitation Claim included in a Claim Requesting Cryptocurrency Repayment satisfies all of the requirements of

|   |   |   |
|---|---|---|
|   |   | 4.7.2.1. above as of the Reference Date for Satisfaction of Cryptocurrency Repayment Requirements ~~the Cryptocurrency Repayment Reference Date~~, and to verify that (the corporation operating) the Designated Cryptocurrency Exchange etc. made a manifestation of intention to accept the manifestation of intention by the rehabilitation creditor to subscribe to an Agency Receipt Agreement as set forth in 4.7.2.1.(4) above and an Agency Receipt Agreement has been formed, the Rehabilitation Trustee shall make the portion of the Cryptocurrency Repayment provided in 4.7.2.2.(1)(i) above by transferring the quantity of Bitcoin provided in 4.7.2.2.(1)(i) above through the blockchain to a Designated Cryptocurrency Exchange etc. of which the rehabilitation creditor is a user. Expenses required for such repayment shall be borne by the rehabilitation creditor. |
|   | B. | (Omitted) |
| (2) | A. | If the Rehabilitation Trustee is able to verify that a rehabilitation creditor holding an Allowed BCH Rehabilitation Claim included in a Claim Requesting Cryptocurrency Repayment satisfies all of the requirements of 4.7.2.1. above as of the Reference Date for Satisfaction of Cryptocurrency Repayment Requirements ~~the Cryptocurrency Repayment Reference Date~~, and to verify that (the corporation operating) the Designated Cryptocurrency Exchange etc. made a manifestation of intention to accept the manifestation of intention by the rehabilitation creditor to subscribe to an Agency Receipt Agreement as set forth in 4.7.2.1.(4) above and an Agency Receipt Agreement has been formed, the Rehabilitation Trustee shall make the portion of the Cryptocurrency Repayment provided in 4.7.2.2.(2)(iii) above by transferring the quantity of Bitcoin Cash provided in 4.7.2.2.(2)(iii) above through the blockchain to a Designated Cryptocurrency Exchange etc. of which the rehabilitation creditor is a user. Expenses required for such repayment shall be borne by the rehabilitation creditor. |
|   | B. | (Omitted) |

**4.7.2.4. Exceptions to 4.7.2.3. Above**
**4.7.2.4.1. Repayment in a Case Where a Rehabilitation Creditor Does Not Satisfy Requirements for Cryptocurrency Repayment, or Repayment on or after Date on Which a Rehabilitation Creditor No Longer Satisfies Requirements for Cryptocurrency Repayment**

(1) Notwithstanding the provisions of 4.7.2.3. above, repayment in a case of (i) or (ii) below shall be as set forth in A. and B. below, conditional upon the permission of the Court;

  (i) Repayment for Claims Requesting Cryptocurrency Repayment held by a rehabilitation creditor, in a case where the Rehabilitation Trustee is not able to verify that such rehabilitation creditor satisfies all of the requirements of each item provided in 4.7.2.1. above as of the Reference Date for Satisfaction of Cryptocurrency Repayment Requirements ~~the Cryptocurrency Repayment Reference Date~~; and

  (ii) Repayment for Claims Requesting Cryptocurrency Repayment held by a rehabilitation creditor on or after the date on which the Rehabilitation Trustee becomes unable to verify that such

*[Translation for Reference Purposes Only]*

> rehabilitation creditor satisfies all of the requirements of each item provided in 4.7.2.1. above or the date on which the Rehabilitation Trustee determines at its own discretion that there are no longer any reasonable prospects that an Agency Receipt Agreement will be formed, in a case where the Rehabilitation Trustee was able to once verify that such rehabilitation creditor satisfies all of the requirements as of <span style="color:red">the Reference Date for Satisfaction of Cryptocurrency Repayment Requirements</span> ~~the Cryptocurrency Repayment Reference Date~~ but becomes unable to verify after such reference date that such a rehabilitation creditor satisfies all of the requirements or in a case where the Rehabilitation Trustee determines at its own discretion that there are no longer any reasonable prospects that (the corporation operating) the Designated Cryptocurrency Exchange etc. will make a manifestation of intention to accept the manifestation of intention by the relevant rehabilitation creditor to subscribe to an Agency Receipt Agreement as set forth in 4.7.2.1.(4) above and an Agency Receipt Agreement will be formed.
>
>   A., B.  (Omitted)
> (2) – (5)  (Omitted)

> **6.3.2. Repayments If a Creditor with Disputed Rehabilitation Claims Requests the Cryptocurrency Repayment**
> (1) A Creditor with Disputed Rehabilitation Claims, who requests the Cryptocurrency Repayment in accordance with 6.3.1. above shall satisfy all of the conditions in the items of 4.7.2.1. above on <span style="color:red">the Reference Date for Satisfaction of Cryptocurrency Repayment Requirements</span> ~~the Cryptocurrency Repayment Reference Date~~ in order to receive the Cryptocurrency Repayment after all rehabilitation claims held by such Creditor with Disputed Rehabilitation Claims are to be determined.
> (2) (Omitted)

4. **Effect of repayment and amount of re-remittance if remittance using consideration obtained from sale of Bitcoin, etc. is refunded (Revision of the Rehabilitation Plan 4.7.2.4.1. and 4.7.3.)**

If the repayment using the consideration obtained from the sale of Bitcoin etc. in accordance with the Rehabilitation Plan 4.7.2.4.1.(1)A.(i) and B.(iii), and 4.7.3.(1)A.(i) and B.(iii) is made by applying or applying *mutatis mutandis* the provisions of the Rehabilitation Plan 4.6. (as provided in the Rehabilitation Plan 4.7.2.4.1.(4) and 4.7.3.(4)), the subsequent repayment after the remitted amount for the initial repayment has been refunded will be made in actual refunded amount of yen or using refunded yen currency as the source of funds, regardless of the remaining amount of the Allowed Cryptocurrency Rehabilitation Claim Repayment Calculation Base Amount. However, as such treatment

is not explicitly provided in the existing Rehabilitation Plan, for the avoidance of doubt, it is now provided in the Amended Rehabilitation Plan.

> **4.7.2.4.1. Repayment in a Case Where a Rehabilitation Creditor Does Not Satisfy Requirements for Cryptocurrency Repayment, or Repayment on or after Date on Which a Rehabilitation Creditor No Longer Satisfies Requirements for Cryptocurrency Repayment**
>
> (1), (2)  (Omitted)
>
> (3)  Notwithstanding the other provisions of this Draft Rehabilitation Plan, with the permission of the Court, the Rehabilitation Trustee may determine a repayment date for the consideration provided in (1)A.(i) and B.(iii) above and the repayment in yen provided in (1)A.(ii) and B.(iv) above that is different from the repayment date for other Allowed Rehabilitation Claims.
>
> (4)  The provisions of 4.5. above shall apply to the method of repayment of the consideration under (1)A.(i) and B.(iii) above and repayment in yen under (1)A.(ii) and B.(iv) above.
>
> However, the Rehabilitation Trustee may apply or apply *mutatis mutandis* the provisions of 4.6. above, respectively, by replacing the phrase "repayment of (the) Allowed Fiat Currency Rehabilitation Claim Principal etc." with the phrase "repayment in yen pursuant to 4.7.2.4.1. for Allowed Cryptocurrency Rehabilitation Claims"; replacing the phrase "Allowed Fiat Currency Rehabilitation Claim Principal etc." with the phrase "Allowed Cryptocurrency Rehabilitation Claims"; and replacing the phrase "amount of (the) Allowed Fiat Currency Rehabilitation Claim Principal etc." with the phrase "Allowed Cryptocurrency Rehabilitation Claim Repayment Calculation Base Amount." For the avoidance of doubt, in applying or applying *mutatis mutandis* the provisions of 4.6. above, in a case where the Rehabilitation Trustee makes a second repayment when all or part of the repaid funds are returned to the Rehabilitation Trustee, the Rehabilitation Trustee shall make repayments in yen currency in the amount equivalent to the actual refunded amount or make repayments using such yen currency as the source of funds, regardless of the balance of the Allowed Cryptocurrency Rehabilitation Claim Repayment Calculation Base Amount.
>
> (5)  (Omitted)

> **4.7.3. Repayment Method in a Case Where Repayment Only in Cash Is Requested**
>
> (3)  Notwithstanding the other terms and conditions of this Draft Rehabilitation Plan, with the permission of the Court, the Rehabilitation Trustee may determine a repayment date for the repayment of the consideration provided in (1)A.(i) and B.(iii) above and the repayment in yen provided in (1)A.(ii) and B.(iv) above that is different from the repayment date for other Allowed Rehabilitation Claims.
>
> (4)  The provisions of 4.5. above shall apply to the methods of repayment of the consideration under (1)A.(i) and B.(iii) above and repayment in yen under (1)A.(ii) and B.(iv) above.

> However, the Rehabilitation Trustee may apply or apply *mutatis mutandis* the provisions of 4.6. above, respectively, by replacing the phrase "repayment of (the) Allowed Fiat Currency Rehabilitation Claim Principal etc." with the phrase "repayment in yen pursuant to 4.7.3. for Allowed Cryptocurrency Rehabilitation Claims"; replacing the phrase "Allowed Fiat Currency Rehabilitation Claim Principal etc." with the phrase "Allowed Cryptocurrency Rehabilitation Claims"; and replacing the phrase "amount of (the) Allowed Fiat Currency Rehabilitation Claim Principal etc." with the phrase "Allowed Cryptocurrency Rehabilitation Claim Repayment Calculation Base Amount". For the avoidance of doubt, in applying or applying *mutatis mutandis* the provisions of 4.6. above, in a case where the Rehabilitation Trustee makes a second repayment when all or part of the repaid funds are returned to the Rehabilitation Trustee, the Rehabilitation Trustee shall make repayments in yen currency in the amount equivalent to the actual refunded amount or make repayments using such yen currency as the source of funds, regardless of the balance of the Allowed Cryptocurrency Rehabilitation Claim Repayment Calculation Base Amount.
>
> (5) (Omitted)

## 5. Treatment of fractions (Revision of the Rehabilitation Plan 5.1.)

In accordance with the existing Rehabilitation Plan, the Rehabilitation Trustee may choose to round down, round up, or round off fractions less than one yen arising in the calculation of repayment amounts and other yen conversions. However, the existing Rehabilitation Plan does not provide for the treatment of fractions in foreign currencies or Bitcoin etc.

Therefore, in the Amended Rehabilitation Plan, it is now provided that the Rehabilitation Trustee has the discretion to round down, round up, or round off fractions below a certain amount that the Rehabilitation Trustee determines for each foreign currency or Bitcoin etc. when converting them into foreign currency or Bitcoin etc.

> **5.1. Treatment of Fractions**
> The Rehabilitation Trustee may choose, at its own discretion, to round down, round up, or round to the nearest whole number any fractional amount of less than one yen arising in the calculation of repayment amount due to the modification of rights of Allowed Rehabilitation Claims (for the avoidance of doubt, including without limitation calculation of the amount of Allowed Fiat Currency Rehabilitation Claim Principal etc. and calculation of Allowed Cryptocurrency Rehabilitation Claim Repayment Calculation Base Amount, which serve as the basis for the calculation of the respective repayment amount) and arising in other cases of conversion to yen under this Draft Rehabilitation Plan, or may choose, at its own discretion, to round down, round up, or round to the nearest whole number any fractional amount of less than the amount that the Rehabilitation Trustee determines for each foreign currency or Bitcoin etc. arising in cases of conversion to foreign currencies or Bitcoin etc.

*[Translation for Reference Purposes Only]*

**6.** **Correction of errors (Revision of the Rehabilitation Plan 4.7.2.4.2.)**

The following errors in the Rehabilitation Plan have been corrected:

---

**4.7.2.4.2. Treatment in a Case Where It Is Discovered Subsequently that a Rehabilitation Creditor Had Not Satisfied Requirements for Cryptocurrency Repayment as of the Time a Transfer of Bitcoin etc. Was Recorded on the Blockchain**

(1) A. (Omitted)
 B. If the second paragraph of A. above applies, the Rehabilitation Trustee may apply 4.7.2.4.1.(1)A.(i), and 4.7.2.4.1.(2) through (5), or apply the same *mutatis mutandis*, when making repayment of returned Bitcoin. For the avoidance of doubt, the amount of such repayment (the amount, by which Allowed BTC Rehabilitation Claim Repayment Calculation Base Amount shall be reduced) shall be the same as the amount obtained by converting the returned Bitcoin to yen at the BTC Rate, regardless of the actual amount of consideration ~~yen~~.

(2) A. (Omitted)
 B. If the second paragraph of A. above applies, the Rehabilitation Trustee may apply 4.7.2.4.1.(1)B.(iii) and 4.7.2.4.1.(2) through (5), or apply the same *mutatis mutandis*, when making repayment of returned Bitcoin Cash. For the avoidance of doubt, the amount of such repayment (the amount, by which Allowed BCH Rehabilitation Claim Repayment Calculation Base Amount shall be reduced) shall be the same as the amount obtained by converting the returned Bitcoin Cash to yen at the BCH Rate, regardless of the actual amount of consideration ~~yen~~.

---

*[Translation for Reference Purposes Only]*

## II. Acquisition of Permission Regarding Repayments

### 1. Introduction

As described in 2. and 3. below, with the permission of the Court, the Rehabilitation Trustee has amended the deadline for the registration of account information, as well as the definition of names required to be matched to receive repayment through a bank and a fund transfer service provider.

### 2. Change of deadline for registration of account information, etc.

The deadline for registration of account information for bank remittance and remittance through a fund transfer service provider ("**Account Information, etc.**") ("**Registration Deadline**") was April 6, 2023.

However, a significant number of rehabilitation creditors have yet to complete the registration of Account Information, etc. by the above deadline. In order to maximize the opportunities for rehabilitation creditors to receive their desired repayments, the Registration Deadline has been amended, with the permission of the Court, to "a deadline separately designated by the Rehabilitation Trustee at its own discretion."

It is expected that the Rehabilitation Trustee will designate a separate Registration Deadline for rehabilitation creditors identified by the Rehabilitation Trustee as requiring such separate designation. Since repayments will be made to rehabilitation creditors who have already registered their Account Information, etc. and meet the necessary requirements in order, the above amendment will not delay the timing of repayments to such rehabilitation creditors.

### 3. Amendment of the definition of names required to be matched to receive repayment through a bank and a fund transfer service provider

In the existing Rehabilitation Plan, as one of the requirements for receiving repayments through banks and fund transfer service providers, the following conditions are specified: "the Rehabilitation Trustee is able to confirm that the following names are the same: (i) the name filed by the rehabilitation creditor in the Rehabilitation Proceedings (meaning, for any self-approved rehabilitation creditors who have not filed rehabilitation claims and have not had a change of the creditor name given in the Statement of Acceptance or Rejection of Rehabilitation Claims, the creditor name given in the Statement of Acceptance or Rejection of Rehabilitation Claims); (ii) the name given on the identification materials submitted by rehabilitation creditor on the System in the course

14

*[Translation for Reference Purposes Only]*

of identity verification carried out using Onfido PTE Ltd. services; and (iii) the name on the Receipt Account entered into the System by the rehabilitation creditor" Currently, the name on the identity verification documents is considered to be the name that the rehabilitation creditor submitted during the identity verification process conducted in the MTGOX Online Rehabilitation Claim Filing System using the services provided by Onfido PTE Ltd. However, rehabilitation creditors who cannot use the services provided by Onfido PTE Ltd. are permitted to use alternative methods of identity verification designated by the Rehabilitation Trustee. The names on the identity verification documents submitted in the process of identity verification by such methods must also satisfy the requirements mentioned above. Therefore, the name in (ii) above has been amended, with the permission of the Court, as follows: "the name stated on the identity verification documents submitted by the rehabilitation creditor during the identity verification process conducted in the System using the services provided by Onfido PTE Ltd. or by other methods designated by the Rehabilitation Trustee."

End of document